IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WBH Energy, LP, | § | Case No. 15-10003 |
| | § | |
| Debtor. | § | |

**OBJECTION OF CL III FUNDING HOLDING COMPANY, LLC
TO DEBTOR'S EMERGENCY MOTION PURSUANT TO RULE 1015 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUESTING JOINT
ADMINISTRATION OF CHAPTER 11 CASES**
[Relates to Docket No. 2]

_____

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

CL III Funding Holding Company, LLC ("CL III") files this *Objection to Debtors' Emergency Motion Pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure Requesting Joint Administration of Chapter 11 Cases* (Docket No. 2) ("Motion") and would respectfully show the Court as follows:

### Introduction

1. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure requires a court to give consideration to protecting creditors of different estates against potential conflicts of interest prior to entering an order for joint administration. Here, demonstrable conflicts of interests exist between the two primary debtors whose cases are proposed to be jointly administered, WBH Energy, LP ("WBH LP") and WBH Energy Partners LLC ("Energy Partners"). Further, the joint administration of WBH LP's, Energy Partners', and WBH Energy GP, LLC's bankruptcy cases will not meaningfully reduce administrative expenses. The relief sought in the Motion should be denied.

1

**Background**

2. On January 4, 2015 (the "Petition Date"), WBH LP, Energy Partners and WBH Energy GP, LLC (collectively herein sometimes referred to as the "Debtors") each filed with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), their respective voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code") commencing each respective chapter 11 case. The Debtors continue to operate each of their respective businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committee has yet been appointed in any of the cases.[1]

3. On January 5, 2015, Debtors filed the Motion. In the Motion, Debtors request, *inter alia*, joint administration of the Debtors' bankruptcy cases under the case number assigned to WBH LP's case, that one plan and disclosure statement be filed for all three of the cases, and the Debtors be authorized to file consolidated monthly operating reports.

4. Throughout the first-day motions, Debtors fail to properly describe the relationship between WBH LP and Energy Partners. The Debtors obfuscate the relationship and fail to reveal the very real conflicts between these two debtors. WBH LP is the working interest owner of numerous oil and gas leases located in Montague and Cooke Counties, Texas ("Subject Leases"). WBH LP does not operate the Subject Leases. Instead, Energy Partners is the company responsible for operating the Subject Leases. To perform operations, Energy Partners issues joint interest billings to WBH LP and other working interest owners. As a result of the joint interest billings, inter-company debts arise between WBH LP and Energy Partners. More

---

[1] As explained *infra*, given that WBH LP does not have any unsecured creditors, any statutory committee should only be appointed for the Energy Partners case.

importantly, Energy Partners' main source of revenue is Energy Partners' accounts receivables from joint interest billings.

5.  To fund its obligations with respect to development of the Subject Leases, WBH LP borrowed approximately $30 million dollars in senior secured debt which is owed to CL III. WBH LP's source of revenue comes from the proceeds from production on the Subject Leases. However, revenues are not paid to WBH LP by the purchasers of oil and gas, rather such revenues are paid either to Energy Partners or to one of two non-debtor affiliate pipeline companies, Montague Transfer Partners or Central Montague Pipeline, who then remit payment to either Energy Partners or WBH LP. As such, another conflict of interest arises between WBH LP and Energy Partners with respect to the payment of WBH LP's share of proceeds from production on the Subject Leases.

6.  As a result, WBH LP and Energy Partners have very different obligations and creditors. WBH LP's obligations are its share of joint interest billings and payments on its secured loans to CL III. Energy Partners has obligations to CL III on the secured loans but also, as the operator, has obligations to dozens of trade creditors who furnish materials and services in connection with Energy Partners' oil and gas operations. WBH LP and Energy Partners are two distinct entities with different assets, creditors, and obligations.

**Objections to Motion**

7.  <u>Objection No. 1</u>. CL III objects to the joint administration of the Debtors' bankruptcy cases because conflicts of interest exist between WBH LP and Energy Partners. Before entering an order for joint administration, "the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." Potential claims for inter-company debt between two debtors requires joint administration be denied. *See In re Avery*, 377

3

B.R. 264, 271 (Bankr. D. Alaska 2007). Here, an actual demonstrable conflict exists between WBH LP and Energy Partners due to inter-company debt. First, the Debtors allege that Energy Partners is a creditor of WBH LP holding a secured claim as a result of joint interest billings. Further, other potential claims may arise between WBH LP and Energy Partners. WBH LP will incur additional inter-company debt to Energy Partners from joint interest billings associated with Energy Partners' operation of oil and gas leases during the bankruptcy case (to the extent it remains the operator). In contrast, WBH LP may have claims against Energy Partners for improper payment of WBH LP's working interest share of revenue or other claims. Conflicts of interest exists between WBH LP and Energy Partners.

8. The creditors would be better protected if WBH LP's and Energy Partners' bankruptcy cases are administered separately.

9. <u>Objection No. 2</u>. Joint administration is inappropriate because the affairs of WBH LP and Energy Partners are separate. *See In re State Capital Corp.*, 51 B.R. 400 (Bankr. M.D. Fla. 1985). Except for CL III, there are no common creditors between WBH LP and Energy Partners. WBH LP only has three alleged creditors, CL III as the senior and junior lender and the alleged claim by Energy Partners for joint interest billings. In contrast, Energy Partners creditors include dozens of trade creditors. Likewise, the assets of WBH LP and Energy Partners are entirely different. While WBH LP's principal assets are interests in oil and gas leases and rights to proceeds of production, Energy Partners most significant assets are accounts receivables for joint interest billings. The administration of WBH LP's principal assets will not effect Energy Partners' case or creditors.

10. <u>Objection No. 3</u>. CL III objects to the Debtors being permitted to file one plan and disclosure statement. Due to the different creditors and assets of the respective Debtors,

separate plans and disclosure statements for Energy Partners and WBH LP are required.

11. <u>Objection No. 4</u>. CL III objects to the Debtors' request to file consolidated monthly operating reports. Consolidated monthly operating reports confuse and obscure each Debtor's operations and cash flow. This is especially true considering the nature of WBH LP's and Energy Partners' respective businesses. Separate monthly operating reports are needed so that the Court and creditors can easily identify Energy Partners' receipts and disbursements separately from WBH LP's receipts and disbursements.

12. <u>Objection No. 5</u>. Joint administration will not be judicially or administratively economical. Debtors contend that it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of all Debtors. That is not the case. WBH LP should have very little in the way of administrative costs. Energy Partners is the entity responsible for operations and administration. In addition, given the different assets and creditors for WBH LP, most motions will concern one Debtor or the other and to the extent both Debtors are affected the motion will still need to be served on creditors in both cases.

## Prayer

CL III respectfully requests the Joint Administration Motion be denied and for such other relief that CL III shows itself justly entitled.

January 5, 2015.  Respectfully submitted,

SNOW SPENCE GREEN LLP

By: _/s/ Kenneth Green_
Phil Snow
State Bar No. 18812600
Kenneth Green
State Bar No. 24036677
2929 Allen Parkway, Suite 2800
Houston, Texas 77019

5

(713) 335-4800
(713) 335-4848 (Fax)

ATTORNEYS FOR SECURED CREDITORS
CL III FUNDING HOLDING COMPANY, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 5, 2015, a true and correct copy of this document was served by electronic means via the Court's ECF noticing system.

                                          */s/ Kenneth Green*
                                          Kenneth Green

I:\Client\CAST0001-Castlelake-WBH\Bankruptcy\Drafts\20150105 CL III Obj to WBH Energy, LP Joint Administration Motion.docx