**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WBH Energy, LP, | § | Case No. 15-10003 |
| | § | |
| Debtor. | § | |

**OBJECTION OF CL III FUNDING HOLDING COMPANY, LLC TO
DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING
CONTINUED USE OF EXISTING BUSINESS FORMS AND RECORDS;
(II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS
AND CASH MANAGEMENT SYSTEM; AND (III) WAIVING
THE REQUIREMENTS OF 11 U.S.C. SECTION 345(b)**
[Relates to Docket No. 10]

**TO THE HONORABLE U. S. BANKRUPTCY JUDGE:**

CL III Funding Holding Company, LLC ("CL III") files this Objection to the Debtors' Emergency Motion for Order (I) Authorizing Continued Use of Existing Business Forms and Records; (II) Authorizing Maintenance of Existing Bank Accounts and Cash Management System; and (III) Waving the Requirements of 11 U.S.C. Section 345(b) (the "Cash Management Motion") [Docket No. 10] as follows:

**Introduction**

1. By the Cash Management Motion, the Debtors seek a waiver of the United States Trustee for the Western District of Texas (the "UST") requirements that chapter 11 debtors-in-possession close all existing bank accounts and open debtor-in-possession ("DIP") bank accounts, establish one DIP account for estate monies required for the payment of taxes (including payroll taxes), maintain a separate DIP account for cash collateral, and obtain checks for all DIP accounts that bear the designation, "debtor-in-possession," the bankruptcy case

1

number, and the type of account. Debtors are not entitled to this relief. The monies currently in the Debtors' various accounts all constitute CL III's cash collateral. In addition, the Debtors' current cash management system is part and parcel of the larger issue that the businesses of WBH LP and Energy Partners need to be separated from each other so that the court, creditors and parties in interest have a clear picture of each Debtors' operations and profits and losses. In addition, the Debtors' pre-petition operations need to be viewed separately from the Debtors' post-petition operations to fully assess whether reorganization is possible for either or both of the Debtors. For example, it is unclear when comparing the list of bank accounts included on Exhibit A to the Cash Management Motion (Docket No. 10-1) and the proposed cash collateral budgets filed at Docket No. 16-1, what each Debtors true cash position is. The Debtors' cash management system is reflected as follows on Exhibit A:

**(Cash Management System)**

| Banking Institution | Account Number | Account Holder | Account Type | Balance |
|---|---|---|---|---|
| Horizon Bank | xx128 | WBH Energy LP | Checking | $2,077.92 |
| Horizon Bank | xxxx503 | WBH Energy LP | Checking | $0.00 |
| Horizon Bank | xxxxxxx274 | WBH Energy LP | Checking | $8,047.75 |
| Green Bank | xxxxxxx654 | WBH Energy LP | Checking | $0.00 |
| Texas Exchange Bank | x295 | WBH Energy LP | Money Market | $1,550.47 |
| | | | **TOTAL** | **$11,676.14** |

| Banking Institution | Account Number | Account Holder | Account Type | Balance |
|---|---|---|---|---|
| Horizon Bank | xxx598 | WBH Energy Partners LLC | Checking | $1,464.08 |
| Horizon Bank | xxx630 | WBH Energy Partners LLC | Checking | $5,704.13 |
| Green Bank | xxxxxxx324 | WBH Energy Partners LLC | Revenue | $78,701.39 |
| Texas Capital Bank | xxxxxxx600 | WBH Energy Partners LLC | Joint Operating Checking | $50,039.57 |
| Texas Capital Bank | xxxxxxx546 | WBH Energy Partners LLC | Revenue | $718,530.43 |

| Texas Capital Bank | xxxxxxx004 | WBH Energy Partners LLC | Checking | $654,106.88 |
|---|---|---|---|---|
| Texas Exchange Bank | x287 | WBH Energy Partners LLC | Money Market | $52,286.28 |
| | | | **TOTAL** | **$1,560,832.76** |

In contrast, the Debtors' consolidated budget shows a beginning cash balance on January 5, 2015 of $1,352,815, with Energy Partners having a beginning cash balance of $676,744, a "Beginning Suspense Balance" of $812,251 and WBH LP having a beginning cash balance of $676,071.

### Background

2.  On January 4, 2015 (the "Petition Date"), WBH Energy, LP ("WBH LP"), Energy Partners ("Energy Partners") and WBH Energy GP, LLC (collectively herein sometimes referred to as the "Debtors") each filed with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), their respective voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") commencing each respective chapter 11 case. The Debtors continue to operate each of their respective businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committee has yet been appointed or designated.

3.  On January 5, 2015, the Debtors filed a number of "first-day" motions, including the Cash Management Motion. Throughout the first-day motions, Debtors fail to properly describe the relationship between WBH LP and Energy Partners. The Debtors obfuscate the relationship and also fail to disclose that funds currently held in WBH LP's and Energy Partners' accounts are CL III's cash collateral.

