IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| In re: | | |
|---|---|---|
| | § | |
| WBH Energy LP, | § | Case No. 15-10003 |
| WBH Energy Partners LLC | § | Chapter 11 |
| WBH Energy Partners GP, LLC | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**EOG RESOURCES, INC.'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF (A) INTERIM ORDER APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT AND (B) FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105, 361, 362, 364 AND 507 (I) AUTHORIZING POSTPETITION FINANCING, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**
**(Related to Docket No. 216)**

**To the Honorable H. Christopher Mott,**
**United States Bankruptcy Judge:**

Comes now EOG Resources, Inc. ("EOG"), a party in interest in the above referenced case and a secured creditor, and files this Objection (the "Objection") to Debtors' Emergency Motion for Entry of (A) Interim Order Approving Break-Up Fee and Expense Reimbursement and (B) Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 364 and 507 (I) Authorizing Postpetition Financing, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief [Docket No. 216] (the "Motion"), and in support thereof states as follows:

## Summary of the Objection

1. Through the Motion, Debtors propose to grant Cantor Fitzgerald a super-priority priority priming lien on all of the Debtors' assets. EOG is a secured creditor pursuant to a joint operating agreement entered into between WBH Energy Partners, LLC ("Debtor LLC") and EOG. EOG is the operator and Debtor LLC is a non-operating working interest owner. EOG has not consented to the priming lien and will not be adequately protected if the priming lien is

approved.

**Discussion**

2. EOG, WBH Energy Partners, LLC ("Debtor LLC"), and U.S. Energy Development Corporation ("USED") entered into a Joint Operating Agreement dated May 24, 2011 which was subsequently revised and amended (the "JOA").

3. Under the JOA, EOG is the operator and Debtor LLC and USED are non-operating working interest owners. Debtor LLC's working interest is 1.803425% (the "Working Interest").

4. Article VII of the JOA grants EOG a lien and security interest in personal and real property as described therein including the Working Interest.

5. EOG properly perfected its security interest as provided for in the JOA by filing the Model Form Recording Supplement to Operating Agreement and Financing Statement in Montague County, Texas on June 8, 2011, Volume 572 page 458 (the "Supplement").

6. EOG asserts that it holds a first lien position on the Working Interest, in addition to other collateral, as provided for and described in the JOA as its filing of the Supplement was first in time.

7. The Motion requests that the Court authorize the granting of certain DIP Liens[1] to Cantor Fitzgerald which "shall be senior secured perfected priming liens on all Collateral, senior to any and all valid, perfected and non-avoidable liens in existence as of the commencement of the Bankruptcy Cases, or to valid and non-avoidable liens in favor of third parties and in existence at the time of such commencement that are subsequently perfected as permitted by section 546(b) of the Bankruptcy Code, on or to any of the Collateral, subject only to the Carve Out." *See* Motion at ¶ 9. Additionally, Cantor Fitzgerald expressly reserves its rights to credit

[1] All capitalized terms not herein defined shall have the same meaning as ascribed to them in the Motion.

bid if the Debtors' assets are sold.

8. Collateral is defined as "all currently-owned or after acquired assets and property, including without limitation all real and personal property, interests in oil, mineral, and gas leases, plant and equipment, rights to payment, accounts receivable and inventory, intellectual property, claims, and causes of action (but not claims and causes of action under chapter 5 of the Bankruptcy Code or similar non-bankruptcy law), and any proceeds thereof, and any rights to receive proceeds or distributions from any affiliates or subsidiaries of the Debtors, and any real property now owned or hereafter acquired." *See Id*.

9. The Motion states that "the only alleged liens upon the Collateral that the Debtors are aware of are those claimed by CL III Funding Holding Company, LLC ("Castlelake"), USED, and certain mineral liens in favor of vendors under Chapter 56 of the Texas Property Code ("Statutory Mineral Lienholders") (collectively, Castlelake, USED, and the Statutory Mineral Lienholders shall be referred to herein as "Prepetition Secured Parties"). *See* Motion at ¶ 21.

10. EOG is not included in the definition of Prepetition Secured Parties. However, EOG is listed as a secured creditor on the Debtors' schedules filed in these cases. EOG acknowledges that it is possible that it is not the intent of Debtors or Cantor Fitzgerald to include the Working Interest in the definition of Collateral. This Objection is being filed out of an abundance of caution so that the Debtor, Cantor Fitzgerald or any other creditor cannot claim that the proposed super-priority lien in any way affects or otherwise primes EOG's rights in the collateral described in the JOA including the Working Interest.

11. EOG has not consented to the proposed DIP Liens.

12. Approval of the DIP Liens will deny EOG its right to adequate protection. 11 U.S.C § 364(d)(1); *In re Swedeland Dev. Group*, 16 F.3d 552, 564 (3d Cir. 1994)(stating that

"section 364(d)(1) of the Code provides that the bankruptcy court may authorize post-petition financing supported by a superpriority lien only if 'there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted'").

13. The maximum amount of the proposed DIP Lien is $5 million. Imposing a $5 million first lien on Debtor LLC's working interest as provided for under the JOA will render EOG unsecured thereby denying it its right to adequate protection as provided for under the Bankruptcy Code. *In re O'Connor*, 808 F.2d, 1393,1396(10th Cir. 1987)(stating that "the whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy"); *In re Energy Partners, Ltd*., 409 B.R. 211, 236 (Bankr. S.D. Tex. 2009)(stating that the purpose of adequate protection is to protect a secured creditor from diminution in the value of its interest in collateral during the reorganization process).

14. Debtors bear the burden of proof on the issue of adequate protection. 11 U.S.C. § 364(d)(2); *Swedeland*, 16 F.3d at 564 (stating that "a debtor has the burden to establish that the holder of the lien to be subordinated has adequate protection").

15. The Debtors have asserted no method by which EOG's position as a first lien holder will be adequately protected following the imposition of the DIP Liens. Rather, all indications point to the opposite, that through the imposition of the DIP Liens, EOG will be stripped of its position as a fully secured creditor and be rendered either a partially or fully unsecured creditor.

Accordingly, EOG requests that the Court (1) deny the Motion; (2) in the alternative, that it carve out EOG and all property upon which EOG has lien from the DIP Liens; and (3) grant any other equitable and justifiable relief.

Dated: March 12, 2015

Respectfully submitted,

/s/ Joshua N. Eppich

Joshua N. Eppich
State Bar I.D. No. 24050567
Shannon, Gracey, Ratliff & Miller, L.L.P.
901 Main St., Suite 4600
Dallas, Texas 75202
(214) 245-3090 telephone
(214) 245-3097 facsimile
**Attorneys for EOG Resources, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2015 a true and correct copy of the Response was served via ECF to all registered users appearing in this case and via first class mail to all parties listed on the attached service list.

/s/ Joshua N. Eppich