**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **WBH Energy, LP,** *et al* | § | Case No. 15-10003 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION OF PUMPCO ENERGY SERVICES, INC.; NABORS DRILLING USA, LP; NABORS COMPLETION & PRODUCTION SERVICES CO.; NATURAL GAS SERVICES GROUP, INC.; AND, GLADIATOR ENERGY SERVICES LLC TO INTERIM APPROVAL OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF (A) INTERIM ORDER APPROVING BREAK-UP FEE AND EXPENSES REIMBURSEMENT AND (B) FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 364 AND 507 (I) AUTHORIZING POSTPETITION FINANCING, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**
[Relates to Docket No. 216]

PUMPCO ENERGY SERVICES, INC.; NABORS DRILLING USA, LP; NABORS COMPLETION & PRODUCTION SERVICES CO.; NATURAL GAS SERVICES GROUP, INC.; and, GLADIATOR ENERGY SERVICES LLC ("Lien Claimants") file this Objection to Interim Approval of Debtors' Emergency Motion for Entry of (A) Interim Order Approving Break-Up Fee and Expenses Reimbursement and (B) Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 364 and 507 (I) Authorizing Postpetition Financing, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief ("DIP Motion") (Docket No. 216) filed on March 6, 2015, and would show the Court as follows:

## I. LIMITED ENDORSEMENT OF OBJECTION FILED BY CL III FUNDING HOLDING COMPANY LLC

1. Without waiving any right to object to any DIP financing now or hereafter offered by CL III Funding Holding Company LLC ("Castlelake"), and subject to the remaining provisions of this Objection, the Lien Claimants support the Objection to the DIP Motion filed by Castlelake [Docket No. 224].

## II. SPECIFIC OBJECTIONS OF LIEN CLAIMANTS

2. As Debtors note in the DIP Motion, before a debtor may obtain post-petition financing secured by a priming lien, the debtor must provide adequate protection to the liens which are primed.

3. In its Objection, Castlelake provides a thorough legal analysis of the adequate protection requirement, and accurately notes that the Debtors have not demonstrated that they can meet their legal burden.

4. Based upon the DIP Motion, including the Budget which is attached, with the exception of financing fees, and funds allocated to fees for professionals, it appears that approximately ninety percent (90%) of the credit facility will be used to pay Debtors'[1] share of the AFE for the completion of the Lewis-Stuart Wells.

5. In the first place, the Debtors are required to justify the priming of the liens of the Lien Claimants by showing that the Lien Claimants are adequately protected. This will require a demonstration by the Debtors that, if the DIP Motion is granted, Lien Claimants will have the same level of protection they will have if the DIP Motion is not granted. No such analysis has been offered by the Debtors.

---

[1] Based upon Debtors' pleadings and schedules, the AFE is addressed to WBH Energy, LP.

*Objection to Interim Approval of Debtors' Emergency Motion for Entry*    2
333602v.1 P876/00002

6. Further, assuming, without admitting, that the use of the funds from the proposed credit line to pay the AFE for the completion of the Lewis-Stuart Wells is more likely to provide the Lien Claimants with the level of protection to which they are entitled, the Debtors have not given any justification for having the priming lien extend to all of the Debtors' assets. Specifically, the lien claims of the Lien Claimants extend to leasehold estates beyond the Lewis-Stuart leasehold estate. Debtors have offered no explanation as to how the Lien Claimants are adequately protected with respect to their liens against these other leasehold estates.

### III. CONCLUSION

7. The Debtors are unable to meet their burden of proof. There is no emergency, and there is no basis for interim relief. The Debtors cannot show that other financing is unavailable as required by Section 364, and it is not a reasonable exercise of business judgment to ignore superior financing alternatives. The Debtors have not offered the Lien Claimants adequate protection as required by Section 364. The motion should be denied.

March 13, 2015                    Respectfully submitted,

                                               CRADY, JEWETT & MCCULLEY, LLP

                                               By:  /s/ *William R. Sudela*
                                                      William R. Sudela
                                                      State Bar No. 19463300
                                                      Email: wsudela@cjmlaw.com
                                                      J. Daniel Long
                                                      State Bar No. 24036985
                                                      Email: dlong@cjmlaw.com
                                                      2727 Allen Parkway, Suite 1700

                                                  Houston, TX  77019-2125
                                                  Telephone No.: (713) 739-7007
                                                  Fax No.: (713) 739-8403

*Attorneys for Pumpco Energy Services, Inc.; Natural Gas Services Group, Inc.; Nabors Completion & Production Services Co.; Nabors Drilling USA, LP; and, Gladiator Energy Services LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that on March 13, 2015, a true and correct copy of this document was served via electronic means, facsimile or U.S. Mail pursuant to the Court's ECF noticing system.

                                                  /s/ *William R. Sudela*
                                                William R. Sudela