## **EXHIBIT A**
(Bid Procedures Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **WBH Energy, LP,** | § | **Case No. 15-10003** |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | **Chapter 11** |
| | § | |
| **Debtors.** | § | *Jointly Administered* |

**ORDER APPROVING BIDDING PROCEDURES;**
**SCHEDULING BIDDING DEADLINE, AUCTION DATE, AND**
**SALE HEARING DATE; APPROVING FORM AND NOTICE THEREOF**

Upon consideration of the Debtors' Motion for (A) Entry of an Order (I) Approving

Bidding Procedures; (II) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date;

(III) Approving Form and Notice therefore; (B) Entry of an Order After the Sale Hearing (I)

Authorizing the Debtors to Sell Their Assets; and (II) Authorizing the Debtors to Assume and

Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the

"Sale Motion"),[1] and after due deliberation thereof; the Court, having determined that the Sale

Motion is in the best interest of the Debtors and their estates,

### HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW: [2]

A.    This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and

(O).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested herein are sections 105(a), 363(b),

363(f), 365, 503, 507, and 1123(b) the Bankruptcy Code and Rules 2002(a)(2), 6003, 6004,

6006(a), 9007, and 9014 of the Bankruptcy Rules.

C.    Notice of the Sale Motion, having been given to (i) counsel for the Committee;

(ii) the United States Trustee for the Western District of Texas; (iii) all other parties known to

Debtors who have or may have asserted liens against any of the Assets; (iv) the Debtors' thirty

(30) largest unsecured creditors (on a consolidated basis); (v) all parties that have requested

special notice pursuant to Bankruptcy Rule 2002; (vi) all other entities known to have expressed

an interest in a transaction with respect to all or part of the Assets; and (vii) all parties on the

Master Service List, is sufficient in light of the circumstances and the nature of the relief

requested in the Sale Motion.

D.    The Debtors have articulated good and sufficient reasons for this Court to grant

the relief requested in the Sale Motion regarding the sale process, including without limitation,

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(i) approval of the Bidding Procedures; (ii) approval and authorization to serve the Sale Notice; and (iii) determination of final Cure Amounts.

E.      The Sale Notice, in substantially the form of the attached **Exhibit 2**, is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction.

F.      The Sale Notice, the Cure Notice, and the Sale Motion, are reasonably calculated to provide all counterparties to the Assumed and Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts relating thereto.

G.      The Bidding Procedures are reasonable and appropriate and represent the best method to maximize value for the Debtors' estates.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Bidding Procedures, substantially in the form attached hereto as **<u>Exhibit 1</u>**, are hereby approved and fully incorporated into this Order.  The Debtors are authorized to undertake any and all actions necessary or appropriate to implement the Bidding Procedures.

2.      All objections, if any, to the relief requested in the Sale Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Sale Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

<u>Notice of Auction and Sale Hearing</u>

3.      The Sale Notice, substantially in the form attached hereto as **<u>Exhibit 2</u>** (a) is hereby approved and (b) shall be served within five (5) business days of entry of this Order, upon each of the following parties: (i) counsel for the Committee; (ii) the United States Trustee for the Western District of Texas; (iii) all other parties known to Debtors who have or may have asserted

liens against any of the Assets; (iv) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (vi) all other entities known to have expressed an interest in a transaction with respect to all or part of the Assets.

4.      As further described in the Bidding Procedures, in the event that the Debtors timely receive one or more Qualifying Bids, the Debtors shall conduct the Auction starting at 10:00 a.m. (prevailing Central Time) on August 10, 2015 (the "Auction Date") at the law offices of Bracewell & Giuliani LLP, 111 Congress Ave., Suite 2300, Austin, Texas 78701.

**Assumption of Contracts and Leases**

5.      The Debtors shall cause notice to be provided to any counterparties to any Assumed and Assigned Contract by July 15, 2015 (the "Cure Notice").

6.      The Cure Notice, substantially in the form attached hereto as **Exhibit 3**, is hereby approved.

7.      The Cure Notice shall, among other things, (i) identify the potential Assumed and Assigned Contracts, (ii) specify the Cure Amounts necessary to assume and assign such Assumed and Assigned Contracts, and (iii) state that failure to timely object to the proposed assumption and assignment and/or the Cure Amount shall constitute deemed consent to such assumption and assignment and Cure Amount.

