**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | Case No. 15-10003 | |
| WBH Energy, LP, § | | |
| WBH Energy Partners LLC § | Chapter 11 | |
| WBH Energy GP, LLC § | | |
| § | | |
| Debtors. § | *Jointly Administered* | |

**WBH ENERGY, LP AND WBH ENERGY LLC'S OBJECTION TO PROOFS OF**
**CLAIM OF U.S. ENERGY DEVELOPMENT CORPORATION**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 24 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE. IF NO TIMELY RESPONSE IS FILED WITHIN 24 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Come now, the above captioned Debtors, by and through their undersigned attorneys, and files this Objection to Proofs of Claim of U.S. Energy Development Corporation ("USED") (the "Objection"), and in support of this Objection, respectfully represent as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELEVANT BACKGROUND

2. On January 4, 2015, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court").

3. WBH Energy Partners LLC ("Debtor LLC") is an oil and gas operating company that was responsible for developing the working interests of WBH Energy, LP ("Debtor LP") and its non-affiliated, non-debtor partner, U.S. Energy Development Corporation ("USED"). Until March 1, 2015, Debtor LLC was the operator of certain oil and gas interests pursuant to that certain Joint Operating Agreement (the "JOA") dated September 1, 2011, by and between itself, as operator, and Debtor LP and USED as oil and gas lease owners and/or oil and gas working interest owners.

4. On February 17, 2015, this Court entered an order granting USED's Application for a Preliminary Injunction Against Debtor LLC (the "Preliminary Injunction"), which had the general effect of deeming USED as the operator under the JOA on a preliminary basis.

5. Prior to the Court's entry of the Preliminary Injunction, while Debtor LLC was acting operator, it contracted with numerous oilfield service providers to service the oil and gas interests that are subject to the JOA. Various of these oilfield service providers are owed money for work performed.

6. The JOA imposes, among other things, the following duties on the Operator under the JOA:

(a) Article V.D.2: Operator shall promptly pay and discharge expenses incurred in the development and operation of the Contract Area pursuant to the JOA and shall charge each of the parties thereto with their respective proportionate shares.

(b) Article V.D.3: Operator shall pay, or cause to be paid, as and when they become due and payable, all accounts of contractors and suppliers for

-2-

> services rendered or performed, and for materials supplied on, to or in respect of the Contract Area or any operations for the joint account thereof, and shall keep the Contract Area free from liens and encumbrances resulting therefrom except those resulting from a bona fide dispute as to services rendered or materials supplied.

Despite the Court's preliminary injunction deeming USED the Operator, USED has failed to perform the above-described obligations of the Operator under the JOA.

7. For reasons set forth in the Declaration of Joseph S. Warnock in Support of Voluntary Petitions Under Chapter 11 of the United States Code and First Day Motions (Dkt. No. 19), prior to the Petition Date, Debtor LP was unable to fund its share of lease operating expenses due to Debtor LLC under the JOA. Based on this failure to fund, Debtor LLC has a claim against Debtor LP in the amount of $11,608,670.

8. Pursuant to the JOA, in the event that either working interest owner fails to pay its share of operating expenses, the other working interest owner may pay such expenses, and seek indemnification from the delinquent party. To date, USED has not paid Debtor LP's share of expenses under the JOA.

9. On April 30, 2010, USED filed proof of claim number 69-1 against Debtor LP in Case No. 15-10003 in the amount of at least $11,400,000.00; proof of claim number 32-1 against WBH Energy Partners LLC Debtor LLC in Case No. 15-10004 in the amount of at least $11,400,000.00; and proof of claim number 14-1 against WBH Energy Partners GP, LLC ("Debtor GP") in Case No. 15-10005 in the amount of at least $11,400,000.00 (collectively, the "USED Proofs of Claim"). Though not specified in any of the USED Proofs of Claim, it appears that the amount claimed by USED is based on the amount owed by Debtor LP to Debtor LLC under the JOA, which Debtor LLC in turn owes various oilfield service providers.

## III. OBJECTION AND BASIS THEREFOR

10. Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects." 11 U.S.C. § 502. The Debtors hereby object to the USED Proofs of Claim and request that they be disallowed in their entirety.

11. First, USED does not have an enforceable claim against the Debtors under any agreement or applicable law. *See* 11 U.S.C. § 502(a)(1). USED has not incurred the costs alleged in its claims, as it has not paid Debtor LP's portion of expenses under the JOA, as is required in its capacity as a working interest owner. Further, USED, as operator under the JOA, has not paid the claims of the various oilfield service providers as it is required to do, and therefore it is not entitled to a claim for such expenses. In short, USED cannot assert claims against the Debtors under the JOA for amounts that USED has not paid unless USED also accepts the liability to service providers for such amounts. To date, USED has denied such liability. Consequently, since USED has not satisfied the debts to the service providers it is owed nothing, and there is no basis for the USED Proofs of Claim and they should be disallowed.

12. Second, and following from the above, USED cannot have a secured claim against any Debtor as it has not expended any funds in support of its claim. To the extent that USED has a lien against Debtor LP under the JOA, the value of such lien is zero until USED actually expends funds to satisfy the claims of oilfield service providers, as it is required to do under the JOA.

13. Third, in USED's complaint in interpleader (Case No. 15-01010, Dkt. No. 1), it admits that it owes Debtor LLC $1,943,177.17, and has owed Debtor LLC such amount at all times relevant to the subject matter of its complaint. *See* Case No. 15-01010, Dkt. No. 1, ¶ 24.

Because USED has admitted that it is a net debtor to Debtor LLC, USED cannot now make a claim against Debtor LLC, and such claim should be disallowed.

14. Fourth, the Debtors object to the USED Proofs of Claim because they both are duplicate claims of other creditors' proofs of claims. Though no accounting is provided (another basis for objection), it appears that USED has based its claim amount on the $11,400,000 that Debtor LLC seeks in its counterclaim against USED in Adversary Number 15-1006. That amount consists of sums owed to oilfield service providers, which sums have now been claimed directly by such providers in these bankruptcy cases through proofs of claim. Consequently, the USED Proofs of Claims are secondary claims for which the primary claimants—the service providers—have already made claims. Consequently, the USED Proofs of Claim should be denied.

15. The Debtors reserve the right to object to the USED Proofs of Claim on further and different grounds.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Debtors request that the Court disallow the USED Proofs of Claim in their entirety, and grant the Debtors such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ Jason G. Cohen*
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen

        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone:   (713) 223-2300
        Facsimile:   (713) 221-1212

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2015, a true and correct copy of the foregoing was served on all parties listed on the attached Master Service List by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
    Jason G. Cohen