**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 27, 2015.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| WBH Energy, LP, | § | Case No. 15-10003 |
| WBH Energy Partners LLC | § | |
| WBH Energy GP, LLC | § | Chapter 11 |
| | § | |
| Debtors. | § | *Jointly Administered* |

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION PROCEDURES, AND (IV) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN**

On July 23, 2015, came on for consideration the Debtors' Motion for Entry of an Order (i) Approving Disclosure Statement, (ii) Determining Dates, Procedures, and Forms Applicable to the Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Plan (the "Motion"); and following due deliberation, and upon the record at the hearing on July 23, 2015,

-1-

-2-

and all proceedings before the Court in these chapter 11 cases, and just cause existing for the relief requested in the Motion:

**THE COURT HEREBY FINDS:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. Venue of these cases in this district is proper pursuant to 28 U.S.C. § 1408.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. The Disclosure Statement contains adequate information within the meaning of 11 U.S.C § 1125.

E. Notice of the hearing on the Disclosure Statement was adequate and sufficient, and no further notice need be provided.

F. The relief requested in the Motion is in the best interest of the Debtors, their estates and other parties in interest, and sufficient cause appearing therefore,

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Motion is GRANTED as provided herein.

2. The Disclosure Statement is hereby APPROVED in all respects pursuant to § 1125 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. All objections to the Motion and the Disclosure Statement not previously resolved or withdrawn are hereby overruled and rendered moot.

4. Bracewell & Giuliani LLP is authorized to serve as the Debtors' solicitation and noticing agent (the "Voting Agent") to assist the Debtors in soliciting votes on and providing notice of the Plan, including mailing solicitation packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting.

5. The date by which ballots indicating acceptance or rejection of the Plan must be received by the Voting Agent is **August 14, 2015** (the "Voting Deadline"). The period during which Ballots with respect to the Plan will be accepted by the Debtors will terminate on the Voting Deadline. The Debtors may, in their sole discretion, extend the Voting Deadline as facts and circumstances may require without further order from the Court. Except as provided herein, Ballots that are received after the Plan Voting Deadline shall not be counted.

6. The form of ballot attached to the Motion as **Exhibit A** is approved; subject to the right of the Debtors to make additional correcting, conforming, and formatting changes to such form of ballot.

7. As soon as practicable, but in no event more than three (3) calendar days after the entry of the Solicitation Procedures Order (the "Solicitation Commencement Date"), the Debtors, through the Voting Agent, shall commence the solicitation and noticing process by placing the solicitation materials and notices approved in this Order in the mail, first class postage prepaid; provided, however, that such date may be extended as necessary.

8. The solicitation materials to be transmitted on or before the Solicitation Commencement Date to holders of claims in classes entitled to vote on the Plan shall include the following: (a) notice of the confirmation hearing and objection deadline (as provided below), (b) the Disclosure Statement, (c) the Plan, (d) an appropriate ballot, and (e) a postage-prepaid pre-addressed return envelope, (collectively, the "Solicitation Package").

9. The Debtors are authorized to transmit the Disclosure Statement and the Plan in CD-ROM format with paper copies of the Plan and the Disclosure Statement available upon request to the Voting Agent.

10. The following holders of claims are permitted to vote on the Plan and thus receive the Solicitation Package:

  (a)  holders of claims in Classes A5, B5, C5, A6, B6, C6, A7, B7 and C7, but only holders of claims in such classes who:

- have filed timely proofs of claim in the amounts asserted in such proofs of claim, provided that such proofs of claim (i) have not been disallowed by an order of the Court, (ii) are not the subject of a pending objection to the entirety of the claim, (iii) have not been reduced by order of the Court or are not subject to an objection pending before the Court for reduction (with voting permitted only in the reduced or proposed reduced amount and/or classification), (iv) do not allege claims that are wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed) or

- who have not filed timely proofs of claim but whose claims are scheduled in the Debtors' schedules, or any amendments thereto, but are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in amount, in the amounts set forth in the schedules, or any amendments thereto.

11. Voting creditors who have filed duplicate claims for the same underlying liability that are classified in the same class, for which an objection to the duplicative claim is pending, shall be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

12. Any holder of a claim that is asserted in a proof of claim as wholly unliquidated, or for $0.00, (b) asserted in an untimely proof of claim, or (c) asserted in a proof of claim as to which an objection to the entirety of the claim is pending shall not be permitted to vote on the Plan except as provided herein or by order of the Court.

13. Claims scheduled as contingent, unliquidated, or disputed, or for $0.00, for which no proof of claim has been filed, are not entitled to vote on the Plan.

