**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **WBH Energy, LP,** | § | Case No. 15-10003 |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

**JOINT MOTION PURSUANT TO BANKRUPTCY RULE 9019
AND 11 U.S.C. § 105(a) FOR APPROVAL OF SETTLEMENT AND COMPROMISE**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT GRANTS THE MOTION FOR EXPEDITED RELIEF, A HEARING WILL BE HELD ON AUGUST 17, 2015 AT 12:00.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE
OBJECTING PARTY.**

WBH Partners, LP ("Debtor LP"), WBH Energy Partners, LLC ("Debtor LLC"), and CL III Funding Holding Company LLC ("Castlelake"), (collectively, the "Movants") file this *Joint Motion Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 105(a) for Approval of Settlement and Compromise* (the "Motion") with respect to the claims asserted in Adv. Nos. 15-01010, 15-01078, and 15-01079. In support of the Motion, the Movants respectfully submit as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief

sought herein is Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 105(a).

**PROCEDURAL HISTORY AND BACKGROUND**

2. On January 4, 2015, (the "Petition Date"), the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"). The Debtors continue to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 2, 2015, U.S. Energy Development Corporation ("USED") filed Adversary No. 15-01010 styled *U.S. Energy Development Corporation v. WBH Energy Partners LLC, CL III Funding Holding Company, LLC, et al.* in the United States Bankruptcy Court for the Western District of Texas, Austin Division seeking to interplead funds into the registry of the Court ("USED Interpleader").

4. On April 19, 2015, Castlelake filed Adversary No. 15-01078 styled *CL III Funding Holding Company, LLC v. WBH Energy Partners, LLC et al* in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Debtor LLC Declaratory Action").

5. On April 20, 2015, Castlelake filed Adversary No. 15-01079 styled *CL III Funding Holding Company, LLC v. WBH Energy, LP et al* in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Debtor LP Declaratory Action"). (The USED Interpleader, Debtor LLC Declaratory Action and Debtor LP Declaratory Action are collectively referred to herein as the "Subject Adversaries.")

6. Movants are parties in the Subject Adversaries and seek to settle claims involving the Debtors, Castlelake, USED and a group of Settling Lien Claimants.[1] (Movants, USED and the Settling Lien Claimants are referred to herein as the "Settling Parties")

**USED Interpleader**

7. In its Complaint, USED states that it was a non-operating working interest party in certain units. USED states that as of the Petition Date, USED was indebted to Debtor LLC (as operator) in the amount of $1,943,177.17 for unpaid amounts owed in connection with operations conducted by Debtor LLC on certain units ("Subject Units").

8. In the USED Interpleader, Castlelake asserted that it has a lien on all accounts receivables of Debtor LLC, including those owed by USED as a working interest owner in the Subject Units operated by Debtor LLC.

9. The Settling Lien Claimants also asserted liens on some of the Subject Units. The Lien Claimants furnished certain materials and services in connection with oil and gas operations conducted on the Subject Units by Debtor LLC for which the Lien Claimants have not been paid. The Settling Lien Claimants filed liens on the Subject Units.

10. The Settling Lien Claimants assert that their liens are senior to Castlelake's with respect to the "Interpled Funds" (herein defined). The Debtors do not take a position with regard to the priority of the competing lien claims between Castlelake and the Settling Lien Claimants.

---

[1] Basic Energy Services, L.P., BTI Services, Inc, Canrig Drilling Technology Ltd., Challenger Process Systems Co., Cressman Tubular Products Corporation, Flowco Production Solutions, LLC, Gladiator Energy Services, LLC, Halliburton Energy Services, Inc., Key Energy Services, LLC, M-I LLC d/b/a M-I SWACO, Morrison Supply Company, Inc., Multi-Chem Group, LLC, Nabors Completion and Production Services Co., Nabors Drilling USA LP, Natural Gas Services Group Inc., P.L.P.S., Inc., PCS Ferguson Inc., Pioneer Fishing & Rental Services LLC, Pumpco Services, Inc., Schlumberger Technology Corporation, Smith International, Inc., d/b/a Thomas Tools, Surf-Frac Wellhead Equipment, Susser Energy Services, LLC, and Weatherford US, LP are collectively referred to herein as the "Settling Lien Claimants"

11. Through the USED Interpleader, USED sought to interplead funds into the registry of court and to have the Court determine the rights of Debtor LLC, Castlelake, and the Settling Lien Claimants to the interpled funds.

12. On May 11, 2015 the Court entered its Modified Order to Deposit Funds in the Registry of the Court [Adv. No. 15-01010, Doc. No. 82]. Pursuant to this Order, USED deposited $1,845,925.03 into the registry of the Court ("Interpled Funds") ($97,252.14 was ordered to be remitted to Debtor LLC for reimbursement for property tax payments).

