EXHIBIT A

## CREDITORS' TRUST AGREEMENT

This Creditors' Trust Agreement (the "Trust Agreement"), dated as of [August 18, 2015] by and among WBH Energy Partners L.P., WBH Energy Partners LLC and WBH Energy Partners G.P. (each a "Debtor," and collectively, the "Debtors") and Danny Mullen (the "Trustee") is executed in connection with the First Amended Joint Chapter 11 Plan of Reorganization for the Debtors and Debtors-in-Possession (as modified through August 20, 2015) dated [    ] (as amended, modified or supplemented from time to time, the "Plan"). Capitalized terms used in this Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

### W I T N E S S E T H

WHEREAS, the Debtors commenced chapter 11 cases (collectively, the "Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court");

WHEREAS, on July ___, 2015, the Debtors filed the Plan;

WHEREAS, on [DATE], the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, the Plan provides for the creation of a post-confirmation creditors' trust (the "Creditors' Trust") to hold and administer the Creditors' Trust Assets (defined below), including but not limited to the Class 7 Contributed Amount, Causes of Action, and the proceeds of the foregoing, to distribute the proceeds of such assets in accordance with the terms of the Plan to the Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Priority Claims, and Allowed General Unsecured Claims (the "Trust Beneficiaries"), and to take all actions necessary to wind down and close the Estates and dissolve the Debtor entities, all in accordance with the terms of this Trust Agreement and the Plan;

WHEREAS, "Creditors' Trust Assets" means (i) all Avoidance Actions and other Causes of Action, (ii) the Class 7 Contributed Amount, (iii) any portion of the Administrative and Priority Claims Reserve not used to satisfy Allowed Administrative Expense Claims, Allowed Priority Tax Claims or Allowed Priority Claims and (iv) the proceeds or right to proceeds of each of the foregoing (including any proceeds of any D&O Insurance, except to the extent such proceeds are for reimbursement to the Debtors or any other insured of defense costs paid or advanced by the Debtors to the Debtors' directors and/or officers prior to the Effective Date), owned as of the Effective Date or acquired thereafter pursuant to the terms of the Plan. This Trust Agreement is executed to establish the Creditors' Trust and to facilitate the Plan;

WHEREAS, the Creditors' Trust is established for the sole purpose of liquidating the Creditors' Trust Assets for the benefit of the Creditors' Trust Beneficiaries (including holders of Disputed Claims that become Allowed Claims) in accordance with Treasury Regulation Section 301.770l-4(d), with no objective or authority to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditors' Trust including the wind down and closure of the Estates;

WHEREAS, the Creditors' Trust is intended to qualify as a Creditors' Trust within the meaning of Treasury Regulation Section 301.7701-4(d) for United States federal income tax purposes;

WHEREAS, the respective powers, authority, responsibilities and duties of the Trustee shall be governed by this Trust Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court and any obligations under Texas law;

WHEREAS, this Trust Agreement is intended to supplement, complement and implement the Plan; provided, however, that except as otherwise expressly stated herein, if any of the terms and/or provisions of this Trust Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors and the Trustee agree as follows:

## ARTICLE 1
## ESTABLISHMENT OF THE CREDITORS' TRUST

1.1     <u>Establishment of Creditors' Trust</u>.  Danny Mullen hereby accepts his appointment as Trustee. Pursuant to the Plan, the Debtors and the Trustee hereby establish the Creditors' Trust on behalf of the Creditors' Trust Beneficiaries. The Trustee agrees to accept and hold the Creditors' Trust Assets in trust for the Creditors' Trust Beneficiaries subject to the terms of this Trust Agreement, and agrees to assume the role and duties of the Trustee as provided in this Agreement.

1.2     <u>Purpose of the Creditors' Trust</u>. The Creditors' Trust shall be established for the purpose of liquidating the Creditors' Trust Assets and taking all actions necessary to wind down and close the Estates, in accordance with Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Creditors' Trust Assets, make distributions, and not unduly prolong the duration of the Creditors' Trust. The Creditors' Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

1.3     <u>Transfer of Assets and Rights to the Trustee</u>.

(a)     Except as provided otherwise in the Plan, as of the Effective Date the Debtors hereby transfer, assign, convey and deliver to the Trustee, (i) all of their right, title, and interest in the Creditors' Trust Assets free and clear of any Lien or Claim in such property of any other Person or entity except as otherwise provided in the Plan, and (ii) all of their rights with respect to the Creditors' Trust Assets including attorney-client privilege and hereby waive their right and the right of any legal, financial or other advisors to assert such rights as a defense or otherwise, and the Trustee on behalf of the Creditors' Trust hereby assumes and agrees that all such Creditors' Trust Assets will be transferred to the Creditors' Trust free and clear of any and all liabilities except to the extent otherwise provided in the Plan.

2

(b)     After the Effective Date, the Purchaser, pursuant to the terms and conditions of the executed Purchase and Sale Agreement, agrees at the reasonable request of the Trustee to execute and deliver, or otherwise make available for inspection, any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) of the Debtors.

1.4    <u>Title to Creditors' Trust Assets</u>.

(a)     The transfer of the Creditors' Trust Assets to the Creditors' Trust shall be made for the benefit of the Creditors' Trust Beneficiaries, whether the Claims of the Creditors' Trust Beneficiaries are Allowed on or after the Effective Date of the Plan. In this regard, the Creditors' Trust Assets will be treated for tax purposes as being transferred by the Debtors to the Creditors' Trust Beneficiaries, and then by the Creditors' Trust Beneficiaries to the Creditors' Trust in exchange for beneficiary interests in the Creditors' Trust, which interests shall be distributed by the Trustee to the Creditors' Trust Beneficiaries in exchange for their Allowed Claims in accordance with the Plan and as set forth in Article 5 below. Upon the transfer of the Creditors' Trust Assets, the Trustee shall succeed to all of the Debtors' right, title and interest in and to the Creditors' Trust Assets and the Debtors will have no further interest in or with respect to the Creditors' Trust Assets or this Creditors' Trust.

