UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 15-10003-HCM |
| WBH Energy, LP, | § | |
| WBH Energy Partners, LLC, | § | Chapter 11 |
| WBH Energy GP, LLC | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**OBJECTION OF
ORR CONSTRUCTION, INC. TO SALE MOTION**

Orr Construction, Inc. ("Orr") objects to the Debtors' Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; (III) Approving Form and Notice thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their Assets; and (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (Doc. #264) (the "Sale Motion") to the extent the Debtors seek to sell assets that are subject to Orr's lien without making adequate provision for the payment of the amount of Orr's claim.

1. ORR constructed a pipeline for WBH Energy Partners, LLC. Orr is owed $413,030.00 for goods and services furnished in connection with the construction of the pipeline. In addition, Orr is entitled to recover interest and attorney's fees in connection with such claim.

2. On January 22, 2015, Orr filed a Statement and Affidavit in Support of Lien on Mineral Property asserting a lien against the pipeline easements described therein and all material, machinery, and supplies used for mineral activities located on, connected to or used in connection with such property and owned by WBH Energy Partners, LLC (hereinafter referred to

as the "Pipeline"). Orr asserted a lien under Texas Property Code § 56.001 *et seq* and Texas Constitution Article XVI § 37. The fair market value of the Pipeline is far in excess of the amount of Orr's claim.

3. Nowhere in any pleadings filed prior to the sale do the Debtors identify the Pipeline as an asset to be sold by the Debtors. In the Sale Motion, the Debtors propose to sell certain property referred to as the "Assets," a term that appears to refer to "Oil & Gas Property" and "Personal Property." See Sale Motion ¶ 7. The terms "Assets," "Oil & Gas Property" and "Personal Property" are not defined in the Sale Motion.

4. On May 11, 2015, this Court entered an Order Approving Bidding Procedures; Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; Approving Form and Notice Thereof (Doc #361) (the "Bidding Procedures Order"). The Bidding Procedures Order uses the term "Assets" to describe the assets to be sold by the Debtors, but footnote 1 of the Bidding Procedures Order refers the reader to the Sale Motion for the definition of any capitalized terms. As previously noted, the Sale Motion contains no definition of those terms.

5. Exhibit 1 to the Bidding Procedures Order is the Bidding Procedures for Sale of Certain Assets of WBH Energy, LP and WBH Energy Partners, LLC. (the "Bidding Procedures"). The introductory paragraph of the Bidding Procedures refers to an "Asset Purchase and Sale Agreement … dated as of [      ] between the Debtors, as sellers … and CL III Funding Holding Company, LLC" (the "PSA"). The fact that the date of the PSA is left blank perhaps suggests that the PSA had not yet been signed at the time the Bidding Procedures Order was entered. The Bidding Procedures describe the "Assets to be Sold." That description includes the following:

> The Assets described in [Section 1.02 of the PSA], including (a) the working interests of WBH Energy, LP, together with the

>related property and rights in the oil and gas leases listed on Exhibit A to the PSA (the "Oil & Gas Property"), and (b) the personal property of WBH Energy, LP and WBH Energy Partners LLC…

Looking at this language of the Bidding Procedures, which until recently provided the *only* real attempt to identify for the Court and creditors the assets to be sold, one is led to believe that the only real property interests that the Debtors were selling were working interests and related property and rights in oil and gas leases owned by WBH Energy, LP (and not WBH Energy Partners, LLC).

6. On August 10, 2015, *after the sale*, the Debtors finally filed the PSA (as an attachment to their Notice of Successful Bidder). For the first time, the Debtors advised the Court and creditors of the fact that they were proposing to sell more than just working interests and related property and rights in oil and gas leases owned by WBH Energy, LP, and that they also intended to sell, among other things, their interests in pipelines, including those owned by WBH Energy Partners, LLC.

