IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WBH Energy, LP, | § | Case No. 15-10003 |
| WBH Energy Partners LLC, | § | Case No. 15-10004 |
| WBH Energy GP, LLC, | § | Case No. 15-10005 |
|     Debtors. | § | |

### U.S. ENERGY DEVELOPMENT CORPORATION'S
### LIMITED OBJECTION TO DEBTORS' SALE MOTION

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW U.S. Energy Development Corporation ("**USED**") and files this limited objection (the "**Objection**") to Debtors' Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; (III) Approving Form and Notice therefore; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their Assets; and (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief [Doc. 264] (the "**Sale Motion**"),[1] and would respectfully show as follows:

### I. BACKGROUND

1. The Debtors[2] filed the Sale Motion on April 6, 2014. Among other things, the Sale Motion sought approval of bid procedures to lead to the sale of substantially of the Debtor's assets. The Court entered its Order Approving Bidding Procedures; Scheduling Bidding

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion or the Proposed Sale Order.

[2] The Debtors include WBH Energy, LP ("**Debtor LP**"), WBH Energy Partners LLC ("**Debtor LLC**"), and WBH Energy GP, LLC ("**Debtor GP**").

Deadline, Auction Date, and Sale Hearing Date; Approving Form and Notice Thereof [Doc. 361] (the "**Bid Procedures Order**") on May 11, 2015. The Bid Procedures Order explicitly provides that the sale of the Debtors' will not strip off senior liens on those assets:

> Except as to the DIP Collateral, which is subject to a senior, secured priming line under the Final DIP Order, if Castlelake is the Successful Bidder and the sale of the Assets to Castlelake is approved, *such sale shall be subject to, and shall NOT be free and clear of all valid senior liens, if any to the Assets, except to the extent such liens are paid in cash or a cash escrow is established for the aggregate value of such liens or the parties holding such liens consent. Subject to the preceding sentence, all such valid senior liens shall remain enforceable.*

Bid Procedures Order, ¶ 2 (emphasis added).

2. USED has a valid senior lien against the Debtors' assets, pursuant to the Joint Operating Agreement ("**JOA**") dated September 1, 2011,[3] which governs the relationship between USED, Debtor LP, and Debtor. The nature and extent of USED's liens and claims are set forth more fully in USED's Objection to Debtors' First Amended Joint Plan of Reorganization [Doc. 459], and in USED's Response to Debtors' Objection to Proofs of Claim [Doc. 490].

3. Pursuant to the clear language of the Bid Procedures Order, USED's valid senior lien should remain enforceable despite the sale of the Debtors' assets, and any sale should not be free and clear of USED's valid senior lien.

4. The Debtors filed a Notice of Successful Bidder [Doc. 485] on August 10, 2015, indicating that the stalking horse bid of Castlelake/CL III was the prevailing bid. Attached to the notice as Exhibit A was a proposed Purchase and Sale Agreement Between WBH Energy LP and

---

[3] The JOA was amended per amendments dated September 1, 2011, and June 1, 2014.

WBH Energy Partners LLC Debtors-in-Possession, as Sellers and CL III Funding Holding Co., LLC as Purchaser (the "**Proposed PSA**").

5. The Proposed PSA includes certain provisions that appear to conflict with the language quoted above from the Bid Procedures Order. In specific, the Proposed PSA states as follows:

> The conveyance of the Oil and Gas Properties to be delivered by Sellers to Purchaser shall be substantially in the form of Exhibit C (the "Conveyance") and shall convey such Oil and Gas Properties *free and clear of all Liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code; provided, however, that the treatment of the Senior Prior Liens shall be expressly in accordance with the terms set forth in the Sale Order*. The conveyance of the Personal Property to be delivered by Sellers to Purchaser re shall be substantially in the form of Exhibit D (the "Assignment and Bill of Sale") and shall convey such Personal Property *free and clear of all Liens, claims and encumbrances pursuant s to Section 363 of the Bankruptcy Code; provided, however, that the treatment of the Senior Prior Liens shall be as set forth in the Bid Procedures Order and Sale Order*.

Proposed PSA, § 3.01 (emphasis added).

6. The term Senior Prior Lien is defined as follows:

> "**Senior Prior Lien**" means a Pre-petition Lien on Sellers' interests in the Properties, other than the Lewis-Stuart Completion Wells, the Oil and Gas Properties associated with the Lewis-Stuart Completion Operation Wells and the Personal Property, which is determined by the Bankruptcy Court to be senior in priority to the Liens securing the Lender Pre-Petition Loans under the Lender Pre-Petition Loan Documents.

Appendix I to Proposed PSA, p. 7.

7. This definition includes yet another term, Pre-petition Lien, which is defined as follows:

> "**Pre-Petition Liens**" shall mean any Lien securing those certain claims set forth on Schedule D of the Schedules of Assets and Liabilities filed by the Sellers in the Bankruptcy Court.

Appendix I to Proposed PSA, p. 6.

8. USED's liens do not secure any claims included in "those certain claims set forth on Schedule D." Accordingly, since only "Senior Prior Liens" (as defined in the Proposed PSA) appear to be protected under the Proposed PSA, these nesting definitions in the Proposed PSA appear to strip the valid senior liens of USED from the Debtors' assets—whether intentionally, or through careless drafting. This course of action is contrary both to governing bankruptcy law and to the Bid Procedures Order requested by the Debtors and entered by the Court.

9. USED objects, therefore, to any sale on these terms and to any Sale Order that the Debtors may seek to approve such a sale.

WHEREFORE, based on the foregoing, USED objects in this limited respect to the sale of the Debtors' property, requests that the Court refuse to approve any such sale, and requests that it have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

TAUBE SUMMERS HARRISON TAYLOR
MEINZER BROWN LLP

By: */s/ Eric J. Taube*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
    Christopher G. Bradley
    State Bar No. 24069407
    100 Congress Avenue, 18th Floor
    Austin, Texas 78701
    (512) 472-5997
    (512) 472-5248 (FAX)
    etaube@taubesummers.com
    mtaylor@taubesummers.com
    cbradley@taubesummers.com

-and-

LAW OFFICES OF M. STEVE SMITH

M. Steve Smith
State Bar No. 18645650
1177 West Loop S., Suite 1100
Houston, Texas 77027
Telephone: 713/787-9901
Telecopier: 713/969-9169
mssmith@mstevesmith.com

ATTORNEYS FOR U.S. ENERGY
DEVELOPMENT CORPORATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on the Parties receiving the Court's ECF e-mail notification on this 14th day of August, 2015, and by email to counsel listed below:

**Counsel for the Sellers:**
Bracewell & Giuliani LLP
William A. (Trey) Wood III
Trey.Wood@bgllp.com
Jason G. Cohen
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

**Counsel for Proposed Purchaser:**
Snow Spence Green LLP
Phil Snow
PhilSnow@Snowspencelaw.com
Kenneth Green
KGreen@Snowspencelaw.com
2929 Allen Parkway, Ste. 2800
Houston, Texas 77019

**Counsel for Committee:**
Locke Lord LLP
Berry Spears
BSpears@lockelord.com
Philip Eisenberg
PEisenberg@lockelord.com
600 Congress Avenue
Suite 2200
Austin, Texas 78701

                          */s/ Eric J. Taube*
                          ERIC J. TAUBE