

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 28, 2015.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **WBH Energy, LP,** | § | **Case No. 15-10003** |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | **Chapter 11** |
| | § | |
| Debtors. | § | *Jointly Administered* |

**ORDER (I) AUTHORIZING AND APPROVING THE DEBTORS TO SELL THEIR ASSETS, (II) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (III) GRANTING RELATED RELIEF**

On August 20, 2015, and August 27, 2015, the court conducted a hearing on the Debtors'

Motion for Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their

Assets; and (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and

Unexpired Leases; and (III) Granting Related Relief (Dkt. No. 264, the "Motion");[1] and after a hearing on April 20, 27, and 28, 2015, and May 8, 2015 (the "Sale Procedures Hearing"), the Court having entered an order approving, among other things, the Bidding Procedures (Dkt. No. 361, the "Sale Procedures Order"); and CL III Funding Holding Company, LLC ("CL III") having been chosen as the Successful Bidder in accordance with the Bidding Procedures; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Asset Purchase and Sale Agreement (the "PSA") attached hereto; and the Court having reviewed and considered the Motion, and the arguments of counsel made, and the evidence adduced, at the Sale Procedures Hearing and the Sale Hearing; and upon the record of the Sale Procedures Hearing and the Sale Hearing and these chapter 11 cases, and after due deliberation thereon, the Court finds that good cause exists to grant the relief requested in the Motion and therefore,

## THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW: [2]

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Motion are sections 105, 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014.

---

[1]   Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the PSA, as applicable.

[2]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  All findings of fact and conclusions of law made or announced by the Court at the Sale Hearing or in the Sale Procedures Order are incorporated herein.

#4989497.1

C.      Notice of the Motion and the Sale Hearing was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Sale Procedures Order.  A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested persons and entities.

D.      The Properties (as defined in the PSA) including the Oil and Gas Properties and Personal Property (together, the "Purchased Assets") are property of the Debtors' estates and title thereto is vested in the Debtors estates.

E.      The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Sale of the Purchased Assets to CL III, and (ii) approval of the assumption and assignment of executory contracts and unexpired leases required by CL III.

F.      The Debtors and their advisors marketed the Purchased Assets and conducted the marketing and sale process as set forth in the Motion and in accordance with the Sale Procedures Order. Based upon the record of these proceedings and as demonstrated by evidence proffered or adduced at the Sale Hearing, all creditors and other parties in interest, and all prospective purchasers, have been afforded a full, fair and reasonable opportunity to bid for the Purchased Assets, participate in the Auction and submit their highest or otherwise best bid to purchase the Purchased Assets and be heard on the Motion.

G.      The Debtors and their advisors have complied in all respects with the Sale Procedures Order.  In that regard, the Debtors retained a Court-approved marketing agent to list

-3-

and market the assets.  The marketing process was conducted in a manner that was reasonably certain to achieve the highest and best bid for the Purchased Assets.

H.     Because the Debtors did not receive any Qualified Bids for the Purchased Assets other than the bid of CL III, an Auction was not held.

I.      Upon entry of this Order, the Debtors (i) have full power and authority to execute the necessary documents to effect the Sale, (ii) have all of the power and authority necessary to consummate the Sale with CL III, (iii) have taken all company action necessary to authorize and approve the Sale, the applicable documents, and the consummation by the Debtors of the transactions contemplated thereby, and (iv) have no consents or approvals, other than those expressly provided for in the PSA and the entry of this Order, required for the Debtors to consummate the Sale.

J.      The relief requested in the Motion (including, without limitation, the approval of the Sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code) is a necessary and appropriate step toward enabling the Debtors to conclude their chapter 11 cases successfully, and it is in the best interests of the Debtors, their creditors, their estates and all other parties in interest in these cases.  In addition, a Sale of the Purchased Assets is necessary to preserve and maximize value and avoid continuing losses to the Debtors' estates.

K.     The Sale of the Purchased Assets to CL III and the consummation of the Sale is a prerequisite to the Debtors' ability to confirm and consummate a chapter 11 plan and was pursued in contemplation of such a plan.

L.      The Debtors have exercised sound business judgment in deciding to sell the Purchased Assets to CL III, including in light of the facts that (i) the bid submitted by CL III

#4989497.1

constitutes the highest and best bid for the Purchased Assets, as established by, among other things, the marketing process; (ii) the PSA and the closing of the transactions contemplated thereby will present the best opportunity to realize the highest value for the Purchased Assets; and (iii) without the Sale, there will be continuing losses to the detriment of the Debtors' estates, creditors and parties in interest.

M.      The total consideration provided by CL III for the Purchased Assets is the highest and best bid received by the Debtors, and the Purchase Price (as defined in the PSA) constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Purchased Assets. A sale of the Purchased Assets at this time to CL III preserves the value of the Purchased Assets and maximizes the Debtors' estates for the benefit of all constituencies.

N.      The Debtors and CL III, including their agents and representatives, negotiated the PSA and the other related documents in good faith, without collusion or fraud, and at arms' length within the meaning of Bankruptcy Code section 363(m).   As a result of the foregoing, the Debtors and CL III are entitled to the protections of Bankruptcy Code section 363(m).

O.      Neither the Debtors nor CL III have engaged in any conduct that would cause or permit the PSA or the consummation of the transactions contemplated thereby to be avoided or otherwise challenged under Bankruptcy Code section 363(n).

P.      The PSA and the related sale documents were not entered into, and the Sale will not be consummated, for the purpose of hindering, delaying, or defrauding creditors of the

#4989497.1

Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, of the District of Columbia, or any other applicable law.  Neither the Debtors nor CL III has entered into the PSA or the related sale documents or is consummating the Sale with any fraudulent or otherwise improper purpose.

Q.     If the Debtors did not sell the Purchased Assets free and clear of all encumbrances and interests, except for valid Senior Prior Liens that have not been paid in cash or had a cash escrow established on their behalf ("Assumed Senior Liens") and assumed liabilities under the PSA ("Assumed Liabilities"), such a sale would have yielded substantially lower value for the Debtors' estates, with less certainty than the Sale.  CL III would not have submitted a bid and would not consummate the Sale or the transactions contemplated by the Sale, thus adversely affecting the Debtors, their estates and their creditors, if the Sale were not free and clear of all Interests, Liens, and/or Claims (as defined below) (other than any Assumed Senior Liens and Assumed Liabilities), or if CL III would, or in the future could, be liable for any of the Interests, Liens, and/or Claims, other than any Assumed Senior Liens and Assumed Liabilities.

R.     The Debtors may sell the Purchased Assets free and clear of all Interests, Liens, and/or Claims (other than the Assumed Senior Liens and Assumed Liabilities) because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) have been satisfied.  All holders of Interests, Liens and/or Claims that did not object or withdraw their objections to the Sale or the Motion are deemed to have consented to the Sale and the Motion pursuant to Bankruptcy Code section 363(f)(2).  In addition, all holders of Interests, Liens, and/or Claims that did object fall within one or more of the other subsections of Bankruptcy Code section 363(f).

#4989497.1

S.      The Sale is or will be a legal, valid and effective transfer of the Purchased Assets to CL III, vesting CL III with all of the Debtors' right, title and interest of, in and to the Purchased Assets on the Closing, free and clear of all Interests, Liens, and/or Claims (other than the Assumed Senior Liens and Assumed Liabilities), pursuant to Bankruptcy Code sections 105, 363(b), and 363(f).

T.      Each and every provision of the Assumed and Assigned Contracts or applicable non-bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Assumed and Assigned Contracts have been satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

U.      Upon payment of the Cure Costs to the relevant counterparty, there are no outstanding defaults of the Debtors and their estates under the Assumed and Assigned Contracts.

V.      CL III has demonstrated adequate assurance of future performance of all Assumed and Assigned Contracts within the meaning of Bankruptcy Code section 365.

W.      Upon assignment and sale to CL III, the Assumed and Assigned Contracts shall be deemed to be valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

X.      The Sale does not constitute a *sub rosa* chapter 11 plan.

Y.      Time is of the essence in consummating the Sale.  In order to maximize the value of the Debtors' assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the PSA.  Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d).

Z.      The Sale contemplated by the PSA is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest; and it is therefore,

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Motion is GRANTED as set forth below.

2.      The PSA and the Sale of the Purchased Assets to CL III are hereby approved, and the Debtors are authorized to undertake any and all actions necessary or appropriate to effectuate the terms of the PSA and consummate the Sale.

3.      All objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, including any reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice except as otherwise set forth herein.

**Approval of the Sale Documents and Actions Relating Thereto**

4.      Pursuant to Bankruptcy Code sections 105 and 363(b), the Sale, the PSA, the other related sale documents and the consummation of the transactions contemplated thereby are approved and authorized in all respects.

5.      Pursuant to Bankruptcy Code sections 105 and 363(b), the Debtors are hereby authorized to take any and all actions necessary or appropriate to:  (i) sell the Purchased Assets to CL III; (ii) consummate the Sale in accordance with and subject to the terms and conditions of the PSA and this Order;  (iii) convey title to, and to transfer and assign all right, title and interest (including common law rights) in and to the Purchased Assets in accordance with and subject to

-8-

the terms and conditions of the PSA and this Order, subject to Assumed Senior Liens and Assumed Liabilities; and (iv) assume and assign the Assumed and Assigned Contracts.

6.      The Debtors, their officers, employees and agents, are authorized to execute and deliver, and are empowered to perform under, consummate and implement, the PSA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale and to take all further actions as may be reasonably requested by CL III for the purposes of assigning, transferring, granting, conveying and conferring to CL III or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the PSA, or as may be necessary to effectuate the terms of this Order.

7.      Subject to the terms and conditions of this Order, all entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to CL III or its assignee on the Closing Date.

**<u>Transfer of the Purchased Assets</u>**

8.      Pursuant to Bankruptcy Code sections 363(b), and 363(f), upon the Closing, and in accordance with the PSA, title to the Purchased Assets shall be transferred to CL III free and clear of all pre-Closing:

- liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, easements, servitudes;
- interests, obligations, liabilities, demands, guaranties, options, restrictions, contractual or other commitments;
- rights, including, without limitation, rights of first refusal, rights of offset, consent rights, contract rights, recoupment rights, and rights of recovery;

-9-

#4989497.1

- decrees of any court or foreign or domestic governmental entity (to the extent permitted by law);
- charges or restrictions of any kind or nature, including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Purchased Assets, including, without limitation consent of any person or entity to assign or transfer any of the Purchased Assets;
- debts arising in any way in connection with any agreements, acts or failures to act, of the Debtors or any of the Debtors' predecessors or affiliates;
- claims (as that term is defined in the Bankruptcy Code), including claims for reimbursement, contribution claims, indemnity claims, exoneration claims, alter-ego claims, environmental claims (including claims that may be secured or entitled to priority under the Bankruptcy Code), tax claims, reclamation claims, and pending litigation claims; and
- matters of any kind and nature, in each instance for all of the foregoing, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the foregoing shall be referred to herein as the "***Interests, Liens and/or Claims***")

other than the Assumed Senior Liens and Assumed Liabilities. The transfer of the Purchased Assets to CL III pursuant to the PSA shall be, and hereby is deemed to be, a legal, valid and effective transfer of the Purchased Assets, and vests with or will vest in CL III all right, title and interest of the Debtors in the Purchased Assets, free and clear of all Interests, Liens, and/or Claims of any kind or nature whatsoever (other than the Assumed Senior Liens and Assumed Liabilities). Nothing in any Plan or any Confirmation Order shall create or preserve any lien against the Properties, other than the Assumed Senior Liens and Assumed Liabilities, regardless of the allowance of any claim under any plan.

-10-

9.      For the avoidance of doubt, and notwithstanding anything to the contrary in the PSA, to the extent not previously satisfied, the ad valorem taxes of Montague County as evidenced by its proof of claim, shall be timely paid by CL III pursuant to applicable non-bankruptcy law and any liens securing such taxes shall be assumed by CL III.  CL III reserves its right to object to any proof of claim of Montague County.

10.     For the avoidance of doubt, and without the admission of priority or amount, the liens asserted by U.S. Energy Development Corp. ("USED") pursuant to that certain Model Form Operating Agreement (the "JOA") dated December 30, 2011, as it has been amended and modified, shall be an Assumed Senior Lien and Assumed Liability, and nothing in this Order shall constitute a determination or adjudication that such liens and claims shall be satisfied or that the sale approved herein shall have transferred the Purchased Assets free of such liens and claims. The Purchased Assets shall not be sold free and clear of USED's liens or claims under the JOA.

11.      Inwell Liens.  The Purchased Assets shall be sold free and clear of the Interests, Liens and/or Claims of Inwell II, LLC d/b/a Inwell, LLC ("Inwell").  At closing (or as soon thereafter as approved by the Court), CL III shall escrow $650,000 in Cash (the "Escrowed Funds") by depositing such funds with the registry of the Court by CL III filing a separate motion and order in Adversary No. 15-01079.  The Escrowed Funds shall be held pending an adjudication of the extent, validity, priority and value of Inwell's liens.  The Court shall issue an order directing the disbursement of the Escrowed Funds in accordance with that adjudication.

12.     Orr Lien.  Orr Construction, Inc. ("Orr") asserts a Senior Prior Lien on certain of the Pipeline Assets (as defined in the PSA) and the Debtors are selling the collateral which is

-11-

subject to Orr's asserted Senior Prior Lien to CL III.  The Purchased Assets shall be sold to CL III subject to any Senior Prior Lien that Orr may have against such collateral.  To the extent that a dispute exists between Orr and CL III as to the extent, validity, or priority of Orr's alleged lien, the parties may seek relief in this Court for resolution of such dispute, including by an objection to Orr's Proof of Claim. Orr and CL III agree that: (i) any statute of limitations under applicable law which would require the commencement of an action by Orr to enforce its lien claim is hereby tolled for 120 days (the "Tolling Period"), which Tolling Period may be extended by the written agreement of Orr and CL III and (ii) Orr shall not commence any proceeding against CL III or the Purchased Assets or otherwise take any action outside of Bankruptcy Court to enforce its lien during the Tolling Period

13.    Upon the Closing, all persons and entities, including (without limitation), Inwell II, LLC d/b/a Inwell, LLC, and all holders of Interests, Liens and/or Claims or other rights, debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders and trade and other creditors of the Debtors, are permanently and forever barred, estopped and enjoined from asserting any Interests, Liens, and/or Claims or enforcing remedies, or commencing or continuing in any manner an action or other proceeding of any kind, against CL III or the Purchased Assets on account of any of the Interests, Liens, Claims, or explicitly excluded liabilities or excluded assets, other than the holders of Assumed Senior Liens or Assumed Liabilities.

14.    This Order is and shall be effective as a determination that all Interests, Liens, and/or Claims (other than Assumed Senior Liens and the Assumed Liabilities), shall be, and hereby are, released with respect to the Debtors' interest in the Purchased Assets as of the

Closing.  If any person or entity that has filed liens, financing statements, mortgages, mechanics' liens, *lis pendens* or other documents or agreements evidencing Interests, Liens, and/or Claims against or in the Purchased Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, unconditional releases of all Interests, Liens, and/or Claims that the person or entity has with respect to the Purchased Assets, or otherwise, CL III is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf and in the name of the person or entity with respect to the Purchased Assets or CL III may file, register or record a certified copy of this Order in any place where such instruments would or could be filed, and such filing shall constitute conclusive evidence of the release of Interests, Liens, and/or Claims on the Purchased Assets as of the Closing.

15.     No government unit may revoke or suspend any right, license, trademark or other permission relating to the use of the Purchased Assets, transferred or conveyed to CL III on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.  To the greatest extent available under applicable law, CL III shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, transferred to CL III as of the Closing Date.

16.     The transactions contemplated by the PSA and the execution, delivery and/or recordation of any and all documents or instruments necessary or desirable to consummate the transactions contemplated by the PSA are exempt from the imposition and payment of all

-13-

recording fees and taxes, stamp taxes, and/or sales, transfer or any other similar taxes, pursuant to Bankruptcy Code section 1146(a) because the Debtors will confirm a chapter 11 plan on or before a reasonable period after the Closing, and the Sale is necessary to such plan's effectiveness. Likewise, any filing under paragraph 14 shall contain the following endorsement:

> Because this instrument has been authorized pursuant to an order of the United States Bankruptcy Court for the Western District of Texas, in contemplation of a plan of reorganization of the Debtors, it is exempt from transfer taxes, stamp taxes or similar taxes pursuant to 11 U.S.C. §1146(a).

17. The Sale of the Purchased Assets outside of a plan of reorganization pursuant to the PSA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors. The Sale does not constitute a *sub rosa* plan of reorganization.

18. Upon the closing of the transactions contemplated by the PSA, CL III shall not be deemed to (i) be the successor or alter ego of the Debtors under doctrines of successor liability, alter ego or otherwise, (ii) have, *de facto* or otherwise, merged with or into the Debtors or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors.

**<u>Releases</u>**

19. Except for the enumerated rights and obligations of the Debtors and CL III under the PSA, the Debtors and CL III, to the extent permitted by law, are hereby deemed to have irrevocably and unconditionally released, remised, and forever discharged each other and their affiliates, and all their past, present and future shareholders, partners, members, board of directors and/or supervisors, managers, officers, employees, agents, representatives and advisors from any and all suits, legal or administrative proceedings, claims, demands, damages, losses, costs, liabilities, interest or causes of action whatsoever at law or in equity, known or unknown,

-14-

which the Debtors, CL III or their affiliates might now or subsequently may have, based on, relating to or arising out of the PSA, the transactions contemplated thereby, the ownership, use or operation of the Purchased Assets or the condition, quality, status or nature of the Purchased Assets, including rights to contribution under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, breaches of statutory or implied warranties, nuisance or other tort actions, rights to punitive damages, or common law rights of contribution.

**Assumed and Assigned Contracts**

20.     Pursuant to Section 365(f) of the Bankruptcy Code, notwithstanding any provision of any Assumed and Assigned Contract or applicable non-bankruptcy law that prohibits, restricts, or conditions the assignment of the Assumed and Assigned Contract, the Debtors are authorized to assume and assign the Assumed and Assigned Contracts to CL III, which assignment shall take place on and be effective as of the Closing.

21.     The Debtors' assumption of the Assumed and Assigned Contracts is subject to Court approval and consummation of the Sale of the Purchased Assets to CL III.  Upon the assumption of the Assumed and Assigned Contracts by the Debtors and assignment to CL III, the Assumed and Assigned Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.  As of the Closing, subject to the provisions of this Order, CL III shall succeed to the entirety of the Debtors' rights and obligations in the Assumed and Assigned Contracts first arising and attributable to the time period occurring on or after the Closing and shall have all rights thereunder.

-15-

22.    Upon the Closing (i) all defaults (monetary and non-monetary) under the Assumed and Assigned Contracts through the Closing shall be deemed cured and satisfied through the payment of the Cure Costs by CL III, (ii) no other amounts will be owed by the Debtors, their estates or CL III with respect to amounts first arising or accruing during, or attributable or related to, the period before the Closing with respect to the Assumed Contracts, (iii) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates, or CL III that any additional amounts are due or defaults exist under the Assumed and Assigned Contracts that arose or accrued, or relate to or are attributable to the period before or as of the Closing.

23.    All counterparties to the Assumed and Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of CL III, and shall not charge the Debtors or CL III for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale.

24.    Notwithstanding anything in this Order, the PSA, or the Notice of Debtors' Intent to Assume and Assign Certain Unexpired Leases and Executory Contracts and Setting Forth the Cure Amounts (Dkt. No. 456), the Letter Agreement dated March 1, 2104, as amended, between Enterprise Crude Oil LLC and WBH Energy Partners LLC ("Enterprise Agreement") is not an Assumed and Assigned Contract and is neither assumed nor assumed and assigned by the Debtors.   The Enterprise Agreement has terminated by its own terms and therefore is not assumable.

-16-

**Miscellaneous Provisions**

25.     The consideration provided by CL III for the Purchased Assets under the PSA is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States or any state, territory or possession thereof or the District of Columbia.

26.      The Sale has been undertaken by CL III in good faith and CL III is a "good faith purchaser" of the Purchased Assets as that term is used in Bankruptcy Code section 363(m).  CL III is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

27.     Upon the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete assignment, conveyance and transfer of title to and all other right, title and interest in all of the Purchased Assets and a bill of sale transferring good and valid title in such Purchased Assets to CL III on the Closing Date pursuant to the terms of the PSA, free and clear of all Interests, Liens and/or Claims (other than any Assumed Senior Liens and Assumed Liabilities).

28.     This Order and the PSA (i) shall be binding in all respects upon all creditors of (whether known or unknown), and holders of equity interests in, the Debtors, any affected third parties, including (without limitation) all persons asserting a Claim or Interest relating to or in the Purchased Assets, all successors and assigns of CL III, the Debtors and their affiliates and subsidiaries and any subsequent trustee, examiner or other fiduciary appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and all contractual counterparties to the Debtor, and (ii) shall not be subject to rejection.

-17-

29.     Nothing contained in any chapter 11 plan confirmed in these cases or the confirmation order confirming any plan shall conflict with or derogate from the provisions of this Order unless expressly consented to in writing by CL III and any holder of an Assumed Senior Lien.

30.     The PSA and any related agreements, documents or other instruments may be modified, amended or supplemented through a written document signed by the Parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

31.     The failure to specifically include or make reference to any particular provision of the PSA or a related sale document in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA and the related sale documents are authorized and approved in their entirety.

32.     To the extent that any provision of this Order is inconsistent with the terms of the PSA (including all ancillary documents executed in connection therewith), this Order shall govern.

33.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the PSA in all respects and to decide any disputes arising between the Debtors and CL III and/or their respective successors and assigns, with respect thereto.

34.     The provisions of this Order are nonseverable and mutually dependent.

35.     Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Order shall be effective and enforceable immediately upon entry.

#4989497.1

36.     Following the closing of the sale, the Debtors shall file a notice of closing with the Court, and shall serve such notice on the parties listed on the master service list in these cases, setting forth the date of closing and the effective date of closing.

### 

#4989497.1

# PURCHASE AND SALE AGREEMENT

## BETWEEN

## WBH ENERGY, LP AND
## WBH ENERGY PARTNERS LLC

## Debtors-in-Possession,

## AS SELLERS

## AND

## CL III FUNDING HOLDING COMPANY, LLC

## AS PURCHASER

## Executed on [_____], 2015

#4989545.1

# TABLE OF CONTENTS

ARTICLE I. PURCHASE AND SALE ................................................................... 1
  **Section 1.01**   Purchase and Sale. ................................................. 1
  **Section 1.02**   Oil and Gas Properties. ........................................ 1
  **Section 1.03**   Personal Property. ................................................ 2
  **Section 1.04**   Excluded Assets. .................................................. 3
  **Section 1.05**   Effective Time; Proration of Costs and Revenues. ............. 6
  **Section 1.06**   Delivery and Maintenance of Records. ............. 6
ARTICLE II. PURCHASE PRICE ...................................................................... 7
  **Section 2.01**   Credit Bid Purchase Price for the Oil and Gas Properties. .............. 7
  **Section 2.02**   Credit Bid Purchase Price for the Personal Property. ............. 8
  **Section 2.03**   Cash Component. ................................................. 8
ARTICLE III. SELLERS' TITLE ......................................................................... 8
  **Section 3.01**   Conveyances. ...................................................... 8
  Section 3.02   Consents. ............................................................. 7
ARTICLE IV. REPRESENTATIONS AND WARRANTIES ............................... 9
  **Section 4.01**   Sellers' Representations and Warranties. ............. 9
  **Section 4.02**   Purchaser Representations and Warranties. ............. 10
  **Section 4.03**   Limitations on Representations and Warranties. ............. 11
  **Section 4.04**   No Survival. ........................................................ 12
ARTICLE V. COVENANTS OF THE PARTIES ............................................... 12
  **Section 5.01**   Access. ................................................................ 12
  **Section 5.02**   Government Reviews. ......................................... 13
  **Section 5.03**   Operation of Business. ........................................ 13
  **Section 5.04**   Tax Matters. ........................................................ 13
  **Section 5.05**   Non-Operator Status. .......................................... 15
  **Section 5.06**   Further Assurances. ............................................ 15
  **Section 5.07**   Cure Costs. .......................................................... 15
ARTICLE VI. CONDITIONS TO CLOSING ................................................... 16
  **Section 6.01**   Conditions of Sellers to Closing. ..................... 16
  **Section 6.02**   Conditions of Purchaser to Closing. ............... 16
ARTICLE VII. CLOSING ................................................................................. 17
  **Section 7.01**   Time and Place of Closing. ................................ 17

i

#4989545.1

**Section 7.02**   Obligations of Sellers at Closing. ............................................................. 18

**Section 7.03**   Obligations of Purchaser at Closing. ........................................................ 18

ARTICLE VIII. TERMINATION ............................................................................................ 18

**Section 8.01**   Termination. ................................................................................................ 18

**Section 8.02**   Effect of Termination. ............................................................................... 19

ARTICLE IX. POST-CLOSING OBLIGATIONS;  DISCLAIMERS AND WAIVERS ........... 19

**Section 9.01**   Recording. .................................................................................................. 19

**Section 9.02**   Assumption of Contracts. ......................................................................... 19

ARTICLE X. MISCELLANEOUS ......................................................................................... 19

**Section 10.01**   Counterparts. ........................................................................................... 19

**Section 10.02**   Notice. ...................................................................................................... 20

**Section 10.03**   Sales or Use Tax Recording Fees and Similar Taxes and Fees. .................... 21

**Section 10.04**   Expenses. .................................................................................................. 21

**Section 10.05**   Replacement of Bonds, Letters of Credit and Guarantees. ........................... 21

**Section 10.06**   GOVERNING LAW AND VENUE. ......................................................... 22

**Section 10.07**   JURISDICTION; WAIVER OF JURY TRIAL. ........................................ 22

**Section 10.08**   Captions. ................................................................................................... 22

**Section 10.09**   Waivers. .................................................................................................... 22

**Section 10.10**   Assignment. .............................................................................................. 22

**Section 10.11**   Entire Agreement. .................................................................................... 23

**Section 10.12**   Amendment. ............................................................................................. 23

**Section 10.13**   No Third-Party Beneficiaries. .................................................................. 23

**Section 10.14**   Invalid Provisions. ................................................................................... 23

**Section 10.15**   References. ................................................................................................ 23

**Section 10.16**   Construction. ............................................................................................ 24

**Section 10.17**   Limitation on Damages. ........................................................................... 25

**Section 10.18**   Binding Effect. ......................................................................................... 25

**Section 10.19**   No Rescission. .......................................................................................... 25

ii

## PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (the "**Agreement**") is executed on September ____, 2015, by and among WBH Energy, LP, a Texas limited partnership ("**WBH LP**") and WBH Energy Partners LLC, a Texas limited liability company ("**WBH Partners**") (each a "**Seller**" and collectively, the "**Sellers**"), and CL III Funding Holding Company, LLC, a Delaware limited liability company ("**Purchaser**" or "**CL III**").  Each Seller and Purchaser may hereinafter be referred to as a "**Party**" or collectively as the "**Parties**."

### RECITALS:

On January 4, 2015 (the "**Petition Date**"), Sellers filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "**Bankruptcy Court**") captioned In re WBH ENERGY, LP, et al., Chapter 11, Case No. 15-10003 (Jointly Administered) (the "**Bankruptcy Case**");

Each Seller, as debtor and debtor-in-possession, has continued in the possession of their respective Properties (as defined herein) and in the management of their respective business pursuant to Sections 1107 and 1108 of the Bankruptcy Code; and

Sellers, subject to Bankruptcy Court approval and the terms and conditions within this Agreement, desire to sell to Purchaser the Properties (as defined herein) pursuant to the terms and conditions of this Agreement and Purchaser desires to so purchase and acquire such Properties from Sellers in accordance with Section 105, 363 and 365 of the Bankruptcy Code.

NOW, THEREFORE, in consideration of the premises and of the mutual promises, representations, warranties, covenants, conditions and agreements contained herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound by the terms hereof, agree as follows:

### ARTICLE I.
### PURCHASE AND SALE

**Section 1.01**   Purchase and Sale.

At the Closing, and upon the terms and subject to the conditions of this Agreement, each Seller agrees to sell and convey to Purchaser and Purchaser agrees to purchase, accept and pay for the Properties.  Capitalized terms used herein shall have the meanings ascribed to them in this Agreement as such terms are identified and/or defined in Appendix I attached hereto and made a part hereof.

**Section 1.02**   Oil and Gas Properties.

As used in this Agreement, the term "**Oil and Gas Properties**" means all of Sellers' right, title, interest and estate, real or personal, recorded or unrecorded, movable or immovable, tangible or intangible, in and to the following interests, excluding however, the Excluded Assets:

1

#4989545.1

(a) All of the Leases, including those leases shown on <u>Exhibit A,</u> together with each and every kind and character of right, title and interest that Sellers have in and to the Leases and the Lands;

(b) All of the Wells;

(c) Any pools or units which include any portion of the Lands, Leases, Lease Interests, Wells or Well Interests, including those pools or units shown on <u>Exhibit A-2</u> (the "**Units**"), and including all interests of Sellers in Hydrocarbon production from any such Unit, whether such Unit Hydrocarbon production comes from Wells located on or off of a Lease, and all tenements, hereditaments and appurtenances belonging to the Leases, Wells, Lands and Units;

(d) All contracts, leases, agreements, instruments, easements, permits, licenses, servitudes, rights-of-way, surface leases and other surface rights appurtenant to the Properties, the Pipeline Agreement and any other arrangements similar to any of the foregoing identified on <u>Schedule 1.02(d)</u>, which may be supplemented and/or amended by Purchaser no less than five (5) days prior to the entry of the Sale Order (hereinafter collectively referred to as the "**Contracts**"), it being contemplated that any such Contracts not identified on <u>Schedule 1.02(d)</u> may be rejected as part of the Sellers' Bankruptcy Case;

(e) All Hydrocarbons produced from or attributable to the Oil and Gas Properties from or after the Effective Time and all inventories of Hydrocarbons produced from or attributable to the Oil and Gas Properties that are in storage in tanks or pipelines for any period;

(f) All overriding royalties, production payments, or other similar interests in production of Hydrocarbons owned by Sellers; and

(g) All Imbalances.

**Section 1.03**   <u>Personal Property.</u>

As used herein, the term "**Personal Property**" means all of Sellers' right, title, interest and estate, real or personal, recorded or unrecorded, movable or immovable, tangible or intangible, in and to the Personal Property, including the following interests, excluding, however, the Excluded Assets:

(a) All Equipment, machinery, fixtures and other tangible personal property and improvements located on the Properties and used or held for use in connection with the operation of the Oil and Gas Properties, but excluding the items expressly identified in Section 1.04;

(b) All Pipeline Assets;

2

(c)  All lease files; land files; right-of-way files; well files; well tests; gas and oil sales contract files; gas processing files; division order files; abstracts; title records; title opinions; land surveys; non-confidential logs; customer lists; supplier lists; sales materials; maps; engineering data and reports; health, environmental and safety information and records; accounting and financial records; operational records; promotional materials; technical records; reserve estimates and economic estimates; production and processing records; Tax records (other than with respect to Income Taxes); contract files; and all other books, records, data, files, maps and accounting records, in each case, to the extent related to the Properties, or used or held for use primarily in connection with the maintenance or operation thereof, including (i) all seismic, geologic, geophysical data, engineering field data (to the extent assignable without the payment of fees (unless Purchaser agrees to and does pay such fees)) either in raw or interpreted form and studies and other seismic and related technical data and information, and (ii) related licenses to software and related work stations, servers and electronic databases used to process or store the data, files, maps and accounting records related to the Properties (the "**Records**");

(d)  To the extent assignable without the payment of fees (unless Purchaser agrees to and does pay such fees), all seismic, geologic, geophysical, engineering field data (either in raw or interpreted form) and studies and other seismic and related technical data and information (including related work product);

(e)  All vehicles owned by Sellers;

(f)  Investment property, instruments, chattel paper, patents, copyrights, trademarks, causes of action (excluding those causes of action specifically identified in **Section 1.04(c)**), account receivables, joint interest billings and other general intangibles, and all products and proceeds thereof;

(g)  All cash on hand, other than the cash which is part of the Excluded Assets; and

(h)  To the extent transferable all bonds, letters of credit and guarantees posted by Sellers with Governmental Authorities or other Persons and relating to the Properties and insurance policies related to the Properties.

