# THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **WBH Energy, LP,** | § | Case No. 15-10003 |
| **WBH Energy Partners LLC** | § | |
| **WBH Energy GP, LLC** | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

## CL III FUNDING HOLDING COMPANY, LLC'S OBJECTION TO PROOFS OF CLAIM FILED BY U.S. ENERGY DEVELOPMENT CORPORATION

CL III Funding Holding Company, LLC ("Castlelake") files this Objection to (i) Proof of Claim No. 69 filed by U.S. Energy Development Corporation ("USED") against WBH Energy, LP ("Debtor LP Claim") in Case No. 15-10003, (ii) Proof of Claim No. 32 filed by USED against WBH Energy Partners, LLC ("Debtor LLC Claim") in Case No. 15-10004, and (iii) Proof of Claim No. 14 filed by USED against WBH Energy Partners GP, LLC ("Debtor GP Claim") in Case No. 15-10005, (collectively, the "USED Proofs of Claim").[1]

### Introduction

1. In the USED Proofs of Claims, USED asserts a secured claim against WBH Energy, LP ("Debtor LP") and WBH Energy Partners, LLC's ("Debtor LLC") of "at least $11,400,000" arising from that certain Joint Operating Agreement dated September 1, 2011 that governs the relationship between USED and Debtor LP, as working interest owners, and Debtor LLC, as operator (the "JOA"). In the USED Proofs of Claim, USED asserts (i) a secured claim against Debtor LP and Debtor LLC for the "performance of all of [their] obligations" under the JOA, including the amount that Debtor LP, as working interest owner, owed Debtor LLC for its

---

[1] This Objection is being filed in Case Nos. 15-10003, 15-10004 and 15-10005. Castlelake and USED agreed to extend the deadline for Castlelake to object to USED's proofs of claims from December 8, 2015 to January 7, 2016.

1

proportionate share of expenses incurred under the JOA and (ii) attorney's fees incurred by USED. In the Debtor GP Claim, USED asserts Debtor GP is also liable for all obligations of Debtor LP as a consequence of its position as the general partner of Debtor LP, and therefore the Debtor GP Claims is derivative of the claim against Debtor LP. In the USED Proofs of Claims, USED states that it has "suffered damages of $11,400,000" based on (i) Debtor LP's failure to fund and (ii) Debtor LLC's failure to collect from Debtor LP the amounts owed for Debtor LP's joint interest billings.

2. Castlelake objects to the USED Proofs of Claims as secured claims for the following reasons: (i) under the JOA USED is only permitted to assert a claim for unpaid vendor amounts or Debtor LP's unpaid joint interest billing amounts to the extent that USED actually made payments for Debtor LP's share of such expenses and USED has not been required to pay nor has USED actually paid any amounts attributable to Debtor LP's unpaid share of expenses; (ii) Castlelake purchased the Debtors' claims arising under the JOA including any claim against USED relating to Debtor LP's unpaid share of expenses and has released USED from these claims; and (iii) USED is not permitted to recover its attorneys' fees as a secured claim under the JOA since USED was not the prevailing party in a legal proceedings to enforce any financial obligation of a party thereunder. Additionally, the USED Proofs of Claims are duplicative of each other and should not be allowed to the extent they are duplicative. Castlelake takes no position regarding USED's right to assert an unsecured claim against Debtor LP, Debtor LLC or Debtor GP.

## Jurisdiction and Venue

3. This Court has jurisdiction to consider this Objection to the USED Proofs of Claim pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Objection is authorized by section 502 of the United States Bankruptcy Code.

## Background

4. On January 4, 2015, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court").

5. Debtor LLC was an oil and gas operating company that was responsible for operating the oil and gas properties that were owned by Debtor LP and USED (the "Subject Oil and Gas Properties").

6. On January 15, 2015, USED filed its Original Complaint and Application for Injunctive Relief seeking to remove Debtor LLC as the operator of the Subject Oil and Gas Properties and have USED declared as the operator under the JOA (the "USED Operator Adversary") [Doc. 1 in Adv. No. 15-01005-hcm]. In the USED Operator Adversary, USED stated that it was "entitled to recover reasonable attorney's fees under … Article VII.D.5 of the JOA[2] and under the Declaratory Judgment Act". While USED obtained a Preliminary Injunction, the USED Operator Adversary was ultimately dismissed by agreement pursuant to that certain Stipulation and Order of Dismissal dated December 30, 2015 [Doc. 64 in Case No. 15-01006-hcm], which provides among other things that USED, Debtor LLC, Debtor LP and Debtor GP "stipulate to the dismissal of all of the claims in this civil action without prejudice with each party to bear its own costs, expenses, and attorney's fees." USED was not the "prevailing party" in the USED Operator

---

[2] Article VII.D.5 of the JOA provides:
 "5. Costs and Attorneys' Fees: In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee, which the lien provided for herein shall also secure."