4.  WBH LP is the working interest owner of numerous oil and gas leases located in Montague and Cooke Counties, Texas ("Subject Leases"). WBH LP does not operate the

3

Subject Leases. Instead, Energy Partners is the company responsible for operating the Subject Leases. To perform operations, Energy Partners issues joint interest billings to WBH LP and other working interest owners. As a result of the joint interest billings, inter-company debts arise between WBH LP. More importantly, Energy Partners' only source of revenue and only assets are Energy Partners' accounts receivables from joint interest billings. Further, Energy Partners is responsible for the administrative costs of operations.

5. To fund its share of joint interest billings, WBH LP borrowed approximately $24 million dollars from CL III. This loan is secured, in part, by the proceeds from production from the Subject Leases. The funds in WBH LP's accounts consist of proceeds from production on the Subject Leases. As such, the funds in WBH LP's accounts are CL III's cash collateral.

6. The Debtors also borrowed approximately $5.5 million from Green Bank, N.A. through that certain Amended and Restated Loan Agreement. This loan was secured, in part, by Energy Partners' accounts receivables, which includes Energy Partners' collections from joint interest billings. CL III is the assignee of Green Bank, N.A.'s rights, title and interest in the Amended and Restated Loan Agreement and related loan and loan documents. The funds in Energy Partners' accounts consist of proceeds from collection of joint interest billings. Therefore, the funds in Energy Partners' accounts are also CL III's cash collateral.[1]

7. No statutory committee has been appointed in this case to date.

### CL III's Security Interest

8. CL III is the assignee of Green Bank, N.A.'s rights, title and interest in:

    a. Certain Amended and Restated Loan Agreement (as amended, restated and otherwise modified, the "Loan Agreement") establishing and containing the

---

[1] The CL III indebtedness described in paragraph 5, including interests, fees and other charges, is also secured by a valid and perfected security interest in Energy Partners' accounts receivables pursuant to a security agreement; similarly, the indebtedness described in paragraph 6 under the Green Bank amended and restated loan agreement is secured by valid and perfected mortgage liens and security interests which encumber WBH LP's assets.

terms of a revolving credit facility not to exceed the total aggregate amount of $15,000,000 ("Senior Loan") from Green Bank, NA to the Debtors;

b. Revolving Note, dated as of October 17, 2013, in the original principal amount of $15,000,000 ("Senior Note");

c. Amended, Restated and Supplemented Deed of Trust, Mortgage, Security Agreement, Assignment of Production and Financing Statement, dated as of December 19, 2013, from WBH Energy, LP to Geoffrey D. Greenwade, as Trustee for the benefit of the Secured Parties defined therein, as recorded in Official Public Records of Cooke County, Texas, Doc. No. 2013-43724, Vol. 1910, Pg. 526 on December 26, 2013 and in the Official Public Records of Montague County, Texas, Inst. No. 1313777, Vol. 728, Pg. 478 on December 26, 2013 ("Senior Deed of Trust");

d. Security Agreement (WBH Energy Partners LLC), dated as of October 17, 2013, between WBH Energy Partners LLC, as debtor, and Green Bank, N.A., as secured party ("Senior Energy Partners Security Agreement"); and

e. Security Agreement (WBH Energy, LP), dated as of October 17, 2013, between WBH Energy, LP, as debtor, and Green Bank, N.A., as secured party ("Senior WBH LP Security Agreement").

9. CL III is also a party to the Credit Agreement (as amended, restated or otherwise modified, the "Credit Agreement") establishing and containing the terms of an advancing term loan not to exceed the total aggregate amount of $31,500,000 ("Junior Loan") from CL III to WBH LP. In connection with the Credit Agreement, WBH LP executed an Advancing Term Note (the "Junior Note"), dated December 19, 2013, in favor of CL III in the original principal amount of THIRTY-ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($31,500,000).

10. The Junior Note and the Debtors' obligations and duties under the Credit Agreement are secured by, among other documents:

a. Security Agreement between WBH Energy Partners ("Energy Partners") and CL III (the "Junior Energy Partners Security Agreement").

b. Security Agreement between WBH LP and CL III (the "Junior WBH LP Security Agreement").

   c. Deed of Trust, Mortgage, Security Agreement Assignment of Production and Financing Statement that was recorded in the Official Public Records of Cooke County, Texas, Cooke County Clerk's Document No. 43731, Book OPR, Vol. 1910, Pg. 622, on December 26, 2013 and the Official Public Records of Montague County, Texas, Montague County Clerk's Instrument No. 1313778, Vol. 728, Pg. 554, on December 26, 2013 (collectively, the "Junior Deeds of Trust").

11. The Senior Energy Partners Security Agreement grants CL III a security interest in all of the personal property of Energy Partners, including the following interest:

   a. all of Energy Partners' now owned or existing or hereafter acquired or arising accounts, and includes all of Energy Partners' rights to payment arising out of the transfer of rights in Energy Partners' tangible or intangible personal property. *See* Section 2.1 and Appendix I of Senior WBH Energy Partners Security Agreement.

   b. all of Energy Partners' now owned or existing or hereafter acquired or arising deposit accounts. *See* Section 2.1 and Appendix I of Senior WBH Energy Partners Security Agreement.