8.      Except as may otherwise be agreed to by the parties to an Assumed and Assigned Contract (with the consent of the Committee), all Cure Amounts shall be paid as administrative expenses.

9.      Any objections to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, including, but not limited to, objections relating to

adequate assurance of future performance or to the Cure Amounts set forth in the Cure Notice, must be in writing and filed with the Court no later than 4:00 p.m. (prevailing Central Time) on August 7, 2015 (the "Cure Notice Objection Deadline").

10.     If no timely objection to the assumption and assignment of a particular executory contract or unexpired lease is received, then the Cure Amount set forth in the Cure Notice shall be binding upon the non-debtor party or parties to the Assumed and Assigned Contract for all purposes in these chapter 11 cases and otherwise.  All such counterparties to the Assumed and Assigned Contracts shall (a) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Contracts, (b) be deemed to have consented to the assumption and assignment, and (c) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Contracts.

11.     If a non-debtor counterparty to an Assumed and Assigned Contract files an objection to assumption or assignment, whether based on Cure Amount, adequate assurance of future performance, or any other alleged cause or claim, then, to the extent the relevant parties are not able to consensually resolve the dispute prior to the Sale Hearing, such dispute shall be heard and resolved at the Sale Hearing.

**Miscellaneous**

12.     The Sale Hearing will be conducted at 1:30 p.m. (prevailing Central Time) on August 12, 2015.  At such time, the Debtors will seek the entry of an order of this Court approving and authorizing the Sale to the Successful Bidder at the Auction on the terms and

conditions of the Successful Bid.  The Successful Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

13.     Objections, if any, to the relief requested in the Sale Motion as it relates to the Sale must be in writing and filed in this court on or before 4:00 p.m. (prevailing Central Time) on August 7, 2015 (the "Sale Objection Deadline").

14.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these cases, the terms of this Order shall govern.

17.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of Successful Bid and this Order.  To the extent any provisions of this Order shall be inconsistent with the Sale Motion or Successful Bid, the terms of this Order shall control.

###

Submitted by:

**BRACEWELL & GIULIANI LLP**

By: */s/ William A. (Trey) Wood III*
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone: (713) 223-2300
        Facsimile: (713) 221-1212

**COUNSEL FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION**

**<u>EXHIBIT 1</u>**
(Bidding Procedures)

**Bidding Procedures for Sale of Certain Assets of WBH Energy, LP and
WBH Energy Partners LLC**

By motion dated April 6, 2015, WBH Energy, LP and WBH Energy Partners LLC (the "Debtors") sought approval of, among other things, the process and the procedures to be employed with respect to the proposed sale of certain assets, free and clear of liens and interests, and assumption and assignment of certain executory contracts as contemplated by the Asset Purchase and Sale Agreement (the "PSA"), dated as of [TBD], between the Debtors, as sellers ("Sellers") and CL III Funding Holding Company, LLC (the "Proposed Purchaser") and the proposed sale order to be entered by the Bankruptcy Court (the "Sale Order").

On [TBD], the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") that, among other things, authorized the Sellers to determine the highest or otherwise best price for the Assets (as defined below) through the process and procedures set forth below (the "Bidding Procedures").

| | |
|---|---|
| Bankruptcy Case: | In re:  WBH Energy, LP;<br>WBH Energy Partners LLC;<br>WBH Energy GP, LLC<br>Jointly Administered Case No. 15-10003 |
| Bankruptcy Court: | United States Bankruptcy Court for the Western District of Texas, Austin Division |
| Sellers: | WBH Energy, LP and WBH Energy Partners LLC |
| Assets to be Sold: | The Assets described in Sections 1.02 and 1.03 of the PSA, including the Sellers' Oil and Gas Properties and Personal Property (collectively, the "Assets"). |
| PSA Purchase Price: | The purchase price shall be as follows: |

(a)  Oil & Gas Property.