14. Nothing in this Order affects the Debtors' right (or any other party's right, if applicable) to object to any proof of claim. With respect to any such objection, the Debtors may request, on notice, that any vote cast by the holder of a disputed claim be disallowed and not counted in determining whether the requirements of § 1126(c) of the Bankruptcy Code have been

met. In the absence of any such request, the holder of a disputed claim shall be entitled to vote in accordance with its proof of claim.

15. The Voting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to the holders of Administrative Expense Claims and Priority Tax Claims a notice in substantially the form attached to the Motion as **Exhibit C** (the "Notice of Non-Voting Status"), in lieu of a Solicitation Package. The Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d).

16. Only a notice of the confirmation hearing and objection deadline shall be transmitted to (a) holders of claims listed on the schedules, or any amendments thereto, that have already been paid in full during these cases or that are authorized to and will be paid in full in the ordinary course of business pursuant to orders previously entered by this Court and (b) except as otherwise provided in this Order, holders of claims listed on the schedules, or any amendments thereto, as contingent, unliquidated or disputed or as zero or unknown in amount, if such holders did not file proofs of claim.

17. No Solicitation Packages or other notices shall be transmitted to any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

18. On or as soon as practicable after the Solicitation Commencement Date, the Debtors or the Voting Agent shall mail the Solicitation Package and all forms of ballots and notices proposed herein to the United States Trustee for informational purposes. Solicitation Packages without ballots will be mailed for informational purposes to counter-parties to executory contracts listed on the Debtors' Schedules G who have not filed proofs of claim and

are not scheduled as creditors in the Debtors' Schedules, and to other parties on the Master Service List maintained in these cases.

19. Unless otherwise directed by the Court, the Voting Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

(a) Subject to paragraph (b) below, the Debtors propose that any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is *cast* as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

(b) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any ballot cast for a filed proof of claim designated as unliquidated, or disputed, or as zero, or unknown in amount, and for which no Rule 3018(a) Motion has been filed by August 14, 2015, (the "<u>Rule 3018(a) Motion Deadline</u>"); (v) any ballot timely received that is cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan; or (vi) any unsigned ballot.

(c) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots that comply with these procedures are cast voting the same claim prior to the Voting Deadline, the last dated valid ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated valid ballot for all purposes.

(d) Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

(e) Any claimant who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the claim to which it relates and the aggregate principal amount represented by such claim, (ii) be signed by the

    withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the claim and possesses the right to withdraw the vote sought to be withdrawn and (iv) be received by the Voting Agent prior to the Voting Deadline.

  (f) Ballots sent via facsimile shall not be accepted by the Voting Agent.

 20. To the extent a class has no members, such class shall not be counted for voting purposes. If no votes to accept or reject the Plan are received by any members of a particular class, such class shall be deemed to have accepted the Plan.

 21. By **August 18, 2015**, counsel for the Debtors shall file with the Court (a) a ballot summary in the form required by Local Bankruptcy Rule 3018(b) with a copy of the ballots and (b) a memorandum of legal authorities addressing any unresolved objections filed to the Plan.

 22. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held on **August 20, 2015, at 9:30 p.m. (prevailing Central Time)** before the Honorable H. Christopher Mott, United States Bankruptcy Judge, United States Bankruptcy Court for the Western District of Texas, Austin Division, Courtroom 2, 903 San Jacinto Blvd., Austin, Texas 78701; provided however, that the hearing may be adjourned periodically without further notice to creditors or other parties in interest other than by announcement of such an adjournment in open court.

 23. Objections to confirmation of the Plan, including any objection to the Debtors' assertion that a claim is unimpaired and not entitled to vote, must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objections to confirmation of the Plan or proposed modification of the Plan, and (iv) be filed, together with proof of service, so as to **be received no later than August 14, 2015**, by the Office of the Clerk, United States Bankruptcy Court for the Southern District of Texas, Austin Division, 903 San Jacinto Blvd., Austin, Texas

78701, and each of the following parties: (i) the Debtors: WBH Energy, LP, PO Box 302380, Austin, Texas 78703 (Attn: Joe Warnock, email: joe@wbhenergy.com); (ii) Counsel to the Debtors: Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: William A. (Trey) Wood, email: Trey.Wood@bgllp.com); (iii) Counsel for the Committee: Locke Lord LLP, 600 Congress Ave., Suite 2200, Austin, Texas 78701 (Attn: Berry D. Spears, email: bspears@lockelord.com); and (iv) United States Department of Justice, Office of the United States Trustee for the Western District of Texas, Houston Division, 903 San Jacinto Blvd., Suite 230, Austin, Texas 78701.

24. Any objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

25. The form of notice of the confirmation hearing date and objection deadline attached as **Exhibit D** to the Motion (the "Confirmation Hearing Notice") is approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages.

26. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the forms of notices and ballots and related documents without further Order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other related materials prior to their mailing to parties in interest.

27. The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

###