**Debtor LLC Declaratory Action**

13. In its Complaint in the Debtor LLC Declaratory Action, Castlelake asserts that it has a first lien security interest in the accounts receivable of Debtor LLC, including the amounts owed by Debtor LP, as a non-operating working interest owner on the Subject Units, to Debtor LLC, as operator (collectively, the "Debtor LLC Collateral").

14. The Settling Lien Claimants also filed liens on some of the Subject Units. The Lien Claimants furnished certain materials and services in connection with oil and gas operations conducted on the Subject Units by Debtor LLC for which the Lien Claimants have not been paid.

15. Castlelake asserts that the Settling Lien Claimants are mineral subcontractors as to Debtor LP because Debtor LP was a non-operating working interest owner of the Subject Units and Debtor LLC, with whom the Settling Lien Claimants contracted, acted as the operator.

16. The Settling Lien Claimants assert that their liens are senior to Castlelake's. The Debtors do not take a position with regard to the priority of the competing lien claims between Castlelake and the Settling Lien Claimants

17. In the Debtor LLC Declaratory Action, Castlelake seeks a declaratory judgment that its liens in the Debtor LLC Collateral are superior to the liens asserted by the Settling Lien Claimants.

**Debtor LP Declaratory Action**

18. In its Complaint in the Debtor LP Declaratory Action, Castlelake asserts that pursuant to the Senior and Junior Loan Documents with the Debtors, Castlelake has a security interest in and liens upon all of Debtor LP's assets, including Debtor LP's real property and personal property interests in the Subject Units, including the mineral leases owned by Debtor LP (collectively, the "Debtor LP Collateral").

19. The Settling Lien Claimants also filed liens on some of the Subject Units. The Settling Lien Claimants furnished certain materials and services in connection with oil and gas operations conducted on the Subject Units by Debtor LLC for which the Settling Lien Claimants have not been paid.

20. Castlelake asserts that the Settling Lien Claimants are mineral subcontractors as to Debtor LP because Debtor LP was a non-operating working interest owner of the Subject Units and Debtor LLC, with whom the Settling Lien Claimants contracted, acted as the operator.

21. The Settling Lien Claimants assert that their liens are senior to Castlelake's. The Debtors do not take a position with regard to the priority of the competing lien claims between Castlelake and the Settling Lien Claimants.

22. In the Debtor LP Declaratory Action, Castlelake asserts that its lien rights in the Debtor LP Collateral are superior to the lien rights asserted by the Settling Lien Claimants.

PROPOSED SETTLEMENT

23. The Movants and the Settling Lien Claimants engaged in numerous discussions

and correspondence in an effort to see if they could reach a negotiated settlement rather than litigate the issues through summary judgment and trial. As a result of those discussions, the Movants, USED and the Settling Lien Claimants have proposed the following settlement (the "Settlement") which would distribute to the Settling Lien Claimants, as a group, a total of $1.7 million of the Interpled Funds, with the remainder distributed to Castlelake, and in return the Settling Lien Claimants will release their liens on the Subject Units. A copy of the Settlement Agreement is attached as **Exhibit 1**.

24. As part of the Settlement, all claims between the Movants, USED and the Settling Lien Claimants in the USED Interpleader, the Debtor LLC Declaratory Action and the Debtor LP Declaratory Action shall be dismissed with prejudice.

25. The Settling Lien Claimants shall, with the aid of the M&M lien agent, decide amongst themselves how to distribute the $1.7 million amongst the Settling Lien Claimants. Such determination of how to divide the $1.7 million shall not require any further Court order unless the Settling Lien Claimants are unable to reach an agreement. The Settlement provides that the Settling Lien Claimants shall file amended proofs of claims for the remainder of their claims against the estate as unsecured claims.

26. As part of the Settlement, the lien claims asserted by the Settling Lien Claimants against the Debtors' real and personal property assets will be released and neither the estate of Debtor LP nor Debtor LLC will have to pay anything as part of the Settlement. This settlement will provide a benefit to the Debtors' estates since it will result in the resolution of competing lien claims against the Debtors' assets, without the estates having to expend any funds in the Settlement.

**RELIEF REQUESTED**

27. Pursuant to Bankruptcy Rule 9019 ("Rule 9019") and 11 U.S.C. § 105, the Movants respectfully request that the Court approve the Settlement as a reasonable compromise and settlement of the claims asserted by and against the Movants in the USED Interpleader, the Debtor LLC Declaratory Action and the Debtor LP Declaratory Action.

28. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves."[2] "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case.[3]

29. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."[4] Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate."[5] Moreover, Bankruptcy Code section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[6]

30. Approval of a proposed settlement is left to the sound discretion of the reviewing court.[7] The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a debtor is not required to present a full mini-trial or evidentiary hearing

---

[2] *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005).
[3] *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).
[4] FED. R. BANKR. P. 9019(a).
[5] *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *cf. In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (decided under Bankruptcy Act).
[6] 11 U.S.C. § 105(a).
[7] *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements").

to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the Court "is not to decide the numerous questions of law and fact raised" by the compromise, but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[8]

31. Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness."[9]

32. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

   a. The probabilities of ultimate success should the claim be litigated;

   b. An educated estimate of (i) the complexity, expense, and likely duration of such litigation; (ii) possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

   c. The comparison of the terms of the settlement and compromise with the likely rewards of litigation.[10]

33. In *Jackson Brewing*, the Fifth Circuit specified further considerations, including (a) uncertainties of fact and law which impact the probability of success in the litigation; and (b) delay and inconvenience which impact the complexity or duration of the litigation.[11]

34. As more fully described herein, the Settlement is the result of arm's length negotiations amongst the Settling Parties and resolves the claims between the Settling Parties in

---

[8] *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *In re Mirant Corp.*, 348 B.R. 725, 743 (Bankr. N.D. Tex. 2006).
[9] *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).
[10] *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).
[11] 624 F.2d at 602-03 (decided under Bankruptcy Act).

the USED Interpleader, the Debtor LLC Declaratory Action and the Debtor LP Declaratory Action. The Settlement avoids further estate administrative expenses relating to this ligation and proposes to partially compensate the oil and gas service providers for their respective unpaid services for operations conducted on the Subject Units while recognizing Castlelake's liens and security interests in the property of Debtor LLC and Debtor LP, and all parties waiving their rights to interest, costs and attorneys' fees and the Lien Claimants agreeing to release their respective lien claims.

35. Further, the Movants submit that such proposed distribution is a likely outcome of the case should it be litigated to its conclusion, pursuant to the court's holding in *In re Mid-America Petroleum, Inc.*, wherein the court recognized that mineral subcontractor lien holders are entitled to priority and have a "first claim" to funds owed to the operator. *See* 83 B.R. 933, 935 (Bankr. N.D. Tex. 1988).

36. Further, the Movants submit this settlement complies with the other applicable *TMT Trailer Ferry* factors set forth above, including that the estate is not being asked to pay any amounts to its subcontractors as a result of this compromise. The primary consideration being given by the Debtors is the release of claims against these entities and the Interpled Funds in exchange for which the Debtors and estates receive the benefits enumerated above.

37. Therefore, the Movants respectfully submit that the Settlement is in the best interests of the Debtors' estates and all of its stakeholders, and that Settlement should be approved in all respects.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter (i) an order approving the Settlement in all respects and authorizing the Debtors' entry into the Settlement in

the form attached hereto as **Exhibit 1**; (ii) entering a final judgment in Adversary 15-1010 in the form attached hereto as **Exhibit 2**; (iii) entering an order dismissing the claims by and between the Movants, USED, and the Settling Lien Claimants in Adversary 15-1078 in the form attached hereto as **Exhibit 3**; (iv) entering an order dismissing the claims by and between the Movants, USED, and the Settling Lien Claimants in Adversary 15-1079 in the form attached hereto as **Exhibit 4**; and (v) granting such other and further relief to which the Movants may be entitled.

August 6, 2015                          Respectfully submitted,

                                    **SNOW SPENCE GREEN LLP**

                                    By: _/s/ Kenneth Green_
                                          Phil Snow
                                          State Bar No. 18812600
                                          Kenneth Green
                                          State Bar No. 24036677
                                          2929 Allen Parkway, Suite 2800
                                          Houston, Texas 77019
                                          (713) 335-4800
                                          (713) 335-4848 (Fax)

                                    **ATTORNEYS FOR SECURED CREDITORS**
                                    **CL III FUNDING HOLDING COMPANY, LLC**

                                    -and-

                                    **BRACEWELL & GIULIANI LLP**

                                    By: _/s/ Jason G. Cohen_
                                          William A. (Trey) Wood III
                                          Texas Bar No. 21916050
                                          Trey.Wood@bgllp.com
                                          Jason G. Cohen
                                          Texas Bar No. 24050435
                                          Jason.Cohen@bgllp.com
                                          711 Louisiana, Suite 2300
                                          Houston, Texas 77002
                                          Telephone: (713) 223-2300
                                          Facsimile: (713) 221-1212

COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 6, 2015, a true and correct copy of this document was served on all parties listed on the Master Service List and by electronic means via the Court's ECF noticing system.

    */s/    Kenneth Green*
Kenneth Green