(b)     For all United States federal income tax purposes, all parties (including, without limitation, the Debtors, the Trustee, and the Creditors' Trust Beneficiaries) shall treat the transfer of Creditors' Trust Assets to the Creditors' Trust described in this Section 1.4 and in the Plan (and any subsequent transfers of Assets) as a transfer to the Creditors' Trust Beneficiaries followed by a deemed transfer by such Creditors' Trust Beneficiaries to the Creditors' Trust, and the beneficiaries of this Creditors' Trust shall be treated as the grantors and owners hereof.

1.5    <u>Reliance</u>.  The Trustee may rely upon the Debtors' filed schedules and statements of financial affairs and all other information provided by the Debtors or their representatives to the Trustee or the Committee concerning Claims filed against the Debtors and the Debtors' reconciliation, if any, and other documents supporting such reconciliation.

1.6    <u>Valuation of Creditors' Trust Assets</u>.  As reasonably determined from time to time by the Trustee in its good faith and reasonable judgment, valuation of the Creditors' Trust Assets transferred to the Creditors' Trust shall be used consistently by the Trustee and the Creditors' Trust Beneficiaries for all federal income tax purposes. The Trustee, Debtors and the Creditors' Trust Beneficiaries agree that (i) the value of the Causes of Action on the date of their transfer to the Creditors' Trust shall be zero dollars; and (ii) the transfer of the Causes of Action to the Creditors' Trust shall "close" the transaction for tax purposes as to the Debtors with respect to any subsequent receipt of proceeds by the Creditors' Trust in connection with the Causes of Action or investment earnings thereon.

1.7     <u>Governance of the Creditors' Trust</u>. The Creditors' Trust shall be governed by the Trustee subject to the provisions set forth in this Trust Agreement and Texas law. The Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Creditors' Trust and not otherwise, except that the Trustee may deal with the Creditors' Trust Assets for its own account as provided herein. Subject to the terms and conditions of this Trust Agreement, the Trustee may delegate responsibility for discrete issues or decisions to third parties subject to continued oversight by the Trustee.

1.8     <u>Appointment of the Trustee</u>. Danny Mullen is hereby selected by the Committee, pursuant to the terms of the Plan, as the Trustee. Confirmation of the Plan shall constitute the Bankruptcy Court's approval of Danny Mullen, as Trustee who shall hold such position until his removal, resignation or death.

1.9     <u>Bond</u>. The Trustee shall serve without bond.

1.10    <u>Funding of the Creditors' Trust</u>. The Trustee may from time to time make withdrawals from the Creditors' Trust Assets in amounts and at times that the Trustee deems necessary or appropriate to fund any and all costs and expenses that the Trustee and the Creditors' Trust incur subsequent to the Effective Date in accordance with this Trust Agreement and the Plan.

## ARTICLE 2
## THE TRUSTEE

2.1     <u>Role of the Trustee</u>. In furtherance of and consistent with the purpose of the Creditors' Trust and the Plan, the Trustee shall, for the benefit of the Creditors' Trust Beneficiaries and subject to the provisions set forth in this Trust Agreement and the Plan: (i) have the power and authority to hold, manage, and distribute the Creditors' Trust Assets; (ii) have the power and authority to hold, manage, and distribute the Cash or non-Cash Creditors' Trust Assets obtained through the exercise of his power and authority; and (iii) have the power and responsibility to take all actions necessary to wind down and close the Estates, file all required tax returns, and file and receive approval of a final report from the Bankruptcy Court, all as may be provided for in additional and further detail below. In all circumstances, the Trustee shall act in the best interests of all Creditors' Trust Beneficiaries of the Creditors' Trust and in furtherance of the purpose of the Creditors' Trust.

2.2     <u>Authority of Trustee</u>. In connection with the administration of the Creditors' Trust, subject to and except as otherwise set forth in this Trust Agreement or the Plan, the Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Creditors' Trust. Without limiting, but subject to the foregoing, the Trustee, as applicable, shall be authorized, unless otherwise provided for in this Trust Agreement and subject to the limitations contained herein and in the Plan, to:

1)      Perform the duties, exercise the powers, and assert the rights of a trustee under Sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges;

2)     Hold legal title to any and all rights of the beneficiaries the Creditors' Trust in or arising from the Creditors' Trust Assets, including, without limitation, collecting, receiving any and all money and other property belonging to the Creditors' Trust and the right to vote any claim or interest in a case under the Bankruptcy Code and receive any distribution therein;

3)     Make Distributions contemplated under the Plan;

4)     Supervise and administer the reconciliation, resolution, settlement and payment of Claims and the Distributions to the Holders of Allowed Claims in accordance with the Plan;

5)     Enter into any agreement on behalf of the Creditors' Trust required by or consistent with the Plan and perform all of the obligations required of the Trustee under the Creditors' Trust Agreement or the Plan;

6)     Abandon any of the assets of the Creditors' Trust if the Trustee concludes that such assets are of no benefit to the Creditors;

7)     Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and litigate claims on behalf of the Creditors' Trust, including without limitation all state and federal Causes of Action or any other litigation, including Avoidance Actions, which constitute an asset of the Creditors' Trust;

8)     Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Cases;