7. The Pipeline consists of pipeline easements and buried pipe and equipment, all of which Orr contends constitutes real property under Texas law.[1] The Pipeline is owned by WBH Energy Partners, LLC, not WBH Energy, LP, and, if the description of the Assets contained in the Bidding Procedures is to be believed, the Sale Motion did not propose to sell real property owned by WBH Energy Partners, LLC. Moreover, even if the Pipeline were owned by WBH Energy, LP, the Pipeline does not appear to be encompassed within "the working interests of

---

[1] The Pipeline consists of pipeline easements, improvements to those easements, and buried pipe and related equipment. The pipeline easements and improvements are unquestionably real property. Whether the pipe and related equipment is real or personal property is a question of fact. See Logan v. Mullis, 686 S.W.2d 605, 607-8 (1985). No pleading has alleged and no evidence has been produced to show that the parties intended that the pipe remain personal property. At a minimum, this issue should be deferred for later determination.

WBH Energy, LP, together with the related property and rights in the oil and gas leases listed on Exhibit A to the PSA" which constitutes the "Oil & Gas Property" to be sold by the Debtors pursuant to the Sale Motion.

8. CL III Funding Holding Company, LLC ("Castlelake") was entitled under the Sale Motion to credit bid for the Assets (with the exception of $225,000 to be paid to the Debtors). See Bidding Procedures Order, ¶¶ 2 and 3. On the other hand, under the Bidding Procedures Order, Castlelake takes the Assets "subject to, and … NOT … free and clear of all valid senior liens, if any to the Assets, except to the extent such liens are paid in cash or a cash escrow is established for the aggregate value of such liens or the parties holding such liens consent." Bidding Procedures Order, ¶ 2.

9. Orr's lien against the Pipeline is a "senior lien." The deeds of trust held by Castlelake are from WBH Energy, LP, not WBH Energy Partners, LLC, and do not purport to convey any interest in real property owned by WBH Energy Partners, LLC. The Pipeline is owned by WBH Energy Partners, LLC. Orr is unaware of any other party who asserts a lien against or interest in the Pipeline.

10. According to the Notice of Successful Bidder filed by the Debtors, Castlelake is the winning bidder. Under the Bidding Procedures Order, Castlelake is required to either take the Assets subject to Orr's lien or otherwise make adequate provision for the payment of Orr's lien. Castlelake has not indicated which option it intends to select. If it proposes to take the assets not subject to Orr's lien, but rather make adequate provision for the payment of Orr's lien as required by the Bidding Procedures Order, it has not yet disclosed how it proposes to do so.

11. If the sale to Castlelake is approved, Orr does not oppose Castlelake taking the Pipeline subject to Orr's lien. Alternatively, if the sale is approved and Castlelake elects to take

4

the Pipeline free and clear of Orr's lien, under the Bidding Procedures Order Castlelake must either pay Orr's claim or escrow sufficient funds to pay Orr's claim in full. In that regard, because the value of the Pipeline substantially exceeds the amount of Orr's claim, pursuant to 11 U.S.C. § 506(b), Orr is entitled to interest[2] and attorney's fees allowable under Texas Property Code §53.156. The principal amount of Orr's claim is $413,030.00. In order to assure payment of this amount plus interest and attorney's fees, Orr requests that no less than $500,000.00 be set aside to assure payment of Orr's claim, in the event Castlelake chooses to escrow funds rather than to take the Pipeline subject to Orr's lien.

WHEREFORE, Orr prays this Court deny approval of the sale to the extent it relates to the Pipeline or, in the alternative, condition the approval of the sale pursuant upon the payment of or adequate provision for Orr's claim, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Ross A. Plourde*
ROSS A. PLOURDE, OBA #7213
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73102
405/235-9621; 405/235-0439 (FAX)
Ross.plourde@mcafeetaft.com
*Attorneys for Orr Construction, Inc.*

---

[2] See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989) (The language of § 506(b) "directs that postpetition interest be paid on all oversecured claims").

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2015 a copy of the foregoing pleading was served on all parties entitled to receive notices via the Court's CM/ECF System.


*/s/ Ross A. Plourde*