**Section 1.04**    Excluded Assets.

Notwithstanding the foregoing, the Properties shall not include, and there is excepted, reserved and excluded from the purchase and sale contemplated hereby (collectively, the "**Excluded Assets**"):

(a)  cash equal to (i) all expenses accrued under the Approved DIP Budget and not paid as of the Closing Date, plus (ii) $225,000; provided however, any cash which is excluded under (i) that is not ultimately distributed by the Debtors or their successors in interest to satisfy expenses provided for in the Approved DIP

3

Budget, but unpaid as of the Closing Date, including professional fees, shall become part of the Personal Property acquired by Purchaser;

(b)  (i) all corporate, partnership, limited liability company, financial, income and franchise Tax and legal records of Sellers that relate solely to the Excluded Assets, (ii) those records, files and contracts retained by Sellers pursuant to **Section 1.03** and (iii) copies of any other records retained by Sellers;

(c)  all Avoidance Actions (excluding any Avoidance Actions against CL III);

(d)  claims stemming from or related to commercial tort actions and conduct related thereto (excepting contract claims and claims stemming from or related to conduct related thereto), including but not limited to breach of fiduciary duty claims and all claims against officers and directors;

(e)  all documents and instruments that may be protected by attorney-client privilege;

(f)  correspondence between or among Sellers, their representatives, and any prospective purchasers of the Properties other than Purchaser;

(g)  correspondence between Sellers or any of their respective representatives with respect to any of the bids, the prospective purchasers, or the transactions contemplated by this Agreement, or similar transactions;

(h)  to the extent not assignable without the payment of fees (unless Purchaser agrees to and does pay such fees), all seismic, geologic, geophysical, engineering field data (either in raw or interpreted form) and studies and other seismic and related technical data and information (including related work product);

(i)  Sellers' rights with respect to any Hydrocarbons produced and sold from the Properties with respect to all periods prior to the Effective Time;

(j)  Sellers' rights with respect to any office computers, networks, connections, email accounts, email correspondence, internet services, telephones, telephone systems, websites, internet and email domain names, addresses and registrations, and any office equipment or technology related to the foregoing in this **Section 1.04(j)**;

(k)  the rights which accrue or will accrue to Sellers under this Agreement and any other documents contemplated hereby;

(l)  any contract not specifically included on <u>Schedule 1.02(d)</u>; and

(m)  Sellers' right, title and interest in the below described "Whiteside Leases":

4

**Whiteside D Unit**

| | | | | | |
|---|---|---|---|---|---|
| J. P. Morgan Chase Bank, N. A., Trustee of the Mary Leonard Children's Trust, Trustee of the Miranda Leonard Trust under the Will of J. M. Leonard, Trustee of the Martha Leonard Trust under the Will of J. M. Leonard, Trustee of the Madelon Leonard Trust under the WIll of J. M. Leonard | GM Exploration, LLC | 9/28/2009 | 499 | 90 | Montague |
| Patricia Penrose Schieffer and Patricia Penrose Schieffer Testamentary Trust, Bank of America, N.A. Agent | GM Exploration, LLC | 8/17/2009 | 499 | 105 | Montague |

**Whiteside E Unit**

| | | | | | |
|---|---|---|---|---|---|
| J. P. Morgan Chase Bank, N. A., Trustee of the Mary Leonard Children's Trust, Trustee of the Miranda Leonard Trust under the Will of J. M. Leonard, Trustee of the Martha Leonard Trust under the Will of J. M. Leonard, Trustee of the Madelon Leonard Trust under the WIll of J. M. Leonard | GM Exploration, LLC | 9/28/2009 | 499 | 90 | Montague |
| Patricia Penrose Schieffer and Patricia Penrose Schieffer Testamentary Trust, Bank of America, N.A. Agent | GM Exploration, LLC | 8/17/2009 | 499 | 105 | Montague |

**Leases outside of Whiteside Units**

| | | | | | |
|---|---|---|---|---|---|
| Rufus Henscheid and Elizabeth J. Henscheid | WBH Energy Partners, LLC | 10/22/2011 | 593 | 275 | Montague |
| Belmont Sisters, LP and Patricia Penrose Schieffer Testamentary Trust, Bank of America, N.A. Agent | WBH Energy Partners, LLC | 3/22/2012 | 619 | 400 | Montague |
| Mary Leonard Children's Trust, Miranda Leonard Trust, III, Madelon Leonard Trust III, and Martha Leonard Trust III | WBH Energy Partners, LLC | 4/2/2012 | 619 | 408 | Montague |

5

**Section 1.05**    Effective Time; Proration of Costs and Revenues.

(a)    Possession of the Properties shall be transferred from Sellers to Purchaser at the Closing, but certain financial benefits and obligations of the Properties shall be transferred effective as of 7:00 A.M., local time on September 1, 2015 (the "**Effective Time**").

(b)    Purchaser shall be entitled to all production from or attributable to the Properties arising on and after the Effective Time (and all products and proceeds attributable thereto), and to all other income, proceeds, receipts and credits earned with respect to the Properties arising on and after the Effective Time, including, without limitation, any proceeds of production currently held in suspense.

(c)    All Property Costs incurred in the operation of the Properties after the Petition Date and before the Effective Time shall be borne and paid by Purchaser to the extent that such costs have not been previously paid by Sellers, and all Property Costs incurred in the operation of such Properties from and after the Effective Time shall be borne and paid by the Purchaser.  As used herein, "**Property Costs**" means (i) all costs and expenses attributable to the ownership or operation of the Properties (including costs of insurance and ad valorem, property, severance, production and similar Taxes based upon or measured by the ownership or operation of the Properties or the production of Hydrocarbons therefrom, but excluding any other Taxes), (ii) capital expenditures incurred in the ownership or operation of the Properties in the ordinary course of business, (iii) where applicable, such costs and capital expenditures charged in accordance with the relevant operating agreement, unit agreement, pooling agreement, pooling order or similar instrument, or if none, charged to the Properties on the same basis as charged on the date of this Agreement, and (iv) overhead costs charged to the Properties under the relevant operating agreement, unit agreement, pooling agreement, pooling order or similar instrument by unaffiliated third parties, or if none, charged to the Properties on the same basis as charged on the date of this Agreement.

**Section 1.06**    Delivery and Maintenance of Records.

(a)    Sellers shall provide Purchaser (i) access to the electronic data base containing Records which was provided to the current operator of the Oil and Gas Properties, and (ii) all original copies of the Records in the Sellers' respective possession or control within ten (10) days following Closing, in the format in which such Records are maintained by Sellers in the ordinary course of business. Sellers may retain copies of the Records.  Seller shall bear the costs of copying any Records which Sellers retain copies of and Purchaser shall pay all costs associated with shipping the original Records from where the Records are currently maintained in the ordinary course of business to the location specified by Purchaser after the Closing.

(b)  Purchaser, its successors or assigns shall preserve the Records for a period of three years after the Closing, or for such longer period (a) as is required by any applicable Law, (b) as is ordered by any Court of competent jurisdiction, or (c) during which there is an ongoing audit or investigation of Sellers, their respective estates, or any successor thereto (collectively, the **"Debtor Parties"** and each, a "**Debtor Party**") with respect to such periods (the **"Retention Period"**).  During such Retention Period, Purchaser, its successors or assigns shall (x) keep such Records reasonably accessible, including maintaining all computer hardware, software, and applications necessary to access such Records in a usable form, (y) not destroy or dispose of any Records without the prior written consent of the Debtor Parties, who shall include, but not be limited to, any Debtor Party, a chapter 11 trustee, a chapter 7 trustee, or a liquidating trustee, each acting on behalf of any Debtor Party (each, a "**Control Person**"), and (z) permit any Control Person reasonable access to any Record upon request, including making any paper or electronic copies thereof at the respective Debtor Party's expense.  Records may be sought under this **Section 1.06(b)** for any reasonable purpose, including, without limitation, to the extent reasonably required in connection with the administration of the bankruptcy cases of any Debtor Party, any audit, accounting, tax matter, litigation matter, disclosure required by Law, or any other similar needs of any Control Person.

## ARTICLE II.
## PURCHASE PRICE

**Section 2.01**    Credit Bid Purchase Price for the Oil and Gas Properties.

The purchase price for the Oil and Gas Properties shall consist of a credit bid (the "**Oil and Gas Properties Credit Bid**") of an amount of the Lender Pre-Petition Loans and DIP Loan equaling the greater of the following (assuming no material intervening transfer or release of any Oil and Gas Property):

(a)  the sum of (i) fifty percent (50%) of the DIP Obligations, plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall equal the sum of not less than $15 million; or

(b)  a sum equal to one hundred percent (100%) of the Projected Reserve Value of existing proved developed Wells (other than the Lewis-Stuart Completion Operation Wells) plus one hundred ten percent (110%) of the Projected Reserve Value of the Lewis-Stuart Completion Operation Wells. The credit bid amount pursuant to this subsection (b) would consist of:  (i) fifty percent of the  DIP Obligations plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall

7

equal the sum of (x) one hundred percent (100%) of the Projected Reserve Value of existing proved developed Wells plus (y) one hundred ten percent (110%) of the Projected Reserve Value of the Lewis-Stuart Completion Operation Wells. The Projected Reserve Value will be determined by the Bankruptcy Court upon the motion of either Sellers or Purchaser.

**Section 2.02**    Credit Bid Purchase Price for the Personal Property.

The purchase price for the Personal Property shall consist of a credit bid (the "**Personal Property Credit Bid**") of an amount of the Lender Pre-Petition Loans and DIP Loan equal to (assuming no material intervening transfer or release of any Personal Property): (i) fifty percent of the DIP Obligations plus (ii) fifty percent (50%) of the amount outstanding under the Senior Pre-Petition Loan Agreement, plus (iii) an amount outstanding under the Junior Pre-Petition Credit Agreement such that the sum of (i), (ii) and (iii) shall equal the sum of not less than $10 million.

**Section 2.03**    Cash Component.

At Closing, Purchaser shall pay Sellers the sum of $225,000 in cash (the "**Cash Component**"). The Cash Component shall be deemed satisfied and no further payment will be made by Purchaser if the Excluded Assets include cash equal to the amount of all expenses accrued under the Approved DIP Budget and not paid as of the Closing Date plus $225,000.

The Oil and Gas Properties Credit Bid, the Personal Property Credit Bid and the Cash Component are hereinafter referred to collectively as, the "**Purchase Price**".

## ARTICLE III.
## SELLERS' TITLE

**Section 3.01**    Conveyances.

The conveyance of the Oil and Gas Properties to be delivered by Sellers to Purchaser shall be substantially in the form of Exhibit C (the "**Conveyance**") and shall convey such Oil and Gas Properties free and clear of all Liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code; provided, however, that the treatment of any Senior Prior Liens shall be expressly in accordance with the terms set forth in the Sale Order. The conveyance of the Personal Property to be delivered by Sellers to Purchaser shall be substantially in the form of Exhibit D (the "**Assignment and Bill of Sale**") and shall convey such Personal Property free and clear of all Liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code; provided, however, that the treatment of any Senior Prior Liens shall be as set forth in the Sale Order.

**Section 3.02**    Consents.

For any Properties that are subject to any required consents to assignment that Sellers are aware of, if any, as are set forth on Schedule 3.02, Sellers shall use commercially reasonable efforts to cause such consents to be obtained and delivered prior to Closing; provided, however,

#4989545.1

to the extent that such consents are not obtained and delivered prior to Closing, the Properties shall be transferred free and clear of such consent rights to the maximum extent permitted under applicable law and otherwise subject to such consent rights.  Purchaser shall cooperate with Sellers in seeking to obtain such consents, if applicable.

## ARTICLE IV.
## REPRESENTATIONS AND WARRANTIES

**Section 4.01**  Sellers' Representations and Warranties.

Subject to **Section 4.03**, Sellers represent and warrant to Purchaser as of the date hereof and as of the Closing Date as follows:

(a) *Organization/Good Standing*.  WBH LP is a limited partnership and WBH Partners is a limited liability company, each duly organized, validly existing, and in good standing under the Laws of Texas and are qualified to conduct business and are in good standing in all jurisdictions where they conduct business.

(b) *Power and Authorization*.  Subject to Bankruptcy Court approval WBH LP has all requisite limited partnership power and authority and WBH Partners has all requisite limited liability company power and authority to enter into and perform this Agreement and the transactions contemplated hereby.  The execution, delivery and performance of this Agreement and the transactions contemplated hereby have been duly and validly authorized by all requisite action on the part of Sellers.  This Agreement has been duly executed and delivered on behalf of Sellers, and at the Closing all documents and instruments required hereunder to be executed and delivered by Sellers shall be duly executed and delivered.  This Agreement constitutes, and such Closing documents and instruments shall constitute, legal, valid, and binding obligations of Sellers, enforceable against Sellers in accordance with their terms, except as such enforceability may be limited by the effect of bankruptcy, insolvency, reorganization, moratorium, and similar Laws from time to time in effect relating to the rights and remedies of creditors, as well as by general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at Law).

(c) *No Breach or Violation*.  The execution, delivery and performance of this Agreement by Sellers, and the transactions contemplated hereby, will not (i) violate, conflict with or result in any breach of any provision of Sellers' certificates of formation or other governing documents, (ii) violate any material order of a Governmental Authority applicable to Sellers, or (iii) materially violate any applicable Law.

(d) *Brokers*.  Sellers have incurred no liability for brokers' or finders' fees in respect of the matters provided for in this Agreement for which Purchaser will have any responsibility whatsoever, and any such obligation that might exist

9

shall be the sole obligations of Sellers and their estates, subject to Bankruptcy Court approval.

(e) *Litigation*. Except with respect to the Bankruptcy Case and related matters filed with the Bankruptcy Court, (i) there are no legal actions or proceedings pending or, to Sellers' knowledge, threatened against Sellers or any of their Affiliates which relate to the transactions contemplated by this Agreement, and (ii) to Sellers' knowledge, there is no investigation, inquiry or review pending or threatened by any Governmental Authority with respect to Sellers or any of their Affiliates seeking to prevent the consummation of this Agreement or any other action taken or to be taken in connection herewith.

**Section 4.02**    Purchaser Representations and Warranties.

Purchaser represents and warrants to Sellers as of the date hereof and as of the Closing Date as follows:

(a) *Organization/Good Standing*.    Purchaser is a limited liability company duly organized, validly existing, and in good standing under the Laws of Delaware and is qualified to conduct business and is in good standing in all jurisdictions where it conducts business.

(b) *Power and Authorization*.    Purchaser has all requisite limited liability company power and authority to enter into and perform this Agreement and the transactions contemplated hereby.    The execution, delivery and performance of this Agreement and the transactions contemplated hereby have been duly and validly authorized by all requisite action on the part of Purchaser.    This Agreement has been duly executed and delivered on behalf of Purchaser, and at the Closing all documents and instruments required hereunder to be executed and delivered by Purchaser shall be duly executed and delivered.    This Agreement constitutes, and such Closing documents and instruments shall constitute, legal, valid, and binding obligations of Purchaser, enforceable against Purchaser in accordance with their terms, except as such enforceability may be limited by the effect of bankruptcy, insolvency, reorganization, moratorium, and similar Laws from time to time in effect relating to the rights and remedies of creditors, as well as by general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at Law).

(c) *No Breach or Violation*.    The execution, delivery and performance of this Agreement by Purchaser, and the transactions contemplated hereby, will not (i) violate, conflict with or result in any breach of any provision of Purchaser's certificate of formation or other governing documents, (ii) conflict with, result in a material breach of, constitute a default (or an event that with the lapse of time or notice, or both, would constitute a default) under any agreement or instrument to which Purchaser is a party or by which Purchaser is bound, (iii) violate any material order of a Governmental Authority applicable to Purchaser, or (iv) materially violate any applicable Law.

10

(d) *Brokers*.  Purchaser has incurred no liability for brokers' or finders' fees in respect of the matters provided for in this Agreement for which Sellers will have any responsibility whatsoever, and any such obligation that might exist shall be the sole obligation of Purchaser.

(e) *Litigation*.  There are no legal actions or proceedings pending or, to Purchaser's knowledge, threatened against Purchaser or any of its Affiliates which relate to the transactions contemplated by this Agreement.  To Purchaser's knowledge, there is no investigation, inquiry or review pending or threatened by any Governmental Authority with respect to Purchaser or any of its Affiliates seeking to prevent the consummation of this Agreement or any other action taken or to be taken in connection herewith.

(f) EXCEPT AS EXPRESSLY SET FORTH IN **SECTION 4.01** HEREOF, THERE ARE NO REPRESENTATIONS OR WARRANTIES OF ANY KIND (INCLUDING ANY REPRESENTATIONS OR WARRANTIES AS TO THE QUALITY OR FITNESS OF THE PROPERTIES FOR THEIR INTENDED PURPOSES OR ANY PARTICULAR PURPOSE), EXPRESSED OR IMPLIED, WITH RESPECT TO THE PROPERTIES.  PURCHASER ACKNOWLEDGES THAT THE PROPERTIES ARE BEING SOLD, TRANSFERRED, CONVEYED, ASSIGNED AND DELIVERED TO, AND PURCHASED AND ACCEPTED BY, PURCHASER ON AN "AS IS/WHERE IS" BASIS.

(g) PURCHASER IS EXPERIENCED AND SOPHISTICATED WITH RESPECT TO TRANSACTIONS OF THE TYPE CONTEMPLATED BY THIS AGREEMENT AND THE RELATED TRANSACTION DOCUMENTS.  IN CONSULTATION WITH EXPERIENCED COUNSEL AND ADVISORS OF ITS CHOICE, PURCHASER HAS CONDUCTED ITS OWN INDEPENDENT REVIEW AND ANALYSIS OF THE PROPERTIES.  PURCHASER ACKNOWLEDGES THAT IT AND ITS REPRESENTATIVES HAVE BEEN PERMITTED CERTAIN ACCESS TO THE BOOKS AND RECORDS, FACILITIES, EQUIPMENT, CONTRACTS AND OTHER PROPERTIES AND ASSETS OF SELLERS AND THAT IT AND ITS REPRESENTATIVES HAVE HAD AN OPPORTUNITY TO MEET WITH REPRESENTATIVES OF SELLERS TO DISCUSS THE BUSINESS.

**Section 4.03**   Limitations on Representations and Warranties.

(a) *Sellers Limitations*.  Except for the representations and warranties contained in **Section 4.01**, neither Sellers nor any other Person makes any other express or implied representation or warranty with respect to any Seller, the Properties, and each Seller disclaims any other representations or warranties, whether made by any Seller, any Affiliate of any Seller or any of their respective officers, directors, employees, agents or representatives.  Except for the representations and warranties contained in **Section 4.01**, each Seller (i) expressly disclaims and

11

negates any representation or warranty, expressed or implied, at common law, by statute, or otherwise, relating to the condition of the Properties (including any implied or expressed warranty of merchantability or fitness for a particular purpose, or of conformity to models or samples of materials) and (ii) disclaims all liability and responsibility for any representation, warranty, projection, forecast, statement, or information made, communicated, or furnished (orally or in writing) to Purchaser or its Affiliates or representatives (including any opinion, information, projection, or advice that may have been or may be provided to Purchaser by any director, officer, employee, agent, consultant, or representative of each Seller or any of their respective Affiliates).  No Seller makes any representations or warranties to Purchaser regarding the probable success or profitability of the Properties.  The disclosure of any matter or item in any Schedule hereto shall not be deemed to constitute an acknowledgment that any such matter is required to be disclosed or is material.  The effectiveness of the representations and warranties of Sellers are subject to approval by the Bankruptcy Court.

(b) *Purchaser Limitations.*  Except for the representations and warranties contained in **Section 4.02** and without limitation of **Section 4.02(f)** and **Section 4.02(g)**, neither Purchaser nor any other Person makes any other express or implied representation or warranty with respect to Purchaser or this Agreement, and Purchaser disclaims any other representations or warranties, whether made by Purchaser, any Affiliate of Purchaser or any of their respective officers, directors, employees, agents or representatives.

**Section 4.04**   No Survival.

Notwithstanding anything to the contrary herein, except for **Section 5.06**, the representations, warranties, covenants and agreements in this Agreement shall terminate at the Closing and, following the Closing, no Party shall make any claim whatsoever for any breach of any such representation, warranty, covenant or agreement hereunder.

## ARTICLE V.
## COVENANTS OF THE PARTIES

**Section 5.01**   Access.

Between the date of execution of this Agreement and continuing until the earlier of the Closing or the termination of this Agreement, Sellers will give Purchaser and its representatives, reasonable access to Sellers' offices and the Records, including the right to copy the Records at Purchaser's expense, for the purpose of conducting any necessary review, analysis or investigation of the Properties.  Purchaser's investigation shall be conducted in a manner that minimizes interference with the operation of the Properties.

**Section 5.02**   Government Reviews.

Sellers and Purchaser shall in a timely manner and at Purchaser's expense (a) make all required filings, if any, with and prepare applications to and conduct negotiations with, each governmental agency as to which such filings, applications or negotiations are necessary or appropriate in the consummation of the transactions contemplated hereby, and (b) provide such information as each may reasonably request to make such filings, prepare such applications and conduct such negotiations.  Sellers and Purchaser shall cooperate with and use all commercially reasonable efforts to assist the other with respect to such filings, applications and negotiations.

**Section 5.03**   Operation of Business.

Except as otherwise consented to in writing by Purchaser, which consent shall not be unreasonably withheld or delayed, until the Closing, Sellers will, so long as such action or inaction is in compliance with the Bankruptcy Code and orders of the Bankruptcy Court and the applicable operating agreements and other applicable agreements:  (i) operate the Properties in the ordinary course consistent with past practices, (ii) not commit to any single operation, or series of related operations, reasonably anticipated by Sellers to require future capital expenditures by the owner of the Properties in excess of Fifty Thousand Dollars ($50,000) (net to Sellers' interest), (iii) not terminate, materially amend, execute or extend any material agreements affecting the Properties, (iv) maintain their current insurance coverage on the Properties presently furnished by nonaffiliated third parties in the amounts and of the types presently in force, (v) use commercially reasonable efforts to maintain in full force and effect all Leases, (vi) maintain all material governmental authorizations necessary for the ownership or operation of the Properties, (vii) not transfer, farmout, sell, hypothecate, encumber or otherwise dispose of any material Properties except for sales and dispositions of Hydrocarbon production and Equipment made in the ordinary course of business consistent with past practices and (viii) not commit to do any of the foregoing.  Notwithstanding the foregoing, in the event of an emergency, Sellers may take, or permit to be taken, such action as the operator of the Properties determines to take.

**Section 5.04**   Tax Matters.

(a)   Prior to the Closing Date, the Sellers, Purchaser and Lender shall determine for Income Tax purposes the fair market value of the Oil and Gas Properties and Personal Property for Income Tax purposes and the appropriate amount, if any, of cancellation of indebtedness income as of the Closing Date applicable to the Sellers.  Such determination shall be used consistently by all parties (including, each Seller, the Purchaser and the Lender) for all Income Tax purposes.

(b)   Prior to the Closing Date, the Parties shall allocate the Purchase Price (as determined for Income Tax purposes) among the Oil and Gas Properties and the Personal Property on a Seller-by-Seller basis in accordance with an allocation schedule to be jointly prepared by the Sellers and Purchaser.  Such allocation schedule shall be prepared in accordance with Section 1060 of the Internal Revenue Code of 1986, as amended.  The Parties shall cooperate with each other and provide such information as any of them shall reasonably request in

13

connection with this **Section 5.04(b)**.  If the Parties have mutually agreed upon the allocation schedule, the Parties will each report the federal, state and local and other Tax consequences of the purchase and sale contemplated hereby (including the filing of Internal Revenue Service Form 8594) in a manner consistent with such allocation schedules.

(c)  In the event that the Parties are unable to reach an agreement on the matters set forth in Sections 5.04(a) and (b), then the matters shall be resolved by each Party submitting an appraisal of the value of Properties for Income Tax Purposes within fifteen (15) days of the Closing Date.  If the Parties' respective appraisals are within ten (10) percent of the other then the value of the Properties for Income Tax purposes shall be deemed to be the average of the values set forth in the Parties' respective appraisals.  If the Parties' respective appraisals are not within ten (10) percent of the other then the two appraisers selected by the Parties shall jointly select a third appraiser and the value of the Properties for Income Tax purposes shall be determined by the third appraiser who will determine a value for the Properties for Income Tax purposes within the range of the values set forth in the Parties' respective appraisals.  The Parties will each report the federal, state and local and other Tax consequences of the purchase and sale contemplated hereby (including the filing of Internal Revenue Service Form 8594) in a manner consistent with such Determination.

(d)  Purchaser shall be responsible for all Taxes affecting the ownership or operation of the Properties that are attributable to any period of time prior to the Effective Time to the extent that such Taxes have not been previously paid by Sellers. As of the Effective Time, Sellers estimate that the amount of such outstanding and unpaid Taxes is $102,966, as more particularly set forth in Schedule 5.04(a). Purchaser shall be responsible for all Taxes affecting the ownership or operation of the Properties that are attributable to any period of time after the Effective Time.  Sellers shall handle payment to the appropriate Governmental Authority of all Taxes affecting the ownership or operation of the Properties which are required to be paid prior to Closing (and shall file all Tax Returns with respect to such Taxes), and Purchaser shall handle payment to the appropriate Governmental Authority of all Taxes affecting the ownership or operation of the Properties which are required to be paid after Closing (and shall file all Tax Returns with respect to such Taxes).  Notwithstanding the foregoing, this **Section 5.04**(a)(**d**) shall not apply to Income Taxes and occupation, business license and similar Taxes, and Tax Returns therefor.  The responsibility for all Income Taxes and similar Taxes shall be determined based on if Sellers had affected an actual or deemed closing of the books on the Closing Date and each Party shall pay the portion of such Taxes that are its responsibility and file any related Tax Returns.  If requested by Purchaser, Sellers shall, to the extent practicable, assist Purchaser with preparation of all ad valorem and property Tax Returns due on or before thirty (30) days after Closing (including any extensions requested).

14

(e) If Sellers (or an Affiliate, agent, or successor in interest of Sellers) receives a refund of any Taxes relating to the ownership or operation of the Properties (whether by payment, credit offset or otherwise, with any interest thereon, refunds from net operating losses, carry-forward or carry-back losses, the release or refund of withholdings or other Taxes returned by a taxing authority or escrow account related to Taxes) covered by **Section 5.04**(a) such refund shall promptly (but no later than thirty (30) days after receipt) be remitted to Purchaser, including all relevant documentation.  Each Party shall cooperate with the other and its Affiliates and agents in order to take all commercially reasonable necessary steps to claim any refund to which it is entitled.  Purchaser agrees to notify Sellers within ten (10) days following the discovery of a right to claim and secure receipt of any refund to which Sellers are entitled and upon receipt of any such refund.

(f) Control of any legal or administrative proceedings concerning any Taxes affecting the Properties shall rest with the Party responsible for paying such Taxes, or the Party that is the beneficiary of a refund, under this **Section**.

**Section 5.05**    Non-Operator Status.

Neither Seller shall be in breach, or deemed to be in breach, of any of its covenants, agreements or obligations under this Agreement that is applicable to or could be performed by the operator of any Property that is not operated by such Seller or any of its Affiliates so long as such Seller has used commercially reasonable efforts under the circumstances to cause the operator thereof to perform or not to perform, as applicable, such covenant, agreement or obligation.

**Section 5.06**    Further Assurances.

After Closing, subject to approval of the Bankruptcy Court, to the extent required, Sellers and Purchaser each agree to take such further actions and to execute, acknowledge and deliver all such further documents as are reasonably requested by the other Party for carrying out the purposes of this Agreement or of any document delivered pursuant to this Agreement.

**Section 5.07**    Cure Costs.

On the later of (a) the Closing or (b) the date on which any disputed Cure Cost is settled or resolved by a final order of the Bankruptcy Court, the Purchaser shall pay (to the extent not previously satisfied), pursuant to section 365 of the Bankruptcy Code and the Sale Order, any cure costs (the "**Cure Costs**") relating to the assumption and assignment of the Contracts.

15

## ARTICLE VI.
## CONDITIONS TO CLOSING

**Section 6.01**    Conditions of Sellers to Closing.

The obligations of Sellers to consummate the transactions contemplated by this Agreement are subject, at the option of Sellers, to the satisfaction on or prior to Closing of each of the following conditions:

    (a)  Performance. Purchaser shall have performed and observed, in all material respects, all covenants and agreements to be performed or observed by it under this Agreement prior to or on the Closing Date;

    (b)  Representations & Warranties.  The representations and warranties of the Parties set forth in this Agreement shall be true and correct in all material respects at and as of Closing Date as though such representations were made at such time (except to the extent that a representation specifically relates to an earlier date, in which case, as of such earlier date);

    (c)  Deliveries. Purchaser shall have delivered to Sellers duly executed counterparts of the Conveyance, the Assignment and Bill of Sale and the other documents to be delivered by Purchaser under **Section 7.03**; and

    (d)  Orders. The Bankruptcy Court shall have entered a Sale Order and such Sale Order shall not be subject to any effective stay.

**Section 6.02**    Conditions of Purchaser to Closing.

The obligations of Purchaser to consummate the transactions contemplated by this Agreement are subject, at the option of Purchaser, to the satisfaction on or prior to Closing of each of the following conditions:

    (a)  Performance.   Sellers shall have performed and observed, in all material respects, all covenants and agreements to be performed or observed by them under this Agreement, the Approved Bid Procedures and the Final DIP Order prior to or on the Closing Date;

    (b)  Representations & Warranties.  The representations and warranties of the Parties set forth in this Agreement shall be true and correct in all material respects at and as of Closing Date as though such representations were made at such time (except to the extent that a representation specifically relates to an earlier date, in which case, as of such earlier date);

    (c)  Deliveries. Sellers shall have delivered to Purchaser duly executed counterparts of the Conveyance, the Assignment and Bill of Sale and the other documents to be delivered by Sellers under **Section 7.03**; and

16

(d)  <u>Orders</u>. The Bankruptcy Court shall have entered a Sale Order and such Sale Order shall not be subject to any effective stay.;

(e)  <u>Bankruptcy Conditions</u>. The Sale Order, in form and substance reasonably satisfactory to the Purchaser, incorporating the terms of this Agreement, shall be in full force and effect and shall not have been reversed, vacated or stayed and shall not have been materially amended, supplemented or otherwise materially modified without the prior written consent of the Purchaser (which consent may be withheld in its sole discretion):  (a) authorizing and approving the transactions contemplated by this Agreement, including (y) the sale of the Properties free and clear of all Liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code other than any Liens, claims or encumbrances permitted by this Agreement; <u>provided</u>, <u>however</u>, that the treatment of any Senior Prior Liens shall be expressly in accordance with the terms set forth in the Sale Order, and (z) the assumption and assignment to the Purchaser pursuant to Section 365 of the Bankruptcy Code all of the Contracts, (b) finding that the Purchaser is entitled to the protections afforded under Section 363(m) of the Bankruptcy Code and granting such protection to the fullest extent under Section 363(m) of the Bankruptcy Code, and (c) enjoining all persons from asserting any claims which they have, or may have, against any of the Sellers, against the Purchaser (other than any such claims expressly assumed by the Purchaser) based upon successor liability or any other legal theories.

## ARTICLE VII.
## CLOSING

**Section 7.01**    <u>Time and Place of Closing.</u>

(a)  Consummation of the purchase and Sale Transaction as contemplated by this Agreement (the "**Closing**"), shall, unless otherwise agreed to in writing by Purchaser and Sellers or directed by the Bankruptcy Court, and subject to the conditions stated in this Agreement, take place at offices of Snow Spence Green LLP, 2929 Allen Parkway, Suite 2800, Houston, Texas 77019, at 9:00 A.M. local time, on (i) September 9, 2015 (the "**Scheduled Closing Date**") or (ii) if all conditions in **Article VI** to be satisfied prior to Closing have not yet been satisfied or waived, as soon as thereafter as such conditions have been satisfied or waived, subject to the rights of the Parties under **Article VIII**.

(b)  The date on which the Closing occurs is herein referred to as the "**Closing Date**."

**Section 7.02**    Obligations of Sellers at Closing.

At the Closing, upon the terms and subject to the conditions of this Agreement, Sellers shall deliver or cause to be delivered to Purchaser, among other things, the following:

    (a)    the Conveyance, in sufficient duplicate originals to allow recording in all appropriate jurisdictions and offices, duly executed by Sellers;

    (b)    the Assignment and Bill of Sale, duly executed by Sellers;

    (c)    letters-in-lieu of division or transfer orders covering the Properties that are prepared and provided by Sellers to reflect the transactions contemplated hereby, duly executed by Sellers; and

    (d)    executed statements described in Treasury Regulation §1.1445-2(b)(2) certifying that each Seller is not a foreign person within the meaning of the Code and the Treasury Regulations promulgated thereunder.

**Section 7.03**    Obligations of Purchaser at Closing.

At the Closing, upon the terms and subject to the conditions of this Agreement, Purchaser shall deliver or cause to be delivered to Sellers, among other things, the following:

    (a)    written confirmation of cancellation of the indebtedness constituting all or a portion of the Purchase Price;

    (b)    the Conveyance, duly executed by Purchaser;

    (c)    the Assignment and Bill of Sale, duly executed by Purchaser;

    (d)    letters-in-lieu of division or transfer orders covering the Properties duly executed by Purchaser; and

    (e)    payment of all undisputed Cure Costs and the Cash Component as set forth in Section 2.3.

**ARTICLE VIII.**
**TERMINATION**

**Section 8.01**    Termination.

Subject to **Section 8.02**, this Agreement shall be terminated:  (i) at any time prior to Closing by the mutual written consent of Sellers and Purchaser; (ii) by Sellers or Purchaser if Closing has not occurred on or before September 9, 2015 (the "**Termination Date**") provided that the failure to Close is not due to any breach by the Party attempting to terminate this Agreement of any of its representations, warranties, covenants or other obligations contained in this Agreement; (iii) by Purchaser if any condition set forth in **Section 6.02** has not been satisfied or waived by the Scheduled Closing Date;  (iv) by Sellers if any condition set forth in

18

**Section 6.01** has not been satisfied or waived by the Scheduled Closing Date; (v) by Sellers or Purchaser if, pursuant to the Approved Bid Procedures, Sellers accept and close on a competing bid for the purchase of all or a part of the Properties; (vi) by Sellers or Purchaser if the Sale Order is not entered by the Bankruptcy Court by August 28, 2015; (vii) by Purchaser if any of the Sellers' chapter 11 cases are dismissed or converted to chapter 7; (viii) by Purchaser if a chapter 11 trustee or examiner with expanded powers or other person with expanded powers is appointed in any of Sellers' chapter 11 cases; or (ix) by Purchaser if the Bankruptcy Court grants relief from the automatic stay to permit foreclosure or the exercise of other remedies on the Properties; provided, however, that termination under this **Section 8.01** shall not be effective until the Party electing to terminate has delivered written notice to the other Party of its election to so terminate.

      **Section 8.02**   Effect of Termination.

      If this Agreement is terminated pursuant to **Section 8.01**, except as set forth in this **Section 8.02,** this Agreement shall become void and of no further force or effect (except for the provisions of **Sections 10.02**, **10.04**, **10.06**, **10.07**, **10.08**, **10.09**, **10.10**, **10.11**, **10.12**, **10.13**, **10.14**, **10.15**, **10.16, 10.17**, **10.18** and **10.19**).

## ARTICLE IX.
## POST-CLOSING OBLIGATIONS;
## DISCLAIMERS AND WAIVERS

      **Section 9.01**   Recording.

      As soon as practicable after Closing, Purchaser shall record the Conveyance and the Assignment and Bill of Sale in the appropriate counties as well as the appropriate Governmental Authorities and provide Sellers with copies of all recorded or approved instruments.

      **Section 9.02**   Assumption of Contracts.

      The sale of the Properties is and will be made subject to the Contracts and any applicable governmental rules and regulations related to the ownership and operation of the Properties and to which the Properties are presently subject.  Purchaser shall assume and be responsible for the Cure Costs and all obligations accruing under the Contracts arising prior to, on or after the Effective Time.

## ARTICLE X.
## MISCELLANEOUS

      **Section 10.01** Counterparts.

      This Agreement may be executed in counterparts, each of which shall be deemed an original instrument, but all such counterparts together shall constitute but one agreement. Delivery of an executed counterpart signature page by facsimile or electronic transmittal (e.g., in PDF format) is as effective as executing and delivering this Agreement in the presence of other Parties to this Agreement.