3

Adversary and further expressly agreed to bear its own costs, expenses and attorney's fees in connection with such proceeding.

7.   On February 2, 2015, USED filed its Complaint in Interpleader against Debtor LLC, Castlelake and certain M&M lienholders who asserted mineral subcontractor liens against USED (the "<u>USED Interpleader Adversary</u>") [Doc. No.1 in Adv. No. 15-01010-hcm].  In the USED Interpleader, USED sought to interplead $1.9 million representing joint interest billings that USED admitted that it owed to Debtor LLC at the time into the Registry of the Court and sought a discharge from all liability including the mineral subcontractor liens asserted against USED's interests in certain of the Subject Oil and Gas Properties.  As part of a mediated settlement agreement arranged by Castlelake, the USED Interpleader was disposed of by an Agreed Final Judgment entered on August 18, 2015 [Doc. 125 in Adv. No. 15-01010-hcm], which among other things, "discharged USED and its interest in the Leases and the Wells (as defined in USED's complaint) from all claims asserted by all Defendants" in the USED Interpleader Adversary and provided that all such claims were denied and dismissed with prejudice.

8.   On April 22, 2015, Castlelake and USED filed their Joint Notice of Filing of Agreement Regarding Sale Motion, DIP Motion and Lift Stay Motion [Doc. 319].  The agreement provided in relevant part that:

> "CL III agrees that, if it acquires the Oil and Gas Property and Personal Property (as those terms are defined in the DIP Credit Agreement attached to the DIP Motion) pursuant to the Sale Motion, a plan or foreclosure, it shall:
>
> - Execute a Joint Operating Agreement with respect to the Oil and Gas Properties that is substantially in the form of the existing Operating Agreements with a provision require all working interest owners to fund cash calls at the same time ("New JOA") [and] jointly attempt to have USED act as operator for the pipelines associated with the Oil and Gas Properties.
>
> - USED will be designated as the Operator of the Oil and Gas Property in the New JOA; and

- Release any claims, if any should exist (a) acquired in connection with the sale of accounts receivable by WBH Partners to CL III pursuant to the order entered granting the Sale Motion, which (b) arose under Article 7 of the current Operating Agreements between WBH LP and USED for nonpayment by USED of joint interest billings by WBH Partners to WBH LP. The foregoing will not prejudice CL III's liens, claims and rights with respect to interplead funds asserted in Adversary No. 15-01010, styled *U.S. Energy Development Corp. v. WBH Energy Partners, LLC, et al.* pending in the United States Bankruptcy Court for the Western District of Texas, Austin Division."

9. On May 11, 2015, USED filed Claim No. 69 against Debtor LP as a secured claim in the amount of at least $11,400,000. A true and correct copy of the Debtor LLC Claim, is attached hereto as **Exhibit 1**, and incorporated herein for all purposes.

10. On May 11, 2015, USED filed Claim No. 32 against Debtor LLC as a secured claim in the amount of at least $11,400,000. A true and correct copy of the Debtor LLC Claim, without exhibits, is attached hereto as **Exhibit 2**[3] and incorporated herein for all purposes.

11. On May 11, 2015, USED filed Claim No. 14 against Debtor GP as an unsecured claim in the amount of at least $11,400,000.00. A true and correct copy of the Debtor GP Claim, without exhibits, is attached hereto as **Exhibit 3**[4] and incorporated herein for all purposes.