12. Likewise, the Junior Energy Partners Security Agreement grants CL III a security interest in all of Energy Partners' now owned or existing or hereafter acquired or arising accounts, contract rights and rights to payment related to (i) the Subject Leases, (ii) oilfield operations performed on the Subject Leases, (iii) any Operating Agreements with respect to the Subject Leases, (iv) joint interest billings and authorization for expenditures arising under any such Operating Agreements, and (v) any other entitlement to compensation or reimbursement of expenses from any owner of a working interest in the Subject Leases, and includes all of Energy Partners' rights to payment arising out of the transfer of rights in Energy Partners' tangible or intangible personal property. *See* Section 2.1 and Appendix I of Junior WBH Energy Partners Security Agreement.

13. Further, the Senior Deed of Trust and Junior Deeds of Trust grant CL III security interests in the proceeds from production from the Subject Leases. *See* Paragraphs (f) & (g) at Pg. 4 of the Senior Deed of Trust and Junior Deeds of Trust.

## Objections to Motion

**Objection No. 1—Money in WBH LP's accounts should be deposited into a cash collateral account for the benefit of CL III**

14. CL III objects to WBH LP's continued use of its current cash management system. The funds deposited in WBH LP's current accounts constitute CL III's cash collateral and WBH LP should maintain a separate DIP cash collateral account for CL III's cash collateral and a DIP account for estate monies required for the payment of taxes and other costs directly related to WBH L's oil and gas assets.

**Objection No. 2 – Money in Energy Partners' accounts should be deposited into a cash collateral account for the benefit of CL III**

15. CL III objects to Energy Partners' continued use of its current cash management system. The funds deposited in Energy Partners' current accounts constitute CL III's cash collateral and Energy Partners should maintain a separate DIP account for CL III's cash collateral and a DIP account for estate monies required for approved payments from such account.

**Objection No. 3 – WBH LP's Current Cash Management System is Inefficient**

16. CL III objects to WBH LP's continued use of its current cash management system because it is inefficient. WBH LP currently maintains four checking accounts and a money market account. Of the checking accounts, three are general checking accounts that WBH LP uses to pay bills and expenses. This despite having only $11,676.14 on deposit. WBH LP has failed to show that this system would be more efficient than a cash management system with a

7

single DIP cash collateral account. In fact, WBH LP's current cash management system makes it more difficult to track the receipts and disbursements of WBH LP.

17. A single DIP cash collateral account whereby all revenue of WBH LP can be deposited and payments that are approved by CL III can be made would be more efficient.

**Objection No. 4—Energy Partners Current Cash Management System is Inefficient**

18. CL III objects to Energy Partners' continued use of its current cash management system because it is similarly inefficient. Energy Partners currently maintains three general checking accounts, a joint operating account at Texas National Bank, and two revenue accounts. Energy Partners' current cash management system is confusing and makes it difficult to track the receipts and disbursements of Energy Partners.

19. Energy Partners uses the three general checking accounts to pay its vendors and expenses. Energy Partners has not provided any information why three general checking accounts are needed to perform the same task. In fact, Energy Partners fails to disclose where funds deposited into two of the general checking accounts come from. Energy Partners states they have a general checking account with Horizon Bank that is used to make car payments but fails to state where the funds are derived from for this account. Energy Partners also states that it has a general checking account with Texas Capital Bank to pay expenses, payroll, rent and general overhead but fails to disclose the source of the funds for this account. Finally, Energy Partners states that it has a joint operating account at Texas Capital Bank. Energy Partners gives no description as to the purpose of the joint operating account.

20. A single DIP cash collateral account whereby all revenue of Energy Partners can be deposited and payments that are approved by CL III can be made would be more efficient.

**Conclusion**

Debtors do not provide sufficient information to grant their requested relief to maintain their current cash management system. CL III requests that the WBH LP and Energy Partners be required to establish separate DIP cash collateral accounts for the reasons set forth above.

January 6, 2015.                    Respectfully submitted,

**SNOW SPENCE GREEN LLP**

By:   */s/ Kenneth Green*
Phil Snow
State Bar No. 18812600
Kenneth Green
State Bar No. 24036677
2929 Allen Parkway, Suite 2800
Houston, Texas 77019
(713) 335-4800
(713) 335-4848 (Fax)

**ATTORNEYS FOR SECURED CREDITORS
CL III FUNDING HOLDING COMPANY, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 6, 2015, a true and correct copy of this document was served by electronic means via the Court's ECF noticing system.

   */s/    Kenneth Green*
Kenneth Green

I:\Client\CAST0001-Castlelake-WBH\Bankruptcy\Drafts\20150106 CL III Obj to Cash Management Motion.docx