(i)  (a)  the sum of (i) fifty percent (50%) of the DIP Obligations, plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall equal the sum of not less than $15 million; or

(ii)  a sum equal to one hundred percent (100%) of the Projected Reserve Value of existing proved developed Wells (other than the Lewis-Stuart Completion Operation Wells) plus one hundred ten percent (110%) of the Projected Reserve Value of the Lewis-Stuart Completion Operation Wells. The credit

1

bid amount pursuant to this subsection (b) would be consist of: (i) fifty percent of the DIP Obligations plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall equal the sum of (x) one hundred percent (100%) of the Projected Reserve Value of existing proved developed Wells plus (y) one hundred ten percent (110%) of the Projected Reserve Value of the Lewis-Stuart Completion Operation Wells. The Projected Reserve Value will be determined by the Bankruptcy Court upon the motion of either Lender or Borrowers; and

(b) <u>Personal Property</u>. (i) fifty percent of the DIP Obligations plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall equal the sum of not less than $10 million.

(collectively, the "<u>Purchase Price</u>"). The Proposed Purchaser is required to simultaneously bid on the Oil & Gas Property and the Personal Property in a total amount no less than the Purchase Price.

| | |
|---|---|
| <u>Qualification of Potential Purchasers</u>: | In order to qualify as a "<u>Potential Purchaser</u>", a bidder must demonstrate its willingness to bid in accordance with these Bidding Procedures and deliver to the Sellers and executed confidentiality agreement (the "<u>Confidentiality Agreement</u>") in form and substance satisfactory to the Sellers, Proposed Purchaser, and the Official Committee of Creditors (the "<u>Committee</u>"). As soon as practicable, the Sellers shall disclose the Potential Purchaser's interest and proposal to the Proposed Purchaser and the Committee. |
| <u>Form of PSA and Due Diligence</u>: | The Sellers shall send to each Potential Purchaser a form Purchase and Sale Agreement substantially in the form attached as **<u>Exhibit 1</u>** to be utilized in placing a bid (the "<u>Form Purchase and Sale Agreement</u>"). The Sellers will provide Potential Purchasers that have delivered to the Sellers an executed Confidentiality Agreement reasonable access to the Sellers' books, records, facilities, consultants and legal counsel for the purpose of conducting due diligence. The due diligence period shall extend through and include the Bid Deadline (as defined below). The Debtors and their representatives shall not be obligated to furnish any due diligence information after the Auction. Any information provided by or on behalf of the Sellers to a Potential Purchaser shall also be provided, at the same time, to the Proposed Purchaser and the Committee, if such information has not already been provided to them. Notwithstanding the foregoing, |

the Sellers are not required to provide confidential or proprietary information to a competitor if the Sellers reasonably believe that such disclosure would be detrimental to the interests and operation of the Sellers.

**Marketing Agent:**   Sellers shall retain [TBD], or another mutually agreeable third-party marketing agent, to list and market the assets from the date of court approval of such retention until the Bid Deadline.

**Bid Deadline:**   Any Potential Purchaser desiring to submit a bid for the Assets (a "Bid") and to participate in an auction of the Assets (the "Auction") shall deliver its Bid by email to (i) counsel for the Debtors as follows:

William A. Wood III
Trey.Wood@bgllp.com

Jason G. Cohen
Jason.Cohen@bgllp.com

and counsel for the Committee as follows:

Berry Spears
BSpears@lockelord.com

Philip Eisenberg
PEisenberg@lockelord.com

such that the Bid is actually received not later than July 31, 2015, at 4:00 p.m., Central Time (the "Bid Deadline"). Counsel for the Sellers shall promptly provide copies of the Bid to counsel for Proposed Purchaser.

If any bid includes the assumption and assignment of executory contracts and unexpired leases, then the Potential Purchaser is required to designate the executory contracts and unexpired leases that it expects to request the Sellers to assume and assign to the Potential Purchaser as well as information satisfactorily evidencing the Potential Purchaser's ability to provide adequate assurance of future performance of such contracts or leases (an "Adequate Assurance Package"). All Adequate Assurance Packages must be submitted in writing so that they are received with the Bid.