9)     Act in the name of or in the place of the Creditors' Trust in any action before the United States Bankruptcy Court or any other judicial or administrative body;

10)    Protect and enforce the rights to the Creditors' Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

11)    Take actions and exercise remedies against any Person that owes money to the Creditors' Trust, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

5

12) Retain and pay such Creditors' Trust Professionals as the Trustee may select to assist the Trustee in its duties, on such terms as the Trustee deems appropriate, without Bankruptcy Court approval. The Trustee may commit the Creditors' Trust to and shall pay Creditors' Trust Professionals reasonable compensation for services rendered and expenses incurred and may engage counsel on a contingent basis. A law firm or professional shall not be disqualified from serving as a Creditors' Trust Professional solely because of its current or prior retention as counsel or professional to the parties in interest in the Cases;

13) Retain and pay an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Creditors' Trust as the Trustee may deem appropriate, and to prepare and file any tax returns or informational returns for the Creditors' Trust as may be required, without Bankruptcy Court approval. The Trustee may commit the Creditors' Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and expenses incurred;

14) Retain and pay such third parties as the Trustee may deem necessary or appropriate to assist the Trustee in carrying out its powers and duties under this Trust Agreement. The Trustee may commit the Creditors' Trust to and shall pay all such Persons reasonable compensation for services rendered and expenses incurred, as well as commit the Creditors' Trust to indemnify any such parties in connection with the performance of services;

15) Assert or waive any privilege or defense on behalf of the Creditors' Trust or, with respect to the Creditors' Trust Assets, the Debtors as provided in the Trust Agreement or the Plan;

16) Compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all Causes of Action in favor of or against the Creditors' Trust as the Trustee shall deem advisable;

17) Avoid and recover transfers of the Debtors' property as may be permitted by the Bankruptcy Code or applicable state law;

18) Execute offsets and assert counterclaims against Claims as provided for in the Plan;

19) Compromise, settle or otherwise resolve all objections to any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or further notice. For all Claims in excess of $25,000, the Trustee shall provide 10 days written notice of any proposed settlement. If no objection

6

is submitted to the Trustee within 10 days of the date of such notice, the Trustee may proceed with such settlement and may settle such Claim without approval of any other Person;

20) Invest any moneys held as part of the Creditors' Trust, limited, however, to such investments that are consistent with the Creditors' Trust's status as a Creditors' Trust within the meaning of Treasury Regulations Section 301.7701-4(d);

21) Request any appropriate tax determination with respect to the Creditors' Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

22) May establish and maintain a website for the purpose of providing notice of Creditors' Trust activities in lieu of sending written notice to beneficiaries of Creditors' Trust, subject to providing notice of such website to such Holders;

23) Take or refrain from taking any and all actions the Trustee reasonably deems necessary or convenient for the continuation, protection and maximization of the Creditors' Trust Assets or to carry out the purposes hereof;

24) Seek the examination of any Person, and subject to, the provisions of Bankruptcy Rule 2004;

25) Assume such other powers as may be vested in or assumed by the Creditors' Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or the Trust Agreement;

26) Establish and maintain such bank accounts as may be necessary or appropriate, draw checks on such bank accounts and perform such other necessary and appropriate duties with respect to such accounts, or designate individuals as signatories therefore, as the Trustee may direct and authorize;

27) Invest or reinvest Creditors' Trust Assets and to cause such investments, or any part thereof, to be registered and held in his name, as Trustee, or in the name of nominees;

28) File any required reports and pay to the office of the U.S. Trustee all applicable costs and fees incurred from and after the Effective Date and file a final report with the Bankruptcy Court and close the Cases;

29) Hold any Unclaimed Distribution or payment to the Holder of an Allowed Claim in accordance with the Plan and the Creditors' Trust Agreement;

7

30) Propose any amendment, modification or supplement to the Plan or the Creditors' Trust Agreement, provided that any such amendment, modification or supplement that is material requires approval of the Bankruptcy Court after notice and a hearing;

31) File dissolution/termination documents with the appropriate governmental agencies to dissolve the Creditors' Trust;

32) Receive, conserve and manage the Creditors' Trust Assets, and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) or the Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Trustee deems most beneficial to the Creditors and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

33) Pay all taxes, if any, properly payable by the Creditors' Trust and/or the Debtors, make all tax withholdings and file tax returns and tax information returns with respect to the Creditors' Trust and the Debtors, and make tax elections by and on behalf of the Creditors' Trust;

34) Carry insurance coverage, including insurance to protect the Creditors' Trust and the Trustee against claims brought against the Trustee in such amounts as he deems advisable, including obtain insurance coverage with respect to real and personal property that may become Creditors' Trust Assets, if any;

35) Establish such reserves for taxes, assessments and other expenses of administration of the Creditors' Trust (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Creditors' Trust;

36) Borrow funds, incur or assume liabilities, and pledge Creditors' Trust Assets on behalf of the Creditors' Trust in furtherance of or in connection with the Trustee's or the Creditors' Trust's duties, powers, authority, and obligations under this Trust Agreement, and determine and satisfy any and all liabilities created, incurred or assumed by the Creditors' Trust; and

37) Exercise such other powers and duties as are necessary or appropriate in the Trustee's discretion to accomplish the purposes of the Plan;

2.3    <u>Limitation of Trustee's Authority</u>. The Trustee shall have no power or authority except as set forth in this Trust Agreement or in the Plan. Notwithstanding anything herein to the contrary, the Trustee shall not be authorized to engage in any trade or business, and shall only take such actions consistent with the orderly liquidation of the Creditors' Trust Assets as are required or contemplated by applicable law, the Plan and this Trust Agreement, and the actions necessary to wind down and close the Estates and dissolve the Creditors' Trust.