**Section 10.02** Notice.

Any notice provided or permitted to be given under this Agreement shall be in writing, and may be served by personal delivery, by registered or certified U.S. mail, addressed to the Party to be notified, postage prepaid, return receipt requested, by facsimile, or by overnight air courier sent, in each case, to the appropriate address or number as follows:

If to Sellers:

> WBH Energy
> 4407 Bee Caves Road, Suite 421
> Austin, Texas 78746
> Attention:  Joe Warnock
>
> with a copy to:
>
> Willkie Farr & Gallagher LLP
> 600 Travis Street, Suite 2310
> Houston, Texas 77002
> Attention:  Michael De Voe Piazza
> Facsimile:  (713) 510-1799
> E-mail:  mpiazza@willkie.com
>
> and to:
>
> Bracewell & Giuliani LLP
> 711 Louisiana Street
> Suite 2300
> Houston, Texas  77002-2770
> Attention:  William A. Wood III
> Facsimile:  (713) 221-2124
> E-mail:  trey.wood@bgllp.com

If to Purchaser:

> CL III Funding Holding Company, LLC
> 4600 Wells Fargo Center
> 90 South 7th Street
> Minneapolis, MN  55402
> Attention:  Luke Beltnick
> Telephone:  612-851-3019
> Facsimile:  612-851-3001
> Email**:**  luke.beltnick@castlelake.com

#4989545.1

with a copy to:

Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Attn: Phil F. Snow
Facsimile: 713-335-4902
Email: philsnow@snowspencelaw.com

Either Party may change its address for notice by notice to the other in the manner set forth above. All such notices and communications shall be deemed to have been received: if personally delivered, at the time delivered by hand; if mailed, three (3) Business Days after being deposited in the mail; if faxed, upon confirmation of receipt if the confirmation is between 9:00 a.m. and 5:00 p.m. local time of the recipient on a Business Day, otherwise on the first Business Day following confirmation of receipt, and, if sent by overnight air courier, on the next Business Day after timely delivery to the courier.

**Section 10.03** <u>Sales or Use Tax Recording Fees and Similar Taxes and Fees.</u>

Purchaser shall bear and pay any sales, use, excise, real property transfer, gross receipts, goods and services, registration, capital, documentary, stamp or transfer Taxes, recording fees and similar Taxes and fees incurred and imposed upon, or with respect to, the property transfers or other transactions contemplated hereby. If such transfers or transactions are exempt from any such Taxes or fees upon the filing of an appropriate certificate or other evidence of exemption, Sellers will timely furnish to Purchaser such certificate or evidence.

**Section 10.04** <u>Expenses.</u>

Except as provided in **Section 10.03**, all expenses incurred by Sellers in connection with or related to the authorization, preparation or execution of this Agreement, the Conveyance and Assignment and Bill of Sale delivered hereunder and the Exhibits and Schedules hereto and thereto, and all other matters related to the Closing, including all fees and expenses of counsel, accountants and financial advisers employed by Sellers, shall be borne by Sellers, and all such expenses incurred by Purchaser shall be borne by Purchaser; provided however, this provision shall not affect Purchaser's right to reimbursement under any applicable Bankruptcy Court Order or agreement of the Parties.

**Section 10.05** <u>Replacement of Bonds, Letters of Credit and Guarantees.</u>

To the extent transferable, the bonds, letters of credit and guarantees, if any, posted by Sellers with Governmental Authorities or other parties and relating to the Properties are to be transferred to Purchaser. To the extent that such bonds, letters of credit and guarantees are not transferable, on, before or after Closing, Purchaser shall obtain, or cause to be obtained in the name of Purchaser, replacements for such bonds, letters of credit and guarantees to consummate the transactions contemplated by this Agreement. Purchaser may also provide evidence that such replacements are not necessary as a result of existing bonds, letters of credit or guarantees that

21

Purchaser has previously posted as long as such existing bonds, letters of credit or guarantees are adequate to secure the release of those posted by Sellers.

**Section 10.06** GOVERNING LAW AND VENUE.

THIS AGREEMENT AND THE LEGAL RELATIONS AMONG THE PARTIES SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAW THAT WOULD DIRECT THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION. THE AGREED-UPON MANDATORY VENUE FOR ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE THE UNITED STATES FEDERAL COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION.

**Section 10.07** JURISDICTION; WAIVER OF JURY TRIAL.

EACH PARTY CONSENTS TO PERSONAL JURISDICTION IN ANY ACTION BROUGHT IN THE UNITED STATES FEDERAL COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION, WITH RESPECT TO ANY DISPUTE, CLAIM OR CONTROVERSY ARISING OUT OF OR IN RELATION TO OR IN CONNECTION WITH THIS AGREEMENT, AND EACH OF THE PARTIES AGREES THAT ANY ACTION INSTITUTED BY IT AGAINST THE OTHER WITH RESPECT TO ANY SUCH DISPUTE, CONTROVERSY OR CLAIM WILL BE INSTITUTED EXCLUSIVELY IN THE UNITED STATES FEDERAL COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION. THE PARTIES HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST ANOTHER IN ANY MATTER WHATSOEVER ARISING OUT OF OR IN RELATION TO OR IN CONNECTION WITH THIS AGREEMENT.

**Section 10.08** Captions.

The captions in this Agreement are for convenience only and shall not be considered a part of or affect the construction or interpretation of any provision of this Agreement.

**Section 10.09** Waivers.

Any failure by any Party or Parties to comply with any of its or their obligations, agreements or conditions herein contained may be waived in writing, but not in any other manner, by the Party or Parties to whom such compliance is owed. No waiver of, or consent to a change in, any of the provisions of this Agreement shall be deemed or shall constitute a waiver of, or consent to a change in, other provisions hereof (whether or not similar), nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

**Section 10.10** Assignment.

No Party shall assign all or any part of this Agreement, nor shall any Party assign or delegate any of its rights or duties hereunder, without the prior written consent of the other Party and any assignment or delegation made without such consent shall be void.

**Section 10.11** <u>Entire Agreement.</u>

This Agreement and the documents to be executed hereunder and the Exhibits and Schedules attached hereto, constitute the entire agreement between the Parties pertaining to the subject matter hereof, and supersede all prior agreements, understandings, negotiations and discussions, whether oral or written, of the Parties pertaining to the subject matter hereof.

**Section 10.12** <u>Amendment.</u>

(a)  This Agreement may be amended or modified only by an agreement in writing executed by Sellers, on the one hand, and the Purchaser, on the other hand, subject to approval by the Bankruptcy Court, as applicable.

(b)  No waiver of any right under this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

**Section 10.13** <u>No Third-Party Beneficiaries.</u>

Nothing in this Agreement shall entitle any Person other than Purchaser and Sellers to any claims, cause of action, remedy or right of any kind.

**Section 10.14** <u>Invalid Provisions.</u>

If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future Laws effective during the term hereof, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be effected by the illegal, invalid or unenforceable provision or by its severance from this Agreement.

**Section 10.15** <u>References.</u>

In this Agreement:

(a)  References to any gender includes a reference to all other genders;

(b)  References to the singular includes the plural, and vice versa;

(c)  Reference to any Article or Section means an Article or Section of this Agreement;

(d)  Reference to any Exhibit or Schedule means an Exhibit or Schedule to this Agreement, all of which are incorporated into and made a part of this Agreement;

(e)  Unless expressly provided to the contrary, "hereunder," "hereof," "herein" and words of similar import are references to this Agreement as a whole and not any particular Section or other provision of this Agreement;

23

(f)  "Include" and "including" shall mean include or including without limiting the generality of the description preceding such term;

(g)  If a term is defined as one part of speech (such as a noun), it shall have a corresponding meaning when used as another part of speech (such as a verb). Terms defined in the singular have the corresponding meanings in the plural, and vice versa.  Unless the context of this Agreement clearly requires otherwise, words importing the masculine gender shall include the feminine and neutral genders and vice versa;

(h)  The term "cost" includes expense and the term "expense" includes cost.  All references to "dollars" or "$" shall be deemed references to United States dollars;

(i)  The words "shall" and "will" are used interchangeably and have the same meaning.  The word "or" will have the inclusive meaning represented by the phrase "and/or" unless the context requires otherwise;

(j)  The captions in this Agreement are for convenience only and shall not be considered a part of or affect the construction or interpretation of any provision of this Agreement;

(k)  Any event hereunder requiring the payment of cash or cash equivalents and any action to be taken hereunder on a day that is not a Business Day shall be deferred until the first Business Day occurring after such day;

(l)  Each Exhibit and Schedule to this Agreement is a part of this Agreement, but if there is any conflict or inconsistency between the main body of this Agreement and any Exhibit or Schedule, the provisions of the main body of this Agreement shall prevail; and

(m)  Time periods within or following which any payment is to be made or an act is to be done shall be calculated by excluding the day on which the time period commences and including the day on which the time period ends and by extending the period to the next Business Day following if the last day of the time period is not a Business Day.

**Section 10.16** Construction.

Sellers and Purchaser have had substantial input into the drafting and preparation of this Agreement and have had the opportunity to exercise business discretion in relation to the negotiation of the details of the transaction contemplated hereby.  This Agreement is the result of arm's-length negotiations from equal bargaining positions.

24

**Section 10.17** <u>Limitation on Damages.</u>

NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, NEITHER PURCHASER, SELLERS NOR ANY OF THEIR RESPECTIVE AFFILIATES SHALL BE ENTITLED TO EITHER PUNITIVE, SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY AND PURCHASER AND EACH SELLER, FOR THEMSELVES AND ON BEHALF OF THEIR AFFILIATES, HEREBY EXPRESSLY WAIVES ANY RIGHT TO PUNITIVE, SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFITS IN CONNECTION WITH THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY, EXCEPT TO THE EXTENT SELLERS OR PURCHASER IS REQUIRED TO PAY PUNITIVE, SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES TO A THIRD PARTY.

**Section 10.18** <u>Binding Effect.</u>

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto, and their respective successors and assigns, subject only to approval of the Bankruptcy Court.

**Section 10.19** <u>No Rescission.</u>

No breach of this Agreement by any Party will entitle any other Party to the right or remedy of rescission.

*[Remainder of page intentionally left blank]*

25

#4989545.1

**IN WITNESS WHEREOF**, this Agreement has been signed by each of the Parties hereto on the date first above written.

## SELLERS

WBH ENERGY, LP

BY: WBH ENERGY GP, LLC
ITS: GENERAL PARTNER

By: _____

Name: _____

Title: _____


WBH ENERGY PARTNERS LLC

By: _____

Name: _____

Title: _____


## PURCHASER

CL III FUNDING HOLDING COMPANY, LLC

By: _____

Name: _____

Title: _____


*Signature Page to Purchase and Sale Agreement*

#4989545.1

## <u>APPENDICES, EXHIBITS AND SCHEDULES</u>

| | |
|---|---|
| **Appendix I** | Definitions |
| **Exhibit A** | Leases |
| **Exhibit A-1** | Wells and Personal Property |
| **Exhibit A-2** | Units |
| **Exhibit B** | Intentionally Omitted |
| **Exhibit C** | Conveyance |
| **Exhibit D** | Assignment and Bill of Sale |
| **Schedule 1.02(d)** | Contracts |
| **Schedule 3.02** | Consents |
| **Schedule 5.04(a)** | Estimate of Taxes |

Appendices, Exhibits and Schedules

#4989545.1

# APPENDIX I

## Definitions

"**Affiliate**" shall mean, as to any Person, any other Person directly or indirectly, controlling, or under common control with, such Person, and includes any "affiliate" of such Person within the meaning of Rule 12b-2 promulgated by the Securities and Exchange Commission pursuant to the Securities Exchange Act of 1934, with "control," as used in this definition, meaning possession, directly or indirectly, of the power to direct or cause the direction of management, policies or action through ownership of voting securities, contract, voting trust, or membership in management or in the group appointing or electing management or otherwise through formal or informal arrangements or business relationships; provided, however, that in no event shall Purchaser be deemed an Affiliate of any of the Sellers.

"**Agreement**" has the meaning set forth in the preamble.

"**Approved Bid Procedures**" mean the bid procedures approved by the Bankruptcy Court in connection with the Sale Motion.

"**Assignment and Bill of Sale**" has the meaning set forth in **Section 3.01**.

"**Avoidance Actions**" means any and all actions which a trustee, Debtor-in-possession or other appropriate party in interest may assert on behalf of the Estate under applicable state statute or Chapter 5 of the Bankruptcy Code, including actions under one or more provisions of sections 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, and 553.

"**Bankruptcy Case**" has the meaning set forth in the Recitals.

"**Bankruptcy Code**" has the meaning set forth in the Recitals.

"**Bankruptcy Court**" has the meaning set forth in the Recitals.

"**Bid Procedures Order**" means the Bankruptcy Court's Order Approving Bidding Procedures; Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; Approving Form and Notice Thereof at Docket No. 361.

"**Business Day**" means each calendar day except Saturdays, Sundays, and any other day on which commercial banks in Texas are authorized or required by Law to close.

"**Cash Component**" has the meaning set forth in **Section 2.03**.

"**CL III**" has the meaning set forth in the preamble.

"**Closing**" has the meaning set forth in **Section 7.01(a)**.

"**Closing Date**" has the meaning set forth in **Section 7.01(b)**.

#4989545.1

"**Contracts**" has the meaning set forth in **Section 1.02(d)**.

"**Control Person**" has the meaning set forth in **Section 1.06(b)**.

"**Conveyance**" has the meaning set forth in **Section 3.01**.

"**Cure Costs**" has the meaning set forth in **Section 5.07**.

"**Debtor Party**" and "**Debtor Parties**" have the meanings set forth in **Section 1.06(b)**.

"**DIP Credit Agreement**" shall mean that certain Senior Secured, Superpriority Debtor-in-Possession Credit Agreement by and among WBH Energy, LP, WBH Energy Partners LLC and WBH Energy GP, LLC, as the borrowers, and CL III Funding Holding Company, LLC as the lender, dated as of June 5, 2015.

"**DIP Loan**" shall mean the $5,000,000.00 superpriority debtor-in-possession loan made by the Lender to or for the benefit of any or all of the Sellers pursuant to the DIP Loan Documents.

"**DIP Loan Documents**" has the meaning set forth in the DIP Credit Agreement.

"**DIP Obligations**" has the meaning set forth in the DIP Credit Agreement.

"**Effective Time**" has the meaning set forth in **Section 1.05(a)**.

"**Equipment**" has the meaning assigned to that term in the UCC and includes all surface or subsurface machinery, goods, equipment fixtures, facilities, supplies or other personal or moveable property of whatsoever kind or nature (excluding property rented by Sellers or taken to the premises for temporary uses) now owned (in whole or in part) by Sellers which are now located on or under any of the Lands attributable to the Oil and Gas Properties which are used or held for use in connection with the production, gathering, treatment, processing, storage or transportation of Hydrocarbons, including any of the above covered by the Pipeline Construction, Ownership and Operating Agreement, dated effective May 1, 2012, between Montague Transfer Partners, LLC, WBH LP and Strategic Energy Income Fund I, LP (the "**Pipeline Agreement**") (together with all accessions, additions and attachments to any thereof), including, without limitation, all Wells, casing, tubing, tubular goods, rods, pumping units and engines, Christmas trees, platforms, derricks, separators, compressors, gun barrels, flow lines, water injection lines, tanks, gas systems (for gathering, treating and compression), pipelines (including gathering lines, laterals and trunklines), chemicals, solutions, water systems (for treating, disposal and injection), power plants, poles, lines, transformers, starters and controllers, machine shops, tools, storage yards and equipment stored therein, loading docks, loading racks, shipping facilities, platforms, well equipment, wellhead valves, meters, motors, pumps, tankage, regulators, furniture, automotive equipment, forklifts, storage and handling equipment, together with all additions and accessions thereto, all replacements and all accessories and parts therefor, all manuals, blueprints, documentation and processes, warranties and records in connection therewith including, without limitation, all rights against suppliers, warrantors, manufacturers,

sellers or others in connection therewith, and together with all substitutes for any of the foregoing.

"**Excluded Assets**" has the meaning set forth in **Section 1.04**.

"**Final DIP Order**" shall mean the Bankruptcy Court order approving the DIP Loan and the DIP Loan Documents.

"**Governmental Authority**" shall mean any nation, country, commonwealth, territory, government, state, county, parish, municipality, or other political subdivision and any entity exercising executive, legislative, judicial, regulatory, or administrative functions of or pertaining to government.

"**Hydrocarbons**" means oil, gas, condensate and other gaseous and liquid hydrocarbons or any combination thereof, including scrubber liquid inventory and ethane, propane, isobutene, nor-butane and gasoline inventories (including tank bottoms), and sulphur and other minerals extracted from or produced from the foregoing hydrocarbons.

"**Imbalance**" means any over-production, under-production, over-delivery, under-delivery or similar imbalance of Hydrocarbons produced from or allocated to the Properties, regardless of whether such imbalance arises at the platform, wellhead, pipeline, gathering system, transportation system, processing plant or other location.

"**Income Tax**" means any federal, state, local or non U.S. Tax imposed on or measured by, or by reference to, income (however denominated), receipts, sales, proceeds, profits, gains and similar items or Taxes, franchise Taxes and similar state and local Taxes.

"**Junior Pre-Petition Credit Agreement**" has the meaning set forth in the definition of "Lender Pre-Petition Loan Documents".

"**Lands**" means all lands which are covered by the Leases, or the lands pooled, unitized, communitized or consolidated therewith, together with any easements and other real property rights and interests covered by the Leases, including lands covering pipelines, gathering lines, trunklines, laterals and tanks connected with the lands covered by the Leases, including those lands that are subject to the Pipeline Agreement or that otherwise relate to the Pipeline Assets.

"**Laws**" means all applicable statutes, rules, regulations, ordinances, orders, and codes of Governmental Authorities.

"**Lease**" or "**Leases**" means all of the oil and gas leases; oil, gas and mineral leases; subleases and other leaseholds; carried interests; mineral fee interests; overriding royalty interests; reversionary rights; farmout rights; options; convertible interests; net profit interests and other properties and interests (a) described on <u>Exhibit A</u> attached hereto or (b) to which Sellers have any right, title and interest in and to as of the Closing Date, subject to such depth limitations and restrictions set forth on <u>Exhibit A</u> or referenced in the instruments that constitute (or are in the chain of title to) the foregoing properties and interests, and together with all extensions, renewals, replacements, corrections, modifications, elections or amendments to any

Appendix I – Page 3

of them.

"**Lease Interests**" means all of Sellers' rights, titles, interests and estates through the Closing Date in and to the Leases, including all working interests, overriding royalty interests, net profits interests, carried interests, reversionary interests, production payment or similar rights or interests in the Leases.

"**Lender**" has the meaning set forth in the definition of Lender Pre-Petition Loan Documents.

"**Lender Pre-Petition Loan Documents**" means, collectively, (i) the Loan Agreement, dated October 17, 2013, between WBH Partners, WBH LP and WBH GP, as Borrowers, and Green Bank, N.A., as Lender (the "**Lender**"), as amended by the Amended and Restated Loan Agreement (as amended, supplemented, and modified, the "**Senior Pre-Petition Loan Agreement**"), dated December 19, 2013, between WBH Partners, WBH LP and WBH GP, as Borrowers, and Green Bank, N.A., as Lender, and the following documents executed and provided in connection therewith: (a) Revolving Note, dated October 17, 2013, in the original principal amount of $15,000,000; (b) Security Agreement, dated as of October 17, 2013, between WBH Partners, as debtor, and Green Bank, as secured party; (c) Security Agreement, dated as of October 17, 2013, between WBH LP, as debtor, and Green Bank, as secured party; (d) Security Agreement, dated as of October 17, 2013, between WBH GP, as debtor, and Green Bank, as secured party; (e) UCC Financing Statement filed on October 17, 2013 with the Texas Secretary of State, Initial Filing No. 13-0033097258; and (f) Amended, Restated and Supplemented Deed of Trust, Mortgage, Security Agreement, Assignment of Production and Financing Statement, dated as of December 19, 2013, from WBH LP to Geoffrey D. Greenwade, as Trustee for the benefit of Green Bank, N.A. as recorded in the Official Public Records of Cooke County, Texas at Doc. No. 2013-43724, Vol. 1910, Pg. 526, filed on December 26, 2013 and the Official Public Records of Montague County, Texas at Inst. No. 1313777, Vol. 728, Pg. 478, filed on December 26, 2013; and (ii) the Credit Agreement (as amended, supplemented, and modified, the "**Junior Pre-Petition Credit Agreement**"), dated December 19, 2013, between WBH LP, as Borrower, and Lender, as amended by First Amendment to Credit Agreement entered into as of December 31, 2013, between WBH LP, as Borrower and Lender, as further amended by the Second Amendment to Credit Agreement, dated as of April 21, 2014, between WBH LP, as Borrower and Lender, and the following documents executed and provided in connection therewith: (a) Advancing Term Note, dated December 19, 2013, in the original principal amount of $31,500,000; (b) Security Agreement, dated as of December 19, 2013, between WBH Partners, as debtor, and Lender, as secured party; (c) Security Agreement, dated as of December 19, 2013, between WBH LP, as debtor, and Lender, as secured party; (d) Security Agreement, dated as of December 19, 2013, between WBH GP, as debtor, and Lender, as secured party; (e) UCC Financing Statement filed on December 31, 2013 with the Texas Secretary of State, Initial Filing No. 13-0040383274; (f) UCC Financing Statement filed on January 3, 2014 with the Texas Secretary of State, Initial Filing No. 14-0000880536; (g) UCC Financing Statement filed on January 2, 2014 with the Texas Secretary of State, Initial Filing No. 14-0000061901; and (h) Deed of Trust, Mortgage, Security Agreement, Assignment of Production and Financing Statement, dated as of December 19, 2013, from WBH LP to Holly C. Hamm, as Trustee for the benefit of Lender as recorded in the Official Public Records of Cooke County, Texas at Doc. No.

2013-43731, Vol. 1910, Pg. 622, filed on December 26, 2013 and the Official Public Records of Montague County, Texas at Inst. No. 1313778, Vol. 728, Pg. 554, filed on December 26, 2013.

"**Lender Pre-Petition Loans**" means, collectively, (i) as of January 4, 2015, the amount of $5,547,306.28 outstanding pursuant to the terms of the Senior Pre-Petition Loan Agreement, and (ii) as of January 4, 2015, the amount of $28,901,217.37 outstanding under the Junior Pre-Petition Credit Agreement. On December 10, 2014, Green Bank, N.A. sold, transferred, assigned, granted, and conveyed to Lender the Senior Pre-Petition Loan Agreement and all indebtedness and obligations owing to Green Bank, N.A., along with all rights, benefits, remedies and privileges of Green Bank, N.A.

"**Lewis-Stuart Completion Operations**" means the completion operations to be performed with respect to the Lewis-Stuart Completion Operation Wells pursuant to Approved Lewis-Stuart Completion AFEs.

"**Lewis-Stuart Completion Operation Wells**" means the Lewis-Stuart B-1H Well, Lewis-Stuart B-2H Well, Lewis-Stuart E-1H Well, Lewis-Stuart E-2H Well, Lewis-Stuart F-3H Well and Lewis-Stuart F-4H Well.

"**Lien**" shall mean any interest in Property securing an obligation owed to, or a claim by, a Person other than the owner of such Property, whether such interest is based on common law, statute, or contract, and including, but not limited to, the lien or security interest arising from a mortgage, ship mortgage, encumbrance, pledge, security agreement, conditional sale or trust receipt, or a lease, consignment, or bailment for security purposes (other than true leases or true consignments), liens of mechanics, materialmen, and artisans, maritime liens and reservations, exceptions, encroachments, easements, rights of way, covenants, conditions, restrictions, leases, and other title exceptions and encumbrances affecting Property which secure an obligation owed to, or a claim by, a Person other than the owner of such Property (for the purpose of this Agreement, each of the Sellers shall be deemed to be the owner of any Property which it has acquired or holds subject to a conditional sale agreement, financing lease, or other arrangement pursuant to which title to the Property has been retained by or vested in some other Person for security purposes).

"**Oil and Gas Properties**" has the meaning set forth in **Section 1.02**.

"**Oil and Gas Properties Credit Bid**" has the meaning set forth in **Section** 2.01.

"**Party**" and "**Parties**" have the meanings set forth in the preamble.

"**Person**" means any individual, firm, corporation, partnership, limited liability company, joint venture, association, trust, unincorporated organization, government or agency or subdivision thereof or any other entity.

"**Personal Property**" has the meaning set forth in **Section 1.03**.

"**Personal Property Credit Bid**" has the meaning set forth in **Section 2.02**.

Appendix I – Page 5

"**Pipeline Agreement**" has the meaning set forth in the definition of "Equipment".

"**Pipeline Assets**" mean all of Sellers' rights, title and interest in and to the pipelines and gathering systems described in Schedules A and B of Sellers' Bankruptcy Schedules, including all contract rights, including but not limited to under the Pipeline Agreement.

"**Pre-Petition Liens**" shall mean any Lien securing claims (i) listed on Schedule D of the Schedules of Assets and Liabilities filed by the Sellers in the Bankruptcy Court; (ii) for which a proof of claim was timely filed asserting a secured claim against Sellers; or (iii) for which an affidavit of lien was filed in the real property records of the county in which Sellers' properties are located.

"**Projected Reserve Value**" means, determined as of a contemplated date of a foreclosure sale of the Oil and Gas Properties, the net cash flow discounted to net present value by ten percent (10%) of estimated oil and gas production computed by a petroleum engineering firm in accordance with the Society of Petroleum Engineers and SEC standing taking into account (i) direct taxes, lease operating expenses, capital expenditures, abandonment costs (all of which shall take into account Sellers or the current operator's actual expenses with respect to such costs), and (ii) the following pricing assumptions:

(a)      for all natural gas to be sold by Sellers, the purchase price will be based on the NYMEX Natural Gas forward price curve as of the applicable evaluation date, using price escalators or de-escalators existing in the market for the remaining life of the Properties.

(b)      for crude oil to be sold by Sellers, the purchase price will be based on the NYMEX Crude Oil forward price curve as of the applicable evaluation date, using price escalators or de-escalators existing in the market for the remaining life of the Properties.

(c)      all Hydrocarbon pricing assumptions will be further adjusted (A) by appropriate quality, transportation and location differentials, and (B) to account for the historical basis differentials for each month during the preceding 12-month period calculated by comparing realized natural gas and crude oil prices to the average monthly benchmark spot prices (as quoted in Bloomberg) for natural gas and crude oil, provided that the benchmark prices set forth in this clause (c)(B) shall be based on the Henry Hub Natural Gas Spot Price (Bloomberg ticker: NGUSHHUB Index) and Bloomberg West Texas Intermediate Cushing Crude Oil Spot Price (Bloomberg ticker: USCRWTIC Index).

"**Property**" or "**Properties**" means (i) all real property of any kind or character owned by Sellers, including the Oil and Gas Properties, and (ii) all Personal Property of Sellers.  For purposes of this Agreement, Sellers will be deemed to be the owners of any Property which they have acquired or hold subject to a conditional sale agreement, or lease under a financing lease or other arrangement pursuant to which title to the Property has been retained by or vested in some other Person in a transaction intended to create a financing.

"**Property Costs**" has the meaning set forth in **Section 1.05(c)**.

Appendix I – Page 6

"**Purchase Price**" has the meaning set forth in **Section 2.03**.

"**Purchaser**" has the meaning set forth in the preamble.

"**Records**" has the meaning set forth in **Section 1.03(c)**.

"**Retention Period**" has the meaning set forth in **Section 1.06(b)**

"**Sale Motion**" means a motion providing for, among other things, the approval of bid procedures with respect to the Sale Transaction and the credit bid by Purchaser with respect to the DIP Loan and the Lender Pre-Petition Loans, as set forth in this Agreement.

"**Sale Transaction**" means a sale of all or substantially all of the Sellers' assets pursuant to a stalking horse credit bid made by Purchaser, subject to higher and better offers, or any other sale of all or substantially all of the Sellers' assets reasonably acceptable to the Purchaser so long as such sale was conducted in compliance with the Approved Bid Procedures.

"**Sale Order**" means an order of the Bankruptcy Court, acceptable to Sellers and Purchaser, entered pursuant to Sections 105, 363, and 365 of the Bankruptcy Code (i) approving this Agreement and the transactions contemplated hereby; (ii) approving the sale and transfer of the Properties to Purchaser free and clear of all Liens, claims and interests, pursuant to Section 363(f) of the Bankruptcy Code to the extent provided for in this Agreement, (iii) approving the assumption and assignment to Purchaser of the assigned Contracts; (iv) finding that Purchaser is a good-faith purchaser entitled to the protections of Section 363(m) of the Bankruptcy Code; (v) finding that due and adequate notice of the Sale Motion and an opportunity to be heard were provided to all Persons entitled thereto, including but not limited to federal, state and local taxing and regulatory authorities; and (vi) providing that the provisions of Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) are waived and there will no stay of execution of the Sale Order under Rule 62(a) of the Federal Rules of Civil Procedure .

"**Scheduled Closing Date**" has the meaning set forth in **Section 7.01(a)**.

"**Seller**" and "**Sellers**" has the meaning set forth in the preamble.

"**Senior Pre-Petition Loan Agreement**" has the meaning set forth in the definition of "Lender Pre-Petition Loan Documents".

"**Senior Prior Lien**" means a Pre-petition Lien on Sellers' interests in the Properties, other than the Lewis-Stuart Completion Wells, the Oil and Gas Properties associated with the Lewis-Stuart Completion Operation Wells and the Personal Property, which is determined by the Bankruptcy Court to be senior in priority to the Liens securing the Lender Pre-Petition Loans under the Lender Pre-Petition Loan Documents.

"**Tax Returns**" means all reports, returns, statements (including estimated reports, returns, or statements), and other similar filings.

#4989545.1

"**Taxes**" means all federal, state, local, and foreign income, profits, franchise, sales, use, ad valorem, property, severance, production, excise, stamp, documentary, real property transfer or gain, gross receipts, goods and services, registration, capital, transfer, or withholding taxes or other governmental fees or charges imposed by any taxing authority, including any interest, penalties or additional amounts which may be imposed with respect thereto.

"**Termination Date**" has the meaning set forth in **Section 8.01**.

"**UCC**" shall mean the Uniform Commercial Code as from time to time in effect in the State of Texas.

"**Units**" has the meaning set forth in **Section 1.02(c)**.

"**WBH LP**" has the meaning set forth in the preamble.

"**WBH GP**" means WBH Energy GP, LLC, a Texas limited liability company.

"**WBH Partners**" has the meaning set forth in the preamble.

"**Well**" means any existing Hydrocarbon well, salt water disposal well, injection well, water supply well or any other well located on the Lands in which either of the Sellers owns an interest, including the Wells shown on Exhibit A-1 attached hereto.

"**Well Interests**" means all of Sellers' right, title, interest and estates in and to the Wells, including all working interests, overriding royalty interests, net profits interests, carried interests, reversionary interests, production payments or similar rights or interests in the Wells.