12. On August 28, 2015, the Court entered its Order (I) Authorizing and Approving the Debtors to Sell Their Assets, (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief (the "Sale Order") [Doc. 547]. Pursuant to the Sale Order, Castlelake purchased the working interests owned by Debtor LP in the Subject Oil and Gas Properties (the "Debtor LP Subject Interests") as wells as certain claims of the Debtors, including the Debtors claims under the JOA. Paragraph 10 of the Sale Order also provided that:

> For the avoidance of doubt, and without the admission of priority or amount, the liens asserted by U.S. Energy Development Corp. ("USED") pursuant to that

---

[3] The Exhibits attached to the Debtor LLC Claim are the same attached to the Debtor LP Claim.
[4] The Exhibits attached to the Debtor GP Claim are the same attached to the Debtor LP Claim.

certain Model Form Operating Agreement (the "JOA") dated December 30, 2011, as it has been amended and modified, shall be an Assumed Senior Lien and Assumed Liability, and nothing in this Order shall constitute a determination or adjudication that such liens and claims shall be satisfied or that the sale approved herein shall have transferred the Purchased Assets free of such liens and claims. The Purchased Assets shall not be sold free and clear of USED's liens or claims under the JOA.

13. On September 4, 2015, the Court entered its Order Confirming the Debtors' Modified First Amended Joint Plan of Reorganization ("Confirmation Order") [Doc. 559]. Paragraph 18 of the Confirmation Order provides:

> USED Lien. Nothing in this Order or in the Plan shall be deemed to bar, enjoin, limit, adjudicate or preclude the assertion by U.S. Energy Development ("USED") of the lien(s) or claims asserted by it under that certain Model Form Operating Agreement dated September 1, 2011, as it may have been amended or modified (the "JOA").

14. The Effective Date of the Confirmed Plan occurred on September 9, 2015, as well as the closing of the sale to Castlelake under the Sale Order and PSA. [Doc. 566].

15. Pursuant to the Confirmed Plan, Castlelake may file objections to asserted Senior Secured Claims. *See* Confirmed Plan at Section 11.1.1. Castlelake has the exclusive authority to settle, compromise, withdraw, or litigate to judgment any objections to Senior Secured Claims that it files.

16. In connection with the Sale Order and Confirmed Plan, Castlelake and USED entered into an agreement (the "Agreement Regarding Sale and Plan") attached as **Exhibit 4** whereby USED agreed that (i) its attorneys' fees claim asserted in the USED Proofs of Claim would be capped at $500,000 and (ii) the reserved Assumed Senior Lien and Claim for all other amounts shall be limited to amounts that USED is legally required to pay for and on account of (a) vendor debt incurred by Debtor LLC as Operator to which Debtor LLC failed to pay or (b) the

joint interest billing amount Debtor LP was required to pay Debtor LLC under the JOA. *See* Agreement Regarding Sale and Plan attached as **Exhibit 4.**

### Objection to Claim No. 69 against Debtor LP

17. Castlelake incorporates by reference paragraphs 1 – 16 above and further objects to Claim No. 69 against Debtor LP on the basis that USED does not have a valid secured claim against Debtor LP's estate under any agreement or applicable law. *See* 11 U.S.C. § 502(a)(1). Castlelake objects to the Debtor LP claim on the basis that (i) USED has not been legally required to pay the costs alleged in its Debtor LP Claim, since USED has (a) not paid vendor debt incurred by Debtor LLC as Operator to which Debtor LLC failed to pay and (b) not paid joint interest billing amounts that Debtor LP was required to pay Debtor LLC under the JOA; and (ii) USED is not entitled to assert a secured claim against Debtor LP for its attorneys' fees pursuant the JOA, since USED has (a) not prevailed on the merits in any legal proceedings that USED was required to bring to enforce a financial obligation of Debtor LP and (b) not provided evidence of USED's reasonable attorney's fees incurred, as of the petition date, which would constitute a secured claim under the terms of the JOA. Further, to the extent any recovery of attorneys' fees is allowed, USED has agreed to cap such amount at $500,000.

18. Under the terms of the JOA, USED and Debtor LP were required to pay joint interests billings for their proportionate share of costs for the operation of the Subject Oil and Gas Properties. Debtor LP failed to pay a certain amount of its joint interest billings under the JOA. USED asserts that it has a lien pursuant to the terms of the JOA; however, under the terms of the JOA, USED is not entitled to a lien for amounts of unpaid joint interests billings owed by Debtor LP unless and until USED is required to pay for Debtor LP's proportionate share of costs under the JOA and actually pays such amounts, which it has not.

19. The JOA[5] provides in Article VII.B that:

> If any party fails to pay its share of cost within one hundred twenty (120) days after rendition of a statement therefor by Operator, the non-defaulting parties, including Operator, shall upon request by Operator, pay the unpaid amount in proportion that the interest of each such party bears to the interest of all such parties. The amount paid by each party so paying its share of the unpaid amount shall be secured by the liens and security rights described in Article VII.B and each paying party may independently pursue any remedy available hereunder or otherwise. . .