**Determination of**
**Qualified Bids:**   To be a "Qualified Bid," it must be a bid that, in the discretion of the Sellers:

a.   is in writing;

b.   can be effectuated on or before August 30, 2015, under a plan

3

of reorganization or a stand-alone purchase and sale agreement approved at a sale hearing;

c.     is accompanied by a clean and duly executed version of the proposed asset purchase and sale agreement (the "Bid Purchase and Sale Agreement") and a marked Bid Purchase and Sale Agreement reflecting variations from the Form Purchase and Sale Agreement, subject to the minimum cash overbid requirement, set forth below, and that clearly specifies the amount the Potential Purchaser is willing to pay;

d.     is accompanied by reasonably satisfactory evidence of committed financing or other ability to perform the transaction and provides an earnest money deposit of five percent (5%) of the proposed purchase price for the "Earnest Money Deposit" in the form of a certified check or wire transfer to the Sellers in care of their designated escrow agent, such Earnest Money Deposit being refundable within three (3) business days of Closing unless such Potential Purchaser is selected as the Backup Bidder and is required to close;

e.     provides that such bidder's offer is binding upon the bidder, is unconditional, not contingent upon any due diligence investigation or the receipt of financing, or any other event that is in addition to or more burdensome than the conditions set forth in the PSA;

f.     provides that the bidder's offer is irrevocable until the closing of the purchase of the Assets if such bidder is the Successful Bidder (as defined below);

g.     provides sufficient indicia that such Potential Purchaser or its representative is legally empowered, by power of attorney or otherwise, and financially capable to (i) bid on behalf of such Potential Purchaser; and (ii) complete and sign, on behalf of such Potential Purchaser, a binding and enforceable purchase and sale agreement; and (iii) agree that the bid will contain no contingencies to the validity, effectiveness, and/or binding nature of the offer including, without limitation, contingencies for financing, due diligence, or inspection;

h.     provides consideration for the Assets equal to or greater than the sum of the Purchase Price under the PSA, and a minimum cash overbid of $100,000 (the "Minimum Qualifying Bid");

i.     be supplemented with such other information as Sellers may request; and

j.     meets all other requirements of these Bidding Procedures.

Determination of Qualified Bidders:     In order for a Potential Purchaser to qualify as a "Qualified Bidder" and be permitted to bid on the Assets, such Potential Purchaser must,

4

in the Sellers' discretion after consultation with the Committee:

a.      have been deemed "financially qualified" by the Sellers which at a minimum shall require any such Potential Purchaser to (i) provide documentation establishing that such person has sufficient cash on hand or a binding financial commitment from an established and financially sound financial institution to ensure such Potential Purchaser's ability to meet its commitment pursuant to its bid and to close the transaction within the time frame established, and (ii) demonstrate to the Sellers' satisfaction that it has the legal capacity to complete the sale it is proposing and to satisfy the conditions under the Bid Purchase and Sale Agreement;

b.      have delivered to the Sellers a Qualified Bid; and

c.      meet all other requirements of the Bidding Procedures.

No Potential Purchaser will be a Qualified Bidder and have its bid considered by the Sellers unless such party has met the above requirements as determined by the Sellers after consultation with the Committee. The Sellers shall promptly notify any Potential Purchaser who is selected as a Qualified Bidder of such selection. The Sellers shall also promptly notify Proposed Purchaser and the Committee.

The Proposed Purchaser is deemed a Qualifying Bidder and the PSA is deemed a Qualifying Bid.

<u>The Auction and Selection of Successful Bid and Successful Back-up Bid</u>:

In the event the Sellers receive one or more timely and conforming Qualified Bids by the Bid Deadline, the Sellers will conduct an Auction at the offices of Bracewell & Giuliani LLP, 111 Congress Avenue, Suite 2300, Austin, Texas 78701-4061, or at another location as may be timely disclosed by the Sellers to Qualified Bidders. The Auction shall commence on _____ at 10:00 a.m., prevailing Central Time (the "<u>Auction Date</u>"). Prior to the Auction (defined below), the Debtors shall determine, in their reasonable judgment after consultation with the Debtors' legal advisors, which of the Qualifying Bids is likely to result in the highest and best value to the Debtors' estates, and shall provide a copy of that Qualifying Bid to all Qualifying Bidders prior to the beginning of the Auction.  The Auction shall be governed by the following procedures:

a.      no persons other than representatives of the Sellers, Proposed Purchaser, the Committee, including the members of the Committee solely in their capacity as members, and each Qualified Bidder may participate in the Auction

b.      only Qualifying Bidders who have made a Qualifying Bid

5

shall be entitled to make any subsequent bids at the Auction;

c.      each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

d.      Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

e.      by making a Qualified Bid at the Auction, a Qualified Bidder shall be deemed to have agreed to keep its final Qualified Bid made at the applicable Auction open until fifteen days after the entry of an Order confirming the Plan or an Order approving the Sale (as applicable)