2.4    Books and Records. The Trustee shall maintain in respect of the Creditors' Trust books and records relating to the Creditors' Trust Assets (including the Causes of Action) and income of the Creditors' Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Creditors' Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Creditors' Trust. Except as otherwise may be expressly provided in this Trust Agreement, nothing in this Trust Agreement requires the Trustee to file any accounting or seek approval of any court with respect to the administration of the Creditors' Trust, or as a condition for managing any payment or distribution out of the Creditors' Trust Assets. Subject to all applicable privileges, the Creditors' Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Trust Agreement, under the Plan or otherwise, upon twenty (20) days' prior written notice to the Trustee, to request a reasonable inspection of the books and records held by the Trustee; provided, however, that all costs associated with such inspection shall be paid in advance by such requesting Creditors' Trust Beneficiary; provided further, however, that if so requested, such Creditors' Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Trustee, and make such other arrangements as may be reasonably requested by the Trustee. One (1) year after dissolution of the Trust or the Debtor entities, the Trustee is authorized to destroy any and all books and records without further notice or Bankruptcy Court order, unless the Bankruptcy Court has ordered otherwise; provided, however, that the Trustee may move the Bankruptcy Court for entry of an order authorizing the destruction of any and all books and records prior to expiration of the one (1) year period following dissolution of the Trust or the Debtor entities.

2.5    Additional Powers. Except as otherwise set forth in this Trust Agreement or in the Plan, and subject to the Treasury Regulations governing creditors' trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Trustee may control and exercise authority over the Creditors' Trust Assets and over the protection, conservation and disposition thereof. No Person dealing with the Creditors' Trust shall be obligated to inquire into the authority of the Trustee in connection with the protection, conservation or disposition of the Creditors' Trust Assets.

2.6    Tax and Reporting Duties of the Trustee. The Trustee shall file returns for the Creditors' Trust as a grantor trust pursuant to Treasury Regulation 1.671-4(a) and comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, including, without limitation, any requirements imposed with respect to Distributions hereunder and under the Plan. The Trustee shall also file (or cause to be filed) any other statements, returns, reports or disclosures relating to the Creditors' Trust that are required by any governmental authority, and all such statements, returns, reports or disclosures shall be prepared in reasonable detail in accordance with all applicable laws.

2.7    Compliance with Laws. Any and all Distributions of Creditors' Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws. The Trustee may withhold a Distribution from any Creditors' Trust Beneficiary if the Trustee is unable, after reasonable investigation, to

obtain taxpayer identification information for any Creditors' Trust Beneficiary sufficient to permit the Trustee to make any Distribution in compliance with applicable law.

2.8     Confidentiality. The Trustee shall forever hold in strict confidence and not use for personal gain any material, non-public information of or pertaining to the Creditors' Trust Assets, or the operation of the Creditors' Trust and any other entity to which any of the Creditors' Trust Assets may at any time relate.

2.9     Compensation of the Trustee. The Trustee shall be entitled to reasonable compensation as set forth in Exhibit "A" attached hereto. Confirmation of the Plan shall constitute the Bankruptcy Court's approval of the Trustee's compensation.

2.10     Costs and Expenses of the Trustee. All costs and expenses of the Trustee and Creditors' Trust shall be borne by and as a charge against the Creditors' Trust Assets.

2.11     Compensation Procedures.  If applicable, fees and expenses of the Trustee and all professionals employed by him shall be made on a monthly basis by the Trustee. Payment of the fees and expenses of the Trustee and his professionals shall be paid monthly from the Creditors' Trust Assets and may be made without approval of the Bankruptcy Court. The Trustee shall file invoices for such fees and expenses with the Bankruptcy Court. Any interested party shall have ten (10) days from receipt of such invoices to object (a "Compensation Objection"), which objection must be made in writing delivered to the Trustee. If, after ten (10) days, the parties are unable to resolve any Compensation Objection, then such Compensation Objection shall be submitted to the Bankruptcy Court for resolution.

2.12     Reliance by Trustee.

(a)     the Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him/her to be genuine and to have been signed or presented by the proper party or parties including, but not limited to, the Claims Register maintained by the Clerk of the Bankruptcy Court in these Cases; and

(b)     Persons dealing with the Trustee shall look only to the Creditors' Trust Assets to satisfy any liability incurred by the Trustee to such person in carrying out the terms of this Trust Agreement, and the Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Trustee are determined by a Final Order to be solely due to the Trustee's gross negligence, fraud or willful misconduct.

(c)     The Trustee may consult with and shall not be liable for any actions taken or suffered by the Trustee in accordance with the advice of such counsel or other professionals, and may also consult with and rely upon accountants and former consultants or advisors of the Debtors, the Committee, present and former officers, directors and consultants of the Debtors' affiliates or subsidiaries.

2.13    Investment and Safekeeping of Creditors' Trust Assets. The right and power of the Trustee to invest Creditors' Trust Assets, the proceeds thereof, or any income earned by the Creditors' Trust, shall be limited to the right and power that a Creditors' Trust, within the meaning of Treasury Regulations Section 301.7701-4(d), is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.14    Authorization to Expend Creditors' Trust Assets. The Trustee may expend the Creditors' Trust Assets:  (a) as reasonably necessary to maintain the value of the Creditors' Trust Assets during liquidation: (b) to pay all costs and expenses of the Creditors' Trust (including, without limitation, any taxes imposed on the Creditors' Trust): and (c) to satisfy all other liabilities incurred or assumed by the Creditors' Trust (or to which the Creditors' Trust Assets are otherwise subject) in accordance with this Trust Agreement and the Plan.