#4989545.1

## EXHIBIT A
## LEASES

| Lessor | Lessee | Effective Date | Vol. | Pg. | County |
|--------|--------|----------------|------|-----|--------|
| **Unit A** | | | | | |
| **TRACT A-20** | | | | | |
| James S. Patterson and Frances L. Patterson, Trustees of the Patterson Family Living Trust | Brim Oil & Gas Co. | 10/7/2009 | 499 | 237 | Montague |
| Earley LaRue Smith Vann | Brim Oil & Gas Co. | 10/7/2009 | 499 | 239 | Montague |
| Anna Louise Graves and Frank W. Graves, Trustees of the Graves Minerals Trust | Brim Oil & Gas Co. | 10/7/2009 | 499 | 240 | Montague |
| Jack H. Smith and wife, Charlene Y. Smith | Brim Oil & Gas Co. | 10/7/2009 | 499 | 241 | Montague |
| Jim Christanelli | Brim Oil & Gas Co. | 10/7/2009 | 499 | 242 | Montague |
| Reba Pyles | Brim Oil & Gas Co. | 10/7/2009 | 499 | 243 | Montague |
| Gertrude Smith Watkins | Brim Oil & Gas Co. | 10/7/2009 | 499 | 244 | Montague |
| Kathee Jo Dwyer | Brim Oil & Gas Co. | 10/7/2009 | 499 | 245 | Montague |
| Francine Fish Rowe | Brim Oil & Gas Co. | 10/12/2009 | 499 | 246 | Montague |
| Suzanne Fish Kinnebrew | Brim Oil & Gas Co. | 10/23/2009 | 499 | 247 | Montague |
| William E. and Linda F. Patterson Living Trust | Brim Oil & Gas Co. | 10/7/2009 | 499 | 238 | Montague |
| Ollie P. Davidson by POA S.T. McCaskill, Jr. | Brim Oil & Gas Co. | 10/7/2009 | 506 | 304 | Montague |
| Sharon Cude Larsen, AIF for Mary June Cude aka Mary June Davidson | Brim Oil & Gas Co. | 3/2/2011 | 560 | 25 | Montague |
| Tommie Sappington for William Michael McGann, Sr. and Marvin W. Davidson | Brim Oil & Gas Co. | 5/29/2012 | 629 | 49 | Montague |
| Tommie Sappington for Dorothy Elson | WBH Energy Partners, LLC | 5/29/2013 | 694 | 434 | Montague |
| Tommie Sappington for HP Kirkpatrick | Brim Oil & Gas Co. | 8/28/2012 | 649 | 349 | Montague |
| **TRACT A-21 & A-22** | | | | | |
| Jeff Byas | Brim Oil & Gas Co. | 11/1/2006 | 377 | 268 | Montague |
| Merle C. Wiggs and wife, Patti R. Wiggs | Brim Oil & Gas Co. | 11/27/2007 | 426 | 341 | Montague |
| Pat Key Wiggs | Brim Oil & Gas Co. | 11/9/2007 | 426 | 342 | Montague |
| Janet Knous | Brim Oil & Gas Co. | 11/6/2007 | 426 | 343 | Montague |
| Doris Young | Brim Oil & Gas Co. | 11/6/2007 | 426 | 344 | Montague |
| Cindy Lehman | Brim Oil & Gas Co. | 11/9/2007 | 426 | 345 | Montague |
| Michael H. Wiggs | Brim Oil & Gas Co. | 11/6/2007 | 426 | 346 | Montague |
| Patricia Pinkston | Brim Oil & Gas Co. | 11/6/2007 | 426 | 347 | Montague |
| Kenneth Byas | Brim Oil & Gas Co. | 1/13/2009 | 469 | 876 | Montague |
| Jerry Byas | Brim Oil & Gas Co. | 1/13/2009 | 469 | 877 | Montague |
| Donald G. Byas | Brim Oil & Gas Co. | 1/13/2009 | 469 | 878 | Montague |
| Jack L. Byas | Brim Oil & Gas Co. | 1/13/2009 | 469 | 879 | Montague |
| Kathy Byas Adams | Brim Oil & Gas Co. | 1/13/2009 | 478 | 249 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Betty Dye Lyell | Brim Oil & Gas Co. | 3/17/2010 | 560 | 38 | Montague |
| Wanda F. Clark | Brim Oil & Gas Co. | 2/2/2012 | 610 | 683 | Montague |
| Lena Lorena True Shockley | Brim Oil & Gas Co. | 2/21/2012 | 612 | 865 | Montague |
| Billie Williams | Brim Oil & Gas Co. | 2/21/2012 | 612 | 866 | Montague |
| Patricia A. Sculley | Brim Oil & Gas Co. | 2/21/2012 | 612 | 867 | Montague |
| Joe Wayne Allgood | Brim Oil & Gas Co. | 2/13/2012 | 612 | 868 | Montague |
| Donna Jo Arthur Perkins | Brim Oil & Gas Co. | 2/21/2012 | 612 | 869 | Montague |
| Bobbie G. Hollingsworth | Brim Oil & Gas Co. | 2/21/2012 | 613 | 366 | Montague |
| Homer Merle Bell | Brim Oil & Gas Co. | 2/24/2012 | 613 | 367 | Montague |
| Harold Shockley | Brim Oil & Gas Co. | 2/24/2012 | 614 | 507 | Montague |
| Iris Yvonne Vaughn | Brim Oil & Gas Co. | 2/21/2012 | 614 | 508 | Montague |
| Nell Shockley | Brim Oil & Gas Co. | 2/24/2012 | 614 | 509 | Montague |
| Hope Shockley | Brim Oil & Gas Co. | 2/24/2012 | 617 | 368 | Montague |
| Harold E. Richter | Brim Oil & Gas Co. | 2/24/2012 | 617 | 369 | Montague |
| Edith Sutton | Brim Oil & Gas Co. | 2/24/2012 | 617 | 370 | Montague |
| Wayne Bell | Brim Oil & Gas Co. | 2/24/2012 | 617 | 371 | Montague |
| Karen Michelle Johnson | Brim Oil & Gas Co. | 2/24/2012 | 617 | 372 | Montague |
| Richard Byas | Brim Oil & Gas Co. | 3/28/2012 | 618 | 495 | Montague |
| Marie McCollum Trust, et al, and Wells Fargo Bank, Co-Trustee | Brim Oil & Gas Co. | 3/15/2012 | 624 | 26 | Montague |
| Marie McCollum Trust, et al, and Wells Fargo Bank, Co-Trustee | Brim Oil & Gas Co. | 3/15/2012 | 624 | 28 | Montague |
| Tommie Sappington for David Michael Little, Zonna Sue Byas Kingsley, and Nancy Jean Little | Brim Oil & Gas Co. | 5/29/2012 | 629 | 45 | Montague |
| William Jacob Van Wyk, III | Brim Oil & Gas Co. | 9/11/2012 | 656 | 781 | Montague |
| Basin Oil and Gas, LLC | Brim Oil & Gas Co. | 9/11/2012 | 656 | 783 | Montague |
| Desert Partners, IV, LP | Brim Oil & Gas Co. | 9/11/2012 | 656 | 787 | Montague |
| Nita Bell aka Nita Shannon | Brim Oil & Gas Co. | 10/26/2012 | 658 | 310 | Montague |
| C.B. Christie, Jr. | WBH Energy Partners, LLC | 3/19/2013 | 688 | 268 | Montague |

**TRACT A-23**

| | | | | | |
|---|---|---|---|---|---|
| Ian M. Ingersol | Brim Oil & Gas Co. | 1/23/2009 | 472 | 210 | Montague |
| Jeff Levine | Brim Oil & Gas Co. | 3/17/2009 | 478 | 250 | Montague |
| Julee Levine Grodin | Brim Oil & Gas Co. | 3/17/2009 | 478 | 251 | Montague |
| Steveco Trust | Brim Oil & Gas Co. | 1/20/2012 | 615 | 199 | Montague |
| Deer Creek II, LLC | Brim Oil & Gas Co. | 1/20/2012 | 615 | 209 | Montague |
| Milam Sons' Minerals, LLC | Brim Oil & Gas Co. | 1/20/2012 | 615 | 213 | Montague |
| Philip H. Viles, Jr. | Brim Oil & Gas Co. | 1/20/2012 | 615 | 217 | Montague |
| Creed Leasing Co. | Brim Oil & Gas Co. | 5/7/2012 | 626 | 560 | Montague |
| Tommie Sappington for Louis D. Smith | Brim Oil & Gas Co. | 5/29/2012 | 629 | 47 | Montague |
| Marsha Carol Levine, Indiv. And as Indep. Exec. Of the Estate of Ronald Noel Levine and as Trustee of the Ronald N. Levine Trust | Brim Oil & Gas Co. | 6/5/2012 | 634 | 580 | Montague |
| Tommie Sappington for R.J. Company, Inc. | Brim Oil & Gas Co. | 8/28/2012 | 649 | 353 | Montague |

**TRACT A-24 & A-25**

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Mary J. Mindel | Brim Oil & Gas Co. | 9/7/2006 | 370 | 286 | Montague |
| Arthur N. Williams | Brim Oil & Gas Co. | 1/9/2007 | 383 | 145 | Montague |
| Patricia Dunlap | Brim Oil & Gas Co. | 1/9/2007 | 388 | 426 | Montague |
| Raymond Dunlap | Brim Oil & Gas Co. | 1/9/2007 | 388 | 427 | Montague |
| Jeanne Hale | Brim Oil & Gas Co. | 12/20/2007 | 426 | 340 | Montague |
| Nancy Denman | Brim Oil & Gas Co. | 4/15/2012 | 622 | 296 | Montague |
| Lara Evangeline Flynn | Brim Oil & Gas Co. | 4/15/2012 | 622 | 297 | Montague |
| Heather Anne True | Brim Oil & Gas Co. | 4/15/2012 | 628 | 614 | Montague |

**TRACT A-27**

| | | | | | |
|---|---|---|---|---|---|
| T.J. Barnett, and wife, Ruth Barnett | E.E. Scannell | 11/1/1943 | 257 | 572 | Montague |

**TRACT A-28**

| | | | | | |
|---|---|---|---|---|---|
| Graham Hanks Young | Brim Oil & Gas Co. | 8/25/2006 | 367 | 874 | Montague |
| Stephen Ray Walker | Brim Oil & Gas Co. | 8/25/2006 | 367 | 875 | Montague |
| Roger C. Hanks | Brim Oil & Gas Co. | 8/25/2006 | 367 | 876 | Montague |
| Adrian Walker | Brim Oil & Gas Co. | 8/25/2006 | 369 | 632 | Montague |
| Michael Skyberg | Brim Oil & Gas Co. | 7/30/2008 | 454 | 1 | Montague |
| Maureen Kozelski, Ind. Exec. For the Estate of Clarence A. Kozelski, dec'd | Brim Oil & Gas Co. | 8/6/2008 | 459 | 623 | Montague |
| Raymond Savage | Brim Oil & Gas Co. | 10/15/2008 | 465 | 47 | Montague |
| Mary M. Altazan | Brim Oil & Gas Co. | 10/15/2008 | 465 | 48 | Montague |
| John D. Wayne Savage | Brim Oil & Gas Co. | 10/15/2008 | 465 | 49 | Montague |
| Clifford Dale Savage | Brim Oil & Gas Co. | 10/15/2008 | 465 | 50 | Montague |
| Hazel Kleimeyer | Brim Oil & Gas Co. | 10/15/2008 | 465 | 51 | Montague |
| Sharon Morgan | Brim Oil & Gas Co. | 11/7/2008 | 465 | 52 | Montague |
| Lavada Savage | Brim Oil & Gas Co. | 10/15/2008 | 465 | 53 | Montague |
| Paul Edward Savage | Brim Oil & Gas Co. | 10/15/2008 | 465 | 54 | Montague |
| Norma Jean Covel | Brim Oil & Gas Co. | 11/14/2008 | 465 | 55 | Montague |
| Claudine L. Choate | Brim Oil & Gas Co. | 11/14/2008 | 465 | 56 | Montague |
| Esther Maddox | Brim Oil & Gas Co. | 11/13/2008 | 465 | 564 | Montague |
| Dona Seay | Brim Oil & Gas Co. | 11/14/2008 | 465 | 565 | Montague |
| Gina Smith | Brim Oil & Gas Co. | 11/14/2008 | 465 | 566 | Montague |
| Joe Wilburn Summers | Brim Oil & Gas Co. | 11/21/2008 | 465 | 567 | Montague |
| Kathleen Summers Brown | Brim Oil & Gas Co. | 11/21/2008 | 465 | 568 | Montague |
| Robert Marshall Summers | Brim Oil & Gas Co. | 11/21/2008 | 465 | 819 | Montague |
| Kelley Mallon | Brim Oil & Gas Co. | 11/19/2008 | 465 | 821 | Montague |
| Jan Bloyd | Brim Oil & Gas Co. | 11/14/2008 | 466 | 873 | Montague |
| Jimmie Curtis Savage | Brim Oil & Gas Co. | 10/15/2008 | 466 | 874 | Montague |
| Joseph Rush Roberts | Brim Oil & Gas Co. | 12/9/2008 | 466 | 875 | Montague |
| Stephanie Johnson | Brim Oil & Gas Co. | 12/17/2008 | 467 | 503 | Montague |
| Penney Shipley | Brim Oil & Gas Co. | 12/19/2008 | 469 | 83 | Montague |
| Sanford P. Fagadau | Brim Oil & Gas Co. | 10/20/2008 | 469 | 881 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Judith Bogan | Brim Oil & Gas Co. | 1/27/2009 | 472 | 211 | Montague |
| Max McClellan | Brim Oil & Gas Co. | 2/2/2009 | 480 | 661 | Montague |
| Mary K. Precise aka Mary Precise Stein | EOG Resources, Inc. | 11/12/2009 | 505 | 619 | Montague |
| Ken Precise | EOG Resources, Inc. | 11/12/2009 | 505 | 623 | Montague |
| Michael Lee Dillon, Indiv. And as Ind. Exec. Of Estate of Frances Dillon Savage Dec'd | Brim Oil & Gas Co. | 3/19/2012 | 619 | 504 | Montague |
| Sherri Jalufka Troup | Brim Oil & Gas Co. | 4/2/2012 | 622 | 293 | Montague |
| Jeanette Jalufka Janke | Brim Oil & Gas Co. | 4/2/2012 | 622 | 294 | Montague |
| Lindsey Hanks | Brim Oil & Gas Co. | 3/1/2012 | 624 | 675 | Montague |
| Sanford P. Fagadau | Brim Oil & Gas Co. | 5/14/2012 | 634 | 581 | Montague |
| Marilyn Yvonne Pierce aka M. Yvonne Pierce | Brim Oil & Gas Co. | 6/1/2012 | 634 | 589 | Montague |
| Nancy Huff Bradford, Individually and as Trustee for Robert Newton Osmond | Brim Oil & Gas Co. | 6/16/2012 | 641 | 120 | Montague |
| Nancy Huff Bradford Living Trust | Brim Oil & Gas Co. | 6/16/2012 | 641 | 121 | Montague |
| Holly Spofford | Brim Oil & Gas Co. | 8/7/2012 | 643 | 626 | Montague |
| Robin Rugg Trause | WBH Energy Partners, LLC | 2/12/2013 | 675 | 582 | Montague |
| Barbara Tugman | WBH Energy Partners, LLC | 2/12/2013 | 675 | 585 | Montague |
| John Samuel Roberts | Brim Oil & Gas Co. | 1/18/2013 | 675 | 602 | Montague |
| Nan Robertson Kirkendahl | WBH Energy Partners, LLC | 2/12/2013 | 678 | 577 | Montague |
| Michael Dale Savage | WBH Energy Partners, LLC | 5/29/2013 | 694 | 448 | Montague |
| Clifford Scott Savage | Brim Oil & Gas Co. | 10/11/2013 | 730 | 372 | Montague |
| Sherry Savage aka Sherry Saloom | Brim Oil & Gas Co. | 10/11/2013 | 749 | 4 | Montague |

**TRACT A-34**

| | | | | | |
|---|---|---|---|---|---|
| Steveco Trust | Brim Oil & Gas Co. | 1/20/2012 | 615 | 199 | Montague |
| Deer Creek II, LLC | Brim Oil & Gas Co. | 1/20/2012 | 615 | 209 | Montague |
| Milam Sons' Minerals, LLC | Brim Oil & Gas Co. | 1/20/2012 | 615 | 213 | Montague |
| Philip H. Viles, Jr. | Brim Oil & Gas Co. | 1/20/2012 | 615 | 217 | Montague |
| Sanford P. Fagadau | Brim Oil & Gas Co. | 5/14/2012 | 634 | 581 | Montague |
| Wilam K. Levine | Brim Oil & Gas Co. | 10/29/2012 | 660 | 255 | Montague |

**TRACT A-35**

| | | | | | |
|---|---|---|---|---|---|
| Fred W. Shield & Co. | Brim Oil & Gas Co. | 2/7/2012 | 615 | 173 | Montague |
| Wood Properties, Ltd. | Brim Oil & Gas Co. | 2/7/2012 | 615 | 175 | Montague |

**Unit B**

**TRACT B-17**

| | | | | | |
|---|---|---|---|---|---|
| Mrs. Joe B. Cooper | Jas. S. Maxwell, Jr. | 4/10/1978 | 696 | 794 | Montague |
| Mrs. R.P. Elkins | Jas. S. Maxwell, Jr. | 4/24/1978 | 696 | 797 | Montague |
| Mrs. Margaret Eugene Ely and husband, Eugene Ely | Jas. S. Maxwell, Jr. | 4/6/1978 | 696 | 800 | Montague |

Exhibit A

#4989545.1

| O.G. Hardison | Jas. S. Maxwell, Jr. | 4/10/1978 | 696 | 803 | Montague |
| Mrs. Rosa Roberts and husband, M.S. Roberts | Jas. S. Maxwell, Jr. | 4/7/1978 | 696 | 806 | Montague |
| Mrs. Gladys Gunter | Jas. S. Maxwell, Jr. | 4/10/1978 | 696 | 809 | Montague |
| Dorothea Middleton and husband, Howard Middleton | Jas. S. Maxwell, Jr. | 4/6/1978 | 696 | 812 | Montague |
| Mrs. Lottie Shackelford, Eva Cullers and husband, Floyd, Elva Vicars | Jas. S. Maxwell, Jr. | 4/17/1978 | 696 | 815 | Montague |
| J.B. Hardison | Jas. S. Maxwell, Jr. | 5/15/1978 | 698 | 16 | Montague |
| Mrs. Lynn Stout and husband, Lynn Stout | Jas. S. Maxwell, Jr. | 4/6/1978 | 698 | 304 | Montague |
| Jeanne Marie Wood and husband, A.P. Wood, Jr. | Jas. S. Maxwell, Jr. | 4/6/1978 | 698 | 307 | Montague |
| John N. Huff, III and Nancy Huff Osmond | Jas. S. Maxwell, Jr. | 8/2/1978 | 703 | 620 | Montague |
| Paul Gray | Jas. S. Maxwell, Jr. | 7/2/1978 | 703 | 624 | Montague |
| Charles H. Gray | Jas. S. Maxwell, Jr. | 7/2/1978 | 703 | 627 | Montague |
| Mattie Lee Mixon | Jas. S. Maxwell, Jr. | 10/9/1978 | 704 | 478 | Montague |
| Edwin Thomas, Ind. And as Exec. Of Estate of Junius J. Thomas, Dec'd | Jas. S. Maxwell, Jr. | 10/9/1978 | 705 | 308 | Montague |
| Margaret Nell Ratliff | Jas. S. Maxwell, Jr. | 2/2/1979 | 708 | 991 | Montague |
| Kenneth Louis Hardison | Jas. S. Maxwell, Jr. | 2/2/1979 | 708 | 994 | Montague |
| Byron William Hardison aka Bill Hardison | Jas. S. Maxwell, Jr. | 2/2/1979 | 709 | 799 | Montague |
| O.A. Gray | Jas. S. Maxwell, Jr. | 2/20/1979 | 709 | 802 | Montague |
| A.T. Kramer, Christine B. Donald, Ind. And Exec. Of Estate of Paul Donald, Dec'd and Estate of J.M. Donald, Dec'd | Jas. S. Maxwell, Jr. | 2/21/1979 | 709 | 805 | Montague |
| Mrs. Rose Carter | Jas. S. Maxwell, Jr. | 3/8/1979 | 710 | 609 | Montague |
| Martha Gray Willett | Jas. S. Maxwell, Jr. | 3/14/1979 | 710 | 998 | Montague |
| Joe Middleton c/o Hardy Seay | Jas. S. Maxwell, Jr. | 7/30/1979 | 717 | 231 | Montague |
| Mrs. Margaret W. Revier | Jas. S. Maxwell, Jr. | 9/25/1979 | 719 | 841 | Montague |
| Wanda Brashear | Jas. S. Maxwell, Jr. | 12/4/1979 | 725 | 298 | Montague |
| Marvin Brashear | Jas. S. Maxwell, Jr. | 2/6/1980 | 727 | 429 | Montague |
| C.W. Middleton | Jas. S. Maxwell, Jr. | 1/31/1980 | 727 | 434 | Montague |
| Jean Bigbie | WBH Energy Partners, LLC | 11/15/2013 | 728 | 124 | Montague |
| Janice Good | WBH Energy Partners, LLC | 11/15/2013 | 728 | 126 | Montague |
| Charles Martin | WBH Energy Partners, LLC | 11/15/2013 | 731 | 507 | Montague |
| Mrs. Marsha Deane Albrecht | Jas. S. Maxwell, Jr. | 8/28/1980 | 737 | 599 | Montague |
| Bill A. Gray | Jas. S. Maxwell, Jr. | 8/28/1980 | 744 | 477 | Montague |
| Phyllis Jeanette Houston | Jas. S. Maxwell, Jr. | 12/16/1980 | 745 | 283 | Montague |
| Sherry Lynn Gray | Jas. S. Maxwell, Jr. | 12/16/1980 | 745 | 286 | Montague |
| Mrs. Barbara Faye Hancock | Jas. S. Maxwell, Jr. | 9/9/1980 | 746 | 5 | Montague |
| Mrs. Carolyn Yvonne Preslar | Jas. S. Maxwell, Jr. | 11/13/1980 | 747 | 949 | Montague |
| Jennifer B. Kohles and husband, Gerald Kohles | WBH Energy Partners, LLC | 3/24/2014 | 749 | 24 | Montague |
| WBH Energy Partners, LLC | WBH Energy Partners, LLC | 6/21/2014 | 780 | 594 | Montague |

**TRACT B-18**

| Vida Ruth Lewis, et vir John B. Lewis | Jas. S. Maxwell, Jr. | 6/28/1978 | 703 | 630 | Montague |
| Lena Stuart Waltrip | Jas. S. Maxwell, Jr. | 3/23/1978 | 695 | 317 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| PETCO Ltd. | EOG Resources, Inc. | 8/26/2010 | 537 | 675 | Montague |
| Newmont Oil Company | Conoco, Inc. | 2/25/1980 | 758 | 829 | Montague |
| Petroleum Corporation of Texas | Continental Oil Company | 6/18/1979 | 720 | 663 | Montague |
| Dorchester Minerals, LP | Brim Oil & Gas Co. | 7/31/2012 | 643 | 95 | Montague |

**TRACT B-19**

| | | | | | |
|---|---|---|---|---|---|
| Wood Properties, Ltd. | Brim Oil & Gas Co. | 2/7/2012 | 615 | 175 | Montague |
| Fred W. Shield & Co. | Brim Oil & Gas Co. | 2/7/2012 | 615 | 173 | Montague |
| Wanda Holland | Brim Oil & Gas Co. | 5/6/2012 | 626 | 559 | Montague |
| Dorchester Minerals | Brim Oil & Gas Co. | 7/31/2012 | 643 | 95 | Montague |

**TRACT B-26 State Hwy**

| | | | | | |
|---|---|---|---|---|---|
| State of Texas | EOG Resource, Inc. | 11/5/2013 | 725 | 138 | Montague |

**TRACT B-26A**

| | | | | | |
|---|---|---|---|---|---|
| Mattie Lee Mixon | Brim Oil & Gas Co. | 10/2/2006 | 370 | 282 | Montague |
| Jack H Thompson Family Royalty Trust | Brim Oil & Gas Co. | 12/12/2006 | 380 | 58 | Montague |
| Flora B. Cooper by her AIF, Jerry Miller | Brim Oil & Gas Co. | 12/12/2006 | 383 | 134 | Montague |
| Jerald M. Goldberg | Brim Oil & Gas Co. | 12/23/2008 | 468 | 734 | Montague |
| Janice Welker Schuman GST Exempt Trust, by Janice Welker Mosby, Trustee | Brim Oil & Gas Co. | 12/24/2008 | 468 | 735 | Montague |
| Annette Nelson, Life Tenant | Brim Oil & Gas Co. | 1/12/2009 | 469 | 80 | Montague |
| Wanda White | Brim Oil & Gas Co. | 1/12/2009 | 469 | 81 | Montague |
| Karen Peters | Brim Oil & Gas Co. | 1/12/2009 | 469 | 873 | Montague |
| Robert Nelson | Brim Oil & Gas Co. | 1/12/2009 | 469 | 875 | Montague |
| Liz Shaw, Indiv and as Remainderman | Brim Oil & Gas Co. | 1/12/2009 | 471 | 43 | Montague |
| Sally Welker Vernon GST Exempt Trust, by Sally Welker Vernon | Brim Oil & Gas Co. | 12/24/2008 | 471 | 44 | Montague |
| Peggy J Dyer | Brim Oil & Gas Co. | 2/4/2009 | 481 | 533 | Montague |
| Sanford P. Fagadau | Brim Oil & Gas Co. | 5/14/2012 | 634 | 581 | Montague |
| Dorchester Minerals | Brim Oil & Gas Co. | 7/31/2012 | 643 | 99 | Montague |
| Star Gap Investments | WBH Energy Partners, LLC | 2/18/2013 | 688 | 76 | Montague |
| Wizard Family Partnership | Brim Oil & Gas Co. | 2/18/2013 | 688 | 77 | Montague |
| Marvin Brashear Trust by Bobbie Brashear Jr | WBH Energy Partners, LLC | 8/12/2013 | 688 | 83 | Montague |
| Bess Brashear Trust by Bobbie Brashear Jr | WBH Energy Partners, LLC | 8/12/2013 | 688 | 84 | Montague |
| Kramer Mineral Trust, II | WBH Energy Partners, LLC | 6/11/2013 | 688 | 86 | Montague |
| John A. Palumbo | WBH Energy Partners, LLC | 6/11/2013 | 688 | 169 | Montague |
| Phyllis Tage Barr | WBH Energy Partners, LLC | 4/15/2013 | 688 | 170 | Montague |
| Tommie Sappington, Estate of Emma Myrtle Thompson | WBH Energy Partners, LLC | 5/29/2013 | 694 | 444 | Montague |
| Jackie Sue Hankins | WBH Energy Partners, LLC | 4/15/2013 | 695 | 352 | Montague |
| Cecil Tage | WBH Energy Partners, LLC | 4/15/2013 | 695 | 353 | Montague |

Exhibit A

| Annie Christine Gregory | WBH Energy Partners, LLC | 4/15/2013 | 695 | 354 | Montague |
| John W Clark | WBH Energy Partners, LLC | 6/15/2013 | 701 | 580 | Montague |
| Marsha Bressler | WBH Energy Partners, LLC | 6/15/2013 | 701 | 582 | Montague |
| Curt L Tage | WBH Energy Partners LLC | 6/15/2013 | 701 | 605 | Montague |
| Choctaw Energy | WBH Energy Partners, LLC | 6/11/2013 | 701 | 607 | Montague |
| Clark and Oatman, a Texas General Partnership | WBH Energy Partners, LLC | 6/15/2013 | 709 | 417 | Montague |
| Mary T. Johnson, Trustee of W.L. Thompson Family Trust | WBH Energy Partners, LLC | 6/15/2013 | 710 | 382 | Montague |
| Cowden Investments, a Texas General Partnership | WBH Energy Partners, LLC | 10/1/2013 | 717 | 38 | Montague |
| William Rawlins Clark | WBH Energy Partners, LLC | 10/1/2013 | 717 | 47 | Montague |
| C. Jack Wilson a/k/a Jack Wilson | WBH Energy Partners, LLC | 10/1/2013 | 718 | 535 | Montague |
| ConocoPhillips Corporation | WBH Energy Partners, LLC | 10/30/2013 | 721 | 124 | Montague |
| Delsie Clark Lucas | WBH Energy Partners, LLC | 10/1/2013 | 725 | 4 | Montague |
| Judy Kay Tage Parrish | WBH Energy Partners, LLC | 11/21/2013 | 728 | 128 | Montague |
| Bill Tage aka Billy Carroll Tage | WBH Energy Partners, LLC | 11/21/2013 | 728 | 130 | Montague |
| Gary W. Houchins, unknown heirs and/or assigns | WBH Energy Partners, LLC | 12/20/2013 | 730 | 32 | Montague |
| Joe M. Nelson | WBH Energy Partners, LLC | 1/27/2014 | 744 | 642 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 396 | Montague |
| Margo Ann Clark | WBH Energy Partners, LLC | 8/15/2014 | 771 | 755 | Montague |
| RDC Minerals, A Partnership | WBH Energy Partners, LLC | 8/15/2014 | 771 | 757 | Montague |
| Kenneth Nelson | WBH Energy Partners, LLC | 9/22/2014 | 775 | 216 | Montague |

**TRACT B-26B**

| Mattie Lee Mixon | Brim Oil & Gas Co. | 10/2/2006 | 370 | 282 | Montague |
| Jack H Thompson Family Royalty Trust | Brim Oil & Gas Co. | 12/12/2006 | 380 | 58 | Montague |
| Flora B. Cooper by her AIF, Jerry Miller | Brim Oil & Gas Co. | 12/12/2006 | 383 | 134 | Montague |
| Janice Welker Schuman GST Exempt Trust, by Janice Welker Mosby, Trustee | Brim Oil & Gas Co. | 12/24/2008 | 468 | 735 | Montague |
| Annette Nelson, Life Tenant | Brim Oil & Gas Co. | 1/12/2009 | 469 | 80 | Montague |
| Wanda White | Brim Oil & Gas Co. | 1/12/2009 | 469 | 81 | Montague |
| Karen Peters | Brim Oil & Gas Co. | 1/12/2009 | 469 | 873 | Montague |
| Robert Nelson | Brim Oil & Gas Co. | 1/12/2009 | 469 | 875 | Montague |
| Liz Shaw | Brim Oil & Gas Co. | 1/12/2009 | 471 | 43 | Montague |
| Sally Welker Vernon GST Exempt Trust, by Sally Welker Vernon | Brim Oil & Gas Co. | 12/24/2008 | 471 | 44 | Montague |
| Peggy J. Dyer | Brim Oil & Gas Co. | 2/4/2009 | 481 | 533 | Montague |
| Dorchester Minerals, LP | Brim Oil & Gas Co. | 7/31/2012 | 643 | 99 | Montague |
| Jackie Sue Hankins | EOG Resources, Inc. | 10/25/2012 | 659 | 706 | Montague |
| Cecil Tage | EOG Resources, Inc. | 10/30/2012 | 659 | 710 | Montague |
| Phyllis Tage Barr | EOG Resources, Inc. | 10/30/2012 | 659 | 711 | Montague |
| Anna Christine Gregory fka Anna Christine Tage Carbello | EOG Resources, Inc. | 10/30/2012 | 662 | 193 | Montague |
| C. Jack Wilson aka Jack Wilson | EOG Resources, Inc. | 10/31/2012 | 664 | 197 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Star Gap Investments | WBH Energy Partners, LLC | 2/18/2013 | 688 | 76 | Montague |
| Wizard Family Partnership GP, LLC | Brim Oil & Gas Co. | 2/18/2013 | 688 | 77 | Montague |
| Marvin Brashear Trust by Bobbie Brashear Jr | WBH Energy Partners, LLC | 8/12/2013 | 688 | 83 | Montague |
| Bess Brashear Trust by Bobbie Brashear Jr | WBH Energy Partners, LLC | 8/12/2013 | 688 | 84 | Montague |
| Kramer Mineral Trust II | WBH Energy Partners, LLC | 6/11/2013 | 688 | 86 | Montague |
| John A. Palumbo | WBH Energy Partners, LLC | 6/11/2013 | 688 | 169 | Montague |
| John W Clark | WBH Energy Partners, LLC | 6/15/2013 | 701 | 580 | Montague |
| Marsha Bressler | WBH Energy Partners, LLC | 6/15/2013 | 701 | 582 | Montague |
| Curt L Tage | WBH Energy Partners, LLC | 6/15/2013 | 701 | 605 | Montague |
| Choctaw Energy, Ltd. | WBH Energy Partners, LLC | 6/11/2013 | 701 | 607 | Montague |
| Ruth August | WBH Energy Partners, LLC | 6/15/2013 | 701 | 609 | Montague |
| Clark and Oatman, a Texas General Partnership | WBH Energy Partners, LLC | 6/15/2013 | 709 | 417 | Montague |
| Mary T. Johnson, as Trustee of W.L. Thompson Family Trust | WBH Energy Partners, LLC | 6/15/2013 | 710 | 382 | Montague |
| William Rawlins Clark | WBH Energy Partners, LLC | 10/1/2013 | 717 | 47 | Montague |
| ConocoPhillips Corporation | WBH Energy Partners, LLC | 10/30/2013 | 721 | 124 | Montague |
| Delsie Clark Lucas | WBH Energy Partners, LLC | 10/1/2013 | 725 | 4 | Montague |
| Judy Kay Tage Parrish | WBH Energy Partners, LLC | 11/21/2013 | 728 | 128 | Montague |
| Bill Tage aka Billy Carroll Tage | WBH Energy Partners, LLC | 11/21/2013 | 728 | 130 | Montague |
| Gary W. Houchins, unknown heirs and/or assigns | WBH Energy Partners, LLC | 12/20/2013 | 730 | 32 | Montague |
| Joe M. Nelson | WBH Energy Partners, LLC | 1/27/2014 | 744 | 642 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 396 | Montague |
| Margo Ann Clark | WBH Energy Partners, LLC | 8/15/2014 | 771 | 755 | Montague |
| RDC Minerals, A Partnership | WBH Energy Partners, LLC | 8/15/2014 | 771 | 757 | Montague |
| Kenneth Nelson | WBH Energy Partners, LLC | 9/22/2014 | 775 | 216 | Montague |
| Cowden Investments, a Texas General Partnership | WBH Energy Partners, LLC | 10/10/2013 | 717 | 38 | Montague |

**TRACT B-26C2**

| | | | | | |
|---|---|---|---|---|---|
| Robert W. Nelson | Brim Oil & Gas Co. | 1/12/2009 | 469 | 875 | Montague |
| Janice Welker Schuman GST Exempt Trust, by Janice Welker Mosby, Trustee | Brim Oil & Gas Co. | 12/24/2008 | 468 | 735 | Montague |
| Annette Nelson, Life Tenant | Brim Oil & Gas Co. | 1/12/2009 | 469 | 80 | Montague |
| Wanda White | Brim Oil & Gas Co. | 1/12/2009 | 469 | 81 | Montague |
| Karen L. Peters | Brim Oil & Gas Co. | 1/12/2009 | 469 | 873 | Montague |
| Liz Shaw | Brim Oil & Gas Co. | 1/12/2009 | 471 | 43 | Montague |
| Sally Welker Vernon GST Exempt Trust, by Sally Welker Vernon | Brim Oil & Gas Co. | 12/24/2008 | 471 | 44 | Montague |
| Peggy J. Dyer | Brim Oil & Gas Co. | 2/4/2009 | 481 | 533 | Montague |
| Dorchester Minerals, LP | Brim Oil & Gas Co. | 7/31/2012 | 643 | 99 | Montague |
| Jackie Sue Hankins | EOG Resources, Inc. | 10/25/2012 | 659 | 706 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Cecil Tage | EOG Resources, Inc. | 10/30/2012 | 659 | 710 | Montague |
| Phyllis Tage Barr | EOG Resources, Inc. | 10/30/2012 | 659 | 711 | Montague |
| Annie Christine Gregory Carbello | EOG Resources, Inc. | 10/30/2012 | 662 | 193 | Montague |
| C. Jack Wilson aka Jack Wilson | EOG Resources, Inc. | 10/31/2012 | 664 | 197 | Montague |
| RD Farner and Marianne Hooke Farner | WBH Energy Partners, LLC | 2/18/2013 | 678 | 665 | Montague |
| Mattie Lee Mixon | WBH Energy Partners, LLC | 2/18/2013 | 678 | 666 | Montague |
| Emilyn Linda Miller Walker | WBH Energy Partners, LLC | 2/27/2013 | 688 | 67 | Montague |
| Star Gap Investments | WBH Energy Partners, LLC | 2/18/2013 | 688 | 76 | Montague |
| Wizard Family Partnership, LLC | WBH Energy Partners, LLC | 2/18/2013 | 688 | 77 | Montague |
| Sharon Lynn Maxey | WBH Energy Partners, LLC | 2/18/2013 | 688 | 78 | Montague |
| Kenneth William Schaake | WBH Energy Partners, LLC | 2/18/2013 | 688 | 79 | Montague |
| J. Thomas Miller | WBH Energy Partners, LLC | 2/18/2013 | 688 | 80 | Montague |
| Bobbie Brashear, Jr. Trustee of Marivin Brashear Trust | WBH Energy Partners, LLC | 8/12/2013 | 688 | 83 | Montague |
| Bobbie Brashear, Jr. Trustee of Bess Brashear Trust | WBH Energy Partners, LLC | 8/12/2013 | 688 | 84 | Montague |
| Jack H. Thompson, Jr., Trustees, Jack H Thompson Family Royalty Trust | WBH Energy Partners, LLC | 2/27/2013 | 688 | 85 | Montague |
| Kramer Mineral Trust | WBH Energy Partners, LLC | 6/11/2013 | 688 | 86 | Montague |
| John A. Palumbo | WBH Energy Partners, LLC | 6/11/2013 | 688 | 169 | Montague |
| John Clark | WBH Energy Partners, LLC | 6/15/2013 | 701 | 580 | Montague |
| Marsha Bressler | WBH Energy Partners, LLC | 6/15/2013 | 701 | 582 | Montague |
| Curt Tage | WBH Energy Partners, LLC | 6/15/2013 | 701 | 605 | Montague |
| Choctaw Energy, LP | WBH Energy Partners, LLC | 6/11/2013 | 701 | 607 | Montague |
| Ruth August | WBH Energy Partners, LLC | 6/15/2013 | 701 | 609 | Montague |
| Clark and Oatman, a Texas General Partnership | WBH Energy Partners, LLC | 6/15/2013 | 709 | 417 | Montague |
| W.L. Thompson Family Trust | WBH Energy Partners, LLC | 6/15/2013 | 710 | 382 | Montague |
| Cowden Investments, a Texas General Partnership | WBH Energy Partners, LLC | 10/1/2013 | 717 | 38 | Montague |
| William Rawlins Clark | WBH Energy Partners, LLC | 10/1/2013 | 717 | 47 | Montague |
| Madeline Boaze | WBH Energy Partners, LLC | 9/15/2013 | 718 | 533 | Montague |
| Conoco Phillips Company | WBH Energy Partners, LLC | 10/30/2013 | 721 | 124 | Montague |
| Delsie Lucas Clark | WBH Energy Partners, LLC | 10/1/2013 | 725 | 4 | Montague |
| Judy Kay Tage Parrish | WBH Energy Partners, LLC | 11/21/2013 | 728 | 128 | Montague |
| Bill Tage aka Billy Carroll Tage | WBH Energy Partners, LLC | 11/21/2013 | 728 | 130 | Montague |
| Tommie Sappington for Gary W. Houchins and Emily Gelsky | WBH Energy Partners, LLC | 12/20/2013 | 730 | 32 | Montague |
| Joe M. Nelson | WBH Energy Partners, LLC | 1/27/2014 | 744 | 642 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 396 | Montague |
| Margo Ann Clark | WBH Energy Partners, LLC | 8/15/2014 | 771 | 755 | Montague |
| RDC Minerals, A Partnership | WBH Energy Partners, LLC | 8/15/2014 | 771 | 757 | Montague |
| Kenneth Nelson | WBH Energy Partners, LLC | 9/22/2014 | 775 | 216 | Montague |