The JOA further provides in Article VII.A that:

> Each party shall be responsible only for its obligations and shall be liable only for its proportionate share of the costs of developing and operating the Contract Area. Accordingly, the liens granted among the parties in Article VII.B are given only to secure the debt of each severally, and no party shall have any liability to third parties hereunder to satisfy the default of any other party in the payment of expense or obligation hereunder.

20. Pursuant to Article VII.B of the the JOA, USED as a working interest owner of the Subject Oil and Gas Properties, would only be entitled to a lien against the Debtor LP Subject Interests to the extent that USED paid Debtor LP's unpaid share of expenses. Additionally, pursuant to the JOA, USED does not have any liability to any third party, including unpaid vendors, to satisfy the default of Debtor LP in the payment of expense or obligation thereunder. USED has not paid the Debtor LP's portion of expenses, and therefore under Article VII.B of the JOA, USED is not entitled to assert a lien against Debtor LP's Subject Interests for such amounts under the JOA.

21. Further, under the Agreement Regarding Sale and Plan, USED's Assumed Senior Lien and Claim against Debtor LP is limited to the amount that USED is legally required to pay for and on account of joint interest billing amounts that Debtor LP was required to pay Debtor LLC under the JOA. Again, since USED has not been legally required to pay Debtor LP's unpaid

---

[5] The JOA is attached to the Debtor LP Claim as Exhibit 1.

joint interest billings, USED is not entitled to assert a lien against Debtor LP's Subject Interests pursuant to the Agreement Regarding Sale and Plan.

22. USED is also not entitled to recover its attorneys' fees asserted in its Debtor LP Claim. Pursuant to the JOA under Article VII.B.5, a working interest owner is entitled to its attorney's fees "in the event that [it] is required to bring legal proceedings to enforce any financial obligation of a party hereunder" and it is "the prevailing party in such action."

23. In the USED Proofs of Claims, USED fails to set forth the amount of and the purpose for the incurrence of its attorney's fees. USED was not the prevailing party in any legal proceedings it was required to bring to enforce the financial obligations of Debtor LP and USED is therefore not entitled to recovery of its attorneys' fees as a secured claim under the JOA.

### Objection to Claim No. 32 against Debtor LLC

24. Castlelake incorporates by reference paragraphs 1 – 23 above and further objects to Claim No. 32 against Debtor LLC on the basis that USED does not have a valid claim against Debtor LLC's estate under any agreement or applicable law. *See* 11 U.S.C. § 502(a)(1). Castlelake objects the Debtor LLC claim on the basis that (i) USED has not been legally required to pay the costs alleged in its Debtor LLC Claim, since USED has (a) not paid vendor debt incurred by Debtor LLC as Operator to which Debtor LLC failed to pay and (b) not paid joint interest billing amounts that Debtor LP was required to pay Debtor LLC under the JOA; and (ii) USED is not entitled to assert a secured claim its attorneys' fees pursuant the JOA. Further, to the extent any recovery of attorneys' fees is allowed, USED has agreed to cap such amount at $500,000.

25. Under the terms of the JOA, Debtor LLC as operator was required to pay vendors it contracted with to provide goods and services to the Subject Oil and Gas Properties. As Operator, Debtor LLC would seek payment of joint interest billings from the working interest

owners, namely USED and Debtor LP. Debtor LLC failed to obtain payment from Debtor LP for certain of Debtor LP's joint interest billings. Debtor LLC also faild to obtain payment of not less than $1.9 million in pre-petition joint interest billings from USED. Debtor LLC failed to pay certain vendors as a result. USED asserts that it has a lien pursuant to the terms of the JOA for unpaid vendor debt incurred by Debtor LLC and for which Debtor LLC failed to pay, however, under the terms of the JOA, USED is not entitled to a lien for such amounts unless and until USED is required to pay for the unpaid vendor debt incurred by Debtor LLC, which it has not been required to pay.

26. The JOA provides in Article VII.A that:

Each party shall be responsible only for its obligations and shall be liable only for its proportionate share of the costs of developing and operating the Contract Area. Accordingly, the liens granted among the parties in Article VII.B are given only to secure the debt of each severally, and no party shall have any liability to third parties hereunder to satisfy the default of any other party in the payment of expense or obligation hereunder.