f.      bidding shall commence at the amount of the highest Qualifying Bid as determined pursuant to these Bidding Procedures;

g.      with respect to each round of bidding at the Auction following the initial bid, each successive bid must be at least $100,000 in cash or other ascertainable value in excess of the aggregate consideration contained in the then highest standing Qualified Bid. Proposed Purchaser shall have the right prior to and/or during the Auction to increase the Purchase Price through a cash component, increased credit bid, or combination thereof; provided that the Debtors shall retain the right to modify the bid increment requirements at the Auction;

h.      the Auction will be conducted openly and Qualifying Bidders will be informed of the terms of the previous bid;

i.      Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the PSA or Bid Purchase and Sale Agreement at the Auction, provided that any such modifications to the PSA or Bid Purchase and Sale Agreement on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors' estates, as determined by the Debtors, than the terms of the highest and best Qualifying Bid at that time;

j.      the Auction shall continue until there is only one offer that the Debtors determine, in consultation with the Committee and subject to Bankruptcy Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors shall consider, without limitation, the amount of the Purchase Price or other amounts to be paid to the

6

Debtors, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the PSA requested by each bidder, and the net benefit to the Debtors' estates.  The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable PSA or Bid Purchase and Sale Agreement;

k.      within three business days after the conclusion of the Auction, the Successful Bidder(s) shall provide updated financial information showing its ability to close and shall update and provide such additional financial information as required by the Sellers;

l.      within three business days after the entry of the Sale Order, the Successful Bidder and the Debtors (i) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made; and

m.      the Debtors may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they anticipate will result in the highest or otherwise best value for the Debtors' estates and that are not inconsistent with any applicable Bankruptcy Court order, provided that any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures and are communicated to all participants at or prior to the Auction.

Objections to Sale of Assets:

Objections to the additional relief requested by the Bidding Procedures Motion shall be set forth in writing and shall specify with particularity the grounds for such objections or other statements of position and shall be filed with the Court on or before the date to be set forth in a subsequent notice and Order of the Court. Such objection shall be served so as to be received by that same date and time on

a.      counsel for the Sellers:

Bracewell & Giuliani LLP
William A. (Trey) Wood III
Trey.Wood@bgllp.com
Jason G. Cohen
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002

7

Telephone: (713) 223-2300
Facsimile: (713) 221-1212

b.      counsel for Proposed Purchaser:

Snow Spence Green LLP
Phil Snow
PhilSnow@Snowspencelaw.com
Kenneth Green
KGreen@Snowspencelaw.com
2929 Allen Parkway, Ste. 2800
Houston, Texas 77019

c.      counsel for Committee:

Locke Lord LLP
Berry Spears
BSpears@lockelord.com
Philip Eisenberg
PEisenberg@lockelord.com
600 Congress Avenue
Suite 2200
Austin, Texas 78701

**Court Approval of Sale of Assets:** The Successful Bid will be subject to approval by the Bankruptcy Court. The hearing to approve the Successful Bid (the "Sale Hearing") shall take place at 1:30 p.m. (prevailing Central Time) on August 12, 2015. At such time, the Debtors will seek the entry of an order of the Bankruptcy Court approving and authorizing the Sale to the Successful Bidder at the Auction on the terms and conditions of the Successful Bid. The Successful Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale. Upon entry of an order of the Bankruptcy Court setting the date of the Sale Hearing, the Sellers will serve notice of the same on the parties that received notice of these Bidding Procedures. The Sale Hearing (as appropriate) may be adjourned or rescheduled as ordered by the Bankruptcy Court or by the Sellers with the approval of the Successful Bidder(s) (and after consultation with the Committee) but without further notice to creditors and parties in interest other than by announcement by Sellers of the adjourned date at the Confirmation Hearing or Sale Hearing (as appropriate).

The Sellers' presentation to the Bankruptcy Court for approval of a Successful Bid(s) does not constitute the Sellers' acceptance of the

8

Bid(s). The Sellers will be deemed to have accepted a Bid only when the Bid has been approved by Order of the Bankruptcy Court.

Closing:

The closing of the sale(s) of the Assets shall occur no later than fifteen days after the Court enters an Order approving the Sale(s) (the "Final Closing Deadline"); provided, however, that this requirement may be waived upon the agreement of the Sellers, the Successful Bidder, the Committee, and CL III Funding Holding Company, LLC in its capacity as lender under the applicable debtor in possession credit agreement.