2.15    Termination.  The duties, responsibilities and powers of the Trustee will terminate on the date the Creditors' Trust is dissolved under applicable law in accordance with the Plan, Article 7 of this Agreement, or by an order of the Bankruptcy Court.

2.17    Reliance.  Any Person dealing with the Trustee shall be fully protected in relying upon the Trustee's certificate or instrument signed by the Trustee that he has authority to take any action under this Trust.

2.19    Trustee's Funds.  No provision of this Agreement or the Plan shall require the Trustee to expend or risk his own funds or otherwise incur any financial liability in the performance of any of his duties as Trustee hereunder or under the Plan, or in the exercise of any of its rights or powers, if the Trustee shall have reasonable grounds for believing that repayment of funds or adequate indemnity or security satisfactory to the Trustee against such risk or liability is not reasonably assured to the Trustee.

# ARTICLE 3
# DISTRIBUTIONS

3.1    Annual Distribution; Withholding. In the discretion of the Trustee, the Trustee shall distribute from the Creditors' Trust to each Creditors' Trust Beneficiary Cash on hand (including, without limitation, all net Cash income plus all net Cash proceeds from the liquidation of Creditors' Trust Assets, including, without limitation, as Cash for this purpose, all permissible investments described in Section 2.13) from the Creditors' Trust to the Creditors' Trust Beneficiaries, after making reserve for Disputed Claims as provided in Section 3.7 below; provided, however, that no distribution to an individual unit holder will be required unless such aggregate distribution would be at least $25.00.

3.2    Priority of Payment of Distributions. The Trustee shall apply all Creditors' Trust Assets in the Creditors' Trust:

(a)    FIRST, to pay all unreimbursed liabilities, costs and expenses of the Creditors' Trust  including, without limitation, compensation due and payable to the Trustee and reimbursement for all reasonable costs, expenses and liabilities incurred by the Trustee, including, without

limitation, the fees, costs and expenses of all professionals retained by the Trustee;

(b)     SECOND, to the Creditors' Trust Beneficiaries in respect of Class A1, B1 and C1 Claims until such Claim is paid in full in accordance with this Trust Agreement and the Plan; AND

(c)     THIRD, to the Creditors' Trust Beneficiaries in respect of the Allowed Class A7, B7 and C7 Claims until such Claim is paid in full in accordance with this Trust Agreement and the Plan.

Notwithstanding anything to the contrary contained in this Article 3 or the Plan, prior to making any Distribution to the Creditors' Trust Beneficiaries, the Trustee may retain such amounts as deemed reasonably necessary to: (i) meet contingent liabilities and to maintain the value of the Creditors' Trust Assets of the Creditors' Trust during liquidation; and (ii) to pay reasonable estimated expenses. The Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement.

3.3     <u>Manner of Payment of Distributions</u>. All Distributions to Creditors' Trust Beneficiaries from the Creditors' Trust shall be payable only to Creditors' Trust Beneficiaries of Record and, as to each such Creditors' Trust Beneficiary within a Class then entitled to payment, in amounts equal to such Creditors' Trust Beneficiaries' Ratable Portion of the Distribution. All Distributions to Creditors' Trust Beneficiaries from the Creditors' Trust shall be payable in Cash by wire transfer, check or such other method as the Trustee deems appropriate under the circumstances. All payments of the costs and expenses of the Trust shall be paid in Cash by wire transfer, check or such other method as the Trustee deems appropriate under the circumstances.

3.4     <u>Distributions on Business Days</u>.  Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

3.5     <u>Objections to Claims; Prosecution of Disputed Claims</u>.  The Trustee shall have the authority to compromise, settle or otherwise resolve all objections to any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or further notice. For all Claims in excess of $25,000, the Trustee shall provide 10 days written notice of any proposed settlement. If no objection is submitted to the Trustee within 10 days of the date of such notice, the Trustee may proceed with such settlement and may settle such Claim without approval of any other person or entity. If an interested party objects to any proposed settlement, the Trustee shall either withdraw the settlement or bring the matter before the Bankruptcy Court for final resolution after notice and hearing. Unless otherwise ordered by the Bankruptcy Court, the Trustee shall file and serve all objections to Claims no later than the Claims Objection Deadline.

3.6     <u>Estimation of Claims</u>. The Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any

objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

      3.7    <u>Reserve for Disputed Claims</u>.

(a)    No Cash or other property shall be distributed on account of any Disputed Claim or, if less than the entire Claim is a Disputed Claim, the portion of a Claim that is Disputed, unless and until such Claim becomes an Allowed Claim. The Trustee shall reserve and segregate Cash sufficient to pay holders of Disputed Claims their Ratable Portion, if any, of the Available Cash distributed to Creditors' Trust Beneficiaries. Any such Cash reserved shall be held and segregated by the Creditors' Trust for the benefit of holders of Disputed Claims. In the event a Disputed Claim is ultimately Allowed, the holder of such previously Disputed Claim shall, within sixty (60) days, be entitled to payment of such holder's Ratable Portion of any Distributions previously made.

(b)    The Trustee may make such determinations on Disputed Claims as are appropriate, and as further subject to any Bankruptcy Court authorization as may be requested. The Trustee is authorized, as often as desired but at least annually, to make determinations as to the valuation of the Disputed Claims.

(c)    Upon the Effective Date, any claims that are the subject of dispute shall be recognized in the Disputed Claims Reserve until Final Order of the Bankruptcy Court or other binding resolution of the status of the Disputed Claim.