**TRACT B-26C3**

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Janice Welker Mosby, Trustee of the Janice Welker Schumann GST Exempt Trust | Brim Oil & Gas Co. | 12/24/2008 | 468 | 735 | Montague |
| Sally Welker Vernon, Trustee of the Sally Welker Vernon GST Exempt Trust | Brim Oil & Gas Co. | 12/24/2008 | 471 | 44 | Montague |
| Dorchester Minerals, LP | Brim Oil & Gas Co. | 7/31/2012 | 643 | 99 | Montague |
| Jackie Sue Hankins | EOG Resources, Inc. | 10/25/2012 | 659 | 706 | Montague |
| Cecil Tage | EOG Resources, Inc. | 10/30/2012 | 659 | 710 | Montague |
| Annie Christine Carbello Gregory | EOG Resources, Inc. | 10/30/2012 | 662 | 193 | Montague |
| Bobbie Brashear, Jr. Trustee of Marvin Brashear Trust | WBH Energy Partners, LLC | 8/12/2013 | 688 | 83 | Montague |
| Bobbie Brashear, Jr. Trustee of Bess Brashear Trust | WBH Energy Partners, LLC | 8/12/2013 | 688 | 84 | Montague |
| Kramer Mineral Trust, II | WBH Energy Partners, LLC | 6/11/2013 | 688 | 86 | Montague |
| John A. Palumbo | WBH Energy Partners, LLC | 6/11/2013 | 688 | 169 | Montague |
| Curt L. Tage | WBH Energy Partners, LLC | 6/15/2013 | 701 | 605 | Montague |
| Choctaw Energy, Ltd | WBH Energy Partners, LLC | 6/11/2013 | 701 | 607 | Montague |
| Billy Carroll Tage | EOG Resources, Inc. | 8/22/2013 | 706 | 431 | Montague |
| Judy Kay Tage Parrish | EOG Resources, Inc. | 8/22/2013 | 706 | 433 | Montague |
| Workman Management, Inc. | EOG Resources, Inc. | 9/6/2013 | 710 | 7 | Montague |
| Phyllis Tage Barr | EOG Resources, Inc. | 10/30/2012 | 659 | 711 | Montague |
| Conoco Phillips Company | WBH Energy Partners, LLC | 10/30/2013 | 721 | 124 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 396 | Montague |
| Mattie Lee Mixon | EOG Resources, Inc. | 8/23/2013 | 713 | 386 | Montague |

**TRACT B-29**

| | | | | | |
|---|---|---|---|---|---|
| Flora B. Cooper by her AIF Jerry Miller | Brim Oil & Gas Co. | 12/12/2006 | 383 | 134 | Montague |
| Ernest Sam Heard | Brim Oil & Gas Co. | 11/14/2006 | 383 | 147 | Montague |
| Marjorie Sue Heard | Brim Oil & Gas Co. | 7/16/2012 | 653 | 428 | Montague |
| Inez Cooper Andrews, Heirs or Assigns | WBH Energy Partners LLC | 5/29/2013 | 694 | 424 | Montague |
| William Michael Steed | WBH Energy Partners, LLC | 5/14/2014 | 754 | 64 | Montague |
| Patricia Lou Steed | WBH Energy Partners, LLC | 5/5/2014 | 752 | 890 | Montague |
| Kimberly Bowersock Miller | WBH Energy Partners, LLC | 6/25/2014 | 762 | 699 | Montague |
| Steed Bowersock | WBH Energy Partners, LLC | 6/25/2014 | 762 | 701 | Montague |
| Chance Steed, CA Steed Investments, LP | WBH Energy Partners, LLC | 9/8/2014 | 777 | 758 | Montague |
| Gelasia Steed, G Steed LP | WBH Energy Partners, LLC | 9/8/2014 | 777 | 760 | Montague |
| Wyliecats, LP | WBH Energy Partners, LLC | 9/8/2014 | 782 | 142 | Montague |

**TRACT B-30**

| | | | | | |
|---|---|---|---|---|---|
| Mattie Lee Mixon | Brim Oil & Gas Co. | 10/2/2006 | 370 | 282 | Montague |
| Flora B. Cooper by AIF Jerry Miller | Brim Oil & Gas Co. | 12/12/2006 | 383 | 134 | Montague |
| Donnie Ray Wriggle | EOG Resources, Inc. | 5/22/2008 | 446 | 323 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Harry Franklin Lemme | EOG Resources, Inc. | 6/10/2008 | 449 | 582 | Montague |
| Neta Jone Scott | EOG Resources, Inc. | 5/28/2008 | 449 | 587 | Montague |
| Billie Jean Schaefer | EOG Resources, Inc. | 5/22/2008 | 449 | 691 | Montague |
| Leta Jan Snider | EOG Resources, Inc. | 6/10/2008 | 450 | 800 | Montague |
| Letha Ann Richardson | EOG Resources, Inc. | 6/3/2008 | 455 | 595 | Montague |
| Gary Lance Hill | EOG Resources, Inc. | 10/25/2014 | 778 | 532 | Montague |
| Wayne Hill | EOG Resources, Inc. | 10/30/2014 | 778 | 504 | Montague |
| James Walker | EOG Resources, Inc. | 10/30/2014 | 778 | 513 | Montague |
| Smitty Walker | EOG Resources, Inc. | 11/6/2014 | 782 | 595 | Montague |
| Kathleen Summers Brown | Brim Oil & Gas Co. | 11/21/2008 | 465 | 568 | Montague |
| Karen Cardwell | EOG Resources, Inc. | 10/30/2014 | 778 | 489 | Montague |
| Craig Chancellor | EOG Resources, Inc. | 11/3/2014 | 778 | 492 | Montague |
| Lewis Scott Chancellor | EOG Resources, Inc. | 11/3/2014 | 778 | 495 | Montague |
| Guy Hill, Jr. | EOG Resources, Inc. | 10/30/2014 | 778 | 498 | Montague |
| Geraldine Jones | EOG Resources, Inc. | 10/30/2014 | 779 | 510 | Montague |
| Sara Jane McCarty | EOG Resources, Inc. | 11/6/2014 | 781 | 629 | Montague |
| Alex Riley Walker | EOG Resources, Inc. | 11/7/2014 | 782 | 267 | Montague |
| Robert Walker | EOG Resources, Inc. | 10/30/2014 | 778 | 516 | Montague |
| Terry Walker | EOG Resources, Inc. | 10/30/2014 | 778 | 519 | Montague |
| Trevor Walker, by AIF Robert L. Walker | EOG Resources, Inc. | 11/4/2014 | 778 | 522 | Montague |
| Treva Spradley | EOG Resources, Inc. | 10/30/2014 | 778 | 510 | Montague |
| Wanda C. Allen | Brim Oil & Gas Co. | 3/5/2009 | 478 | 246 | Montague |
| Freddie J. Williams | EOG Resources, Inc. | 5/4/2010 | 519 | 813 | Montague |
| Danny C. Williams | EOG Resources, Inc. | 5/4/2010 | 519 | 817 | Montague |
| Dorcas Chasteen | Bra-De Oil & Gas Inc. | 11/8/2010 | 544 | 337 | Montague |
| Eric Chasteen | Bra-De Oil & Gas Inc. | 11/8/2010 | 545 | 439 | Montague |
| Richard Strohl | EOG Resources, Inc. | 2/3/2011 | 554 | 590 | Montague |
| Jack Harlan Phillips et ux Joan Alice Woodward Phillips | 1st Southwest Consultants | 1/28/2011 | 556 | 899 | Montague |
| Shyrlee Phillips Karrenbrock | 1st Southwest Consultants | 1/28/2011 | 556 | 902 | Montague |
| Nancy Huff Bradford aka Nancy Huff Gallagher aka Nancy Huff Osmond, Ind. & Trustee for Robert Newton Osmond | Brim Oil & Gas Co. | 6/16/2012 | 641 | 120 | Montague |
| Robert Newton Osmond, Individually and as Trustee for the Nancy Huff Bradford Living Trust | Brim Oil & Gas Co. | 6/16/2012 | 641 | 121 | Montague |
| Ken Snow | EOG Resources, Inc. | 10/11/2013 | 693 | 550 | Montague |
| Doyle R. Snow | EOG Resources, Inc. | 10/11/2013 | 693 | 553 | Montague |
| Michael Lee Morrow | EOG Resources, Inc. | 6/20/2013 | 695 | 899 | Montague |
| Everett Snow | EOG Resources, Inc. | 10/11/2013 | 696 | 101 | Montague |
| Ruth Ann Spencer | EOG Resources, Inc. | 10/11/2013 | 696 | 104 | Montague |
| Sherry A. Fisher | EOG Resources, Inc. | 10/11/2013 | 696 | 107 | Montague |
| Patsy L. Immel | EOG Resources, Inc. | 10/17/2013 | 696 | 110 | Montague |
| Pauline Odom Curry | EOG Resources, Inc. | 10/11/2013 | 696 | 113 | Montague |
| Laura J. Snow | EOG Resources, Inc. | 10/11/2013 | 696 | 116 | Montague |
| Evelyn L. Stewart | EOG Resources, Inc. | 10/11/2013 | 696 | 119 | Montague |
| Patricia Sue Summers | EOG Resources, Inc. | 6/20/2013 | 696 | 352 | Montague |
| Verna Snow Tschoerner | EOG Resources, Inc. | 10/2/2013 | 696 | 533 | Montague |

Exhibit A

| Timmy Dale Boyd | EOG Resources, Inc. | 5/28/2013 | 697 | 290 | Montague |
| Billy Richard Reed | EOG Resources, Inc. | 6/20/2013 | 697 | 637 | Montague |
| Sybil Faye (Reed) Bishop | EOG Resources, Inc. | 6/20/2013 | 697 | 641 | Montague |
| Martha Fowler Harmel | EOG Resources, Inc. | 6/20/2013 | 700 | 620 | Montague |
| Ricky Douglas Boyd | EOG Resources, Inc. | 7/8/2013 | 702 | 603 | Montague |
| Randy Lynn Boyd | EOG Resources, Inc. | 7/8/2013 | 702 | 612 | Montague |
| Carol LaVon Boyd-Miller | EOG Resources, Inc. | 7/8/2013 | 702 | 615 | Montague |
| Mary Hughes | EOG Resources, Inc. | 8/1/2013 | 703 | 748 | Montague |
| Linda Selymes | EOG Resources, Inc. | 8/1/2013 | 703 | 750 | Montague |
| Henry Kenneth Dane | EOG Resources, Inc. | 8/1/2013 | 703 | 757 | Montague |
| Michael Herscher | EOG Resources, Inc. | 8/1/2013 | 703 | 760 | Montague |
| Robert Marshall Summers | EOG Resources, Inc. | 8/2/2013 | 703 | 763 | Montague |
| James Raymond Jameson | EOG Resources, Inc. | 8/2/2013 | 703 | 766 | Montague |
| Melba Dean Duarte | EOG Resources, Inc. | 8/1/2013 | 704 | 129 | Montague |
| Delores Imogene Gray | EOG Resources, Inc. | 8/1/2013 | 704 | 131 | Montague |
| Sylvia Deaver | EOG Resources, Inc. | 8/2/2013 | 706 | 441 | Montague |
| Margaret Fowler Campbell | EOG Resources, Inc. | 8/2/2013 | 706 | 444 | Montague |
| Maxine Fowler Campbell | EOG Resources, Inc. | 8/2/2013 | 706 | 447 | Montague |
| Joe Wilburn Summers | EOG Resources, Inc. | 8/2/2013 | 706 | 450 | Montague |
| William Robert Fowler, Jr. | EOG Resources, Inc. | 8/2/2013 | 706 | 453 | Montague |
| Anthony Watts | EOG Resources, Inc. | 8/2/2013 | 706 | 456 | Montague |
| Teddy Allon Boyd | EOG Resources, Inc. | 7/8/2013 | 706 | 741 | Montague |
| Beverly Wanner | EOG Resources Inc. | 8/20/2013 | 707 | 275 | Montague |
| Bobbie J. Arnold | EOG Resources, Inc. | 8/21/2013 | 707 | 278 | Montague |
| Lanett Evon Patzt | EOG Resources, Inc. | 8/20/2013 | 707 | 281 | Montague |
| Brenda K. Rutledge | EOG Resources, Inc. | 8/30/2013 | 710 | 9 | Montague |
| Darrell Dean Stanton | EOG Resources, Inc. | 8/20/2013 | 710 | 21 | Montague |
| Marilyn Morris | EOG Resources, Inc. | 8/20/2013 | 710 | 30 | Montague |
| Olivia Sue Macias | EOG Resources, Inc. | 9/3/2013 | 710 | 36 | Montague |
| Loretta Jo Olinger | EOG Resources, Inc. | 9/3/2013 | 710 | 40 | Montague |
| Johnny Dane | EOG Resources, Inc. | 8/2/2013 | 710 | 43 | Montague |
| Delores June Edwards | EOG Resources, Inc. | 8/20/2013 | 711 | 591 | Montague |
| Barbara S. Lynch | EOG Resources, Inc. | 8/30/2013 | 711 | 594 | Montague |
| Janice Hooley | EOG Resources, Inc. | 8/30/2013 | 711 | 597 | Montague |
| Deanna Dale Proctor | EOG Resources, Inc. | 8/20/2013 | 711 | 600 | Montague |
| J.T. Stanton | EOG Resources, Inc. | 8/20/2013 | 711 | 603 | Montague |
| Royce Joe Stanton | EOG Resources, Inc. | 8/20/2013 | 711 | 606 | Montague |
| Donna Nelson | WBH Energy Partners, LLC | 8/15/2013 | 711 | 704 | Montague |
| Rene Russell | WBH Energy Partners, LLC | 9/1/2013 | 711 | 708 | Montague |
| Martha K. Giguere a/k/a Martha K Wallace | WBH Energy Partners, LLC | 8/15/2013 | 711 | 710 | Montague |
| Drewcilla Annese | WBH Energy Partners, LLC | 8/15/2013 | 711 | 712 | Montague |
| Charles Roy Wallace | WBH Energy Partners, LLC | 8/15/2013 | 711 | 714 | Montague |
| Grace Colombo | WBH Energy Partners, LLC | 8/15/2013 | 711 | 716 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Warren Talmadge Dane | WBH Energy Partners, LLC | 8/15/2013 | 713 | 39 | Montague |
| Carl A Sansbury Jr | WBH Energy Partners, LLC | 8/15/2013 | 713 | 59 | Montague |
| Sherry Hynum | WBH Energy Partners, LLC | 8/15/2013 | 713 | 61 | Montague |
| Mattie Lee Mixon | EOG Resources, Inc. | 8/23/2013 | 713 | 384 | Montague |
| Timmy Dane | EOG Resources, Inc. | 9/9/2013 | 713 | 390 | Montague |
| Alycia Jameson | EOG Resources, Inc. | 9/3/2013 | 713 | 393 | Montague |
| Donna Crawford | EOG Resources, Inc. | 9/9/2013 | 713 | 396 | Montague |
| Heather McNatt | EOG Resources, Inc. | 9/10/2013 | 713 | 399 | Montague |
| Olla V. Thames Fowler | WBH Energy Partners, LLC | 9/1/2013 | 713 | 616 | Montague |
| Jo Lynn Stokley | WBH Energy Partners, LLC | 9/1/2013 | 713 | 618 | Montague |
| Verna S. Christiana | WBH Energy Partners, LLC | 8/15/2013 | 713 | 620 | Montague |
| Larry Land | EOG Resources, Inc. | 9/16/2013 | 713 | 856 | Montague |
| Rise Bourland | EOG Resources, Inc. | 9/3/2013 | 713 | 868 | Montague |
| Sonja Marcou | EOG Resources, Inc. | 9/18/2013 | 713 | 871 | Montague |
| Alicia Stuart | EOG Resources, Inc. | 9/10/2013 | 713 | 877 | Montague |
| Pamela Shockely Pena | EOG Resources, Inc. | 11/9/2013 | 715 | 215 | Montague |
| Jennifer Young | EOG Resources, Inc. | 8/13/2013 | 715 | 219 | Montague |
| James Katseres | EOG Resources, Inc. | 8/13/2013 | 715 | 223 | Montague |
| Dawn Floyd | EOG Resources, Inc. | 8/13/2013 | 715 | 227 | Montague |
| David Shockley | EOG Resources, Inc. | 11/9/2013 | 715 | 231 | Montague |
| David Shannon Shockley | EOG Resources, Inc. | 11/9/2013 | 715 | 235 | Montague |
| Sharon Lynn Maxey | EOG Resources, Inc. | 9/30/2013 | 715 | 318 | Montague |
| Kenneth William Schaake | EOG Resources, Inc. | 9/30/2013 | 715 | 333 | Montague |
| Jerry Don Miller | EOG Resources, Inc. | 9/30/2013 | 715 | 336 | Montague |
| Carolyn Sue Farmer Zumwalt | WBH Energy Partners LLC | 8/15/2013 | 716 | 301 | Montague |
| Marianne Farner | EOG Resources, Inc. | 9/30/2013 | 716 | 664 | Montague |
| R. D. Farner and wife, Marianne Farner | EOG Resources, Inc. | 9/30/2013 | 716 | 667 | Montague |
| Madeline Boaze | EOG Resources, Inc. | 9/30/2013 | 716 | 676 | Montague |
| Gano Scott Reed, Jr. | WBH Energy Partners, LLC | 8/15/2013 | 717 | 33 | Montague |
| Verna R. Nila f/k/a Verna R. Dane | WBH Energy Partners LLC | 10/1/2013 | 717 | 42 | Montague |
| Robert Charles Bylsma | WBH Energy Partners, LLC | 9/1/2013 | 717 | 45 | Montague |
| Shannon Strybos | EOG Resources, Inc. | 8/27/2013 | 718 | 302 | Montague |
| Calvin William Wriggle | EOG Resources, Inc. | 10/23/2013 | 718 | 305 | Montague |
| Emilyn Linda Miller Walker a/k/a Linda Walker | EOG Resources, Inc. | 9/30/2013 | 719 | 159 | Montague |
| Lonnie M. Horner | EOG Resources, Inc. | 10/23/2013 | 719 | 162 | Montague |
| Christina M. Redman | EOG Resources, Inc. | 10/23/2013 | 719 | 666 | Montague |
| Nolan N. Dane | EOG Resources, Inc. | 10/24/2013 | 719 | 669 | Montague |
| Marylyn Cunningham | EOG Resources, Inc. | 10/24/2013 | 719 | 672 | Montague |
| Patti Ann Wallis | EOG Resources, Inc. | 10/24/2013 | 720 | 596 | Montague |
| Christopher Shockley | EOG Resources, Inc. | 11/9/2013 | 722 | 594 | Montague |
| Juanita Orefice | EOG Resources, Inc. | 11/20/2013 | 724 | 376 | Montague |
| James Fowler | EOG Resources, Inc. | 9/27/2013 | 724 | 379 | Montague |

Exhibit A

| Melvin A Snow | WBH Energy Partners LLC | 9/15/2013 | 725 | 204 | Montague |
| Danny G. Dane | EOG Resources, Inc. | 11/20/2013 | 725 | 755 | Montague |
| DeeAnna Booker | EOG Resources, Inc. | 11/19/2013 | 726 | 474 | Montague |
| Land-King, LLC co Gretchen Davis | EOG Resources, Inc. | 12/3/2013 | 727 | 124 | Montague |
| Justin Gerber | EOG Resources, Inc. | 11/18/2013 | 727 | 126 | Montague |
| Sean Adams, minor by Guardian Jamie Lynn Stunkard | EOG Resources, Inc. | 10/23/2013 | 727 | 129 | Montague |
| Jamie Lynn Stunkard f/k/a Jamie Lynn Adams | EOG Resources, Inc. | 10/23/2013 | 727 | 132 | Montague |
| William Bruce Hook | EOG Resources, Inc. | 9/30/2013 | 727 | 850 | Montague |
| Lance Eric Roberts | EOG Resources, Inc. | 12/2/2013 | 728 | 781 | Montague |
| JSH Company | EOG Resources, Inc. | 12/3/2013 | 729 | 555 | Montague |
| William D. Snow | EOG Resouces, Inc. | 10/11/2013 | 729 | 580 | Montague |
| KEA Holdings, LLC | EOG Resources, Inc. | 12/3/2013 | 730 | 843 | Montague |
| Sara Gilbert | EOG Resources, Inc. | 10/29/2013 | 733 | 391 | Montague |
| Curtis Wayne Wriggle | EOG Resources, Inc. | 10/23/2013 | 733 | 394 | Montague |
| Paula Kay Morrison | EOG Resources, Inc. | 2/4/2014 | 735 | 592 | Montague |
| Julie Dane | EOG Resources, Inc. | 1/28/2014 | 735 | 608 | Montague |
| Jimmy Maurice Farmer | EOG Resources, Inc. | 2/4/2014 | 735 | 844 | Montague |
| Lou Ann Farmer | EOG Resources, Inc. | 2/4/2014 | 737 | 215 | Montague |
| Giselle Herron | EOG Resources, Inc. | 10/24/2013 | 739 | 122 | Montague |
| Jena Aguilera | EOG Resources, Inc. | 11/20/2013 | 739 | 125 | Montague |
| Dale A. Dane | EOG Resources, Inc. | 2/20/2014 | 739 | 664 | Montague |
| DeAnna Suedmeyer | EOG Resources, Inc. | 1/13/2014 | 742 | 898 | Montague |
| EOG Resources Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 396 | Montague |
| Joe Shewmake | EOG Resources, Inc. | 5/6/2014 | 751 | 328 | Montague |
| Charles Shewmake | EOG Resources, Inc. | 5/6/2014 | 751 | 331 | Montague |
| June Croushorn | EOG Resources, Inc. | 5/6/2014 | 751 | 334 | Montague |
| Sheila Guckian | EOG Resources, Inc. | 5/6/2014 | 751 | 337 | Montague |
| Brad Flaska | EOG Resources, Inc. | 5/6/2014 | 751 | 340 | Montague |
| Billie Harrison | EOG Resources, Inc. | 5/6/2014 | 753 | 61 | Montague |
| Bobby Charles Shewmake | EOG Resources, Inc. | 5/6/2014 | 753 | 64 | Montague |
| Metha Shewmake, Jr. | EOG Resources, Inc. | 5/6/2014 | 753 | 67 | Montague |
| Joy Shewmake | EOG Resources, Inc. | 5/6/2014 | 753 | 70 | Montague |
| Mitzi Shewmake Shield | EOG Resources, Inc. | 5/6/2014 | 753 | 73 | Montague |
| Larry Don Boyd | EOG Resources, Inc. | 12/13/2013 | 757 | 884 | Montague |

**Unit C**

**Tract C-1**

| Paul B. Landfair | BRIM Oil and Gas Co. | 4/11/2012 | 624 | 13 | Montague |
| David Anthony Neumann | BRIM Oil and Gas Co. | 4/11/2012 | 624 | 14 | Montague |
| Lawrence Matthew Neumann | BRIM Oil and Gas Co. | 4/11/2012 | 624 | 15 | Montague |
| Amanda Foote, Trustee | WBH Energy Partners, LLC | 5/2/2012 | 636 | 621 | Montague |
| Bottom Investments Co. | WBH Energy Partners, LLC | 5/2/2012 | 636 | 623 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Victoria Trading Co. | WBH Energy Partners, LLC | 5/2/2012 | 636 | 625 | Montague |
| John T. Corcoran | WBH Energy Partners, LLC | 5/2/2012 | 636 | 627 | Montague |
| Joe P. Pritchett | WBH Energy Partners, LLC | 5/2/2012 | 636 | 629 | Montague |
| Ronald H. Carter | WBH Energy Partners, LLC | 5/2/2012 | 636 | 631 | Montague |

**Tract C-13**

| | | | | | |
|---|---|---|---|---|---|
| Dorothy S. Wynne | EOG Resources, Inc. | 2/23/2012 | 617 | 269 | Montague |

**Tract C-14**

| | | | | | |
|---|---|---|---|---|---|
| Marie McCollum TUW and Mary V. Gray TUW, by Jeffrey T. McCollum | BRIM Oil and Gas Co. | 3/15/2012 | 624 | 26 | Montague |
| Marie McCollum TUW and Mary V. Gray TUW, by John H. Gray, Jr. | BRIM Oil and Gas Co. | 3/15/2012 | 624 | 28 | Montague |

**Tract C-15**

| | | | | | |
|---|---|---|---|---|---|
| Nancy S. Rettig, Trustee Nancy S. Rettig Trust | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 16 | Montague |
| Delia Staley Crossley | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 17 | Montague |
| Staley Property Co., LTD. | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 18 | Montague |
| Jack C. Staley, Jr. | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 19 | Montague |
| James I. Staley, III | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 20 | Montague |
| Connie Staley Heritage Trust B, by James I. Staley, II | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 21 | Montague |
| Joe H. Staley, Jr. | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 22 | Montague |
| Staley Business Partnership | BRIM Oil and Gas Co. | 4/1/2012 | 624 | 23 | Montague |
| Suzanne Bristol | WBH Energy Partners, LLC | 9/20/2013 | 714 | 315 | Montague |
| John Robert Bowmer | WBH Energy Partners, LLC | 9/20/2013 | 717 | 51 | Montague |

**Tract C-16**

| | | | | | |
|---|---|---|---|---|---|
| Glenda Montfort | BRIM Oil and Gas Co. | 7/13/2006 | 363 | 376 | Montague |
| Graham Hanks Young | BRIM Oil and Gas Co. | 8/25/2006 | 367 | 874 | Montague |
| Stephen Ray Walker | BRIM Oil and Gas Co. | 8/25/2006 | 367 | 875 | Montague |
| Roger Claxton Hanks | BRIM Oil and Gas Co. | 8/25/2006 | 367 | 876 | Montague |
| Sherilyn Elaine Pistocco | BRIM Oil and Gas Co. | 8/19/2006 | 367 | 877 | Montague |
| Adrian Walker | BRIM Oil and Gas Co. | 8/25/2006 | 369 | 632 | Montague |
| Penney Shipley | BRIM Oil and Gas Co. | 12/19/2008 | 469 | 83 | Montague |
| Kimberly Hanks | EOG Resources, Inc. | 6/11/2012 | 633 | 569 | Montague |
| Lindsey Hanks | EOG Resources, Inc. | 6/11/2012 | 633 | 576 | Montague |
| Robin Rugg Trause | WBH Energy Partners, LLC | 2/12/2013 | 675 | 582 | Montague |
| Barbara Jean Tugman | WBH Energy Partners, LLC | 2/12/2013 | 675 | 585 | Montague |
| Nan Robertson Kirkendahl | WBH Energy Partners, LLC | 2/12/2013 | 678 | 577 | Montague |

Exhibit A

**Tract C-31**

| | | | | | |
|---|---|---|---|---|---|
| Dorothy Seay Wynne | EOG Resources, Inc. | 2/23/2012 | 617 | 270 | Montague |

**Unit D**

**Tract D-1**

| | | | | | |
|---|---|---|---|---|---|
| Janice E. Potts, Trustee John R. Potts, Jr. Revo Living Trust | Bra-De Oil & Gas | 3/21/2011 | 564 | 648 | Montague |
| James Robert Hathron | Bra-De Oil & Gas | 12/13/2012 | 670 | 442 | Montague |
| Paul Martin Hathorn | Bra-De Oil & Gas | 12/13/2012 | 670 | 773 | Montague |
| Robert Q. Bussell | Bra-De Oil & Gas | 1/10/2013 | 673 | 468 | Montague |
| Alyssa Kimbell | Bra-De Oil & Gas | 2/8/2013 | 676 | 653 | Montague |
| Bert Williamson et al | WBH Energy Partners, LLC | 2/15/2013 | 678 | 586 | Montague |
| Pumpernickle, LP | WBH Energy Partners, LLC | 2/15/2013 | 678 | 588 | Montague |
| Tom B. Medders, III | WBH Energy Partners, LLC | 3/13/2013 | 678 | 589 | Montague |
| Otis Gerald Keil | BRIM Oil and Gas Co. | 3/1/2013 | 688 | 263 | Montague |
| Marilyn M. Winters | WBH Energy Partners, LLC | 3/27/2013 | 688 | 264 | Montague |
| Steven Loder Clift | WBH Energy Partners, LLC | 4/8/2013 | 688 | 292 | Montague |
| John W. Clift | WBH Energy Partners, LLC | 4/8/2013 | 688 | 293 | Montague |
| Tommie Sappington, Heirs of Harold J. Hedges | WBH Energy Partners, LLC | 5/29/2013 | 694 | 422 | Montague |
| Howard Robert Clift | WBH Energy Partners, LLC | 4/8/2013 | 695 | 258 | Montague |
| Dianne Farmer | WBH Energy Partners, LLC | 4/15/2013 | 695 | 270 | Montague |
| Catherine Anne Teater | WBH Energy Partners, LLC | 4/15/2013 | 695 | 309 | Montague |
| Linda Turrel | WBH Energy Partners, LLC | 6/15/2013 | 701 | 632 | Montague |
| Ralph Cole | WBH Energy Partners, LLC | 6/15/2013 | 701 | 634 | Montague |
| Douglas E. Cole | WBH Energy Partners, LLC | 6/15/2013 | 701 | 636 | Montague |
| Irene Siegley, Est Harry C. Siegley, dec'd | WBH Energy Partners, LLC | 6/15/2013 | 701 | 669 | Montague |
| Dorothy Ann Richards Tips | WBH Energy Partners, LLC | 7/17/2013 | 709 | 320 | Montague |
| Benjamin Christian Cole | WBH Energy Partners, LLC | 6/15/2013 | 710 | 372 | Montague |
| Floyd Clift Richards | WBH Energy Partners, LLC | 7/17/2013 | 712 | 341 | Montague |
| Donald R. Bussell | EOG Resources, Inc. | 9/3/2013 | 715 | 861 | Montague |
| Courtney Cole | WBH Energy Partners, LLC | 6/15/2013 | 718 | 567 | Montague |
| Matt G. Muehlberger, Scott M. Muehlberger and WBH Energy, LP | WBH Energy, LP | 1/1/2014 | 758 | 249 | Montague |

**Tract D-2**

| | | | | | |
|---|---|---|---|---|---|
| Sara Rucker Burnett Living Trust | EOG Resources, Inc. | 10/14/2010 | 541 | 27 | Montague |
| Tommie Sappington, Heirs of A.J. Harrell | WBH Energy Partners, LLC | 5/29/2013 | 694 | 430 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Milam Sons' Minerals, LLC | WBH Energy Partners, LLC | 3/7/2013 | 695 | 267 | Montague |
| Philip Viles, Jr. | WBH Energy Partners, LLC | 4/9/2013 | 695 | 268 | Montague |
| The Steveco Trust | WBH Energy Partners, LLC | 4/9/2013 | 695 | 269 | Montague |
| Tommie Sappington, Heirs of B.E. Pemberton | WBH Energy Partners, LLC | 3/7/2013 | 701 | 640 | Montague |

**Tract D-3**

| | | | | | |
|---|---|---|---|---|---|
| Betty Sue Dye Lyell | Bra-De Oil & Gas | 1/7/2011 | 555 | 480 | Montague |
| Marvin Brashear Trust | BRIM Oil and Gas Co. | 12/27/2012 | 667 | 481 | Montague |
| Bess Brashear Trust | BRIM Oil and Gas Co. | 12/27/2012 | 667 | 483 | Montague |
| Marilyn Kay Stroud | WBH Energy Partners, LLC | 3/15/2013 | 688 | 260 | Montague |
| Larry Joe Evans | WBH Energy Partners, LLC | 2/15/2013 | 688 | 261 | Montague |
| Barbara Sue Evans McBeth et al | WBH Energy Partners, LLC | 2/25/2013 | 688 | 262 | Montague |
| Kramer Mineral Trust II | WBH Energy Partners, LLC | 3/25/2013 | 688 | 266 | Montague |
| C.B. Christie | WBH Energy Partners, LLC | 3/19/2013 | 688 | 268 | Montague |
| Marie McCollum Trust et al | BRIM Oil and Gas Co. | 1/2/2013 | 688 | 269 | Montague |
| John A. Palumbo | WBH Energy Partners, LLC | 3/25/2013 | 688 | 291 | Montague |
| James C. Vanbebber, III | WBH Energy Partners, LLC | 2/1/2013 | 695 | 261 | Montague |
| Gary Wayne Vanbebber | WBH Energy Partners, LLC | 2/1/2013 | 695 | 262 | Montague |
| Jalinda M. Ruiz | WBH Energy Partners, LLC | 2/1/2013 | 695 | 263 | Montague |
| Sheryl Barton | WBH Energy Partners, LLC | 2/1/2013 | 695 | 264 | Montague |
| Choctaw Energy, Ltd. | WBH Energy Partners, LLC | 6/5/2013 | 701 | 667 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 400 | Montague |
| WBH Energy Partners, LLC | WBH Energy, LP | 6/25/2014 | 758 | 253 | Montague |