27. Pursuant to the JOA, USED does not have any liability to third parties, including unpaid vendors, for the default of any other party in the payment of expense or obligation hereunder. Certain vendors filed liens against USED's interests in the Subject Oil and Gas Properties; however, pursuant to Chapter 56 of the Texas Property Code, the amount of these liens were limited to USED's unpaid joint interest billings, and USED was not subject to liens for Debtor LP's failure to pay its joint interests billings. *See* Tex. Prop Code. § 56.043. Further, these vendors agreed to release the liens on USED's working interest pursuant to a settlement reached in Adversary No. 15-01010 arranged by Castlelake and the Agreed Final Judgment.[6]

---

[6] The Agreed Final Judgment entered in Adv. No. 15-1010 provides that the release of certain funds from the registry of the Court shall "discharge USED its interest in the Leases and the Wells (as defined in USED's Complaint) filed herein from all claims asserted by all Defendants in this adversary proceeding".

28. As a working interest owner of the Subject Oil and Gas Properties, USED would only be entitled to a lien to the extent that it paid more than its share of expenses to the Operator. Here, USED has not paid the vendors that Debtor LLC failed to pay as a result of Debtor's LP failure to pay its share of expenses, and therefore under Article VII.B of the JOA, USED is not entitled to assert a lien against Debtor LP nor against Debtor LLC for such amounts.

29. Further, under the Agreement Regarding Sale and Plan, USED's "Assumed Senior Lien and Claim" is limited to the amount that USED is legally required to pay for and on account of the joint interest billing amount Debtor LP was required to pay Debtor LLC under the JOA or vendor debt incurred by Debtor LLC that Debtor LLC failed to pay. However, since USED has not been legally required to pay vendor debt incurred by Debtor LLC as Operator which Debtor LLC failed to pay as a result of the failure to obtain Debtor LP's proportionate share of the expenses, USED is not entitled to assert a secured claim against Debtor LLC.

30. USED is also not entitled to recover its attorneys' fees asserted in its Debtor LLC Claim as a secured claim. Pursuant to the JOA under Article VII.B.5, a working interest owner is entitled to its attorney's fees "in the event that [it] is required to bring legal proceedings to enforce any financial obligation of a party hereunder" and is the "the prevailing party in such action."

31. In the USED Proofs of Claims, USED fails to set forth the amount of and the purpose for the incurrence of its attorney's fees. USED was not the prevailing party in any legal proceedings to enforce the financial obligations of Debtor LLC and USED is therefore not entitled to recovery of its attorneys' fees. Further, to the extent USED is entitled to recover on its attorneys' fees claim under the Debtor LLC Claim or the other USED Proofs of Claim, USED is limited to a recovery of $500,000 for attorney's fees in the aggregate, per the Agreement Regarding Sale and Plan with Castlelake.

### Objection to Claim No. 14 against Debtor GP

32. Castlelake incorporates by reference paragraphs 1 – 31 above and further objects to Claim No. 14 against Debtor GP on the basis that USED does not have a valid claim against Debtor GP's estate under any agreement or applicable law. *See* 11 U.S.C. § 502(a)(1). The Debtor GP claim is derivate of and duplicative the Debtor LP Claim. To the extent that the Debtor LP claim is denied, the Debtor GP claim should likewise be denied.

### Conclusion

Castlelake requests entry of an order disallowing as secured claims Claim No. 69 against Debtor LP, Claim No. 32 against Debtor LLC and Claim No. 14 against Debtor GP.

Dated: January 7, 2016                              Respectfully submitted,

**SNOW SPENCE GREEN LLP**

By: */s/ Kenneth Green*
  Phil Snow
  State Bar No. 18812600
  philsnow@snowspencelaw.com
  Kenneth Green
  State Bar No. 24036677
  kgreen@snowspencelaw.com
  Carolyn Carollo
  State Bar No. 24083437
  carolyncarollo@snowspencelaw.com
  2929 Allen Parkway, Suite 2800
  Houston, Texas 77019
  (713) 335-4800
  (713) 335-4848 (Fax)

  **ATTORNEYS FOR SECURED CREDITOR CL III FUNDING HOLDING COMPANY, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 7, 2016, a true and correct copy of this document was served by electronic means via the Court's ECF noticing system.

*/s/ Kenneth Green*
Kenneth Green

I:\Client\CAST0001-Castlelake-WBH\Bankruptcy\WBH Energy LP\Claim Objections\USED POC Claim Objection.docx