Failure to Consummate Purchase:

If any Successful Bidder fails to consummate the purchase of the Assets, and such failure to consummate the purchase is the result of a breach by such Successful Bidder, the Earnest Money Deposit of such Successful Bidder shall be forfeited to the Sellers.

Back-Up Bidders:

If any Successful Bidder fails to consummate a Sale because of a breach or failure to perform on the part of such Successful Bidder, the Qualified Bidder that had submitted the next highest or otherwise best Qualified Bid at the Auction (the "Back-Up Bidder") will be deemed to be the Successful Bidder of the Assets and the Sellers will be authorized to consummate the Sale of such Assets with such Back-Up Bidder without further order of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid; provided that upon being notified that its Qualified Bid has become the Successful Bid, the Qualified Bidder submitting such Qualified Bid shall within three business days after such notification provide an Earnest Money Deposit (unless such Qualified Bidder previously shall have provided an Earnest Money Deposit that shall not have been returned as described below) and, upon providing such Earnest Money Deposit such Qualified Bidder shall be deemed the Successful Bidder. If any Qualified Bidder fails to consummate a Sale because of a breach or failure to perform on the part of such Qualified Bidder (including without limitation the failure to timely deposit the Earnest Money Deposit) or for any reason within ten days after being deemed the Back-Up Bidder pursuant to this section of the Bidding Procedures, the process described above may continue as determined by Sellers until a Qualified Bidder shall consummate the Sale.

Return of Earnest Money Deposit:

Except as provided herein, all deposits shall be returned without interest (other than any earnings on any such amounts under, and subject to, the terms of the escrow agreement pursuant to which such Earnest Money Deposit is held) to each bidder not selected by the Debtors as the Successful Bidder no later than five (5) business days following the conclusion of the Auction.

The Earnest Money Deposit of the Successful Bidder will be

distributed pursuant to and in accordance with its purchase and sale agreement and/or the escrow agreement pursuant to which such Earnest Money Deposit is held.

| | |
|---|---|
| Reservation of Rights; Deadline Extension | The Debtors reserve their rights, in the exercise of their fiduciary obligations, to modify these Bidding Procedures or impose at, or prior to, the Auction, additional customary terms and conditions on the Sale of the Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Assets at any time prior to or during the Auction or canceling the Auction in the Debtors' business judgment. |

**EXHIBIT 2**
(Sale Notice)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **WBH Energy, LP,** | § | **Case No. 15-10003** |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | **Chapter 11** |
| | § | |
| Debtors. | § | *Jointly Administered* |

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that on April 6, 2015, the above-captioned debtors and debtors in possession (the "Debtors"), by counsel, filed with the Bankruptcy Court their Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof; (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtors to Sell Their Assets, and (ii) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (c) Granting Related Relief (the "Sale Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on April 20, 2015, the Bankruptcy Court entered the order approving the Motion (the "Bid Procedures Order"), which among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which certain assets of the Debtors are to be sold.

PLEASE TAKE FURTHER NOTICE that a copy of the Bid Procedures Order is being served on you concurrently with this Sale Notice.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtors may conduct an auction (the "Auction") starting at 10:00 a.m. (prevailing Central Time) on August 10, 2015 (the "Auction Date") at the law offices of Bracewell & Giuliani LLP, 111 Congress Ave., Suite 2300, Austin, Texas 78701. Only parties that have submitted a Qualifying Bid by no later than 4:00 p.m. (prevailing Central Time) July 31, 2015 (the "Bid Deadline") will be permitted to participate in and/or make any statements on the record at the Auction.

PLEASE TAKE FURTHER NOTICE that at 1:30 p.m. (prevailing Central Time) on August 12, 2015, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtors shall appear before the Bankruptcy Court and seek entry of an order:

- authorizing the sale of the Assets by the Debtors to the Prevailing Bidder at the Auction;

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion.