      3.8    <u>No Distribution in Excess of Allowed Amounts</u>.  Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, no Creditors' Trust Beneficiary shall receive Distributions of a value which exceed the amount of such Creditors' Trust Beneficiary's Allowed Claim as of the Petition Date, plus accrued interest provided for in the Plan, if any. The foregoing shall not limit holders of Disputed Claims from receiving Distributions on account of accrued interest as provided herein and in the Plan, if such holders' Disputed Claims become Allowed.

      3.9    <u>De Minimis Distributions</u>.  Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, the Trustee shall not be required to distribute Cash to the holder of an Allowed Claim if the amount of cash to be distributed on account of such Claim is less than $25. Any holder of an Allowed Claim on account of which the amount of Cash to be

distributed is less than $25 shall have such Claim discharged and shall be forever barred from asserting any such Claim against the Debtors, the Creditors' Trust, or their respective property. Any Cash not distributed pursuant to this provision shall be the property of the Creditors' Trust, free of any restrictions thereon. The Trustee may, in his sole discretion, remit any Cash not distributed or otherwise utilized by the Creditors' Trust pursuant to this Section 3.9 of the Trust Agreement to the State of Texas and/or pay such Cash into the registry of the Bankruptcy Court.

3.10    Setoffs. The Trustee may set off against any Distributions to be made to a Creditors' Trust Beneficiary hereunder, claims, rights and Causes of Action of any nature that the Trustee may at any time hold against such Creditors' Trust Beneficiary; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim under or in accordance with the Plan shall constitute a waiver or release by the Trustee of any such claim, right and Causes of Action that the Trustee may at any time possess against such Creditors' Trust Beneficiary.

3.11    Disputed Payments. If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any Distribution, the Trustee may, in lieu of making such Distribution to such Person, make reserve for such Distribution. Such Distribution shall be held in reserve until the disposition thereof shall be determined by order of the Bankruptcy Court or other court of competent jurisdiction or by written agreement among the interested parties to such dispute.

3.12    Unclaimed Distributions.

(a)    Any Unclaimed Distributions shall be held and reserved by the Creditors' Trust for the benefit of the Creditors' Trust Beneficiaries entitled thereto under the terms of this Trust Agreement and the Plan. All such Unclaimed Distributions shall be held for a period of sixty (60) days following the filing of the applicable Notice of Distribution and during such period shall be released from the Creditors' Trust and delivered to the Creditors' Trust Beneficiaries entitled thereto only upon presentation of proper proof by such Creditors' Trust Beneficiaries of such entitlement. At the end of sixty (60) days following the filing of the relevant Notice of Distribution of any Unclaimed Distributions, the Creditors' Trust Beneficiaries theretofore entitled to such Unclaimed Distributions shall cease to be entitled thereto and the Unclaimed Distributions for each such Creditors' Trust Beneficiary shall then be distributed on the succeeding Payment Date on a Pro Rata basis to the Creditors' Trust Beneficiaries who have received and have claimed Distributions and who are otherwise entitled to further Distributions under Sections 3.2 and 3.9, and if no such Creditors' Trust Beneficiaries then exist, such Unclaimed Distributions shall be excess Distributions to be distributed in accordance with Section 3.8 of this Agreement.

(b)    The Trustee may choose to file, or cause to be filed any tax or information return. All Cash held shall be invested in accordance with Section 2.13 hereof and section 345 of the Bankruptcy Code, as modified by the

relevant Orders of the Court for investments made by the Debtors during the Cases.

3.13    Uncashed Checks.  Checks issued in respect of a Distribution will be null and void if not negotiated within ninety (90) days after the date of issuance. Distributions with respect to such un-negotiated checks shall be treated as an Unclaimed Distribution and will revert to the Creditors' Trust for distribution in accordance with the Plan and Trust Agreement, and payment to such Holder with respect to such un-negotiated check shall be discharged.

3.14    Allocation of Tax Items.

(a)    Unless otherwise required by applicable tax law, items of income, gain, loss and deduction recognized or incurred by the Creditors' Trust and the amount of distributions received by the Creditors' Trust shall be allocated Pro Rata among the Creditors' Trust Beneficiaries who are entitled to receive Distributions in the tax year in accordance with the priorities set forth in Section 3.2 hereof.

(b)    Absent definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Trustee shall:

(i)    treat all Creditors' Trust Assets allocable to, or retained on account of, Disputed Claims, as a discrete trust for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim;

(ii)    on the last day of each calendar year, to the extent there is a reserve for Disputed Claims on that date, treat as taxable income or loss of this separate trust, the portion of the annual taxable income or loss of the Creditors' Trust that would have been allocated to the holders of such Disputed Claims had such claims been Allowed on the Effective Date;

(iii)    treat as a distribution from this separate trust any increased amounts distributed by the Creditors' Trust as a result of any Disputed Claim resolved earlier in the taxable year; and

(iv)    to the extent permitted by applicable law, report consistently for state and local income tax purposes.

## ARTICLE 4
## SUCCESSOR TRUSTEE

4.1    Removal of Trustee.    The Trustee may be removed, with cause, by the Bankruptcy Court upon motion of a Trust Beneficiary.  Such removal shall become effective on

the date specified by the Bankruptcy Court.  In the event such removal occurs, a notice of the identity of the successor trustee shall be filed with the Bankruptcy Court and served on the Creditors' Trust Beneficiaries.

4.2    Resignation of Trustee. The Trustee may resign by filing written notice thereof with the Bankruptcy Court. Such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing of such notice, or (ii) the appointment of a successor and the acceptance by such successor of such appointment.