**Tract D-4**

| | | | | | |
|---|---|---|---|---|---|
| Everett Snow | EOG Resources, Inc. | 4/4/2008 | 439 | 494 | Montague |
| Ken Snow | EOG Resources, Inc. | 4/4/2008 | 439 | 497 | Montague |
| Doyle Ray Snow | EOG Resources, Inc. | 4/4/2008 | 439 | 501 | Montague |
| Patsy Immel | EOG Resources, Inc. | 4/4/2008 | 439 | 503 | Montague |
| Verna Snow Tschoerner | EOG Resources, Inc. | 4/4/2008 | 439 | 511 | Montague |
| Pauline Odom Curry | EOG Resources, Inc. | 4/4/2008 | 439 | 532 | Montague |
| Ruth Ann Spencer | EOG Resources, Inc. | 4/4/2008 | 441 | 158 | Montague |
| Evelyn Hardison Stewart | EOG Resources, Inc. | 4/4/2008 | 449 | 714 | Montague |
| Melvin Arlan Snow | EOG Resources, Inc. | 4/5/2013 | 673 | 728 | Montague |
| Robert Snow | EOG Resources, Inc. | 4/5/2013 | 675 | 648 | Montague |
| Laura J. Snow | EOG Resources, Inc. | 4/5/2013 | 675 | 655 | Montague |
| Sherry Fisher | EOG Resources, Inc. | 4/5/2013 | 675 | 658 | Montague |
| David Snow | EOG Resources, Inc. | 4/5/2013 | 675 | 661 | Montague |
| DeAnna Suedmeyer | EOG Resources, Inc. | 1/13/2014 | 742 | 898 | Montague |
| Joe Shewmake | EOG Resources, Inc. | 5/6/2014 | 751 | 328 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Charles Shewmake | EOG Resources, Inc. | 5/6/2014 | 751 | 331 | Montague |
| June Croushorn | EOG Resources, Inc. | 5/6/2014 | 751 | 334 | Montague |
| Sheila Guckian | EOG Resources, Inc. | 5/6/2014 | 751 | 337 | Montague |
| Brad Flaska | EOG Resources, Inc. | 5/6/2014 | 751 | 340 | Montague |
| Billie Harrison | EOG Resources, Inc. | 5/6/2014 | 753 | 61 | Montague |
| Bobby Charles Shewmake | EOG Resources, Inc. | 5/6/2014 | 753 | 64 | Montague |
| Metha Shewmake, Jr. | EOG Resources, Inc. | 5/6/2014 | 753 | 67 | Montague |
| Joy Shewmake | EOG Resources, Inc. | 5/6/2014 | 753 | 70 | Montague |
| Mitzi Shewmake Shield | EOG Resources, Inc. | 5/6/2014 | 753 | 73 | Montague |

**Tract D-5**

| | | | | | |
|---|---|---|---|---|---|
| Earley LaRue Smith Vann | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 239 | Montague |
| Jack H. Smith et ux, Charlene | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 241 | Montague |
| Jim Christanelli | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 242 | Montague |
| Gertrude Smith Watkins | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 244 | Montague |
| Kathee Jo Dwyer, Est of Nellie Smith Butts, dec'd | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 245 | Montague |
| Est Mary June Cude, dec'd | BRIM Oil and Gas Co. | 3/2/2011 | 560 | 25 | Montague |
| Spears Thomas McCaskill | BRIM Oil and Gas Co. | 12/5/2012 | 667 | 485 | Montague |
| Peggy Peterson | WBH Energy Partners, LLC | 2/25/2013 | 678 | 584 | Montague |
| Debbie K. Adams Riggs | WBH Energy Partners, LLC | 2/25/2013 | 678 | 585 | Montague |
| Victor N. Bailey | WBH Energy Partners, LLC | 2/25/2013 | 688 | 259 | Montague |
| Reba Pyles | BRIM Oil and Gas Co. | 12/21/2012 | 688 | 280 | Montague |
| Tommie Sappington, for Heirs of Dorothy Elson and Bulah Pyles | WBH Energy Partners, LLC | 5/29/2013 | 694 | 440 | Montague |
| Tommie Sappington, Heirs of A.W. Davidson | WBH Energy Partners, LLC | 12/20/2013 | 730 | 35 | Montague |

**Tract D-6A**

| | | | | | |
|---|---|---|---|---|---|
| James & Frances Patterson, Patterson Family Living Trust | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 237 | Montague |
| William E. & Linda F. Patterson Living Trust | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 238 | Montague |
| Early Larue Smith Vann | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 239 | Montague |
| Anna L. & Frank W. Graves, Graves Mineral Trust | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 240 | Montague |
| Jack H. Smith et ux, Charlene Smith | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 241 | Montague |
| Jim Christanelli, Inc. | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 242 | Montague |
| Gertrude Smith Watkins | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 244 | Montague |
| Kathee Jo Dwyer, Est of Nellie Smith Butts, dec'd | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 245 | Montague |
| Francine Fish Rowe, Independent Executrix of the Esate of Ava Shaw Fish, Dec'd | BRIM Oil and Gas Co. | 10/12/2009 | 499 | 246 | Montague |
| Suzanne Fish Kinnebrew | BRIM Oil and Gas Co. | 10/23/2009 | 499 | 247 | Montague |
| Spears Thomas McCaskill, Jr. | BRIM Oil and Gas Co. | 12/5/2012 | 667 | 485 | Montague |
| Reba Pyles | BRIM Oil and Gas Co. | 12/21/2012 | 688 | 280 | Montague |
| Tommie Sappington, Heirs of Bulah Snow, William McGann, and Dorothy Elson | WBH Energy Partners, LLC | 5/29/2013 | 694 | 432 | Montague |

**Tract D-6B**

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Earley LaRue Smith Vann | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 239 | Montague |
| Jack H. Smith et ux, Charlene | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 241 | Montague |
| Jim Christanelli, Inc. | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 242 | Montague |
| Gertrude Smith Watkins | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 244 | Montague |
| Kathee Jo Dwyer, Est of Nellie Smith Butts, dec'd | BRIM Oil and Gas Co. | 10/7/2009 | 499 | 245 | Montague |
| Est of Mary June Cude, dec'd | BRIM Oil and Gas Co. | 3/2/2011 | 560 | 25 | Montague |
| Spears Thomas McCaskill | BRIM Oil and Gas Co. | 12/5/2012 | 667 | 485 | Montague |
| Peggy Peterson | WBH Energy Partners, LLC | 2/25/2013 | 678 | 584 | Montague |
| Debbie K. Adams Riggs | WBH Energy Partners, LLC | 2/25/2013 | 678 | 585 | Montague |
| Victor N. Bailey | WBH Energy Partners, LLC | 2/25/2013 | 688 | 259 | Montague |
| Reba Pyles | BRIM Oil and Gas Co. | 12/21/2012 | 688 | 280 | Montague |
| Tommie Sappington, Heirs of Bulah Snow and Dorothy Elson | WBH Energy Partners, LLC | 5/29/2013 | 694 | 438 | Montague |
| Tommie Sappington, Heirs of A.W. Davidson | WBH Energy Partners, LLC | 12/20/2013 | 730 | 35 | Montague |

**Unit E**

**Tract E-1**

| | | | | | |
|---|---|---|---|---|---|
| Robert Lee Walker | EOG Resources, Inc. | 1/19/2010 | 507 | 214 | Montague |
| Don C. Denman | EOG Resources, Inc. | 4/21/2010 | 517 | 510 | Montague |
| James S. Fry | EOG Resources, Inc. | 4/28/2010 | 518 | 877 | Montague |
| Linda Setser | EOG Resources, Inc. | 4/27/2010 | 518 | 887 | Montague |
| John H. Fry | EOG Resources, Inc. | 4/28/2010 | 518 | 893 | Montague |
| Louis T. Coulson, III | EOG Resources, Inc. | 5/28/2010 | 524 | 420 | Montague |
| Janet S. Coulson | EOG Resources, Inc. | 5/28/2010 | 526 | 206 | Montague |
| Shirley J. Coulson | EOG Resources, Inc. | 5/28/2010 | 526 | 221 | Montague |
| Robert N. Coulson | EOG Resources, Inc. | 5/28/2010 | 530 | 366 | Montague |
| Dennis R. Coulson | EOG Resources, Inc. | 12/29/2011 | 610 | 455 | Montague |
| Don W. Coulson | EOG Resources, Inc. | 12/20/2011 | 610 | 457 | Montague |
| Gary Glenn Grigsby | EOG Resources, Inc. | 1/18/2012 | 610 | 479 | Montague |
| Lisa Jewell | EOG Resources, Inc. | 1/19/2012 | 610 | 481 | Montague |
| Christy D. Miller | EOG Resources, Inc. | 1/19/2012 | 610 | 483 | Montague |
| Tim Grigsby Phillips | EOG Resources, Inc. | 3/14/2012 | 619 | 67 | Montague |
| Ralph Schultz | BRIM Oil and Gas Co. | 4/1/2013 | 669 | 128 | Montague |
| John K. Conger | BRIM Oil and Gas Co. | 4/9/2013 | 672 | 532 | Montague |
| Sue S. Coulson | BRIM Oil and Gas Co. | 3/28/2013 | 672 | 533 | Montague |
| Charlotte C. Lee | BRIM Oil and Gas Co. | 4/1/2013 | 675 | 588 | Montague |
| Stephen A. Urbanczyk | BRIM Oil and Gas Co. | 6/19/2013 | 675 | 590 | Montague |
| Kay L. Conger Johnson | BRIM Oil and Gas Co. | 4/11/2013 | 675 | 591 | Montague |
| Jay Neill Urbanczyk | BRIM Oil and Gas Co. | 6/19/2013 | 678 | 571 | Montague |
| John F. Hamma | BRIM Oil and Gas Co. | 4/8/2013 | 678 | 575 | Montague |
| Norma Coulson | BRIM Oil and Gas Co. | 4/2/2013 | 678 | 576 | Montague |
| James Brian Bidwell | BRIM Oil and Gas Co. | 4/1/2013 | 688 | 35 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Lisa Ann Bidwell | BRIM Oil and Gas Co. | 4/1/2013 | 688 | 36 | Montague |
| Jana Ladd | BRIM Oil and Gas Co. | 4/2/2013 | 688 | 37 | Montague |
| Jacklynn E. Kidd Aughe | BRIM Oil and Gas Co. | 4/30/2013 | 688 | 38 | Montague |
| Laverne Legate Webb | BRIM Oil and Gas Co. | 4/16/2013 | 688 | 43 | Montague |
| Marvine C. Atkinson | BRIM Oil and Gas Co. | 5/5/2013 | 688 | 44 | Montague |
| Edward H. Smith, III and Mary Sue Smith | BRIM Oil and Gas Co. | 4/4/2013 | 688 | 48 | Montague |
| Miriam Edelman | BRIM Oil and Gas Co. | 4/8/2013 | 688 | 49 | Montague |
| Stephanie Hager Woody | BRIM Oil and Gas Co. | 4/4/2013 | 688 | 55 | Montague |
| Kenneth G. Hager | BRIM Oil and Gas Co. | 4/4/2013 | 688 | 56 | Montague |
| Mary Beth Kilhoffer | BRIM Oil and Gas Co. | 4/4/2013 | 688 | 57 | Montague |
| Virginia C. Vail | BRIM Oil and Gas Co. | 4/17/2013 | 688 | 60 | Montague |
| Tommie Sappington, Heirs of Lee Ann Reynolds | WBH Energy Partners, LLC | 5/29/2013 | 694 | 446 | Montague |
| Bobbi Jo Hager | BRIM Oil and Gas Co. | 4/4/2013 | 695 | 368 | Montague |
| Robert Timothy Coulson by AIF Melanie S. Coulson | EOG Resources, Inc. | 5/24/2013 | 698 | 367 | Montague |
| Melanie S. Coulson | EOG Resources, Inc. | 5/24/2013 | 698 | 371 | Montague |
| Spindletop Exploration Co., Inc. | BRIM Oil and Gas Co. | 6/15/2013 | 701 | 685 | Montague |
| Rebekah Jiminez | BRIM Oil and Gas Co. | 8/20/2013 | 701 | 687 | Montague |
| Rebekah Jiminez as Trustee of Bethany Little Trust | BRIM Oil and Gas Co. | 8/20/2013 | 701 | 689 | Montague |
| Jeffory Allan Fry | EOG Resources, Inc. | 7/23/2013 | 707 | 490 | Montague |
| Jerry Lee Fry | EOG Resources, Inc. | 7/23/2013 | 707 | 493 | Montague |
| Danny O. Coulson | BRIM Oil and Gas Co. | 6/15/2013 | 709 | 448 | Montague |
| Bethany Little | BRIM Oil and Gas Co. | 6/15/2013 | 713 | 37 | Montague |
| Eleanor Jo Klingman | BRIM Oil and Gas Co. | 10/3/2013 | 717 | 9 | Montague |
| Garry T. Bull | BRIM Oil and Gas Co. | 10/3/2013 | 728 | 170 | Montague |
| Tommie Sappington, Heirs of Daniel Coulson and SW Lighthouse for the Blind | WBH Energy Partners, LLC | 12/20/2013 | 730 | 38 | Montague |
| Patty Jean Schultz Durst | WBH Energy Partners, LLC | 10/29/2014 | 777 | 838 | Montague |
| Sherry Suzanne Schultz Stacker | WBH Energy Partners, LLC | 10/29/2014 | 779 | 803 | Montague |
| Judy Kay Schultz Palmer | WBH Energy Partners, LLC | 10/29/2014 | 779 | 805 | Montague |
| Gloria Gayle Johnson | WBH Energy Partners, LLC | 10/29/2014 | 782 | 144 | Montague |
| Kenneth Melvin Coulson | WBH Energy Partners, LLC | 10/29/2014 | 785 | 320 | Montague |

**Tract E-1A**

| | | | | | |
|---|---|---|---|---|---|
| Marie McCollum Trust | EOG Resources, Inc. | 5/20/2010 | 533 | 159 | Montague |

**Tract E-2**

| | | | | | |
|---|---|---|---|---|---|
| Perle Baird | EOG Resources, Inc. | 5/8/2012 | 627 | 420 | Montague |
| Donald Lynn Busby | EOG Resources, Inc. | 5/8/2012 | 627 | 421 | Montague |
| Ralph H. Echols, III | EOG Resources, Inc. | 6/28/2012 | 637 | 106 | Montague |
| Barbara Pace Kieschnick | EOG Resources, Inc. | 6/28/2012 | 637 | 107 | Montague |
| Michael Kevin Murphy | EOG Resources, Inc. | 6/28/2012 | 637 | 108 | Montague |
| Carole Pace White | EOG Resources, Inc. | 6/28/2012 | 637 | 109 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Phyllis Jane Young | EOG Resources, Inc. | 6/28/2012 | 637 | 110 | Montague |
| Gail Godfrey Yager Exempt Trust | EOG Resources, Inc. | 7/24/2012 | 639 | 496 | Montague |
| Gaines Loros Godfrey Exempt Trust | EOG Resources, Inc. | 7/24/2012 | 639 | 498 | Montague |
| Larry Dean Busby | Oconee Limited Partnership | 7/12/2012 | 643 | 808 | Montague |
| Jeanette Lynn McCollister a/k/a Jeanette Lynn Deinard | EOG Resources, Inc. | 7/2/2012 | 644 | 576 | Montague |
| Frost Bank, Agent for Elizabeth K. Burchard | EOG Resources, Inc. | 9/26/2012 | 653 | 529 | Montague |
| Elizabeth K. Burchard Revocable Inter Vivos Trust | EOG Resources, Inc. | 9/26/2012 | 653 | 529 | Montague |
| Virginia Schilz Revocable Trust | EOG Resources, Inc. | 9/26/2012 | 653 | 529 | Montague |
| Milam Sons' Minerals | WBH Energy Partners, LLC | 3/7/2013 | 695 | 267 | Montague |
| Phillip H. Viles, Jr. | WBH Energy Partners, LLC | 4/9/2013 | 695 | 268 | Montague |
| Steveco Trust, Trustee George J. Stevenson | WBH Energy Partners, LLC | 4/9/2013 | 695 | 269 | Montague |
| Terrance Lesh Murphy | EOG Resources, Inc. | 10/22/2013 | 697 | 279 | Montague |
| Lesh-Thompson Family Ltd. Partnership | EOG Resources, Inc. | 10/22/2013 | 697 | 282 | Montague |
| Robert H. Rucker Trust, Trustee Sonja Rucker | WBH Energy Partners, LLC | 8/1/2013 | 712 | 343 | Montague |
| Deer Creek II | WBH Energy Partners, LLC | 9/26/2013 | 718 | 569 | Montague |
| Creed Leasing Co. | WBH Energy, LP | 5/1/2014 | 758 | 246 | Montague |
| Dora McCollister | WBH Energy Partners, LLC | 7/16/2014 | 762 | 817 | Montague |
| James McCollister, IV | WBH Energy Partners, LLC | 7/16/2014 | 762 | 819 | Montague |

**Tract E-3**

| | | | | | |
|---|---|---|---|---|---|
| Tom Miller | EOG Resources, Inc. | 11/26/2007 | 423 | 235 | Montague |
| Linda Walker | EOG Resources, Inc. | 11/26/2007 | 423 | 376 | Montague |
| Kenneth Schaake | EOG Resources, Inc. | 11/26/2007 | 423 | 409 | Montague |
| Sharon Lynn Maxey | EOG Resources, Inc. | 11/26/2007 | 427 | 488 | Montague |
| Jerry Miller | EOG Resources, Inc. | 11/26/2007 | 431 | 333 | Montague |
| Fritz Lanham Lyne, Jr. | EOG Resources, Inc. | 4/23/2012 | 623 | 414 | Montague |
| Paul P. Steed, Jr. | EOG Resources, Inc. | 4/23/2012 | 623 | 415 | Montague |
| Patricia L. Steed | EOG Resources, Inc. | 5/8/2012 | 624 | 751 | Montague |
| Marilyn Steed Stafford | EOG Resources, Inc. | 4/25/2012 | 626 | 184 | Montague |
| Steed Family Ltd. Partnership | EOG Resources, Inc. | 5/2/2012 | 627 | 422 | Montague |
| Est of Richard Steed | EOG Resources, Inc. | 5/2/2012 | 627 | 423 | Montague |
| Kimberly Hanks | EOG Resources, Inc. | 4/23/2012 | 630 | 627 | Montague |
| Lindsey Hanks | EOG Resources, Inc. | 4/23/2012 | 630 | 628 | Montague |
| Steed Bowersock | EOG Resources, Inc. | 4/26/2012 | 630 | 631 | Montague |
| Kimberly Bowersock Miller | EOG Resources, Inc. | 4/26/2012 | 630 | 632 | Montague |
| William Michael Steed | EOG Resources, Inc. | 6/28/2012 | 636 | 454 | Montague |
| Nan Kirkendahl | EOG Resources, Inc. | 10/25/2012 | 645 | 32 | Montague |
| Roger Hanks | EOG Resources, Inc. | 10/25/2012 | 645 | 37 | Montague |
| Barbara Tugman | EOG Resources, Inc. | 10/25/2012 | 645 | 52 | Montague |
| Adrian Walker | EOG Resources, Inc. | 10/25/2012 | 648 | 718 | Montague |
| Stephen Ray Walker | EOG Resources, Inc. | 10/25/2012 | 648 | 723 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Kathleen Summers Brown | EOG Resources, Inc. | 11/2/2012 | 651 | 407 | Montague |
| Joe Summers | EOG Resources, Inc. | 11/2/2012 | 651 | 411 | Montague |
| Robert Summers | EOG Resources, Inc. | 11/2/2012 | 651 | 413 | Montague |
| Robin Rugg Trause | EOG Resources, Inc. | 10/25/2012 | 651 | 417 | Montague |
| Graham Young | EOG Resources, Inc. | 10/25/2012 | 651 | 419 | Montague |
| Penny Shipley | EOG Resources, Inc. | 10/25/2012 | 651 | 421 | Montague |
| Robert Douglas Farner | EOG Resources, Inc. | 9/6/2012 | 654 | 239 | Montague |
| Madeline Boaze | BRIM Oil and Gas Co. | 1/22/2013 | 678 | 570 | Montague |
| William Bruce Hooke | BRIM Oil and Gas Co. | 1/22/2013 | 678 | 574 | Montague |
| Tommie Sappington, Heirs of John Shipler, Inez Cooper and Suzanne Steed | WBH Energy Partners, LLC | 5/29/2013 | 694 | 436 | Montague |
| Robert H. Rucker Revocable Trust, Trustee Sonja Rucker | WBH Energy Partners, LLC | 8/1/2013 | 712 | 343 | Montague |

**Tract E-4A**

| | | | | | |
|---|---|---|---|---|---|
| Sherwood Myrtle Foster Home for Children, Glenn Newberry | 1st Southwest Consultants | 7/21/2008 | 451 | 669 | Montague |
| Suzanne Russell | 1st Southwest Consultants | 7/17/2008 | 451 | 672 | Montague |
| William C. Cady | 1st Southwest Consultants | 7/17/2008 | 451 | 687 | Montague |
| George Olson | 1st Southwest Consultants | 7/17/2008 | 451 | 690 | Montague |
| LaRue Black Williams | 1st Southwest Consultants | 7/17/2008 | 451 | 697 | Montague |
| Ann Olson Hultman | 1st Southwest Consultants | 7/17/2008 | 451 | 718 | Montague |
| Lara Roberta Black Marlin | 1st Southwest Consultants | 7/17/2008 | 454 | 168 | Montague |
| Ben V. Martin | EOG Resources, Inc. | 2/26/2010 | 511 | 595 | Montague |
| First United Methodist Church of Bowie | EOG Resources, Inc. | 4/15/2010 | 517 | 529 | Montague |
| Bowie Educational Foundation | EOG Resources, Inc. | 5/14/2010 | 520 | 36 | Montague |
| Ben V. Martin remainderman for Norah K. Hooper | EOG Resources, Inc. | 1/11/2011 | 554 | 565 | Montague |
| Dallas Lighthouse for the Blind, Inc. | EOG Resources, Inc. | 1/4/2011 | 554 | 598 | Montague |
| Danny D. Whitaker | EOG Resources, Inc. | 12/29/2011 | 610 | 460 | Montague |
| Desert Partners IV, LP | WBH Energy Partners, LLC | 5/31/2013 | 678 | 572 | Montague |
| Basin Oil and Gas, LLC | WBH Energy Partners, LLC | 5/31/2013 | 688 | 39 | Montague |
| Bill Howard | WBH Energy Partners, LLC | 5/31/2013 | 688 | 41 | Montague |
| Methodist Childrens Home | WBH Energy Partners, LLC | 6/23/2013 | 688 | 58 | Montague |
| Vaquero Royalty, LLC | WBH Energy Partners, LLC | 5/31/2013 | 695 | 369 | Montague |
| Cleta Faye Morrison | WBH Energy Partners, LLC | 9/12/2013 | 703 | 701 | Montague |
| Wayne Beck et ux, Tommie | EOG Resources, Inc. | 9/11/2013 | 705 | 518 | Montague |
| Robert D. Beck | EOG Resources, Inc. | 9/11/2013 | 707 | 442 | Montague |
| Verlon Dale Richey a/k/a Vicki D Richey | WBH Energy Partners, LLC | 9/12/2013 | 714 | 308 | Montague |
| William Holbert Martin | WBH Energy Partners, LLC | 11/7/2013 | 728 | 172 | Montague |
| Miriam Virginia Lance | WBH Energy Partners, LLC | 11/7/2013 | 728 | 174 | Montague |
| Roberta LaCroix Barnes | WBH Energy Partners, LLC | 11/7/2013 | 730 | 360 | Montague |
| Mary E. Fuller a/k/a Mary Elizabeth Martin Fuller | WBH Energy Partners, LLC | 1/27/2014 | 737 | 614 | Montague |
| Margaret Jane Cooper | WBH Energy Partners, LLC | 1/27/2014 | 737 | 616 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| RidgeRocktx, LLC | WBH Energy Partners, LLC | 1/29/2014 | 739 | 163 | Montague |
| Eleanor P. Hummel | WBH Energy Partners, LLC | 1/27/2014 | 740 | 544 | Montague |
| April Bridges | WBH Energy Partners, LLC | 3/11/2014 | 750 | 421 | Montague |
| Texas Scottish Hospital for Crippled Children | WBH Energy Partners, LLC | 7/15/2014 | 763 | 446 | Montague |

**Tract E-4B**

| | | | | | |
|---|---|---|---|---|---|
| Judy Waggoner Lambert | EOG Resources, Inc. | 3/24/2011 | 562 | 900 | Montague |
| Richard M. Waggoner | EOG Resources, Inc. | 3/24/2011 | 564 | 315 | Montague |
| Thomas J. Waggoner III | EOG Resources, Inc. | 3/24/2011 | 567 | 173 | Montague |
| John S. Waggoner | EOG Resources, Inc. | 3/24/2011 | 571 | 332 | Montague |
| Penney Shipley | EOG Resources, Inc. | 8/12/2011 | 583 | 204 | Montague |
| Kimberly Hanks | EOG Resources, Inc. | 8/17/2011 | 586 | 73 | Montague |
| Lindsey Hanks | EOG Resources, Inc. | 8/17/2011 | 591 | 884 | Montague |
| Kathleen Summers Brown | BRIM Oil and Gas Co. | 7/17/2013 | 669 | 123 | Montague |
| Robert Marshall Summers | BRIM Oil and Gas Co. | 6/16/2013 | 669 | 125 | Montague |
| Joe Wilburn Summers | BRIM Oil and Gas Co. | 5/9/2013 | 669 | 126 | Montague |
| Robin Rugg Trause | WBH Energy Partners, LLC | 2/12/2013 | 675 | 582 | Montague |
| Stephen Ray Walker | WBH Energy Partners, LLC | 10/21/2013 | 675 | 584 | Montague |
| Barbara Tugman | WBH Energy Partners, LLC | 2/12/2013 | 675 | 585 | Montague |
| Gordon T. West, Jr. | BRIM Oil and Gas Co. | 6/18/2013 | 675 | 587 | Montague |
| Nan Robertson Kirkendahl | WBH Energy Partners, LLC | 2/12/2013 | 678 | 577 | Montague |
| Graham Hanks Young a/k/a Alice Graham Young | WBH Energy Partners, LLC | 10/21/2013 | 678 | 579 | Montague |
| Adrian Acker Walker | WBH Energy Partners, LLC | 10/21/2013 | 678 | 580 | Montague |
| Roger Claxton Hanks, Jr. | WBH Energy Partners, LLC | 10/21/2013 | 678 | 581 | Montague |
| Tina Roberts Gilland Trust | WBH Energy Partners, LLC | 11/20/2013 | 695 | 371 | Montague |
| Roy Roberts Trust | WBH Energy Partners, LLC | 11/20/2013 | 695 | 372 | Montague |
| Terry Lee Roberts Trust | WBH Energy Partners, LLC | 11/20/2013 | 695 | 373 | Montague |
| Roberts Family Living Trust, Trustee Terry Lee Roberts | WBH Energy Partners, LLC | 11/20/2013 | 695 | 374 | Montague |

**Unit W**

**Tract W-1**

| | | | | | |
|---|---|---|---|---|---|
| Thomas C. Newsom, Jr. | EOG Resources, Inc. | 4/18/2013 | 687 | 10 | Montague |
| Malinda A. Croxton | EOG Resources, Inc. | 4/18/2013 | 688 | 385 | Montague |
| Mildred A. Morgan | EOG Resources, Inc. | 4/18/2013 | 688 | 387 | Montague |

**Tract W-2**

| | | | | | |
|---|---|---|---|---|---|
| Walter C. Clark | EOG Resources, Inc. | 5/24/2010 | 523 | 732 | Montague |
| William B. Clark, Jr. | EOG Resources, Inc. | 5/24/2010 | 523 | 733 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| James Garfield Clark, III | EOG Resources, Inc. | 7/1/2010 | 524 | 864 | Montague |
| John Thomas Clark | EOG Resources, Inc. | 7/1/2010 | 524 | 865 | Montague |
| David Caswell et ux, Alberta | EOG Resources, Inc. | 6/15/2010 | 527 | 72 | Montague |
| Est of Elmer Caswell, dec'd | EOG Resources, Inc. | 6/15/2010 | 527 | 73 | Montague |
| Frances Caswell | EOG Resources, Inc. | 6/15/2010 | 527 | 75 | Montague |
| Gary Caswell et ux, Shari | EOG Resources, Inc. | 6/15/2010 | 527 | 76 | Montague |
| Norman Caswell | EOG Resources, Inc. | 6/15/2010 | 527 | 77 | Montague |
| William L. Caswell | EOG Resources, Inc. | 6/15/2010 | 527 | 78 | Montague |
| Gary Don Geurin et ux, Delores | EOG Resources, Inc. | 6/15/2010 | 527 | 92 | Montague |
| Kelly D. Geurin et ux, Tina | EOG Resources, Inc. | 6/15/2010 | 527 | 93 | Montague |
| Wayne R. Grewing et ux, Peggy | EOG Resources, Inc. | 6/15/2010 | 527 | 687 | Montague |
| Wayne R. Grewing Oil and Gas, LLC | EOG Resources, Inc. | 6/15/2010 | 531 | 408 | Montague |
| Jennifer Joy Clark | EOG Resources, Inc. | 6/1/2010 | 532 | 427 | Montague |
| Jennifer Joy Clark, Agent for Joel Scott Clark | EOG Resources, Inc. | 6/1/2010 | 532 | 428 | Montague |
| Justin David Clark | EOG Resources, Inc. | 6/1/2010 | 532 | 430 | Montague |

**Tract W-3**

| | | | | | |
|---|---|---|---|---|---|
| Janis L. Rubenacher | EOG Resources, Inc. | 7/28/2010 | 532 | 455 | Montague |
| Edward Lee Carnett | EOG Resources, Inc. | 7/28/2010 | 532 | 471 | Montague |
| Robert D. Carnett | EOG Resources, Inc. | 7/28/2010 | 533 | 670 | Montague |

**Tract W-4**

| | | | | | |
|---|---|---|---|---|---|
| David B. Grafe | EOG Resources, Inc. | 7/20/2010 | 531 | 375 | Montague |
| Kay Rigby Grafe | EOG Resources, Inc. | 7/20/2010 | 532 | 492 | Montague |
| Mary Grafe Warren | EOG Resources, Inc. | 7/20/2010 | 533 | 719 | Montague |

**McCall A North**

**TRACT 1**

| | | | | | |
|---|---|---|---|---|---|
| Barbara Scott & Glen Cox | Bra-De Oil & Gas, Inc. | 10/25/2013 | 709 | 285 | Montague |
| Margitta Waldie | Bra-De Oil & Gas, Inc. | 10/24/2007 | 415 | 470 | Montague |
| Harold L. Looney Jr | EOG Resources, Inc. | 1/1/2008 | 438 | 6 | Montague |
| Francis Fenoglio | Bra-De Oil & Gas, Inc. | 10/24/2010 | 545 | 437 | Montague |
| J.D. Tadlock, Jr. | EOG Resources, Inc. | 10/25/2011 | 597 | 183 | Montague |
| Roy W. Stewart | EOG Resources, Inc. | 10/25/2011 | 597 | 185 | Montague |
| Betty Whitley | EOG Resources, Inc. | 10/25/2011 | 597 | 187 | Montague |
| Polly Hampton Tadlock | EOG Resources, Inc. | 10/4/2011 | 597 | 189 | Montague |
| Connie Tadlock Yates | EOG Resources, Inc. | 10/4/2011 | 597 | 191 | Montague |
| Marilyn Tadlock Ellis | EOG Resources, Inc. | 10/25/2011 | 597 | 193 | Montague |
| Herma Jo Tadlock Kays - by Connie Tadlock, AIF | EOG Resources, Inc. | 10/4/2011 | 597 | 195 | Montague |
| Randy Whitmore | EOG Resources, Inc. | 10/25/2011 | 601 | 32 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Carolyn Freed | EOG Resources, Inc. | 10/25/2011 | 601 | 34 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 3/20/2012 | 621 | 846 | Montague |
| Equity Trust Company f/b/o David A. Fenoglio | WBH Energy Partners, LLC | 4/23/2012 | 628 | 616 | Montague |
| Regions Bank - Trustee Lee H. Vaughn Testamentary | WBH Energy Partners, LLC | 9/24/2012 | 654 | 902 | Montague |

**TRACT 2**

| | | | | | |
|---|---|---|---|---|---|
| Robert H. Fenoglio | WBH Energy Partners, LLC | 7/23/2013 | 701 | 715 | Montague |
| DLM Family Investments, LP | WBH Energy Partners, LLC | 7/28/2013 | 701 | 710 | Montague |
| Edward A. Fenoglio | WBH Energy Partners, LLC | 8/28/2013 | 703 | 699 | Montague |
| James Dan Fenoglio | WBH Energy Partners, LLC | 8/8/2013 | 703 | 703 | Montague |
| Cecil Webb, Individually/Executor Est. Mary Fenoglio | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 303 | Montague |
| William Henry Fenoglio, Jr. | Bra-De Oil & Gas, Inc. | 9/21/2010 | 539 | 439 | Montague |
| Scott Allan Langan | Bra-De Oil & Gas, Inc. | 9/30/2010 | 539 | 459 | Montague |
| Montague Resources, Inc. | Bra-De Oil & Gas, Inc. | 2/8/2011 | 559 | 331 | Montague |
| John Stephen Fenoglio | EOG Resources, Inc. | 7/12/2011 | 577 | 736 | Montague |
| Catherine Anne Fenoglio Martin | EOG Resources, Inc. | 7/12/2011 | 577 | 739 | Montague |
| Michael E. Fenoglio, by Deborah Fenoglio AIF | EOG Resources, Inc. | 7/12/2011 | 577 | 742 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 3/20/2012 | 621 | 847 | Montague |
| Jerry Dan Davis | Bra-De Oil & Gas, Inc. | 4/30/2012 | 626 | 583 | Montague |
| Elaine Nobile Garrett | WBH Energy Partners, LLC | 4/25/2012 | 628 | 615 | Montague |
| Glynn Nobile | Bra-De Oil & Gas, Inc. | 5/23/2012 | 629 | 140 | Montague |
| Randy Nobile | Bra-De Oil & Gas, Inc. | 5/4/2012 | 629 | 142 | Montague |
| Lynn Nobile | WBH Energy Partners, LLC | 4/25/2012 | 631 | 86 | Montague |
| Darlene Tompkins | Bra-De Oil & Gas, Inc. | 5/23/2012 | 633 | 433 | Montague |
| Donald Ray Fenoglio | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 312 | Montague |
| Patricia Ann Fenoglio Nix | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 319 | Montague |
| Carole Sue Fenoglio | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 322 | Montague |
| John Thomas Fenoglio | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 324 | Montague |
| Thomas Lyndon Fenoglio | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 328 | Montague |
| Kyla Keck Hamilton | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 331 | Montague |
| Glenn Fenoglio Clay | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 334 | Montague |
| Koni Kyann Keck Jones | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 337 | Montague |