- ▪ authorizing the assumption and assignment of certain executory Contracts and unexpired Leases; and

- ▪ granting certain related relief.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Sale Motion as it relates to the Sale must: (a) be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court electronically; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be served upon: (i) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: Trey Wood, email: Trey.Wood@bgllp.com), and (ii) counsel for the Committee, Locke Lorde LLP, 600 Congress Ave., Suite 2200, Austin, TX 78701 (Attn: Berry Spears, email: bspears@lockelord.com) so as to be received no later than 4:00 p.m. (prevailing Central Time) on August 7, 2015 (the "Sale Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Assets to the Successful Bidder and the other relief requested in the Sale Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Auction, the sale of the Assets, the Debtors' consummation and performance of the applicable purchase and sale agreement with the Successful Bidder, and the assumption and assignment of the Assumed and Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Sale Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtors encourage the parties in interest to review such documents in their entirety.

**BRACEWELL & GIULIANI LLP**

By: _/s/ William A. (Trey) Wood III_
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        Bracewell & Giuliani LLP
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone:    (713) 223-2300
        Facsimile:    (713) 221-1212

        **COUNSEL FOR THE DEBTORS**
        **AND DEBTORS IN POSSESSION**

#4807096.2

**<u>EXHIBIT 3</u>**
(Cure Notice)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **WBH Energy, LP,** | § | **Case No. 15-10003** |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | **Chapter 11** |
| | § | |
| Debtors. | § | *Jointly Administered* |

**NOTICE OF DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY
CONTRACTS AND SETTING FORTH THE CURE AMOUNTS**

PLEASE TAKE NOTICE that on April 6, 2015, the above-captioned debtors and debtors in possession (the "Debtors"), by counsel, filed with the Bankruptcy Court their Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof; (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtors to Sell Their Assets, and (ii) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (c) Granting Related Relief (the "Sale Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on [_____, 2015], the Bankruptcy Court entered the order approving the Sale Motion (the "Bid Procedures Order"), which among other things, establishes procedures (the "Bidding Procedures") relating to the assumption and assignment of Assumed and Assigned Contracts of the Debtor.

PLEASE TAKE FURTHER NOTICE that at [__:__ _.m.] (prevailing Central Time) on [_____, 2015], or as soon thereafter as counsel may be heard, there will be a hearing (the "Sale Hearing"), where the Debtors will seek approval and authorization of the Sale to the Prevailing Bidder at the Auction.

PLEASE TAKE FURTHER NOTICE that the Debtors are party to various executory contracts and unexpired leases (collectively, the "Leases") and, pursuant to the Bid Procedures Order, the Debtors may assume and assign certain of such Leases to the Prevailing Bidder (collectively, the "Assumed and Assigned Contracts").

PLEASE TAKE FURTHER NOTICE that you have been identified as a counterparty to an Assumed and Assigned Contract. The Assumed and Assigned Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") are set forth on **Schedule 1** annexed hereto.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that the Debtors believe that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed and Assigned Contracts can be cured by the payment of the Cure Amount.

PLEASE TAKE FURTHER NOTICE that the assumption and assignment of any Assumed and Assigned Contract shall result in the full release and satisfaction of any claims or defaults, whether monetary or non-monetary.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed assumption and assignment of any Assumed and Assigned Contract must: (a) be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court electronically; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be served upon: (i) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: Trey Wood, email: Trey.Wood@bgllp.com), and (ii) counsel for the Committee, Locke Lorde LLP, 600 Congress Ave., Suite 2200, Austin, TX 78701 (Attn: bspears@lockelord.com), so as to be actually received on or before [__:__ _.m.] (prevailing Central Time) on [_____, 2015] (the "Cure Notice Objection Deadline").

PLEASE TAKE FURTHER NOTICE that any counterparty failing to timely file an objection to a Cure Amount or the proposed assumption and assignment of an Assumed and Assigned Contract shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, the Debtors' estates, or the Prevailing Bidder with respect to its contract and will be deemed to consent to the Sale and the proposed assumption and assignment of its contract.

PLEASE TAKE FURTHER NOTICE that where a counterparty to an Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under Bankruptcy Code section 365 with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court. All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if no Cure Amount is due under the Assumed and Assigned Contract, and the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

PLEASE TAKE FURTHER NOTICE that the Debtors' decision to assume and assign the Assumed and Assigned Contracts is subject to Bankruptcy Court approval and consummation of the Sale. Absent consummation of the Sale, each Assumed and Assigned Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed and Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

## Schedule 1

| EXECUTORY CONTRACT OR UNEXPIRED LEASE | CURE AMOUNT |
|---|---|
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |

#4807101.1