4.3    Appointment of Successor Trustee upon Removal, Resignation, or Death. If the Trustee is removed pursuant to Section 4.1, resigns pursuant to Section 4.2, or dies, the Bankruptcy Court shall appoint a successor Trustee. Any successor Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Trustee.

4.4    Acceptance of Appointment by Successor Trustee. Any successor Trustee appointed pursuant to this Article 4 shall execute an instrument accepting such appointment as the Trustee under this Trust Agreement and shall file and maintain such acceptance with the books and records of the Creditors' Trust. Upon acceptance of such appointment as aforesaid, such successor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Creditors' Trust with like effect as if originally named herein; provided, however, that a removed or resigning Trustee shall, nevertheless, when requested in writing by the successor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Trustee under the Creditors' Trust all the estates, properties, rights, powers, and trusts of such predecessor Trustee.

## ARTICLE 5
## EXCULPATION AND INDEMNIFICATION

5.1    Exculpation.

(a) From and after the Effective Date, the Trustee and his respective professionals, non-professionals, employees Affiliates and representatives (the "Protected Parties"), shall be and hereby are exculpated by all Persons and entities, including, without limitation, Holders of Claims and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Trust Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct or fraud.

(b) No Holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Protected Parties, for

16

making payments in accordance with the Plan or this Trust Agreement or for implementing the provisions of the Plan or this Trust Agreement. Any act taken or not taken, in the case of the Trustee, with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

5.2     Indemnification. The Creditors' Trust shall indemnify, defend and hold harmless the Protected Parties from and against any and all claims, causes of action, liabilities, obligations, losses damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date which the Protected Parties may incur or which the Protected Parties may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Protected Parties arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Creditors' Trust or the Plan or the discharge of their duties hereunder or otherwise to the Creditors' Trust or the Trustee ("Related Matters"), other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, to the fullest extent permitted by applicable law.

5.3     Reimbursement. In the sole discretion of the Trustee, the Trustee may authorize available funds of the Creditors' Trust to be advanced to satisfy any reasonable and documented out-of-pocket costs and expenses (including reasonable attorneys' fees and other costs of defense) incurred by any Protected Party who is threatened to be named or made a defendant or a respondent in any proceeding concerning the administration, business, and affairs of the Creditors' Trust; provided, however, that all such payments are subject to disgorgement in the event that the underlying claim against the Protected Party has been finally and judicially determined to have resulted from such Protected Party's own willful misconduct, gross negligence, or fraud. In the event that, at any time whether before or after termination of this Agreement, as a result of or in connection with Related Matters, any Creditors' Trust Protected Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or any Creditors' Trust Protected Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Creditors' Trust Protected Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Creditors' Trust Protected Party shall be reimbursed by the Creditors' Trust for its out of pocket expenses, including the reasonable fees and expenses of its counsel, and will be compensated by the Creditors' Trust for the time expended by its personnel based on such personnel's then current hourly rate.

## ARTICLE 6
## REPORTS TO BENEFICIARIES OF CREDITORS' TRUST

6.1     Tax and Other Reports to Beneficiaries of Creditors' Trust.

(a)     Other Reporting. Trustee shall cause to be prepared a semi-annual report illustrating (i) receipts and disbursements during the prior two quarters, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, (iv) a summary listing of the status of the resolution of objections to

Claims and Causes of Action, and (v) a list of payments made to Creditors' Trust Professionals. Such semi-annual report shall be made available to any party in interest upon request, within fifteen (15) business days after the end of the relevant report preparation period. The reports furnished pursuant to this Section 6.1(b) are neither compilations, reviews nor audits. The Trustee shall not be required to file any further written reports described in this section 6.1(b) of the Trust Agreement following the report submitted after the Final Distribution Date.

(b)     Tax Reporting. The Trustee shall submit to each beneficiary of the Creditors' Trust appearing on its records during such year a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit. The Creditors' Trust's taxable income, gain, loss, deduction, and credit will be allocated Pro Rata to the holders of Creditors' Trust in accordance with such holders' respective beneficial interests in the Creditors' Trust Assets. In addition, the Trustee shall file all tax returns required to be filed and shall pay all taxes on such returns, if any. The Trustee shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Creditors' Trust that are required by any governmental authority.

(c)     Reporting to the U.S. Trustee. By thirty days following each calendar quarter commencing from and after the Effective Date, the Trustee shall file periodic reports with the office of the United States Trustee and shall promptly pay any and all fees assessed by the United States Trustee; provided, however, that the Trustee shall only be required to file such periodic reports and pay such fees to the extent required by the office of the United States Trustee and the Bankruptcy Court, as the case may be. The funding for such payments shall be pursuant to Section 2.11.

## ARTICLE 7
## TERMINATION AND FINAL DISTRIBUTION

7.1     Termination of Creditors' Trust.   The Creditors' Trust will terminate on the earlier of (a) thirty (30) days after the full and final Distribution of the Creditors' Trust Assets or proceeds thereof in accordance with the terms of this Trust Agreement and the Plan, and (b) the fifth (5th) anniversary of the Effective Date; provided, however, that within six months of the fifth (5th) anniversary of the Effective Date, the Bankruptcy Court, upon a motion by the Trustee or any party in interest, may extend the term of the Creditors' Trust for an additional term of not more than five (5) years if it is necessary for the liquidation of the Creditors' Trust Assets. Multiple extensions may be obtained so long as Bankruptcy Court approval is obtained within six months of the beginning of each such extended term. Notwithstanding the foregoing, the Trustee shall not unduly prolong the duration of the Creditors' Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all property and Claims that constitute Creditors' Trust Assets and to effect the full and final Distribution of the Creditors' Trust Assets to the Creditors' Trust Beneficiaries in accordance with the terms hereof and the Plan and, thereafter, terminate the Creditors' Trust as soon as practicable. Notwithstanding anything to the

contrary herein, any termination of the Creditors' Trust is conditioned upon payment of all costs and fees payable to the U.S. Trustee and filing and receiving Bankruptcy Court approval of an order to close the Cases.