**TRACT 3**

| | | | | | |
|---|---|---|---|---|---|
| EOG Resources, Inc. | WBH Energy Partners, LLC | 3/20/2012 | 621 | 845 | Montague |
| DLM Family Investments, LP | WBH Energy Partners, LLC | 7/28/2013 | 701 | 710 | Montague |
| Robert H. Fenoglio | WBH Energy Partners, LLC | 7/23/2013 | 701 | 715 | Montague |
| James Dan Fenoglio | WBH Energy Partners, LLC | 8/8/2013 | 703 | 703 | Montague |

Exhibit A

| Edward A. Fenoglio | WBH Energy Partners, LLC | 8/28/2013 | 703 | 699 | Montague |

**TRACT 4**

| Penny Ann Wild et al | WBH Energy Partners, LLC | 9/15/2013 | 712 | 311 | Montague |
| Timothy A. Scott et al | WBH Energy Partners, LLC | 9/15/2013 | 713 | 56 | Montague |

**TRACTS 5, 6 & 7**

| Robert M. Storey | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 276 | Montague |
| Gayle Marie Storey | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 278 | Montague |
| Suzanne Storey | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 280 | Montague |
| Rosemary McCall Wingate et al | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 284 | Montague |
| William Mark Storey | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 286 | Montague |
| The McCall Family Trust, C. S. McCall, Trustee | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 292 | Montague |
| James Michael Storey | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 294 | Montague |
| Josephine Storey Bybee | Jacob A. Warnock Inc. | 9/1/2010 | 535 | 299 | Montague |
| John Thomas Fenoglio | Bra-De Oil & Gas, Inc. | 6/11/2012 | 633 | 175 | Montague |
| Carole Sue Fenoglio | Bra-De Oil & Gas, Inc. | 6/11/2012 | 633 | 435 | Montague |
| Patricia Fenoglio Nix | Bra-De Oil & Gas, Inc. | 6/11/2012 | 636 | 143 | Montague |
| William Henry Fenoglio | Bra-De Oil & Gas, Inc. | 6/11/2012 | 642 | 495 | Montague |
| DLM Family Investments, LP | WBH Energy Partners, LLC | 7/28/2013 | 701 | 710 | Montague |
| Robert H. Fenoglio | WBH Energy Partners, LLC | 7/23/2013 | 701 | 715 | Montague |
| Edward A. Fenoglio | WBH Energy Partners, LLC | 8/28/2013 | 703 | 699 | Montague |
| James Dan Fenoglio | WBH Energy Partners, LLC | 8/8/2013 | 703 | 703 | Montague |

**Tract 8**

| Cecil Webb, Ind. & IE Estate of Mary Elizabeth Fenoglio Webb | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 303 | Montague |
| Donald Ray Fenoglio | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 312 | Montague |
| Patricia Ann Fenoglio Nix | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 319 | Montague |
| Carole Sue Fenoglio | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 322 | Montague |
| John Thomas Fenoglio | Bra-De Oil & Gas, Inc. | 9/21/2010 | 537 | 324 | Montague |
| Thomas Lyndon Fenoglio | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 328 | Montague |
| Kyla Keck Hamilton | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 331 | Montague |
| Glenna Fenoglio Clay | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 334 | Montague |
| Koni Kyann Keck Jones | Bra-De Oil & Gas, Inc. | 9/22/2010 | 537 | 337 | Montague |
| William Henry Fenoglio, Jr. | Bra-De Oil & Gas, Inc. | 9/21/2010 | 539 | 439 | Montague |
| Scott Allan Langan | Bra-De Oil & Gas, Inc. | 9/30/2010 | 539 | 459 | Montague |
| Montague Resources, LLC | Bra-De Oil & Gas, Inc. | 2/8/2011 | 559 | 331 | Montague |
| John Stephen Fenoglio | EOG Resources, Inc. | 7/12/2011 | 577 | 736 | Montague |
| Catherine Ann Martin | EOG Resources, Inc. | 7/12/2011 | 577 | 739 | Montague |
| Michael E. Fenoglio by Deborah R. Fenoglio POA | EOG Resources, Inc. | 7/12/2011 | 577 | 742 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Randy Nobile | Bra-De Oil & Gas, Inc. | 5/24/2012 | 629 | 138 | Montague |
| Glynn Nobile | EOG Resources, Inc. | 5/23/2012 | 629 | 140 | Montague |
| Edward A. Fenoglio | Bra-De Oil & Gas, Inc. | 5/31/2012 | 630 | 40 | Montague |
| Lynn Nobile | EOG Resources, Inc. | 5/31/2012 | 632 | 182 | Montague |
| Elaine Nobile Garrett | EOG Resources, Inc. | 5/31/2012 | 632 | 185 | Montague |
| Darlene Tompkins | Bra-De Oil & Gas, Inc. | 5/23/2012 | 633 | 433 | Montague |
| Jerry Dan Davis | Bra-De Oil & Gas, Inc. | 6/22/2012 | 636 | 141 | Montague |
| James Dan Fenoglio | EOG Resources, Inc. | 7/3/2012 | 637 | 755 | Montague |
| Robert H. Fenoglio | EOG Resources, Inc. | 7/3/2012 | 637 | 759 | Montague |
| DLM Family Investments, Ltd. | EOG Resources, Inc. | 7/3/2012 | 637 | 775 | Montague |
| EOG Resources, Inc. | WBH Energy Partners, LLC | 4/4/2014 | 750 | 426 | Montague |

**McCall A South**

**Block 16**

| | | | | | |
|---|---|---|---|---|---|
| Mark Steven Sadler | WBH Energy Partners, LLC | 4/17/2012 | 624 | 673 | Montague |
| James Michael Sadler | WBH Energy Partners, LLC | 10/2/2012 | 653 | 429 | Montague |
| Holly Jane Letz | WBH Energy Partners, LLC | 4/14/2012 | 653 | 430 | Montague |

**Block 17**

| | | | | | |
|---|---|---|---|---|---|
| First Republic Investment Corporation | WBH Energy Partners, LLC | 4/23/2012 | 622 | 363 | Montague |

**Block 21**

| | | | | | |
|---|---|---|---|---|---|
| Equity Trust Company, as Custodian FBO David A. Fenoglio, IRA | WBH Energy Partners, LLC | 4/23/2012 | 628 | 621 | Montague |
| Jimmy DeWayne Poston | WBH Energy Partners, LLC | 7/23/2012 | 643 | 614 | Montague |
| Jeremy Don Poston | WBH Energy Partners, LLC | 7/23/2012 | 643 | 610 | Montague |
| Rickey Vann | WBH Energy Partners, LLC | 5/23/2012 | 628 | 617 | Montague |
| William Louis Vann | WBH Energy Partners, LLC | 5/23/2012 | 631 | 89 | Montague |
| William Louis Vann, Guardian of Timothy Leon Vanover, Incapacitated person | WBH Energy Partners, LLC | 5/23/2012 | 631 | 87 | Montague |
| Devon Carminati | WBH Energy Partners, LLC | 7/18/2012 | 643 | 622 | Montague |
| Leslie Lynn Wood Investment Trust, by Leslie Lynn Wood, Co-Trustee and Donna Gail Wood, Co-Trustee | WBH Energy Partners, LLC | 5/15/2012 | 628 | 619 | Montague |
| Billy R. Carminati and wife, Jo E. Carminati | WBH Energy Partners, LLC | 7/12/2012 | 643 | 618 | Montague |

**Block 25**

| | | | | | |
|---|---|---|---|---|---|
| John Shipler and Anthony Fenoglio | Wrather Petroleum Corporation | 11/16/1951 | 338 | 46 | Montague |
| C. D. Meador, W. E. Meador, and S. T. Meador | Wrather Petroleum Corporation | 12/5/1951 | 344 | 156 | Montague |

Exhibit A

**Browning Trust - Waggoner Bank**

**TRACT 1**

| | | | | | |
|---|---|---|---|---|---|
| Browning Children's Management Trust | WBH Energy Partners, LLC | 8/27/2012 | 648 | 463 | Montague |

**TRACT 2**

| | | | | | |
|---|---|---|---|---|---|
| Browning Childrens Management Trust | WBH Energy Partners LLC | 8/27/2012 | 648 | 463 | Montague |

**TRACT 3**

| | | | | | |
|---|---|---|---|---|---|
| Browning Children's Management Trust | WBH Energy Partners, LLC | 8/27/2012 | 648 | 463 | Montague |

**TRACT 4**

| | | | | | |
|---|---|---|---|---|---|
| Browning Children's Management Trust | WBH Energy Partners, LLC | 8/27/2012 | 648 | 463 | Montague |
| Jeanette D. Howell | WBH Energy Partners, LLC | 11/12/2012 | 661 | 700 | Montague |
| Elizabeth Ann Yahr | WBH Energy Partners, LLC | 2/27/2013 | 688 | 66 | Montague |
| Mary Lou Phillips | WBH Energy Partners, LLC | 2/14/2014 | 744 | 644 | Montague |
| Linda Gail Ricles | WBH Energy Partners, LLC | 7/21/2014 | 762 | 829 | Montague |
| Cheryl Ann Hubbard | WBH Energy Partners, LLC | 7/21/2014 | 762 | 831 | Montague |
| Kathleen Louella Handrick | WBH Energy Partners, LLC | 7/21/2014 | 762 | 833 | Montague |
| Billie Ruth Bledsoe by AIF, Sonia C. Dishman | WBH Energy Partners, LLC | 7/22/2014 | 762 | 835 | Montague |
| LaRue Howell Henry | WBH Energy Partners, LLC | 9/2/2014 | 773 | 283 | Montague |
| Julie Russell | WBH Energy Partners, LLC | 10/8/2014 | 777 | 777 | Montague |
| Cecil Lee Ellis, III | WBH Energy Partners, LLC | 10/8/2014 | 777 | 779 | Montague |

**TRACT 5**

| | | | | | |
|---|---|---|---|---|---|
| Browning Children's Management Trust | WBH Energy Partners, LLC | 8/27/2012 | 648 | 463 | Montague |

**Milam Tracts**

**TRACT J**

| | | | | | |
|---|---|---|---|---|---|
| StevecoTrust, George Joseph Stevenson, Trustee | WBH Energy Partners, LLC | 8/15/2013 | 713 | 47 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Milam Sons' Minerals, L.L.C.,John B. Milam, Manager | WBH Energy Partners, LLC | 8/15/2013 | 713 | 41 | Montague |
| Phillip H. Viles, Jr. | WBH Energy Partners, LLC | 8/15/2013 | 713 | 45 | Montague |
| Deer Creek Oil & Gas | WBH Energy Partners LLC | 9/26/2013 | 718 | 569 | Montague |
| Sonja Rucker, Trustee Robert H. Rucker Revocable Trust | WBH Energy Partners, LLC | 8/1/2013 | 712 | 343 | Montague |

**TRACT N**

| | | | | | |
|---|---|---|---|---|---|
| Julee Levine Grodin | WBH Energy Partners, LLC | 2/17/2014 | 754 | 72 | Montague |
| Marsha Carol Levine | WBH Energy Partners, LLC | 5/17/2014 | 754 | 68 | Montague |
| Ronald Noel Levine Trust by Marsha C. Levine, Trustee | WBH Energy Partners, LLC | 5/17/2014 | 754 | 66 | Montague |
| Milam Sons' Minerals, LLC | WBH Energy Partners, LLC | 8/15/2013 | 713 | 41 | Montague |
| Philip H Viles, Jr | WBH Energy Partners, LLC | 8/15/2013 | 713 | 45 | Montague |
| Stevco Trust | WBH Energy Partners, LLC | 8/15/2013 | 713 | 47 | Montague |
| Deer Creek II, LLC | WBH Energy Partners, LLC | 9/26/2013 | 718 | 569 | Montague |
| Sonja Rucker Trustee, Robert H. Rucker Revocable Trust | WBH Energy Partners, LLC | 8/1/2013 | 712 | 343 | Montague |
| Justine Ingersoll Schwartz | WBH Energy Partners, LLC | 9/8/2014 | 773 | 285 | Montague |
| Eli Ingersoll | WBH Energy Partners, LLC | 9/8/2014 | 773 | 287 | Montague |

**TRACT C**

| | | | | | |
|---|---|---|---|---|---|
| Julee Levine Grodin | WBH Energy Partners, LLC | 5/17/2014 | 754 | 72 | Montague |
| Marsha Carol Levine | WBH Energy Partners, LLC | 5/17/2014 | 754 | 68 | Montague |
| The Ronald Noel Levine Trust | WBH Energy Partners, LLC | 5/17/2014 | 754 | 66 | Montague |
| Scott Allan Langan | WBH Energy Partners, LLC | 5/5/2014 | 754 | 70 | Montague |
| Milam Sons' Minerals, LLC, John B Milam, Manager | WBH Energy Partners, LLC | 8/15/2013 | 713 | 41 | Montague |
| Philip H Viles Jr | WBH Energy Partners, LLC | 8/15/2013 | 713 | 45 | Montague |
| Steveco Trust, George Joseph Stevenson, Trustee | WBH Energy Partners, LLC | 8/15/2013 | 713 | 47 | Montague |
| Sanford P. Fagadau | WBH Energy Partners, LLC | 5/16/2014 | 762 | 748 | Montague |

**TRACT H**

| | | | | | |
|---|---|---|---|---|---|
| Steveco Trust | WBH Energy Partners, LLC | 8/15/2013 | 713 | 47 | Montague |
| Milam Sons' Minerals | WBH Energy Partners, LLC | 8/15/2013 | 713 | 41 | Montague |
| Phillip H. Viles, Jr. | WBH Energy Partners, LLC | 8/15/2013 | 713 | 45 | Montague |

**TRACT S.A. Mills**

| | | | | | |
|---|---|---|---|---|---|
| Milam Sons' Minerals, LLC | WBH Energy Partners, LLC | 8/15/2013 | 713 | 43 | Montague |

Exhibit A

Skidmore

**TRACT SM-4**

| | | | | | |
|---|---|---|---|---|---|
| Carolyn Carpenter Bowman | WBH Energy Partners, LLC | 3/28/2014 | 748 | 857 | Montague |
| Mildred Shepherd Ward | WBH Energy Partners, LLC | 9/27/2013 | 750 | 382 | Montague |
| Anna Schronce Cooke, Life Estate & Kimberly Cooke, Remainderman | David Little, LLC | 11/1/2013 | 729 | 873 | Montague |
| Carl Kennie Parker, Jr. | David Little, LLC | 11/1/2013 | 729 | 875 | Montague |
| Tony Clay | David Little, LLC | 9/27/2013 | 724 | 115 | Montague |
| Daniel Austin Banks and Robin Ward Banks | David Little, LLC | 9/27/2013 | 719 | 558 | Montague |
| Frances Ward Settlemyre | David Little, LLC | 9/27/2013 | 714 | 336 | Montague |
| Ricky E. Ward | David Little, LLC | 9/27/2013 | 729 | 877 | Montague |
| Vance David Ward and Jacquelyn L. Ward | David Little, LLC | 9/27/2013 | 719 | 560 | Montague |
| Robert Joe Ward, Jr. and wife, Wanda K. McDaniel Ward | David Little, LLC | 9/27/2013 | 735 | 223 | Montague |
| James Carroll Ward | David Little, LLC | 9/27/2013 | 731 | 155 | Montague |
| Steve Alan Ward | David Little, LLC | 9/27/2013 | 720 | 7 | Montague |
| Estelle H. Ward | David Little, LLC | 9/27/2013 | 720 | 9 | Montague |
| Mildred Shepherd Ward | David Little, LLC | 9/27/2013 | 720 | 430 | Montague |
| Judy Gail Ward Burns and Dennis R. Burns | David Little, LLC | 9/27/2013 | 720 | 11 | Montague |

**TRACT SM-5**

| | | | | | |
|---|---|---|---|---|---|
| Clifton Scott Brinkley et al | Ventex Oil & Gas, Inc. | 11/5/2010 | 526 | 105 | Montague |

**TRACT SM-6**

| | | | | | |
|---|---|---|---|---|---|
| Pearl Ebensberger and A.C. Ebensberger | James E. Skidmore | 1/10/1975 | 651 | 791 | Montague |
| Roscoe Raymond and Frances Raymond | James E. Skidmore | 1/10/1975 | 651 | 793 | Montague |

**TRACT SM-7**

| | | | | | |
|---|---|---|---|---|---|
| W.H. Wood et al | James E. Skidmore | 6/3/1976 | 675 | 863 | Montague |
| Newmont Oil Company | Chief, Inc. | 8/25/1977 | 687 | 557 | Montague |
| Herman Wayne Tompkins and Jocie Belle Magee | James E. Skidmore | 9/10/1974 | 641 | 169 | Montague |
| George Constandine | James E. Skidmore | 11/20/1973 | 641 | 553 | Montague |
| Nick Anagnos | James E. Skidmore | 11/20/1973 | 641 | 563 | Montague |
| John N. Huff et al | James E. Skidmore | 11/26/1973 | 641 | 558 | Montague |

**TRACT SM-8**

| | | | | | |
|---|---|---|---|---|---|
| Herman Wayne Tompkins and Jocie Belle Magee | James E. Skidmore | 9/10/1979 | 647 | 169 | Montague |

**TRACT SM-9**

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| W.H. Wood et al | James E. Skidmore | 6/3/1976 | 675 | 863 | Montague |
| Newmont Oil Company | Chief, Inc. | 8/25/1977 | 687 | 557 | Montague |
| Herman Wayne Tompkins and Jocie Belle Magee | James E. Skidmore | 9/10/1974 | 647 | 169 | Montague |
| George Constandine | James E. Skidmore | 11/20/1973 | 641 | 553 | Montague |
| Nick Anagnos | James E. Skidmore | 11/20/1973 | 641 | 563 | Montague |
| Nancy Huff Gallagher et al | James E. Skidmore | 11/26/1973 | 641 | 558 | Montague |

**TRACT SM-10**

| | | | | | |
|---|---|---|---|---|---|
| Newmont Oil Company | Chief, Inc. | 8/25/1977 | 687 | 557 | Montague |
| George Constandine | James E. Skidmore | 11/20/1973 | 641 | 553 | Montague |
| Nick Anagnos | James E. Skidmore | 11/20/1973 | 641 | 563 | Montague |
| Nancy Huff Gallagher et al | James E. Skidmore | 11/26/1973 | 641 | 558 | Montague |

**Hayes**

| | | | | | |
|---|---|---|---|---|---|
| Peggy Sue Jones | PEBA Oil & Gas | 3/6/2002 | 215 | 659 | Montague |
| Zech C Dameron III et ux | EOG Resources | 4/12/2010 | 517 | 428 | Montague |
| Emily Beck Bonnet | 1st Southwest | 1/9/2007 | 391 | 852 | Montague |
| Louis Byron Perryman | 1st Southwest | 1/29/2007 | 391 | 854 | Montague |
| Robert Thurman Krueger | 1st Southwest | 2/8/2007 | 393 | 598 | Montague |
| Carolyn Louise Wurzbach | 1st Southwest | 2/8/2007 | 393 | 614 | Montague |
| Marolyn Perryman Lampman | 1st Southwest | 2/8/2007 | 393 | 662 | Montague |
| Mark Allen Dortch | 1st Southwest | 7/23/2007 | 408 | 674 | Montague |
| Sue Ann Miller | 1st Southwest | 7/23/2007 | 408 | 677 | Montague |
| James Newton Dortch | 1st Southwest | 7/23/2007 | 408 | 680 | Montague |
| Jane Marie Dortch | 1st Southwest | 7/23/2007 | 412 | 699 | Montague |
| Nanette Dortch | WBH Energy Partners, LLC | 5/29/2013 | 694 | 426 | Montague |
| Zecheriah C. Dameron, III and Janine C. Dameron | Tri-County Royalty Company, Inc. | 10/6/2006 | 550 | 518 | Montague |
| Zech C Dameron III and wife, Janine Dameron | EOG Resources | 12/20/2010 | 551 | 103 | Montague |
| Zech C Dameron III et ux | Joint Resources Company | 4/22/2009 | 515 | 509 | Montague |
| Beth A. Gilbert, Indiv. & as Trustee of Stanley L. Gilbert and Beth A. Gilbert Family Trust | Joint Resources Company | 4/30/2009 | 515 | 513 | Montague |

**Bowie-Wingate**

| | | | | | |
|---|---|---|---|---|---|
| Neil M Bowie et ux | Hollis R Sullivan | 2/24/2006 | 349 | 884 | Montague |
| Gladys B Morgan and Buford Brooks | GM Consulting | 11/1/2005 | 366 | 501 | Montague |
| Carmen D Smith | GM Consulting | 11/1/2005 | 366 | 495 | Montague |
| Rosemary & Carolyn McCall Wingate | GH Land Company | 6/37/2000 | 170 | 578 | Montague |
| Jandon Ltd | GM Consulting | 4/8/2006 | 355 | 752 | Montague |
| Thomas Hodges | GH Land Company | 6/2/2000 | 167 | 871 | Montague |
| Joan Evans | GH Land Company | 6/1/2000 | 169 | 892 | Montague |
| Patricia Ann Darrell et vir | GH Land Company | 6/5/2000 | 168 | 32 | Montague |
| Peggy Russell | GH Land Company | 8/1/2000 | 171 | 787 | Montague |
| Rosemary Wear | GH Land Company | 8/1/2000 | 171 | 791 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| William B Clark | GH Land Company | 8/1/2000 | 172 | 244 | Montague |
| Susan E Clark | GH Land Company | 8/1/2000 | 172 | 750 | Montague |
| Richard A Clark II | GH Land Company | 8/1/2000 | 171 | 784 | Montague |
| Mary Susan White | GH Land Company | 8/1/2000 | 201 | 320 | Montague |
| Karen Lynn Clark | GH Land Company | 8/1/2000 | 201 | 317 | Montague |
| Rosa Jane Neels et ux Charles J. Neels | GH Land Company | 6/1/2000 | 167 | 892 | Montague |
| Rosemary & Carolyn McCall Wingate | GH Land Company | 6/27/2000 | 170 | 583 | Montague |
| Joan Evans | GH Land Company | 6/23/2000 | 169 | 667 | Montague |
| Lewis C Webb | GH Land Company | 6/23/2000 | 170 | 632 | Montague |
| Marie Harill | GM Consulting | 5/19/2006 | 358 | 259 | Montague |
| Debrah Angelique Brouk | GM Consulting | 5/19/2006 | 358 | 262 | Montague |
| | | | | | |
| **Clark Unit** | | | | | |
| Freddy J Davenport | GM Consulting | 8/18/2006 | 366 | 898 | Montague |
| Freddy J Davenport | GM Consulting | 8/18/2006 | | 666 | Cooke |
| Charles Gaylon Thompson et ux | GM Consulting | 7/28/2006 | 363 | 400 | Montague |
| Charles Gaylon Thompson et ux | GM Consulting | 7/28/2006 | 1598 | 660 | Cooke |
| Wendell Thompson et ux | GM Consulting | 7/28/2006 | 362 | 674 | Montague |
| Wendell Thompson et ux | GM Consulting | 7/28/2006 | 1598 | 573 | Cooke |
| Verlayne Martin Greer Shugart | GM Consulting | 7/27/2006 | 366 | 30 | Montague |
| Verlayne Martin Greer Shugart | GM Consulting | 7/27/2006 | 1598 | 651 | Cooke |
| Donald R Griffin | GM Consulting | 7/28/2006 | 363 | 908 | Montague |
| Donald R Griffin | GM Consulting | 7/28/2006 | 1598 | 720 | Cooke |
| Candice Metcalf | GM Consulting | 7/27/2006 | 366 | 38 | Montague |
| Candice Metcalf | GM Consulting | 7/27/2006 | 1598 | 744 | Cooke |
| James Larry Martin et ux | GM Consulting | 7/27/2006 | 366 | 38 | Montague |
| James Larry Martin et ux | GM Consulting | 7/27/2006 | 1598 | 633 | Cooke |
| Rachel Williams | GM Consulting | 7/28/2006 | 364 | 158 | Montague |
| Rachel Williams | GM Consulting | 7/28/2006 | 1598 | 764 | Cooke |
| Carol Henry | GM Consulting | 8/4/2006 | 364 | 146 | Montague |
| Carol Henry | GM Consulting | 8/4/2006 | 1598 | 725 | Cooke |
| Stephanie Williams | GM Consulting | 9/1/2006 | 363 | 405 | Montague |
| Stephanie Williams | GM Consulting | 9/1/2006 | 1598 | 769 | Cooke |
| Terri Plumlee | GM Consulting | 7/28/2006 | 362 | 683 | Montague |
| Terri Plumlee | GM Consulting | 7/28/2006 | 1598 | 580 | Cooke |
| Carla Hennigan | GM Consulting | 7/28/2006 | 364 | 150 | Montague |
| Carla Hennigan | GM Consulting | 7/28/2006 | 1598 | 730 | Cooke |
| Linda Horton | GM Consulting | 8/4/2006 | 364 | 417 | Montague |
| Linda Horton | GM Consulting | 8/4/2006 | 1598 | 735 | Cooke |
| Mark Foster | GM Consulting | 8/7/2006 | 364 | 154 | Montague |
| Mark Foster | GM Consulting | 8/7/2006 | 1598 | 715 | Cooke |
| Jason Foster | GM Consulting | 8/7/2006 | 364 | 413 | Montague |
| Jason Foster | GM Consulting | 8/7/2006 | 1598 | 710 | Cooke |
| Alan Dale Ball | GM Consulting | 9/1/2006 | 371 | 440 | Montague |

Exhibit A

| Name | Company | Date | | | Location |
|---|---|---|---|---|---|
| Alan Dale Ball | GM Consulting | 9/1/2006 | 1598 | 679 | Cooke |
| Roy Lee Ball | GM Consulting | 9/1/2006 | 370 | 278 | Montague |
| Roy Lee Ball | GM Consulting | 9/1/2006 | 1598 | 685 | Cooke |
| Debra Roan | GM Consulting | 8/15/2006 | 370 | 127 | Montague |
| Debra Roan | GM Consulting | 8/15/2006 | 1598 | 749 | Cooke |
| Ashley Roan | GM Consulting | 5/8/2008 | 496 | 184 | Montague |
| Ashley Roan | GM Consulting | 5/8/2008 | 1662 | 28 | Cooke |
| John Westall Williams | GM Consulting | 7/28/2006 | 362 | 679 | Montague |
| John Westall Williams | GM Consulting | 7/28/2006 | 1598 | 670 | Cooke |
| Virginia T Clark | GM Exploration | 4/24/2010 | 509 | 428 | Montague |
| Lawerence B Jameson et al | WBH Energy Partners | 12/1/2011 | 606 | 182 | Montague |
| Micahel David Roberts | Zebra Investments | 4/23/2004 | 368 | 116 | Montague |
| Micahel David Roberts | Zebra Investments | 38100 | 1436 | 772 | Cooke |
| Joe Paul Roberts | Zebra Investments | 4/23/2004 | 368 | 105 | Montague |
| Joe Paul Roberts | Zebra Investments | 4/23/2004 | 1325 | 387 | Cooke |
| William Blake Jameson et al | Zebra Investments | 4/23/2004 | 303 | 806 | Montague |
| William Blake Jameson et al | Zebra Investments | 4/23/2004 | 1338 | 378 | Cooke |
| Robert Hanson et ux | Zebra Investments | 8/20/2004 | 368 | 111 | Montague |
| Robert Hanson et ux | Zebra Investments | 8/20/2004 | 1436 | 767 | Cooke |
| Lynda Jo Mock Langston | Zebra Investments | 4/23/2004 | 368 | 108 | Montague |
| Lynda Jo Mock Langston | Zebra Investments | 4/23/2004 | 1325 | 384 | Cooke |
| JC Donnell et ux | Zebra Investments | 4/23/2004 | 368 | 101 | Montague |
| JC Donnell et ux | Zebra Investments | 4/23/2004 | 1325 | 390 | Cooke |
| Julian Walterschied et ux | GM Consulting | 3/27/2006 | 361 | 402 | Montague |
| Weger Brothers LTD | WBH Energy Partners | 4/27/2011 | 572 | 353 | Montague |
| Ella Jane Griffin | GM Consulting | 2/7/2006 | 353 | 422 | Montague |
| Donald R Griffin | GM Consulting | 2/7/2006 | 353 | 425 | Montague |
| Candice Griffin Metcalf | GM Consulting | 2/7/2006 | 353 | 428 | Montague |
| Susie Griffin | GM Consulting | 2/7/2006 | 353 | 431 | Montague |
| Dani VanWig | GM Consulting | 2/7/2006 | 353 | 434 | Montague |
| Roxanne Storey Webster | GM Consulting | 2/7/2006 | 353 | 437 | Montague |
| Cecil Lee Griffin Ice | GM Consulting | 2/7/2006 | 353 | 440 | Montague |
| Gregory Mathews | GM Consulting | 2/7/2006 | 353 | 443 | Montague |
| Donald C Jonas | GM Exploration | 9/22/2009 | 495 | 621 | Montague |
| Carolyn Stokes | GM Exploration | 9/22/2009 | 495 | 624 | Montague |
| McAlister Royalties et al | WBH Energy Partners, LLC | 8/1/2011 | 580 | 660 | Montague |
| David Nunley | WBH Energy Partners, LLC | 7/18/2011 | 578 | 352 | Montague |
| Charles Gaylon Thomson et ux | GM Exploration | 9/21/2009 | 497 | 910 | Montague |
| State of Texas | WBH Energy Partners, LLC | 10/4/2011 | 595 | 234 | Montague |
| State of Texas | WBH Energy Partners, LLC | 10/4/2011 | 595 | 240 | Montague |
| Bryce Edward Dale | WBH Energy Partners, LLC | 10/25/2011 | 594 | 227 | Montague |
| Patsy Sue Dale Gilbert | WBH Energy Partners, LLC | 10/25/2011 | 594 | 228 | Montague |
| Linda Jean Dale Willis | WBH Energy Partners, LLC | 10/25/2011 | 594 | 226 | Montague |

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Rufus Hensheid et ux | WBH Energy Partners, LLC | 10/25/2011 | 588 | 521 | Montague |
| The Walker Comegys Jr Family | WBH Energy Partners, LLC | 11/20/2011 | 604 | 786 | Montague |
| L&L Resources INC | EOG Resources, Inc. | 4/7/2011 | 569 | 148 | Montague |
| KHN Resources Inc | EOG Resources, Inc. | 4/7/2011 | 569 | 146 | Montague |
| H-S Minerals and Realty | EOG Resources, Inc. | 4/7/2011 | 569 | 126 | Montague |
| Geomar Resources | EOG Resources, Inc. | 4/7/2011 | 569 | 124 | Montague |
| Dorothy Jean Hill | EOG Resources, Inc. | 4/7/2011 | 569 | 138 | Montague |
| Nancy Puff Jones Trust | EOG Resources, Inc. | 4/7/2011 | 569 | 142 | Montague |
| Thomas Hill Puff Trust | EOG Resources, Inc. | 4/7/2011 | 569 | 140 | Montague |
| JJ Meeker Edna Hill Trust | EOG Resources, Inc. | 5/23/2011 | 577 | 23 | Montague |
| Edna Hill Meeker Trust | EOG Resources, Inc. | 11/29/2011 | 602 | 461 | Montague |
| AWP 1983 Trust | EOG Resources, Inc. | 11/29/2011 | 602 | 459 | Montague |
| Robert C Donald Jr | ICAP | 1/22/2010 | 507 | 100 | Montague |
| Linda Scott Stallcup | ICAP | 10/5/2010 | 555 | 771 | Montague |
| Marilyn Scott Dial | ICAP | 9/16/2010 | 555 | 797 | Montague |
| Nancy Scott Newhouse | ICAP | 10/5/2010 | 555 | 774 | Montague |
| Sue Scott Diehl | ICAP | 10/5/2010 | 555 | 769 | Montague |
| Roger S Moschetti | ICAP | 10/5/2010 | 518 | 57 | Montague |
| H.B.P. Enterprises LLC | EOG Resources, Inc. | 10/19/2010 | 540 | 452 | Montague |
| Desert Partners IV | EOG Resources, Inc. | 10/19/2010 | 540 | 470 | Montague |
| Basin Oil and Gas LLC | EOG Resources, Inc. | 10/19/2010 | 540 | 434 | Montague |
| | EOG Resources, Inc. | | | | |
| Robert Hanson et ux | EOG Resources, Inc. | 8/31/2011 | 587 | 64 | Montague |
| **Doughty Unit** | | | | | |
| Marilyn Faye Doughty | WBH Energy Partners, LLC | 11/23/2011 | 598 | 525 | Montague |
| **Martin B Unit** | | | | | |
| James Sandman and Ethel Sandman Schmidkofer | GM Consulting | 3/27/2006 | 627 | 639 | Montague |
| Peggy Sue Jones | Peba Oil & Gas | 3/6/2002 | 215 | 659 | Montague |
| Zech C. Dameron, III and Janine C. Dameron | Tri-County Royalty Company, Inc. | 11/13/2006 | 394 | 593 | Montague |
| Emily Beck Bonnet | 1st Southwest Consultants | 1/29/2007 | 391 | 852 | Montague |
| Louis Byron Perryman | 1st Southwest Consultants | 1/29/2007 | 391 | 854 | Montague |
| Gary D. Perryman and Nancy Kaye Perryman | 1st Southwest Consultants | 2/5/2007 | 391 | 846 | Montague |
| Robert Thurman Perryman Krueger | 1st Southwest Consultants | 2/8/2007 | 393 | 598 | Montague |
| Carolyn Louise Wurzbach | 1st Southwest Consultants | 2/8/2007 | 393 | 614 | Montague |
| Marolyn Perryman Lampman | 1st Southwest Consultants | 2/8/2007 | 393 | 662 | Montague |
| Mark Allen Dortch | 1st Southwest Consultants | 7/23/2007 | 408 | 674 | Montague |
| Sue Ann Miller | 1st Southwest Consultants | 7/23/2007 | 408 | 677 | Montague |
| James Newton Dortch | 1st Southwest Consultants | 7/23/2007 | 408 | 680 | Montague |
| Jane Marie Dortch | 1st Southwest Consultants | 7/23/2007 | 412 | 699 | Montague |