7.2    Final Distribution.   Prior to and upon termination of the Creditors' Trust, the Creditors' Trust Assets will be finally distributed to the beneficiaries of Creditors' Trust pursuant to the provisions set forth herein.

## ARTICLE 8
## AMENDMENT AND WAIVER

9.1    Amendment And Waiver.   This Trust Agreement may not be amended, modified or supplemented, and no provision hereof or rights hereunder may be waived, except with the written consent of the Trustee. Any amendments to the Trust Agreement shall not be inconsistent with the purpose and intention of the Creditors' Trust to liquidate in an expeditious but orderly manner the Creditors' Trust Assets. Notwithstanding anything to the contrary herein, no amendment, modification, supplement or waiver shall be effective if it materially and adversely affects the liquidation and Distributions contemplated by the Plan, or if it would adversely affect the federal income tax status of the Creditors' Trust as a "grantor trust." The Trustee shall promptly file a copy of each amendment, modification, supplement or waiver of this Trust Agreement.

## ARTICLE 9
## MISCELLANEOUS PROVISIONS

9.1    Intention of Parties to Establish Creditors' Trust.   This Trust Agreement is intended to create a Creditors' Trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent with such intent and purpose and, if necessary, this Trust Agreement may be amended to comply with such federal income tax laws, which amendments may be made to apply retroactively.

9.2    Preservation of Privilege and Defenses.   Notwithstanding anything herein or in the Plan to the contrary, the Debtors shall not be required to waive any existing rights or privileges to which they are entitled under applicable law, including but not limited to the attorney-client privilege. Notwithstanding anything herein or in the Plan to the contrary, all professionals shall reserve all rights at law regarding work product privilege.

9.3    Prevailing Party.   If the Trustee or the Creditors' Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Trust Agreement or the enforcement thereof, the Trustee or the Creditors' Trust, as the case may be, shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non- prevailing party incurred in connection with such dispute or enforcement action.

9.5    Confidentiality.   The Trustee and each of his respective employees, members, agents, professionals and advisors (each a "Confidential Party" and collectively, the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential

Party, of or pertaining to any entity to which any of the Creditors' Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Trustee to allow him/her sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

9.6    Laws as to Construction.  This Trust Agreement shall be governed and construed in accordance with the laws of the State of Texas, without giving effect to rules governing the conflict of laws.

9.7    Severability.  If any provision of this Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

9.8    Retention of Jurisdiction. Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Creditors' Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection with the Creditors' Trust, the Trust Agreement, or any entity's obligations incurred in connection with the Creditors' Trust, and any action against the Trustee or any professional retained by the Trustee or the Creditors' Trust, in each case in its capacity as such. Each party to this Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Trust Agreement or of any other agreement or document delivered in connection with this Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret or construe any provision of this Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to service by certified or registered mail, return receipt requested, to be sent to its address set forth in this Trust Agreement or in the official Schedules filed in the Cases or to such other address as it may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret or construe any provision of this Trust Agreement.

9.9    Notices.  Any notice or other communication under this Trust Agreement shall be in writing and shall be given by either (i) hand-delivery, (ii) first class mail (postage prepaid), (iii) reliable overnight commercial courier (charges prepaid), or (iv) email, if confirmed promptly by any of the methods specified in clauses (i), (ii) and (iii) of this sentence, to the following addresses:

If to the Trustee:

Danny Mullen
_____
Houston, TX 77010
Email: _____

with copies to:

Berry D. Spears
600 Congress Avenue, Suite 2200
Austin, TX 78701
Email: bspears@lockelord.com

Notice given by email shall be deemed to have been given and received when sent. Notice by overnight courier shall be deemed to have been given and received on the date scheduled for delivery. Notice by mail shall be deemed to have been given and received three (3) calendar days after the date first deposited in the United States Mail. Notice by hand delivery shall be deemed to have been given and received upon delivery. A party may change its address by giving written notice to the other party as specified herein.

9.10 <u>Headings</u>. The section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

9.11 <u>Integration</u>. This Trust Agreement and the Plan constitute the entire agreement of the parties with respect to the subject matter hereof and thereof and supersede all oral negotiations and prior writings with respect to the subject matter hereof and thereof.

9.12 <u>Further Assurances</u>. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of the Creditors' Trust and to consummate the transactions contemplated hereby.

9.13 <u>Successors and Assigns</u>. The terms of this Trust Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto, and their respective successors and assigns.

9.14 <u>Counterparts</u>. This Trust Agreement may be signed by the parties hereto in counterparts, which, taken together, shall constitute one and the same document, and the counterparts may be delivered by facsimile transmission or by electronic mail in portable document format (.pdf).

9.15 <u>Relationship to the Plan</u>. The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and therefore this Trust Agreement incorporates the provisions of the Plan. To that end, the Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the

Bankruptcy Court in furtherance of implementation of the Plan and this Trust Agreement. If any provisions of this Trust Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control.

[SIGNATURES ON NEXT PAGE]

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

WBH ENERGY LP


By:_____

Its_____




WBH ENERGY PARTNERS LLP


By:_____

Its_____




WBH ENERGY PARTNERS GP


By:_____

Its _____




DANNY MULLEN


By:_____