Exhibit A

#4989545.1

| | | | | | |
|---|---|---|---|---|---|
| Zech C. Dameron, III and Janine C. Dameron | Tri-County Royalty Company, Inc. | 11/13/2006 | 394 | 593 | Montague |

**Martin C Unit**

| | | | | | |
|---|---|---|---|---|---|
| John Westall Williams | GM Consulting | 7/28/2006 | 362 | 679 | Montague |
| John Westall Williams | GM Consulting | 7/28/2006 | 1598 | 670 | Cooke |
| Virginia T. Clark | GM Exploration, LLC | 4/24/2010 | 509 | 428 | Montague |
| Michael David Roberts | Zebra Investments | 4/23/2004 | 368 | 116 | Montague |
| Michael David Roberts | Zebra Investments | 4/23/2004 | 1436 | 772 | Cooke |
| Joe Paul Roberts | Zebra Investments | 4/23/2004 | 368 | 105 | Montague |
| Joe Paul Roberts | Zebra Investments | 4/23/2004 | 1325 | 387 | Cooke |
| William Blake Jameson et al | Zebra Investments | 4/23/2004 | 303 | 806 | Montague |
| William Blake Jameson et al | Zebra Investments | 4/23/2004 | 1338 | 378 | Cooke |
| Lynda Jo Mock Langston | Zebra Investments | 4/23/2004 | 368 | 108 | Montague |
| Lynda Jo Mock Langston | Zebra Investments | 4/23/2004 | 1325 | 384 | Cooke |
| J. C. Donnell et ux | Zebra Investments | 4/23/2004 | 368 | 101 | Montague |
| J. C. Donnell et ux | Zebra Investments | 4/23/2004 | 1325 | 390 | Cooke |
| Weger Brothers, Ltd. | WBH Energy Partners, LLC | 4/27/2011 | 572 | 353 | Montague |
| Ella Jane Griffin | GM Consulting | 2/7/2006 | 353 | 422 | Montague |
| Donald R. Griffin | GM Consulting | 2/7/2006 | 353 | 425 | Montague |
| Candice Griffin Metcalf | GM Consulting | 2/7/2006 | 353 | 428 | Montague |
| Susie Griffin | GM Consulting | 2/7/2006 | 353 | 431 | Montague |
| Dani Van Wig | GM Consulting | 2/7/2006 | 353 | 434 | Montague |
| Roxanne Storey Webster | GM Consulting | 2/7/2006 | 353 | 437 | Montague |
| Cecil Griffin Ice | GM Consulting | 2/7/2006 | 353 | 440 | Montague |
| Gregory Matthews | GM Consulting | 2/7/2006 | 353 | 443 | Montague |
| Charles Gaylon Thompson and Karol Thompson | GM Exploration, LLC | 9/21/2009 | 497 | 910 | Montague |
| Robert Hanson and wife, Lynn Hanson | Zebra Investments, Inc. | 8/20/2004 | 368 | 111 | Montague |
| Robert Hanson and wife, Lynn Hanson | Zebra Investments, Inc. | 8/20/2004 | 1436 | 767 | Cooke |
| Robert Hanson and wife, Lynn Hanson | EOG Resources, Inc. | 8/31/2011 | 587 | 64 | Montague |
| Basin Oil and Gas, LLC | EOG Resources, Inc. | 10/19/2010 | 540 | 434 | Montague |
| H.B.P Enterprises, LLC | EOG Resources, Inc. | 10/19/2010 | 540 | 452 | Montague |
| Desert Partners IV, LP | EOG Resources, Inc. | 10/19/2010 | 540 | 470 | Montague |
| Weger Brothers, Ltd. | GM Consulting | 1/30/2006 | 352 | 419 | Montague |
| H. D. Cook | GM Consulting | 1/30/2006 | 349 | 882 | Montague |

**Martin Cooperative Unit**

| | | | | | |
|---|---|---|---|---|---|
| Julian Walterscheid and Carrie Ann Walterscheid | GM Consulting | 3/27/2006 | 361 | 402 | Montague |
| Julian Walterscheid and Carrie Ann Walterscheid | GM Consulting | 3/27/2006 | 1598 | 774 | Cooke |
| Charles Gaylon Thompson and Karol Thompson | GM Consulting | 7/28/2006 | 363 | 400 | Montague |
| Charles Gaylon Thompson and Karol Thompson | GM Consulting | 7/28/2006 | 1598 | 660 | Cooke |
| Wendell Thompson and Linda Thompson | GM Consulting | 7/28/2006 | 362 | 674 | Montague |
| Wendell Thompson and Linda Thompson | GM Consulting | 7/28/2006 | 1598 | 573 | Cooke |
| Freddy J. Davenport | GM Consulting | 8/18/2006 | 366 | 898 | Montague |
| Freddy J. Davenport | GM Consulting | 8/18/2006 | 1598 | 666 | Cooke |

Exhibit A

| Name | Firm | Date | | | Location |
|------|------|------|---|---|----------|
| H. D. Cook | GM Consulting | 7/28/2006 | 363 | 397 | Montague |
| H. D. Cook | GM Consulting | 7/28/2006 | 1598 | 702 | Cooke |
| Verlayne Martin Greer Shugart | GM Consulting | 7/27/2006 | 366 | 30 | Montague |
| Verlayne Martin Greer Shugart | GM Consulting | 7/27/2006 | 1598 | 651 | Cooke |
| Donald R. Griffin | GM Consulting | 7/28/2006 | 363 | 908 | Montague |
| Donald R. Griffin | GM Consulting | 7/28/2006 | 1598 | 720 | Cooke |
| Candice Metcalf | GM Consulting | 7/28/2006 | 366 | 26 | Montague |
| Candice Metcalf | GM Consulting | 7/28/2006 | 1598 | 744 | Cooke |
| James Larry Martin | GM Consulting | 7/27/2006 | 366 | 38 | Montague |
| James Larry Martin | GM Consulting | 7/27/2006 | 1598 | 633 | Cooke |
| Rachel Williams | GM Consulting | 7/28/2006 | 364 | 158 | Montague |
| Rachel Williams | GM Consulting | 7/28/2006 | 1598 | 764 | Cooke |
| Carol Henry | GM Consulting | 8/4/2006 | 364 | 146 | Montague |
| Carol Henry | GM Consulting | 8/4/2006 | 1598 | 725 | Cooke |
| Stephanie Williams | GM Consulting | 9/1/2006 | 363 | 405 | Montague |
| Stephanie Williams | GM Consulting | 9/1/2006 | 1598 | 769 | Cooke |
| Terri Plumlee | GM Consulting | 7/28/2006 | 362 | 683 | Montague |
| Terri Plumlee | GM Consulting | 7/28/2006 | 1598 | 580 | Cooke |
| Carla Hennigan | GM Consulting | 7/28/2006 | 364 | 150 | Montague |
| Carla Hennigan | GM Consulting | 7/28/2006 | 1598 | 730 | Cooke |
| Lynda Langston | GM Consulting | 8/18/2006 | 366 | 895 | Montague |
| Lynda Langston | GM Consulting | 8/18/2006 | 1598 | 740 | Cooke |
| Michael David Roberts | GM Consulting | 8/18/2006 | 368 | 903 | Montague |
| Michael David Roberts | GM Consulting | 8/18/2006 | 1598 | 698 | Cooke |
| James L. Gentry | GM Consulting | 3/27/2006 | 368 | 900 | Montague |
| James L. Gentry | GM Consulting | 3/27/2006 | 1598 | 675 | Cooke |
| J. C. and Mary Nell Donnell | GM Consulting | 8/18/2006 | 366 | 892 | Montague |
| J. C. and Mary Nell Donnell | GM Consulting | 8/18/2006 | 1598 | 706 | Cooke |
| Herman Sandman and James Sandman | GM Consulting | 3/27/2006 | 361 | 414 | Montague |
| Herman Sandman and James Sandman | GM Consulting | 3/27/2006 | 1598 | 646 | Cooke |
| Elanor Ruth Steadham and Charles D. Steadham | GM Consulting | 3/27/2006 | 361 | 409 | Montague |
| Elanor Ruth Steadham and Charles D. Steadham | GM Consulting | 3/27/2006 | 1598 | 758 | Cooke |
| Gary Don Perryman | GM Consulting | 10/2/2006 | 370 | 272 | Montague |
| Gary Don Perryman | GM Consulting | 10/2/2006 | 1598 | 272 | Cooke |
| Wade Friend Perryman | GM Consulting | 10/2/2006 | 370 | 275 | Montague |
| Wade Friend Perryman | GM Consulting | 10/2/2006 | 1598 | 690 | Cooke |
| Linda Horton | GM Consulting | 8/4/2006 | 364 | 417 | Montague |
| Linda Horton | GM Consulting | 8/4/2006 | 1598 | 735 | Cooke |
| Mark Foster | GM Consulting | 8/7/2006 | 364 | 154 | Montague |
| Mark Foster | GM Consulting | 8/7/2006 | 1598 | 715 | Cooke |
| Jason Foster | GM Consulting | 8/7/2006 | 364 | 413 | Montague |
| Jason Foster | GM Consulting | 8/7/2006 | 1598 | 710 | Cooke |
| Alan Dale Ball | GM Consulting | 9/1/2006 | 371 | 440 | Montague |
| Alan Dale Ball | GM Consulting | 9/1/2006 | 1598 | 679 | Cooke |

Exhibit A

| Roy Lee Ball | GM Consulting | 9/1/2006 | 370 | 278 | Montague |
| Roy Lee Ball | GM Consulting | 9/1/2006 | 1598 | 685 | Cooke |
| Debra Roan | GM Consulting | 8/15/2006 | 370 | 127 | Montague |
| Debra Roan | GM Consulting | 8/15/2006 | 1598 | 749 | Cooke |
| James Sandman and Ethel Sandman Schmidkofer | GM Consulting | 3/27/2006 | 361 | 580 | Montague |
| James Sandman and Ethel Sandman Schmidkofer | GM Consulting | 3/27/2006 | 1598 | 641 | Cooke |
| Ashley Roan | GM Consulting | 5/8/2008 | 496 | 184 | Montague |
| Ashley Roan | GM Consulting | 5/8/2008 | 1598 | 641 | Cooke |
| Joe Paul Roberts | GM Consulting | 9/11/2008 | 475 | 342 | Montague |
| Joe Paul Roberts | GM Consulting | 9/11/2008 | 1611 | 485 | Cooke |
| James Larry Martin and Paula B. Martin | GM Consulting | 3/27/2006 | 361 | 418 | Montague |
| James Larry Martin and Paula B. Martin | GM Consulting | 3/27/2006 | 1598 | 623 | Cooke |
| Charles J. Wilson and Elsie H. Wilson | GM Consulting | 9/18/2007 | 412 | 187 | Montague |
| Charles J. Wilson and Elsie H. Wilson | GM Consulting | 9/18/2007 | 1598 | 628 | Cooke |
| Verlayne Martin Greer Shugart | GM Consulting | 3/27/2006 | 361 | 406 | Montague |
| Verlayne Martin Greer Shugart | GM Consulting | 3/27/2006 | 1598 | 754 | Cooke |
| **Gilmore-Huth** James Peckham Keach | WBH Energy Partners, LLC | 5/12/2014 | 754 | 50 | Montague |
| Walter Stacy Keach, Jr. | WBH Energy Partners, LLC | 5/12/2014 | 754 | 47 | Montague |
| **Cozart** | | | | | |
| Lelia Cozart, Jimmie Cozart | JAW Inc. | 2/15/2008 | 797 | 232 | Jack |

Exhibit A

## EXHIBIT A-1
## WELLS AND PERSONAL PROPERTY

42-337-34696 Clark Unit 1H
42-337-34697 Clark Unit 2H
42-337-34698 Clark Unit 3H

42-337-34673 Martin 1H
42-337-34674 Martin 2H
42-337-34651 Martin 3H

42-097-34432 Martin B, 4H
42-097-34433 Martin B, 5H
42-097-34434 Martin B, 6H

42-097-34435 Martin C 7H
42-097-34436 Martin C 8H
42-097-34437 Martin C 9H

42-097-34002 Perryman 1
42-337-33950 Weger Thompson 1
42-097-34014 Walterscheid 1

42-337-34977 Bowie-Wingate 1H
42-337-34978 Bowie-Wingate 2H
42-337-34979 Bowie-Wingate 3H
42-337-30838 Neil Bowie 1H
42-337-35077 Hayes A Unit 1H
42-337-35078 Hayes B Unit 2H
42-337-35080 Lewis-Stuart A1 Unit 1
42-337-35079 Lewis-Stuart A2 Unit 2
42-337-35081 Lewis-Stuart A3 Unit 3
42-337-35319 Lewis-Stuart B1 Unit 1
42-337-35320 Lewis-Stuart B2 Unit 2
42-337-35270 Lewis-Stuart C1 Unit 1
42-337-35083 Lewis-Stuart C2 Unit 2
42-337-35271 Lewis-Stuart C3 Unit 3
42-337-35272 Lewis-Stuart C4 Unit 4
42-337-35273 Lewis-Stuart C5 Unit 5
42-337-35321 Lewis-Stuart E1 Unit 1
42-337-35322 Lewis-Stuart E2 Unit 2
42-337-35323 Lewis-Stuart F3 Unit 3
42-337-35325 Lewis-Stuart F4 Unit 4
42-337-35086 Browning A Unit 1
42-337-35085 Browning B Unit 2

Exhibit A-1

42-337-35087 McCall A Unit 1
42-337-35088  McCall B Unit 1
42-337-33917  Stevie B 1
42-337-33959 Stevie B 2
42-337-32372 Hill 2

**Jack:**
237-39731      J&L Cozart 1

Exhibit A-1

#4989545.1

**EXHIBIT A-2**
<u>**UNITS**</u>

Clark Unit

Martin Co-Operative Unit

Martin B Unit

Martin C Unit

Perryman Unit
Weger Thompson Unit
Walterscheid Unit

Bowie-Wingate 1H
Bowie-Wingate 2H
Bowie-Wingate 3H
Neil Bowie Unit 1H
Hayes A Unit 1H
Hayes B Unit 2H
Lewis-Stuart A1 Unit 1
Lewis-Stuart A2 Unit 2
Lewis-Stuart A3 Unit 3
Lewis-Stuart B1 Unit 1
Lewis-Stuart B2 Unit 2
Lewis-Stuart C1 Unit 1
Lewis-Stuart C2 Unit 2
Lewis-Stuart C3 Unit 3
Lewis-Stuart C4 Unit 4
Lewis-Stuart C5 Unit 5
Lewis-Stuart E1 Unit 1
Lewis-Stuart E2 Unit 2
Lewis-Stuart F3 Unit 3
Lewis-Stuart F4 Unit 4
Browning A Unit 1
Browning B Unit 2
McCall A Unit 1
McCall B Unit 1
Stevie B 1
Stevie B2
Hill Unit

**Jack:**
J&L Cozart 1

Exhibit A-2

**EXHIBIT B**
**[INTENTIONALLY OMITTED]**

Exhibit B

#4989545.1

**EXHIBIT C**
**<u>CONVEYANCE</u>**

[To Be Provided]

Exhibit C

EXHIBIT D
**ASSIGNMENT AND BILL OF SALE**

This document prepared by, and when recorded return to:

[●]

STATE OF TEXAS                          §

COUNTY OF _____               §

**ASSIGNMENT AND BILL OF SALE**

This Assignment and Bill of Sale (this "<u>Assignment</u>") from WBH Energy, LP, a Texas limited partnership ("<u>WBH LP</u>"), and WBH Energy Partners LLC, a Texas limited liability company ("<u>WBH Partners</u>", and together with WBH LP, each, an "<u>Assignor</u>" and collectively, the "<u>Assignors</u>"), to CL III Funding Holding Company, LLC, a Delaware limited liability company ("<u>Assignee</u>"), is executed on the date set forth in the notary certification below, but effective for all purposes as of 7:00 a.m. Central Time on September 1, 2015 (the "<u>Effective Time</u>"). This Assignment is executed and delivered in accordance with and pursuant to the terms of that certain Purchase and Sale Agreement by and among Assignors and Assignee dated as of September ___, 2015 (as amended or otherwise modified, the "<u>Purchase Agreement</u>"). Capitalized terms used and not otherwise defined herein shall have the meanings assigned to such terms in the Purchase Agreement.

**RECITALS**

WHEREAS, Assignors collectively own certain undivided interests in and to the Personal Property (as defined below); and

WHEREAS, pursuant to the Purchase Agreement, Assignors have agreed to assign to Assignee the Personal Property (as defined below) pursuant to this Assignment.

**ASSIGNMENT**

**Section 1.** **<u>Assignment</u>**. NOW THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are each hereby acknowledged, Assignors do hereby GRANT, BARGAIN, SELL, ASSIGN, TRANSFER, SET OVER, DELIVER, AND CONVEY, and by these presents have GRANTED, BARGAINED, SOLD, ASSIGNED, TRANSFERRED, SET OVER, DELIVERED, AND CONVEYED unto Assignee all of Assignors' right, title, interest and estate, real or personal, recorded or unrecorded, movable or immovable, tangible or intangible, in and to the following rights, properties, assets and interests described in subsections (a) through (h) of this

D-1

15121553.1

Section 1, subject to the terms and reservations hereof and specifically LESS AND EXCEPT the Excluded Assets (as hereinafter defined) (collectively, the "Personal Property"):

(a)      All Equipment, machinery, fixtures and other tangible personal property and improvements located on the Properties and used or held for use in connection with the operation of the Oil and Gas Properties;

(b)      All Pipeline Assets;

(c)      All lease files; land files; right-of-way files; well files; well tests; gas and oil sales contract files; gas processing files; division order files; abstracts; title records; title opinions; land surveys; non-confidential logs; customer lists; supplier lists; sales materials; maps; engineering data and reports; health, environmental and safety information and records; accounting and financial records; operational records; promotional materials; technical records; reserve estimates and economic estimates; production and processing records; Tax records (other than with respect to Income Taxes); contract files; and all other books, records, data, files, maps and accounting records, in each case, to the extent related to the Properties, or used or held for use primarily in connection with the maintenance or operation thereof, including (i) all seismic, geologic, geophysical data, engineering field data (to the extent assignable without the payment of fees (unless Assignee agrees to and does pay such fees)) either in raw or interpreted form and studies and other seismic and related technical data and information, and (ii) related licenses to software and related work stations, servers and electronic databases used to process or store the data, files, maps and accounting records related to the Properties (the "**Records**");

(d)      To the extent assignable without the payment of fees (unless Assignee agrees to and does pay such fees), all seismic, geologic, geophysical, engineering field data (either in raw or interpreted form) and studies and other seismic and related technical data and information (including related work product);

(e)      All vehicles owned by Assignors;

(f)      Investment property, instruments, chattel paper, patents, copyrights, trademarks, causes of action (excluding those causes of action specifically identified in Section 1.04(c) of the Purchase Agreement), account receivables, joint interest billings and other general intangibles, and all products and proceeds thereof;

(g)      All cash on hand, other than the cash which is part of the Excluded Assets; and

(h)      To the extent transferable all bonds, letters of credit and guarantees posted by Sellers with Governmental Authorities or other Persons and relating to the Properties and insurance policies related to the Properties.

TO HAVE AND TO HOLD unto Assignee and its respective successors and assigns, forever, all and singular of Assignors' and each of their respective Affiliates' interest in and to such Personal Property, together with all rights, titles, interests, estates, remedies, powers and privileges thereunto appertaining, subject, however, to the terms and conditions of this Assignment.

#4989545.1

15121553.1

**Section 2.** **Excluded Assets**.  Notwithstanding the foregoing, the Personal Property shall not include, and Assignors specifically except, reserve and exclude unto themselves the following from the purchase and sale transactions contemplated by the Purchase Agreement (collectively, the "Excluded Assets"):

(a)     Cash equal to (i) all expenses accrued under the Approved DIP Budget and not paid as of the Closing Date, plus (ii) $225,000; provided however, any cash which is excluded under (i) that is not ultimately distributed by the Debtors or their successors in interest to satisfy expenses provided for in the Approved DIP Budget, but unpaid as of the Closing Date, including professional fees, shall become part of the Personal Property acquired by Purchaser;

(b)     (i) All corporate, partnership, limited liability company, financial, income and franchise Tax and legal records of Assignors that relate solely to the Excluded Assets, (ii) those records, files and contracts retained by Assignors pursuant to Section 1.03 of the Purchase Agreement and (iii) copies of any other records retained by Assignors;

(c)     All Avoidance Actions (excluding any Avoidance Actions against Assignee);

(d)     Claims stemming from or related to commercial tort actions and conduct related thereto (excepting contract claims and claims stemming from or related to conduct related thereto), including but not limited to breach of fiduciary duty claims and all claims against officers and directors;

(e)     All documents and instruments that may be protected by attorney-client privilege;

(f)     Correspondence between or among Assignors, their representatives, and any prospective purchasers of the Properties other than Assignee;

(g)     Correspondence between Assignors or any of their respective representatives with respect to any of the bids, the prospective purchasers, or the transactions contemplated by the Purchase Agreement, or similar transactions;

(h)     To the extent not assignable without the payment of fees (unless Assignee agrees to and does pay such fees), all seismic, geologic, geophysical, engineering field data (either in raw or interpreted form) and studies and other seismic and related technical data and information (including related work product);

(i)     Assignors' rights with respect to any Hydrocarbons produced and sold from the Properties with respect to all periods prior to the Effective Time;

(j)     Assignors' rights with respect to any office computers, networks, connections, email accounts, email correspondence, internet services, telephones, telephone systems, websites, internet and email domain names, addresses and registrations, and any office equipment or technology related to the foregoing in this Section 2(j);

D-3

15121553.1

       (k)     The rights which accrue or will accrue to Assignors under the Purchase Agreement and any other documents contemplated thereby; and

       (l)     Any Contract not specifically assumed and assigned to Assignee hereto.

**Section 3.**    **Intent of Assignment**.  For purposes of clarity and notwithstanding anything to the contrary contained in this Assignment, it is the intent of the Parties that this Assignment conveys to and vests in, and this Assignment shall be construed as conveying to and vesting in, Assignee, subject to the reservations and conditions contained herein and effective for all purposes from and after the Effective Time, all of Assignors' and each of their respective Affiliates' interest in and to the Personal Property, regardless of the omission of any lease or leases that should have been included in this Assignment pursuant to the Purchase Agreement, errors in description, any incorrect or misspelled names or any mis-transcribed or incorrect recording references with respect to any of the Personal Property.

**Section 4.**    **Disclaimer**.

    a.    Disclaimer.  **EXCEPT AS PROVIDED IN THE FOREGOING PROVISIONS OF THIS ASSIGNMENT OR THE PURCHASE AGREEMENT, ASSIGNOR MAKES NO, AND EXPRESSLY DISCLAIMS AND NEGATES ANY, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO TITLE TO ANY OF THE PERSONAL PROPERTY.**

    b.    Conspicuous.  **ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN WARRANTIES CONTAINED IN THIS SECTION 4 ARE "CONSPICUOUS" DISCLAIMERS FOR THE PURPOSES OF ANY APPLICABLE LAW, RULE OR ORDER.**

**Section 5.**    **Assignment Subject to Purchase Agreement**.  This Assignment is expressly subject to the terms and conditions of the Purchase Agreement, which terms are hereby incorporated into this Assignment by reference for all purposes.  In the event of a conflict between the terms of this Assignment and the terms of the Purchase Agreement, the terms of the Purchase Agreement shall govern and control.

**Section 6.**    **Further Assurances**.  From and after the date hereof, each Assignor, in a timely manner and without further consideration, shall execute and deliver or cause to be executed and delivered, such good and sufficient instruments of conveyance and transfer in recordable form, and take such other action as may be reasonably required of such Assignor to effectively convey to and vest in Assignee beneficial and legal title to its respective interest in the Personal Property conveyed pursuant to this Assignment.

**Section 7.**    **Successors and Assigns**.  This Assignment shall bind and inure to the benefit of each of the Parties and their respective successors and assigns.

**Section 8.**    **Construction**.  Unless otherwise required by the context in which any term appears, the following rules of construction shall apply for all purposes of this Assignment. All references to Sections refer to sections of this Assignment, and all references to Exhibits are

#4989545.1

15121553.1

to exhibits attached hereto, each of which is incorporated herein for all purposes.  Any reference to a Person shall include the successors and assigns to such Person.  The words "herein," "hereof," "herewith" and "hereunder" and similar terms in this Assignment shall refer to this Assignment as a whole and not to any particular section or subsection of this Assignment.  The terms "include" and "including" mean include or including without limitation.  All article or section titles or captions in this Assignment are for convenience only, shall not be deemed part of this Assignment and in no way define, limit, extend, or describe the scope or intent of any provisions hereof.

     **Section 10.**   <u>**Governing Law**</u>.  This Assignment and the rights of the Parties hereunder shall be governed by, and construed in accordance with, the laws of the State of Texas.

     **Section 11.**   <u>**Counterparts**</u>.  This Assignment may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts shall constitute but one instrument.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

#4989545.1

IN WITNESS WHEREOF, each Assignor has executed this Assignment on the date of the acknowledgement set forth below, to be effective, however, for all purposes, as of the Effective Time.

**ASSIGNORS:**

WBH ENERGY, LP
a Texas limited partnership

By:_____
Name:_____
Title:_____

WBH ENERGY PARTNERS, LLC
a Texas limited liability company

By:_____
Name:_____
Title:_____

State of Texas
County of _____

    The foregoing instrument was acknowledged before me on _____, 2015 by [_____], the _____ of WBH Energy, LP, a Texas limited partnership, on behalf of said limited partnership.

[Seal]                                   _____
                                   Notary Public, State of Texas
                                   Printed Name:_____

State of Texas
County of _____

    The foregoing instrument was acknowledged before me on _____, 2015 by [_____], the _____ of WBH Energy Partners, LLC, a Texas limited liability company, on behalf of said limited liability company.

[Seal]                                     _____
                                   Notary Public, State of Texas

Assignors' Signature Page and Acknowledgment to Assignment and Bill of Sale

D-6

Printed Name:_____

Assignors' Signature Page and Acknowledgment to Assignment and Bill of Sale

D-7

#4989545.1

**SCHEDULE 1.02(d)**
**CONTRACTS**

Copano Field Services/North Texas, LLC
2727 Allen Parkway, Ste. 1200
Houston, TX 77019
Gas Purchase Agreement effective as of December 1, 2011 and subsequent amendments.


Montague Transfer Partners, LLC
P.O. Box 302380
Austin, TX 78703
Attn: Joe Warnock, Representative
Joe@wbhenergy.com
Gas Gathering, Treating and Purchase Agreement dated April 23, 2012, as amended

Enbridge G & P (North Texas) L.P.
Gas Purchase Contract dated February 1, 2014
1100 Louisiana, Ste. 3300
Houston, TX 77002


WBH Energy Partners LLC Pipeline Easement Agreements

Schedule 1.02(d)

**SCHEDULE 3.02**
**<u>CONSENTS</u>**

None.

Schedule 3.02

#4989545.1

**SCHEDULE 5.04(d)**
**ESTIMATE OF TAXES**

| Taxing Authority | Description | Tax Type | Estimate Tax Due |
|---|---|---|---|
| Travis County Appraisal District | Personal property | Ad Valorem | $ 1,028.60 |
| Montague County Appraisal District | Field Office | Ad Valorem | $ 2,168.36 |
| Montague County Appraisal District | Browning #1 (Marble Falls) | Ad Valorem | $ 32.40 |
| Montague County Appraisal District | CLARK #1H | Ad Valorem | $ 2,282.27 |
| Montague County Appraisal District | CLARK #2H | Ad Valorem | $ 1,079.15 |
| Montague County Appraisal District | CLARK #3H | Ad Valorem | $ 3,694.34 |
| Montague County Appraisal District | HILL #2 | Ad Valorem | $ 16.78 |
| Montague County Appraisal District | MARTIN #1H | Ad Valorem | $ 72.77 |
| Montague County Appraisal District | MARTIN #2H | Ad Valorem | $ 72.77 |
| Montague County Appraisal District | MARTIN #3H | Ad Valorem | $ 72.77 |
| Montague County Appraisal District | MARTIN B #4H | Ad Valorem | $ 74.47 |
| Montague County Appraisal District | MARTIN B #5H | Ad Valorem | $ 84.93 |
| Montague County Appraisal District | MARTIN B #6H | Ad Valorem | $ 120.46 |
| Montague County Appraisal District | MARTIN C #7H | Ad Valorem | $ 381.24 |
| Montague County Appraisal District | MARTIN C #8H | Ad Valorem | $ 409.62 |
| Montague County Appraisal District | MARTIN C #9H | Ad Valorem | $ 470.16 |
| Montague County Appraisal District | MC WALTER #1H | Ad Valorem | $ 151.98 |
| Montague County Appraisal District | NEIL BOWIE #1H | Ad Valorem | $ 7.47 |
| Montague County Appraisal District | PERRYMAN #1 | Ad Valorem | $ 32.39 |
| Montague County Appraisal District | STEVIE B1 | Ad Valorem | $ 20.78 |
| Montague County Appraisal District | STEVIE B2 | Ad Valorem | $ 20.78 |
| Montague County Appraisal District | WALTERSCHEID #1 | Ad Valorem | $ 21.07 |
| Montague County Appraisal District | WEGER-THOMPSON #1 | Ad Valorem | $ 7.47 |
| Montague County Appraisal District | Whiteside Prospect | Ad Valorem | $ 0.73 |
| Montague County Tax Office | Browning #1 (Marble Falls) | Ad Valorem | $ 11.28 |
| Montague County Tax Office | CLARK #1H | Ad Valorem | $ 674.81 |
| Montague County Tax Office | CLARK #2H | Ad Valorem | $ 319.08 |
| Montague County Tax Office | CLARK #3H | Ad Valorem | $ 1,092.32 |
| Montague County Tax Office | HILL #2 | Ad Valorem | $ 5.84 |
| Montague County Tax Office | MARTIN #1H | Ad Valorem | $ 28.19 |
| Montague County Tax Office | MARTIN #2H | Ad Valorem | $ 28.19 |
| Montague County Tax Office | MARTIN #3H | Ad Valorem | $ 28.19 |
| Montague County Tax Office | MARTIN B #4H | Ad Valorem | $ 29.63 |
| Montague County Tax Office | MARTIN B #5H | Ad Valorem | $ 33.86 |
| Montague County Tax Office | MARTIN B #6H | Ad Valorem | $ 47.98 |
| Montague County Tax Office | MARTIN C #7H | Ad Valorem | $ 112.48 |
| Montague County Tax Office | MARTIN C #8H | Ad Valorem | $ 120.85 |
| Montague County Tax Office | MARTIN C #9H | Ad Valorem | $ 138.71 |

Schedule 5.04(d)

| | | | | |
|---|---|---|---|---|
| Montague County Tax Office | MC WALTER #1H | Ad Valorem | $ | 58.75 |
| Montague County Tax Office | NEIL BOWIE #1H | Ad Valorem | $ | 2.45 |
| Montague County Tax Office | PERRYMAN #1 | Ad Valorem | $ | 11.75 |
| Montague County Tax Office | STEVIE B1 | Ad Valorem | $ | 8.03 |
| Montague County Tax Office | STEVIE B2 | Ad Valorem | $ | 8.03 |
| Montague County Tax Office | WALTERSCHEID #1 | Ad Valorem | $ | 6.90 |
| Montague County Tax Office | WEGER-THOMPSON #1 | Ad Valorem | $ | 2.45 |
| Montague County Tax Office | Whiteside Prospect | Ad Valorem | $ | 0.28 |
| | | | | |
| Cooke County Appraisal District | MARTIN #1H | Ad Valorem | $ | 440.22 |
| Cooke County Appraisal District | MARTIN #2H | Ad Valorem | $ | 440.22 |
| Cooke County Appraisal District | MARTIN #3H | Ad Valorem | $ | 440.22 |
| Cooke County Appraisal District | MARTIN C #7H | Ad Valorem | $ | 117.24 |
| Cooke County Appraisal District | MARTIN C #8H | Ad Valorem | $ | 125.96 |
| Cooke County Appraisal District | MARTIN C #9H | Ad Valorem | $ | 144.59 |
| Cooke County Appraisal District | MC WALTER #1H | Ad Valorem | $ | 208.29 |
| Cooke County Appraisal District | PERRYMAN #1 | Ad Valorem | $ | 108.49 |
| Cooke County Appraisal District | WALTERSCHEID #1 | Ad Valorem | $ | 64.39 |
| Jack County Appraisal District | J&L Cozart #1 | Ad Valorem | $ | 9.72 |
| Montague County Appraisal District | Lewis Stuart A Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart A Unit 2H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart A Unit 3H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart C Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart C Unit 2H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart C Unit 3H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart C Unit 4H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Lewis Stuart C Unit 5H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | McCall A Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | McCall B Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Hayes A Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Hayes B Unit 2H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Browning A Unit 1H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | Browning B Unit 2H | Ad Valorem | $ | 6,123.77 |
| Montague County Appraisal District | McCall B Unit 1H | Ad Valorem | $ | 5.38 |
| Montague County Appraisal District | Lewis Stuart C Unit 1H | Ad Valorem | $ | 7.00 |
| Montague County Appraisal District | Lewis Stuart C Unit 2H | Ad Valorem | $ | 0.14 |
| Montague County Appraisal District | Lewis Stuart C Unit 3H | Ad Valorem | $ | 4.99 |
| Montague County Appraisal District | Lewis Stuart C Unit 4H | Ad Valorem | $ | 11.85 |
| Montague County Appraisal District | Lewis Stuart C Unit 5H | Ad Valorem | $ | 10.99 |
| | | | $ | 102,966.28 |

Schedule 5.04(d)

#4989545.1